UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**FINANCIAL INDUSTRY ASSOCIATION,
G&G HOLDINGS, INC., RICHARD GOBLE,
and THE GOBLE FIRST REVOCABLE
FAMILY TRUST MAY 13, 1999**

  **Plaintiffs**,

v.               Case No.: 6:10-cv-408-Orl-35DAB

**SECURITIES & EXCHANGE COMMISSION,
FINANCIAL INDUSTRY REGULATORY
AUTHORITY, INC., THE DEPOSITORY
TRUST AND CLEARING CORPORATION,
MARY SHAPIRO, GRACE VOGEL, TIMOTHY
WARD, BRUCE BLATMAN, GEORGE
FRANCESCHINI, SAM LUGUE, JR., and
LARRY THOMPSON**

  **Defendants**.
_____

## ORDER

  **THIS CAUSE** comes before the Court for consideration of the Motion to Dismiss filed by Defendant Depository Trust and Clearing Corporation ("DTCC") and Defendant Larry Thompson ("Thompson") (Dkt. 12), and Plaintiffs' Response and Motion for Extension of Time to Serve Process (Dkt. 16). Upon consideration of all relevant filings, case law, the Federal Rules of Civil Procedure, and being otherwise fully advised, the Court hereby **DENIES** Defendants' Motion to Dismiss and **GRANTS** Plaintiffs' Motion for Extension of Time to Serve Process.

  F<small>ED</small>. R. C<small>IV</small>. P. 4(e) mandates that each defendant in a case be personally served with a summons and complaint. If a particular defendant is not served with a summons and complaint within 120 days after the complaint has been filed, the court must – "on

1

motion or on its own after notice to the plaintiff" – either "dismiss the action *without prejudice* . . . or order that service be made within a specified time." FED. R. CIV. P. 4(m) (emphasis added).  Under the federal rules, it is not necessary that a plaintiff show good cause for failure to perfect service.  See Anderson v. Osh Kosh B'Gosh, 255 Fed. Appx. 345, 347 (11th Cir. 2006) ("under the current Rule 4(m) [post-1993 amendment], even in the absence of 'good cause' district courts have the discretion to extend the time for service of process.") (citing Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132 (11th Cir. 2005)).

Here, Plaintiffs filed a Complaint in federal court on March 16, 2010 alleging interference with business relations, abuse of process, defamation, and gross negligence against multiple Defendants.  (Dkt. 1) Accordingly, under the Federal Rules of Civil Procedure, Plaintiffs were required to serve all Defendants by July 14, 2010.  On August 19, 2010, Defendants DTCC and Thomson filed the instant Motion to Dismiss the Complaint with prejudice on the basis that Plaintiffs failed to effectuate service of process. (Dkt. 12)  In response, Plaintiffs contend that, in arguing that the Complaint be dismissed with prejudice, Defendants ignored the plain language of the federal rule, which gives this Court the discretion only to dismiss the case **without prejudice** or order that service be made within a specific time period. (Dkt. 16 at ¶¶ 5-6)  This Court finds that the Defendants are not prejudiced by the passing of time, and, under the federal rules, this Court enjoys broad discretion to grant Plaintiffs additional time within which to perfect service.

Accordingly, it is hereby **ORDERED** that

1. The Defendants' Motion to Dismiss (Dkt. 12) is **DENIED**;

    2. Plaintiffs' Motion for Extension of Time to Serve Process (Dkt. 16) is **GRANTED**;

        a. Plaintiffs shall **SERVE** all remaining Defendants, including Defendants DTCC and Thompson, **on or before October 4, 2010**. No further extensions will be granted. Failure to perfect service by this date will result in dismissal of Plaintiffs' claims against these Defendants.

**DONE** and **ORDERED** in Orlando, Florida, this 13th day of September 2010.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies Furnished To:
Counsel of Record
Any Unrepresented Parties