IN THE UNITED STATES DISTRICT COURT IN AND FOR THE MIDDLE DISTRICT
OF FLORIDA
ORLANDO DIVISION

FINANCIAL INDUSTRY ASSOCIATION,　　　　　　　CASE NO. 6:10-CV-00408
G&G HOLDINGS, INC., RICHARD GOBLE,
and THE GOBLE FIRST REVOCABLE
FAMILY TRUST MAY 13, 1999,
Plaintiffs,


vs.



THE DEPOSITORY TRUST AND
CLEARING CORPORATION (DTCC),
 FINANCIAL INDUSTRY
REGULATORY AUTHORITY, INC.
(FINRA), SAM LUQUE, JR., SECURITIES
INVESTOR  PROTECTION
CORPORATION, MARY SHAPIRO in her
capacity as chairman of FINRA and the
SEC, LARRY THOMPSON in his capacity
as an officer of DTCC,  GRACE VOGEL
in her capacity as Vice Chair of FINRA,
Defendants.
_____/


**MOTION TO CONSOLIDATE *GOBLE vs. FINRA* (Case No. 6:10-CV-00408) and *GOBLE v. UNITED STATES* (Case No. 6:11-CV-00825) AND TO REVISIT COURT'S PRIOR RULING OF MAY 18, 2011**

　　　　Plaintiffs, by and through undersigned counsel, file this Motion to Consolidate Goble v. FINRA, et al. (Case No. 6:10-CV-00408) and Goble v. United States, et al. (Case No. 6:11-CV-00825) and to Revisit Court's Prior Ruling, and in support thereof state as follows:

　　　　1.　　Plaintiffs filed lawsuit against FINRA and multiple other Defendants on March 16, 2010 in response to an investigation and action by FINRA and other corporations, agencies,

1

and individuals of Goble's company North American Clearing that took place throughout 2007 and 2008.

2. Since that time, Plaintiffs' case against FINRA has been stayed pending the outcome of the Court's decision in Case No. 6:08-CV-00829.

3. During the stay, the Securities and Exchange Commission on behalf of the United States of America formally denied Plaintiffs related claim against the SEC filed pursuant to the Federal Tort Claims Act on November 18, 2010. As a result, Plaintiffs filed a motion to rejoin the Securities and Exchange Commission and other additional Defendants.

4. While this Court was considering the Motion to Rejoin, Plaintiffs filed the new action *Goble v. United States* (Case No. 6:11-CV-00825), to ensure that all proper statutes of limitations were complied with, and to add additional Defendants that Plaintiffs had decided to include in its suit since the Motion to Rejoin was filed.

5. All of the Defendants and claims in both Case Nos. 6:11-CV-00825 and 6:10-CV-00408 arise out of the same series of transactions regarding North American Clearing, Inc., the brokerage clearing firm owned by Goble. All of the Defendants and claims involve a common question of law and fact to be joined and consolidated into the same action and administration of this Court.

6. Immediately after the new Case No. 6:11-CV-00825 was filed on May 18, 2011, on the same date, Magistrate Judge Spaulding did enter an order allowing Plaintiffs to rejoin the parties requested in their Motion to Rejoin.

7. As a result of the new civil case filing that occurred a few hours prior to the entry of that Order by Magistrate Judge Spauling on May 18, 2011, the parties that were to be joined in

the original case have now had proper claims filed against them and rejoining the Defendants in the original case would appear to be redundant.

8. Counsel for Plaintiffs has conferred with counsel for all Defendants and has received no objections to this Motion.

**WHEREFORE**, Plaintiffs request an order from this Honorable Court consolidating Case Nos. 6:10-CV-00408 and Case No. 6:11-CV-00825, and clarifying its prior Order in Case No. 6:10-CV-00408 as to if and whether a new Complaint should be filed in either the old case, new case, or both cases.

DATED this 25th day of May, 2011.

                                      Respectfully submitted,

                                      <u>Philip Bartlett</u>_____
                                      Philip Bartlett, Esq.
                                      Florida Bar No. 0045318
                                      The Bartlett Law Firm, P.A.
                                      230 East Marks Street
                                      Orlando, FL 32803
                                      (321) 319-0587 (telephone)
                                      (866) 596-9215 (facsimile)
                                      phil@pdbartlettlaw.com (e-mail)

**MEMORANDUM OF LAW**

Fed.R.Civ.P. 42(a) allows a Court to consolidate actions involving common questions of law and fact. In determining whether or not to consolidate cases, the Court should weigh the interest of judicial convenience against the potential for delay, confusion, and prejudice. *Investors Research Co. v. U.S. Dist Court for Cent. Dist. Of Cal.*, 877 F.2d. 777 (9th Cir. 1989). Consolidation is appropriate as a matter of convenience and economy in administration. *Johnson v. Manhattan Ry Co.*, 289 U.S. 479, 496 (1933).

The matters in the two cases mentioned in this motion involve common questions of law and fact. If the Court were to weigh the interest of judicial convenience against potential for confusion and prejudice, the convenience would far outweigh any prejudice to any particular defendant, and there would be no reason for there to be any confusion after the consolidation. These cases involve a common series of events and transactions that are all related to each other, beginning with the investigation of the FINRA investigators, through to the trial and resolution of the SEC case based upon that same FINRA investigation. Administration would substantially improve if the cases were consolidated.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via U.S. First Class Mail, facsimile and/or the Honorable Court's Electronic Filing System on this 25th day of May, 2011 to the following parties:

Daniel S. Mandel, Mandel & Mandel, LLP, Suite 1200, 169 East Flagler Street, Miami, FL 33131

Matthew Triggs, Proskauer Rose LLP, Suite 340 W, 2255 Glades Road, Boca Raton, FL 33431

Timothy Ward, 208 Debary Drive, Debary, FL 32713

          Philip Bartlett_____
          Philip Bartlett, Esq.
          Florida Bar No. 0045318