**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**FINANCIAL INDUSTRY ASSOCIATION,**
**G&G HOLDINGS, INC., RICHARD**
**GOBLE and THE GOBLE FIRST**
**REVOCABLE FAMILY TRUST MAY 13,**
**1999,**

                    **Plaintiffs,**

-vs-                                                                  Case No.  6:10-cv-408-Orl-36KRS

**SECURITIES & EXCHANGE**
**COMMISSION, FINANCIAL INDUSTRY**
**REGULATORY AUTHORITY, INC., et al.,**

                    **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT (Doc. No. 57)** |
| **FILED:** | **June 12, 2013** |

**I.     BACKGROUND.**

Plaintiff Richard Goble was the sole shareholder of North American Clearing, Inc. ("NACI"), a stock-brokerage firm. On February 27, 2008, the Securities and Exchange Commission ("SEC") filed a complaint against NACI, Goble, Bruce B. Blatman (NACI's

president) and Timothy J. Ward (NACI's financial and operations principal) alleging that they violated securities laws, including the Exchange Act, and other legal requirements by improperly selling customer money market funds to pay NACI's business expenses resulting in a capital deficiency for NACI. Case No. 6:08-cv-829-Orl-35KRS, Doc. No. 1 (the "SEC Case"). The SEC filed an *ex parte* motion for a temporary restraining order and an emergency motion to appoint a receiver for NACI, which motions were granted. *Id.*, Doc. Nos. 2, 6, 7, 12. Peter Anderson, Esq., was appointed as the Receiver. *Id.*, Doc. No. 12. Anderson retained lawyers with Sutherland, Asbill & Brennan, LLP (Keith J. Barnett, Michael K. Freedman and Olga Greenberg) to represent him in his capacity as Receiver.

Thereafter, Blatman, Ward and NACI, through Receiver Anderson, agreed to entry of injunctions against them. *Id.*, Doc. Nos. 41-2, 42-2, 60-2, 62, 63, 64, 68, 111, 113, 131. Final judgments were entered against Blatman, Ward and NACI. *Id.*, Doc. Nos. 127, 160, 161. Goble continued to litigate the case.

On July 28, 2008, the Securities Investor Protection Corporation ("SIPC")[1], represented by attorneys Josephine Wang and Christopher H. LaRosa, filed an application for entry of a protective decree and requested the appointment of Robert N. Gilbert, Esq., as Trustee, and the

---

[1] SIPC was created by the Securities Investor Protection Act of 1970 ("SIPA"), 15 U.S.C. § 78aaa, *et seq.* It is a nonprofit corporation that is not an agency of the United States. *Id.* § 78ccc(1). Its purpose is to provide financial relief to the customers of failing broker-dealers with whom the customers had left cash or securities on deposit. *SIPC v. Barbour*, 421 U.S. 412, 413 (1975). By statute, SIPC may sue and be sued. 15 U.S.C. § 78ccc(b). SIPC and its directors, officers and employees are protected by statute from liability to any person for any action taken or omitted in good faith under or in connection with any matter contemplated by SIPA. *Id.* § 78kkk(c).

law firm Carlton Fields, P.A. (specifically attorneys Franck D. Chantayan and David Hywel Leonard) as Trustee's counsel. This application operated as an automatic stay of the litigation as to NACI under the bankruptcy code. *Id.*, Doc. No. 71. The application was granted on July 28, 2008. *Id.*, Doc. No. 75.

On March 23, 2010, Financial Industry Association ("FIA"), G&G Holdings, Inc. ("G&G"), and the Goble First Revocable Family Trust May 13, 1999 ("the Trust") moved to intervene in the SEC Case for the limited purpose of obtaining permission to name Sutherland, Asbill and Brennan, LLP, Receiver Anderson and his attorneys as defendants in separate litigation. *Id.*, Doc. No. 203. The Court granted the motion to intervene as to the Trust, but denied the motion as to FIA and G&G. Doc. No. 209. The record does not contain an order permitting the Trust to file suit against the Receiver or his attorneys.

