# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**RICHARD GOBLE**

**Plaintiff,**

-vs-                                                             Case No. 6:10-cv-408-Orl-36KRS

**UNITED STATES OF AMERICA,
SECURITIES & EXCHANGE
COMMISSION, CARLTON FIELDS, et al.,**

**Defendants.**

_____

## AMENDED PLAINTIFF'S RICHARD GOBLE'S RESPONSE
## TO
## MAGISTRATE JUDGE SPAULDING'S REPORT AND RECOMMENDATION [DE 67]

Plaintiff RICHARD L. GOBLE ("GOBLE" "Plaintiff" "me", "I", "my"), PRO SE hereby submits his <u>amended</u> response and objections to Magistrate Judge Spaulding's Report and Recommendation [DE 67] for sole purpose of correcting the spelling of the Honorable Judge Spaulding's name, that was incorrectly spelled in the initial response.

### INTRODUCTION

Nowhere is it found in US history that a Federal Agency, known as the Securities and Exchange Commission ("SEC"), to so blatantly fabricate and falsify all of the relevant facts in exparte' pleadings and exparte' affidavits, in order to obtain a bogus need for an exparte' TRO, and exparte' Receiver, and then to have the SEC again blatantly fabricate and falsify pleadings about the need for a bankruptcy filing and the need for a Trustee, in order to destroy and withhold discoverable relevant evidence. Only the Judiciary Branch of the US Government can be relied upon as the saving grace for the protections of the Plaintiff and all small US private

1

businesses and investments in the future from such an egregious and unlawful act by a huge and important Federal Agency.

After hastily and improperly shutting down the very profitable, compliant, and successful North American Clearing, Inc. ("NACI"), Financial Industry Associations, Inc. and stealing money and assets from G&G Holdings, Inc., The Goble Family Trust, and from Richard Goble, The Plaintiff as assignee of all claims, now seeks to recover all damages that were improperly forced upon him, without cause and provocation.

## Brief Facts

The SEC has given expressed permission for Mr. Goble to sue the SEC of which the SEC declared that the SEC can be sued for these horrible acts detailed in the Fourth Amended Complaint within the specifications of 28 U.S.C. 2401(b). [Please see exhibit A].

This Court has granted the Barton Motion and granted permission for Richard Goble on behalf of the Goble Family Trust to sue the Exparte' Receiver and Trustee and their agents in order [6:08-CV-829 DE 203 DE 207 and 209]. To retry this order and change this order would not be proper. The Goble Family Trust is the sole shareholder of FIA, NACI, and G&G Holdings and these claims have been assigned to Richard Goble.

In addition this Court has granted the Barton motion for G&G Holdings to sue The Receiver and the Trustee and their agents for taking rents and assets do to G&G Holdings. A completely separate entity call the Financial Industry Association was destroyed, and all of its assets were stolen by the Receiver and the Trustee and their Agents.

The very fact that he Receiver and Trustee and their agents stole and destroyed property and assets NOT belonging to NACI, just because I happened to own these properties and assets as well, is more than enough Prima Facial Evidence that the Receiver and Trustee and their Agents

operated outside their scope of their respective appointments.

All of the claims made in the Fourth Amended Complaint against the Receiver and Trustee and their agents are completely outside the scope of their respective court appointments. These actions by the Defendants are more horrible than a simple slip and fall claim. They intentionally and improperly destroyed a viable and lawful businesses and high paying jobs in our local community.

Therefore, the prima fascia argument necessary to sue the Receiver and the Trustee and their agents has been made according to the Barton Doctrine and this court ordered that the complaint is permitted to be filed and served. To not permit these stated claims to go through the litigation process will only foster the notion that these very bad actors will not be held responsible for their unlawful and harmful actions, that are far outside the scope of their appointments, just because this Court granted these appointments, based on the recommendations other bad actors.

