UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FINANCIAL INDUSTRY ASSOCIATION,
G&G HOLDINGS, INC., RICHARD GOBLE
and THE GOBLE FIRST REVOCABLE
FAMILY TRUST MAY 13, 1999,

        Plaintiffs,

v.                                                      Case No:  6:10-cv-408-Orl-36KRS

SECURITIES AND EXCHANGE
COMMISSION, FINANCIAL INDUSTRY
REGULATORY AUTHORITY, INC., THE
DEPOSITORY TRUST AND CLEARING
CORPORATION, et al.,

        Defendants.

_____

## ORDER

This cause comes before the Court on the Report and Recommendation of Magistrate Judge Karla R. Spaulding (Doc. 67).  In the Report and Recommendation, Magistrate Judge Spaulding recommends that *pro se* Plaintiff Richard Goble's ("Goble") Motion for Leave to File Fourth Amended Complaint ("Motion to Amend") (Doc. 57) be denied as futile and that the Court permit Goble to file a renewed motion for leave to file an amended complaint, which asserts only viable claims.  *See* Doc. 67.  Goble filed an Amended Objection ("Objection") to the Report and Recommendation (Doc. 69).  No party has filed a response to Goble's Objection and the time to do so has expired.  As such, this matter is ripe for review.

**I.    BACKGROUND**

The procedural history of this case and its related cases[1] has been detailed thoroughly in Part I of the Report and Recommendation, which the Court incorporates fully herein in the interest of brevity. *See* Doc. 67, pp. 1–6. In his Motion to Amend, Goble seeks leave to file a Fourth Amended Complaint, a proposed copy of which he attached to the motion. *See* Docs. 57, 57-1. The proposed Fourth Amended Complaint would add or remove several parties and claims in this case. *See* Doc. 57-1.

In the Report and Recommendation, Magistrate Judge Spaulding recommends denying Goble's Motion to Amend because the claims asserted therein are futile, in that they: seek relief against parties which cannot be held liable; do not provide a private right of action; or are not based on a plausible theory of relief. Doc. 67, p. 6. The Magistrate Judge further recommends that the Court give Goble one more opportunity to seek leave to file an amended complaint against only individuals and entities subject to liability under governing law, and only based on causes of action for which relief can be granted. *Id*. The instant Objection followed. *See* Doc. 69.

**II.    STANDARD OF REVIEW**

When a party makes a timely and specific objection to a Magistrate Judge's Report and Recommendation, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *Jeffrey S. v. State Bd. of Educ. of State of Georgia,* 896 F.2d 507, 512 (11th Cir. 1990). The district judge may accept, reject, or modify in whole or in part, the Report

---

[1] This case was consolidated with another case before the Court, No. 6:11-cv-825, with the instant case being designated as the lead case. *See* Doc. 66. In addition, the facts and claims in these consolidated cases are intertwined with those in another case pending in the Middle District of Florida, No. 6:08-cv-829 (the "SEC Case"), in which the U.S. Securities and Exchange Commission ("SEC") brought a civil action against Goble and others.

and Recommendation of the Magistrate Judge. Fed. R. Civ. P. 72(b)(3). The district judge may also receive further evidence or recommit the matter to the Magistrate Judge with further instructions. *Id.*

Under Rule 15, a party may amend its pleading once as a matter of course within 21 days after serving it, or within 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). If the underlying facts or circumstances relied on by the plaintiff may give rise to a proper subject of relief, leave to amend should be freely given. *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262 (11th Cir. 2004). However, a court may properly deny leave to amend the complaint under Rule 15 if such amendment would be "futile." *Id.* at 1262–63. "[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." *Id.* at 1263.

## III. DISCUSSION

Goble's Objection, while not directly addressing every determination made by the Magistrate Judge, maintains that Goble has been granted permission to pursue claims against the various Defendants in this case. *See* Doc. 69, pp. 2–3. Goble avers that this permission has been granted either through court order or, with respect to the claims against the SEC, by the defendant itself. *See id.* The Court addresses these arguments in the same manner as the Magistrate Judge, by dividing the claims in the proposed Fourth Amended Complaint into the following categories: claims against defendants who cannot be liable; claims for which there is no private right of action; claims that are barred by sovereign immunity; and claims that are not based on a plausible theory of relief.