The Court conducted a bench trial on the SEC's claims against Goble individually. *Id.*, Doc. Nos. 250-54. On April 27, 2011, the Court entered a Bench Trial Opinion. *Id.*, Doc. No. 260. The Court found that Goble violated and aided and abetted violations of the Exchange Act (Counts II, IV and V of the Complaint). *Id.* at 29. The Court wrote: "It is clear from the evidence of record, that North American had financial problems and Defendant Goble and North American's executives made a substantial effort to conceal it." *Id.* at 18. The Court entered a permanent injunction against Goble and ordered him to pay a civil penalty of $7,500.00. *Id.* at 29-31. Final judgment was entered on April 27, 2011. Doc. No. 261.

Goble appealed the judgment. On May 29, 2012, the United States Court of Appeals for the Eleventh Circuit affirmed the finding that Goble aided and abetted violations of the Exchange

Act, reversed the decision in other respects, and remanded the case for reconsideration of the scope of the injunction. *Id.*, Doc. No. 269. On April 3, 2013, the Court entered a revised form of injunction. *Id.*, Doc. No. 282. Goble has filed an appeal from that order.

Meanwhile, Goble, FIA, G&G and the Trust filed the present consolidated cases, against the individuals and entities involved in the receivership and liquidation of NACI. Goble now seeks to file a Fourth Amended Complaint ("FAC") in the form attached to the above-referenced motion. *See* Doc. No. 57-1. He alleges in the FAC that he brings claims individually and as the assignee of the claims of FIA, G&G, and the Trust. *Id.* ¶ 17. He names as Defendants the United States of America, the SEC, SEC lawyer Brian Barry, SEC examiner George Franceschini, Samuel Luque, Jr. (an expert witness for the Receiver and the SEC in the SEC Case)[2], Blatman, Ward, SIPC and its attorneys in the SEC Case, Financial Industry Technical Services, Inc. ("FITS") and its principal (Henry Lange) and employee (John Rizzo) (agents of the Trustee)[3], Glassratner Advisory and Capital Group, LLC and Thomas Santoro, Kapila and Company and Sonnet R. Kapila[4], Trustee Gilbert and his attorneys, and Receiver Anderson and his attorneys.

He proposes to assert the following counts:

Count I -- Fraudulent and Untrue Need of An Exparte TRO (All Defendants);

Count II -- Fraudulent and Untrue Need for an Exparte Receiver (All Defendants);

---

[2] *See* SEC Case, Doc. No. 157.

[3] *See* SEC Case, Doc. No. 214-1.

[4] It is not clear from the FAC whether Glassratner Advisory and Capital Group, LLC, Kapila and Company, Thomas Santoro and Sonnet R. Kapila were acting as agents of the SEC, the Receiver or the Trustee.

Count III -- Bankruptcy Fraud Pursuant to 18 U.S.C. § 151 (All Defendants);

Count IV -- Aiding and Abetting Bankruptcy Fraud (All Defendants);

Count V -- Conversion of Assets 11 U.S.C. § 523 (All Defendants);

Count VI -- Abuse of Process (against Defendants SEC and Brian K. Barry, Receiver Anderson and his attorneys, SIPC and its attorneys, and Trustee Gilbert and his attorneys);

Count VII -- Civil Conspiracy (All Defendants);

Count VIII -- Tortious Interference with Plaintiffs' Business Relationships (All Defendants);

Count IX -- Gross Negligence (All Defendants);

Count X -- Negligence (against Defendants SIPC and its attorneys, Receiver Anderson and his attorneys and Trustee Gilbert and his attorneys);

Count XI -- Defamation (All Defendants);

Count XII -- Corruption in violation of 18 U.S.C. (against Defendants SEC, SIPC and its attorneys, Trustee Gilbert and his attorneys);

Count XIII -- Wrongful Termination and Failure to Pay Wages and Reimburse Business Expenses (against Defendants SEC, Receiver Anderson and his attorneys, SIPC and its attorneys, Trustee Gilbert and his attorneys);

Count XIV -- Obstruction (All Defendants);

Count XV -- Theft of Funds Florida State Statute 772.11 (against Defendants SIPC and its attorneys, Receiver Anderson and his attorneys, and Trustee Gilbert and his attorneys);

Count XVI -- Breach of Contract (All Defendants);

>Count XVII -- Legal Malpractice (against Defendants SIPC and its attorney, Trustee Gilbert and his attorneys, Receiver Anderson and his attorneys).