### The Fourth Amended Complaint names the following Defendants:

The United States Of America,
Securities and Exchange Commission,
Brian K. Barry, George Franceschini, and Samuel Luque Jr,

Bruce B. Blatman, and
Timothy J. Ward,

Securities Investor Protection Corporation,
Josephine Wang, and Christopher LaRosa,

Financial Industry Technical Services, Inc.,
Henry Lange, and John Rizzo,

Glassratner Advisory and Capital Group, LLC
Thomas Santoro

Kapila and Company
Soneet R. Kapila

Carlton Fields, Pa,
Robert N. Gilbert, Franck D. Chantayan
and David Hywel Leonard,

Sutherland, Asbill & Brennan, LLP
Peter J. Anderson, Keith J. Barnett, Michael K. Freeman,
and Olga Greenberg,

The Fourth Amended Complaint focuses only on those entities and persons who directly committed crimes against the Plaintiff and who are liable for their actions. Every Defendant named in the Fourth Amended Complaint is liable under the law for their improper actions and do not have any immunity that would excuse them from their egregious actions. If these Defendants are permitted to be held unaccountable for their actions, they will only commit the same crimes again against new victims, and other bad actors will mirror their actions. This Court has the important opportunity to stop these bad actors from harming more victims and small businesses, here and now.

### All Counts presented in the Fourth Amended are as follows:

Count I -- Fraudulent and Untrue Need of an Exparte TRO (All Defendants);

Count II -- Fraudulent and Untrue Need for an Exparte Receiver (All Defendants);

Count III -- Bankruptcy Fraud Pursuant to 18 U.S.C. § 151 (All Defendants); Count IV -- Aiding and Abetting Bankruptcy Fraud (All Defendants);

Count V -- Conversion of Assets 11 U.S.C. § 523 (All Defendants);

Count VI -- Abuse of Process (against Defendants SEC and Brian K. Barry, Receiver Anderson and his attorneys, SIPC and its attorneys, and Trustee Gilbert and his attorneys);

Count VII -- Civil Conspiracy (All Defendants);

Count VIII -- Tortious Interference with Plaintiffs' Business Relationships (All Defendants);

Count IX -- Gross Negligence (All Defendants);

Count X -- Negligence (against Defendants SIPC and its attorneys, Receiver Anderson and his attorneys and Trustee Gilbert and his attorneys);

Count XI -- Defamation (All Defendants);

Count XII -- Corruption in violation of 18 U.S.C. (against Defendants SEC, SIPC and its attorneys, Trustee Gilbert and his attorneys);

Count XIII -- Wrongful Termination and Failure to Pay Wages and Reimburse Business Expenses (against Defendants SEC, Receiver Anderson and his attorneys, SIPC and its attorneys, Trustee Gilbert and his attorneys);

Count XIV -- Obstruction (All Defendants);

Count XV -- Theft of Funds Florida State Statute 772.11 (against Defendants SIPC and its attorneys, Receiver Anderson and his attorneys, and Trustee Gilbert and his attorneys);

Count XVI -- Breach of Contract (All Defendants);

Count XVII -- Legal Malpractice (against Defendants SIPC and its attorney, Trustee Gilbert and his attorneys, Receiver Anderson and his attorneys

There is more than enough prima facial evidence to assert that all Counts detailed in the Fourth Amended Complaint are true and there is more than enough prima facial evidence that the named Defendants should and will be held liable for their actions, detailed in the complaint. The Plaintiff under the law is not required to show more evidence or pleadings in order to serve the complaint and start the discovery process.

## Conclusion

The Defendants' brought upon this action against themselves by and through their own bad acts and they were heavily compensated for their improper actions. At no time have any of the Defendants ever stepped up and declared: that what they were doing was wrong.

Because of the unbelievable, unconscionable, and egregious acts of the Defendants expressly detailed in the Fourth Amended Complaint, I respectfully request that this Court permit all claims and counts to proceed through the service and discovery process at which time, this Court will assuredly agree that all Counts should be permitted to go to trial. To dismiss any of the detailed claims in the Fourth Amended Complaint before any of the Defendants have been served and before any discovery and before any proper pleadings, would be an injustice and unfairly prejudicial to the Plaintiff and all small business owners and investors in the country.