### A. Claims Against Defendants Who Cannot Be Liable

#### 1. Receiver Anderson, Trustee Gilbert, and Their Attorneys and Other Agents

Goble's proposed Fourth Amended Complaint would assert claims against, *inter alia*: Peter Anderson ("Receiver Anderson"), the court-appointed receiver of North American Clearing, Inc. ("NACI"), of which Goble was the sole stockholder; Robert N. Gilbert ("Trustee Gilbert"), the court-appointed trustee of NACI; Receiver Anderson and Trustee Gilbert's respective law firms, Sutherland Asbill & Brennan LLP and Carlton Fields, P.A.; and attorneys and other agents who assisted Receiver Anderson and Trustee Gilbert in discharging their duties in the SEC Case. *See* Doc. 57-1. The Magistrate Judge determined that these claims were barred by the *Barton* doctrine. Doc. 67, pp. 7–9. For the following reasons, the Court agrees.

The *Barton* doctrine provides that before bringing suit against a court-appointed receiver or trustee for acts done in the receiver or trustee's official capacity, a party must first obtain leave of the court which appointed the receiver or trustee. *See Barton v. Barbour*, 104 U.S. 126, 127 (1881); *Carter v. Rodgers*, 220 F.3d 1249, 1252 (11th Cir. 2000). Failure to obtain leave of court results in dismissal of the suit for lack of subject matter jurisdiction. *See Barton*, 104 U.S. at 136–37; *Carter*, 220 F.3d at 1253. The *Barton* doctrine extends to actions against the attorneys and other agents for the receiver or trustee who function as the equivalent of court-appointed officers by helping the receiver or trustee execute official duties. *Lawrence v. Goldberg*, 573 F.3d 1265, 1270 (11th Cir. 2009); *Carter*, 220 F.3d at 1252 n.4.

As Receiver Anderson and Trustee Gilbert were appointed by the court in the SEC Case, the *Barton* doctrine requires that Goble obtain leave of that court before bringing claims against them and their attorneys and agents for acts done in the execution of their official duties. *See Lawrence*, 573 F.3d at 1270; *Carter*, 220 F.3d at 1253. In his Objection, Goble contends that he

did, in fact, obtain leave to sue Receiver Anderson, Trustee Gilbert, and their respective attorneys and agents, as required under the *Barton* doctrine. Doc. 69, p. 2. However, a review of the procedural history in the SEC Case reveals this not to be the case. In the SEC Case, Goble and others filed a *motion to intervene* for the sole purpose of *petitioning for leave to file suit* against Receiver Anderson, his law firm, and attorneys at the firm working on his behalf. *See* Doc. 203. Goble and the others filed a similar motion to intervene for the sole purpose of petitioning for leave to file suit against Trustee Gilbert and his law firm and attorneys working on his behalf. *See* Doc. 207. While the court granted the motions to intervene as to "Goble as Trustee of The Goble First Revocable Family Trust May 13, 1999,"[2] this merely granted Goble the right to intervene in the SEC Case so he could file *Barton* motions seeking leave to file suit. *See* Doc. 209 (granting in part Docs. 203 and 207); Doc. 222, pp. 38–39. The court denied Goble's actual *Barton* motions, which were filed separately from his motions to intervene. *See* Doc. 209 (denying Docs. 204 and 208); Doc. 222, pp. 38–39. Accordingly, Goble did not obtain leave of court to file suit against Receiver Anderson, Trustee Gilbert, and their respective attorneys and agents for acts done in the execution of their official duties, as required under the *Barton* doctrine.

Goble next argues that leave of court was not required because his claims against Receiver Anderson, Trustee Gilbert, and their respective attorneys and agents are for actions taken outside the scope of their court appointments, and therefore the claims fall under an exception to the *Barton* doctrine. Doc. 69, pp. 2–3. In the bankruptcy context, this exception is codified in Section 959 of the Bankruptcy Code. The Eleventh Circuit has recognized that "Section 959 provides for a limited exception to the *Barton* doctrine, permitting suits against

---

[2] The court denied the motions to intervene as to Financial Industry Association, Inc. and G&G Holdings, Inc. *See* Doc. 209 (denying in part Docs. 203 and 207).