The motion has been referred to me for resolution.

## II.   STANDARD OF REVIEW.

"Ordinarily, '[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief,' . . . leave to amend 'should be freely given.'" *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262 (11th Cir. 2004) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962), and Fed. R. Civ. P. 15(a)). "Under *Foman*, however, a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile . . . . 'This court has found that denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal.'" *Id.* at 1262-63 (quoting *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999)).

## III.   ANALYSIS.

The FAC asserts claims against Defendants who cannot be liable, asserts claims with respect to which there is no private right of action, and, generally, asserts claims that are not based on a plausible theory of relief. Because many of these claims are futile, I recommend that the Court deny the present motion and give Goble one more opportunity to seek leave to file an amended complaint against only individuals and entities subject to liability under governing law based on causes of action on which relief can be granted.

    A.    *Defendants Who Cannot Be Liable.*

        **1.**    **Receiver Anderson, Trustee Gilbert and Their Attorneys and Other Agents.**

Under the *Barton* doctrine, a plaintiff must seek leave from the court that appointed a receiver or trustee before initiating a civil action against the receiver or trustee for acts done in his official capacity. *See Carter v. Rodgers*, 220 F.3d 1249, 1252 (11th Cir. 2000) (citing *Barton v. Barbour,* 104 U.S. 126 (1881)). Failure to do so deprives the court in the civil action of subject-matter jurisdiction. *Id.* The *Barton* doctrine extends to the receiver or trustee's attorneys and other agents because they function as the equivalent of court-appointed officers by helping the receiver or trustee execute official duties. *Lawrence v. Goldberg*, 573 F.3d 1265, 1270 (11th Cir. 2009).

Courts have applied the *Barton* doctrine to prohibit civil suits that are filed in the court that appointed the receiver or trustee if permission to bring the suit had not first been obtained. *See, e.g., Helmer v. Pogue*, No. 2:12-cv-1635-VEH, 2012 WL 5231153, at * 11 (N.D. Ala. Oct. 22, 2012); *In re marchFIRST, Inc.*, 378 B.R. 563, 567 (Bankr. N.D. Ill. 2007). Generally, before leave to sue a receiver or trustee is granted, the plaintiff must demonstrate that he has a *prima facie* case against the trustee or receiver. *See Anderson v. United States*, 520 F.2d 1027, 1029 (5th Cir. 1975).

FIA, G&G and the Trust recognized the requirements of the *Barton* doctrine in the SEC Case. They sought to intervene as Defendants in the SEC Case for the purpose of petitioning the Court for leave to file suit against Receiver Anderson and his attorneys in separate litigation. SEC Case, Doc. No. 203-1. A minute entry reflects that the motion for leave to intervene was granted

only as to the Trust, but there is no written order permitting the Trust to file suit against Receiver Anderson and his attorneys. Doc. No. 209. Without permission to sue, this Court cannot exercise subject-matter jurisdiction over claims against Receiver Anderson, his attorneys or his other agents.

Goble does not allege, and neither this consolidated case nor the SEC Case reflect, that he, FIA, G&G or the Trust sought leave to assert claims against Trustee Gilbert, his attorneys or his agents. Therefore, this Court does not have subject-matter jurisdiction over claims against Trustee Gilbert, his counsel or his other agents.