Under the law, the Plaintiff has more than exceeded all of the elements necessary to permit the Motion to file the Fourth Amended Complaint to be Granted, served, and for the discovery process to commence.

DATED this 6th day of August, 2013.

Respectfully submitted,
/s/ _____ pro se
Richard Goble
1385 West State Road 434 Suite 102
Longwood, Florida 32750
(407) 339-9781

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing on the below service list was furnished via United States first class mail, facsimile, and/or this Court's electronic filing system upon the following interested parties this 6th day of August, 2013:

Respectfully submitted,
/s/ _____ pro se
Richard Goble

**Service List:**

**Robert K. Levenson**
Securities & Exchange Commission
Suite 1800
801 Brickell Ave
Miami, FL 33131

**Bruce William Barnes**
Bruce W. Barnes, PA
Suite 204
100 Main St
Safety Harbor, FL 34695

**David Hywel Leonard**
Carlton Fields, PA
4221 W Boy Scout Blvd - Ste 1000
PO Box 3239
Tampa, FL 33601-3239

**Robert N. Gilbert**
Carlton Fields, PA
Suite 1200
525 Okeechobee Blvd
West Palm Beach, FL 33401

**Keith J. Barnett**
Sutherland, Asbill & Brennan, LLP
Suite 2300
999 Peachtree St NE
Atlanta, GA 30309-3996

**Michael K. Freeman**
Sutherland, Asbill & Brennan, LLP
Suite 2300
999 Peachtree St NE
Atlanta, GA 30309-3996

**Olga Greenberg**
Sutherland, Asbill & Brennan, LLP
Suite 2300
999 Peachtree St NE
Atlanta, GA 30309-3996

**Peter Anderson**
Sutherland, Asbill & Brennan, LLP
Suite 2300
999 Peachtree St NE
Atlanta, GA 30309-3996

**Timothy Ward Pro Se**
208 Debary Dr.
Debary, FL 32713

# EXHIBIT A



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
**WASHINGTON, D.C. 20549**

OFFICE OF THE
EXECUTIVE DIRECTOR

November 18, 2010

## VIA UPS OVERNIGHT MAIL AND CERTIFIED MAIL

Mr. Philip Bartlett
The Bartlett Law Firm, P.A.
230 East Marks Street
Orlando, Florida 32803

      Re:    Administrative FTCA claim against the SEC

Dear Mr. Bartlett:

      On behalf of Richard Goble, The Goble First Revocable Family Trust dated May 13, 1999, G&G Holdings, Inc., and the Financial Industry Association, you filed an administrative claim against the United States Securities and Exchange Commission ("Commission") pursuant to the Federal Tort Claims Act, 28 U.S.C. 2671 *et seq.* ("FTCA"). You submitted two claim forms both signed by Richard Goble and dated May 26, 2010. One form identifies the claimant as the Financial Industry Association. The other form identifies the claimant as G&G Holdings. The claims forms are duplicative in that both seek $100 million in compensatory damages from the Commission for alleged "destruction in value of corporate assets resulting in lost shareholder value and future revenues/profits." Your letter accompanying the claim forms contends that the Commission "engaged in a series of related acts in the investigation of Mr. Goble's business that were negligent in both the practice of the investigation as well as the decision to pursue litigation against Mr. Goble's firm North American Clearing, Inc."

      I have considered this claim against the Commission and it is denied.

      Please be advised that this is a final decision under the FTCA. In accordance with the FTCA, if you are dissatisfied with this decision, you may file suit in an appropriate United States District Court within six months of the mailing date of this decision. *See* 28 U.S.C. 2401(b).

                                          Sincerely,

                                          Diego T. Ruiz
                                          Executive Director