'[t]rustees, receivers or managers of any property . . . without leave of the court appointing them, with respect to any of their acts or transactions *in carrying on the business connected with such property*.'" *Carter*, 220 F.3d at 1254 (quoting 28 U.S.C. § 959(a)) (emphasis added).  However, "[t]he 'carrying on business' exception in section 959(a) is *intended to permit actions redressing torts committed in furtherance of the debtor's business*, such as the common situation of a negligence claim in a slip and fall case where a bankruptcy trustee, for example, conducted a retail store.  *Section 959(a) does not apply to suits against trustees for administering or liquidating the bankruptcy estate*."  *Id.* (internal citations and quotations omitted) (emphasis added).

The basis of Goble's purported claims against Receiver Anderson, Trustee Gilbert, and their respective attorneys and agents is that these parties mismanaged NACI after the company went into receivership and liquidation.  *See* Doc. 57-1.  As the Magistrate Judge correctly noted, these claims arise directly from their work administering the receivership and liquidation of NACI, rather than as a result of carrying out NACI's business operations.  As such, they fall squarely within the *Barton* doctrine, and do not fall within the "carrying on business" exception of Section 959(a).  *See Carter*, 220 F.3d at 1254 (holding that the "carrying on business" exception of Section 959(a) is inapplicable to breach of fiduciary claims which relate to a trustee's administration and liquidation of an estate).

Because Goble's claims against Receiver Anderson, Trustee Gilbert, and their representatives are premised on acts done by them in the execution of their official duties, and Goble did not obtain leave of the appointing court to bring suit against them, this Court does not have subject matter jurisdiction over the claims.  *See Carter*, 220 F.3d at 1253.  As these claims would be futile, leave to amend the complaint to bring the claims will be denied.

*2.     SEC and Its Employees*

Goble's proposed Fourth Amended Complaint would assert claims against the SEC and certain of its employees. *See* Doc. 57-1. The Magistrate Judge correctly recognized that the SEC and its employees are not proper defendants in this case. Doc. 67, p. 9. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 474 (1994). The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, provides a limited waiver of sovereign immunity for certain tort claims seeking money damages from the United States for the wrongful acts of its employees. 28 U.S.C. § 1346(b)(1). However, the remedies provided under the FTCA are available exclusively against the United States, and not its agencies or employees. 28 U.S.C. §§ 2674, 2679(b)(1).

In his Objection, Goble nevertheless maintains that the SEC "expressly consented" to suit, pointing to a letter sent to his counsel by the SEC's Executive Director. Doc. 69, p. 2. However, even if the letter could amount to a waiver of sovereign immunity, the letter does no such thing. Rather, the letter merely states that the SEC has denied the claims that Goble submitted administratively pursuant to the FTCA, and that Goble may file suit challenging the decision in federal court within the time period allowed in the statute of limitations. Doc. 69, p. 10. Nothing in the letter purports to waive the SEC's sovereign immunity.

As the SEC and its employees are immune from liability for the claims asserted in Goble's proposed Fourth Amended Complaint, leave to amend the complaint to bring these futile claims will be denied.

**B.     Claims For Which There Is No Private Right Of Action**

Goble's proposed Fourth Amended Complaint would assert claims for bankruptcy fraud (Count III) and aiding and abetting bankruptcy fraud (Count IV) pursuant to Title 18, Chapter 9 of the United States Code. *See* Doc. 57-1, pp. 40–41. The Magistrate Judge correctly noted that

these are criminal statutes which do not provide a private cause of action. *See* Doc. 67, pp. 9–10. Goble also wishes to bring a claim pursuant to 11 U.S.C. § 523 (Count V). *See* Doc. 57-1, pp. 42–43. As the Magistrate Judge observed, Section 523 only applies to debts owed by an individual debtor, and the sole debtor in the bankruptcy proceedings resulting from the SEC Case was NACI, a corporation rather than an individual debtor. *See* Doc. 67, pp. 10–11. In any event, Section 523 is properly invoked only in bankruptcy proceedings and does not provide for a private right of action. As such, leave to amend the complaint to bring the foregoing futile claims will be denied.