A limited exception to the *Barton* doctrine, set forth in 29 U.S.C. § 959(a), permits suits against trustees and receivers without leave of the appointing court only "'with respect to any of their acts or transactions in carrying on business connected with such [estate or receivership] property.'" *Le v. SEC*, 542 F. Supp. 2d 1318, 1321 (N.D. Ga. 2008) (quoting 29 U.S.C. § 959(a)). "The 'carrying on business' exception in section 959(a) is intended to 'permit actions redressing torts committed in furtherance of the debtor's business, such as the common situation of a negligence claim in a slip and fall case where a bankruptcy trustee, for example, conducted a retail store.'" *Carter*, 220 F.3d at 1254 (quoting *In re Lehal Realty Assocs.*, 101 F.3d 272, 276 (2d Cir. 1996)). "Section 959(a) does not apply to suits against trustees for administering or liquidating the bankruptcy estate." *Carter*, 220 F.3d at 1254. Goble contends that the alleged wrongful actions of the Receiver, the Trustee, their attorneys and other agents arose from their work managing the receivership and liquidating NACI. The exception to the *Barton* doctrine does not

permit suit against the Receiver, the Trustee, their attorneys or other agents arising from the management of the receivership or liquidation of NACI.

Because leave was not sought or granted to sue Trustee Gilbert, his attorneys and agents, and the actions complained of were done in the course of liquidating NACI, leave to amend the complaint to assert claims against Trustee Gilbert and his attorneys and other agents should not be granted because the amendment would be futile.

Because Goble has not shown that leave was granted to him, FIA, G&G or the Trust to sue Receiver Anderson, his attorneys and other agents, and the actions complained of were done in the course of managing the receivership of NACI, leave to amend the complaint to assert claims against Receiver Anderson, his attorneys and other agents should not be granted because the amendment would be futile.

### 2. SEC and Its Employees.

The SEC is not a proper defendant in a suit brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1). *Le*, 542 F. Supp. 2d at 1323. The Liability Reform Act, 28 U.S.C. § 2679(b)(1), confers immunity on employees of the United States for suits under the FTCA. *United States v. Smith*, 499 U.S. 160, 163 (1991).

For these reasons, leave to amend the complaint to assert claims against the SEC and its employees should not be granted because such amendment would be futile.

*B.     Counts for Which There is No Private Right of Action.*

Goble, individually and as assignee of FIA, G&G and the Trust, cannot assert causes of action against any Defendant for violation of criminal statutes prohibiting bankruptcy fraud. *See*

*In re Martin*, 387 B.R. 307, 314 (Bankr. S.D. Ga. 2007) (no private cause of action for bankruptcy fraud). Therefore, I recommend that leave to amend to state claims for bankruptcy fraud and aiding and abetting bankruptcy fraud (Counts III and IV) be denied because such claims would be futile.

      C.     *Counts Barred By Sovereign Immunity.*

The FTCA does not waive sovereign immunity for claims of abuse of process, libel and slander, misrepresentation or deceit, or interference with contract rights. 28 U.S.C. § 2680(h). The FTCA also does not waive sovereign immunity for discretionary functions of a federal agency or its employees. *Id.* § 2680(a). "The SEC is granted broad discretion by Congress to investigate possible violations of the securities laws and to determine whether to bring civil or criminal actions to remedy those violations." *Le*, 542 F. Supp. 2d at 1324 (citing 15 U.S.C. §§ 77t, 78u(a)).

Goble's proposed claims against the United States arising from abuse of process (Count VI), libel and slander (Count XI), misrepresentation and deceit (Counts I, II, III, IV), and interference with contract rights (Counts VIII, XIII, XVI) are futile because they are barred by sovereign immunity. Other claims may also be barred by the discretionary function provision of the FTCA. Therefore, leave to amend to state causes of action against the United States that are barred by the FTCA should not be granted because such amendment would be futile.

      D.     *Counts That Fail to State Claims On Which Relief Can Be Granted.*

          **1.**     **Conversion in Violation of 11 U.S.C. § 523.**

Goble, individually and as assignee of FIA, G&G and the Trust, alleges a claim for conversion of the assets of NACI in violation of 11 U.S.C. § 523 (Count V). Section 523

-10-

addresses objections to discharge in bankruptcy proceedings of debts obtained by fraud or false pretenses, among other things. "[S]ection 523 is, by its terms, only applicable to debts owed by an 'individual debtor' . . . and '[a] corporate debtor is not an individual debtor for the purposes of Section 523.'" *In re BFW Liquidation, LLC*, 471 B.R. 652, 666-67 (Bankr. N.D. Ala. 2010) (citations omitted).