### C. Claims Barred By Sovereign Immunity

Goble's proposed Fourth Amended Complaint would assert claims against the United States and the SEC and its employees arising from abuse of process (Count VI), libel and slander (Count XI), misrepresentation and deceit (Counts I, II, III, IV), and interference with contract rights (Counts VIII, XIII, XVI). *See* Doc. 57-1. As discussed previously, the SEC and its employees are not proper defendants. *See supra*, Part III.A.2. However, even if the claims against them are construed as claims against the United States, the Magistrate Judge correctly noted that these claims are barred by sovereign immunity, as they are explicitly excluded from the FTCA's waiver of sovereign immunity, and that other claims may be barred by the discretionary function exception to the FTCA's waiver of sovereign immunity. *See* Doc. 67, p. 10; 28 U.S.C. § 2680(a) & (h). Accordingly, the Court will deny leave to amend the complaint to bring claims against the United States, the SEC, and its employees which are barred by sovereign immunity.

### D. Claims That Are Not Based On A Plausible Theory Of Relief

Count XVII of Goble's proposed Fourth Amended Complaint would assert a claim for legal malpractice against the Securities Investor Protection Corporation ("SIPC"), Receiver

8

Anderson, Trustee Gilbert, and their respective attorneys who worked on the SEC Case, arising from an alleged breach of duty owed to NACI. *See* Doc. 57-1, pp. 60–61. However, as the Magistrate Judge noted, "Florida courts have uniformly limited attorney's liability for negligence in the performance of their professional duties to clients with whom they share privity of contract." Doc. 67, p. 11 (quoting *Brennan v. Ruffner*, 640 So. 2d 143, 145 (Fla. 4th Dist. Ct. App. 1994)). As Goble was not in privity of contract with the attorneys he seeks to hold liable, he cannot assert a legal malpractice claim against them. Therefore, the Court will deny Goble leave to amend the complaint to bring his legal malpractice claim.

The Magistrate Judge also noted that the counts in the proposed Fourth Amended Complaint are alleged against all or multiple defendants, without identifying what each defendant did that could plausibly make it liable for the corresponding claim, while other counts do not sufficiently identify a cause of action. *See* Doc. 67, p. 12. Thus, leave to amend the complaint will be denied because the counts do not provide plausible claims for relief.

## IV.   CONCLUSION

Because the claims in Goble's proposed Fourth Amended Complaint are futile, he will not be granted leave to amend the complaint to add those claims. However, given that he is proceeding *pro se*, the Court will allow him **one final opportunity** to file a renewed motion for leave to file an amended complaint, accompanied by a proposed amended complaint which corrects the deficiencies identified in this Order and the Report and Recommendation and which complies with the adjudication below.

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

1. The Report and Recommendation of the Magistrate Judge (Doc. 67) is adopted, confirmed, and approved in all respects and is made a part of this Order for all purposes, including appellate review.

2. Goble's Motion for Leave to File Fourth Amended Complaint (Doc. 57) is **DENIED without prejudice**. Within **FOURTEEN (14)** days of the date of this Order, Goble may file a renewed motion for leave to file an amended complaint, accompanied by a proposed amended complaint which corrects the deficiencies identified in this Order and the Report and Recommendation and which complies with the parameters set forth below.

3. Based on the facts asserted in the proposed Fourth Amended Complaint, Goble is hereby **PROHIBITED** from naming any of the following as defendants in the proposed amended complaint:  (1) the SEC and its employees, as to FTCA claims; (2) Receiver Anderson, his law firm, and his attorneys and other agents; and (3) Trustee Gilbert, his law firm, and his attorneys and other agents.

4. Based on the facts asserted in the proposed Fourth Amended Complaint, Goble is hereby **PROHIBITED** from asserting causes of action for:  (1) bankruptcy fraud; (2) aiding and abetting bankruptcy fraud; (3) violation of 11 U.S.C. § 523; and (4) legal malpractice against any Defendant with whom there is no privity of contract..

5. Goble may assert tort claims against the United States only to the extent it has waived sovereign immunity.

6. The proposed amended complaint must identify what each defendant did that could plausibly make it liable for the corresponding claim, and each count must clearly identify a cause of action recognized under governing law.

7. Failure to file a renewed motion for leave to file an amended complaint, accompanied by a proposed amended complaint, within the time provided in this Order will result in the dismissal of this action without further notice.

**DONE** and **ORDERED** in Orlando, Florida on October 4, 2013.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties
Magistrate Judge Karla R. Spaulding

11