NACI, a corporation, was the debtor in the bankruptcy proceedings. There is, therefore, no cause of action under 11 U.S.C. § 523. Accordingly, leave to amend to assert a claim under this statute should not be granted because such amendment would be futile.

### 2. Legal Malpractice.

Goble, individually and as assignee of FIA, G&G and the Trust, proposes to sue SIPC and its attorneys, the Receiver and his attorneys and the Trustee and his attorneys for legal malpractice allegedly arising from breach of their duty to NACI. "Florida courts have uniformly limited attorney's liability for negligence in the performance of their professional duties to clients with whom they share privity of contract." *Brennan v. Ruffner*, 640 So. 2d 143, 145 (Fla. 4th Dist. Ct. App. 1994) (citation omitted). A lawyer who represents a corporation is not in privity of contract with the corporation's shareholders. *Id.*

There is no allegation that Goble, FIA, G&G or the Trust were clients of SIPC and its attorneys, the Receiver and his attorneys or the Trustee and his attorneys or that they were otherwise in privity with these proposed Defendants. Any such allegations would be frivolous. Therefore, under Florida law, Goble, individually and as assignee of FIA, G&G and the Trust, does not have standing to bring a claim for legal malpractice against these Defendants.

Accordingly, I recommend that the Court not grant leave to amend the complaint to state a claim for legal malpractice (Count XVII) against any Defendant because such claim would be futile.

### 3. Counts That Do Not State Plausible Claims for Relief.

The Eleventh Circuit has found that leave to amend may be denied as futile if the proposed amendment provides no reason for the district court to believe that the plaintiff could offer sufficient allegations to make a claim for relief plausible on its face. *Patel v. Ga. Dept. BHDD*, 485 F. App'x 982, 983 (11th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The proposed causes of action do not presently provide a sufficient basis to make a claim for relief plausible on its face against each Defendant named in each count.

For example, in Counts I and II Goble contends that all of the Defendants committed fraud in connection with the filing of motions for issuance of a temporary restraining order (Count I) and appointment of a Receiver (Count II). There are no factual allegations showing that SIPC or its attorneys or agents were involved in the case at the time these motions were filed. In Count XVI alleging breach of contract, Goble does not identify the contracts allegedly breached or the Defendants who were in privity of contract with him, FIA, G&G or the Trust. Other counts do not sufficiently identify the cause of action under which Goble intends to proceed. *See* Count XII (Corruption Title 18); Count XIV (Obstruction). Many of the counts simply refer to acts of the Defendants without alleging what each Defendant did that could plausibly make the Defendant liable. Therefore, leave to amend should also be denied because the FAC fails to state plausible claims on which relief can be granted.

*E.     Leave to File a Renewed Motion to Amend.*

Goble proposes to drop parties and file a single complaint consolidating claims made in this case and in Case No. 11-cv-825-Orl-36KRS.  Therefore, leave to amend to bring one consolidated complaint should be granted, but only to the extent that claims are brought against individuals and entities who are not immune, the claims are based on viable civil causes of action, and the amended complaint states plausible claims on which relief can be granted.

Specifically, I recommend that the Court find that Goble may not name any of the following as Defendants in the amended complaint: (1) the SEC and its attorneys and other agents; (2) the Trustee, his attorneys and other agents; and, (3) the Receiver, his attorneys and other agents.

I further recommend that the Court find that Goble may not assert causes of action for bankruptcy fraud, violation of 11 U.S.C. § 523, or legal malpractice against any Defendant.

Finally, I recommend that Goble be permitted to assert tort claims against the United States only to the extent that it has waived sovereign immunity.

## IV.   RECOMMENDATION.

For the reasons stated herein, I **RESPECTFULLY RECOMMEND** that the Court **DENY without prejudice** the Motion for Leave to File Fourth Amended Complaint (Doc. No. 57).  I further recommend that the Court permit Goble to file a renewed motion to file an amended

complaint that complies with the Court's order on this Report and Recommendation, supported by the proposed amended complaint, within a time established by the Court.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 24, 2013.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE