# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

FINANCIAL INDUSTRY
ASSOCIATION, G&G HOLDINGS,
INC., RICHARD GOBLE and THE
GOBLE FIRST REVOCABLE FAMILY
TRUST MAY 13, 1999,

      **Plaintiffs,**

v.                                                             Case No:  6:10-cv-408-Orl-36KRS
                                                                       [Consolidated Lead Case]
                                                                        6:11-cv-825-Orl-36KRS

FINANCIAL INDUSTRY
REGULATORY AUTHORITY, INC.,
THE DEPOSITORY TRUST AND
CLEARING CORPORATION, MARY
SHAPIRO, GRACE VOGEL, TIMOTHY
WARD, BRUCE BLATMAN, SAM
LUGUE, JR. and LARRY
THOMPSON,

      **Defendants.**

_____

## ORDER

This cause comes before the Court on *pro se* Plaintiff Richard Goble's ("Goble") Motion to Stay This Case Pending Appeal ("Motion to Stay") (Doc. 72). In his Motion to Stay, Goble requests that the proceedings in this matter be stayed pending the appeal of this Court's Order denying his Motion for Leave to File Fourth Amended Complaint ("Motion to Amend") (Doc. 57). Having determined that neither a response from Defendants nor oral argument is necessary, and for the reasons that follow, the Court will deny the Motion to Stay.

**I.**      **BACKGROUND**

In his Motion to Amend, Goble sought leave to file a Fourth Amended Complaint, a proposed copy of which he attached to the motion. *See* Docs. 57, 57-1. The proposed Fourth

Amended Complaint would have added or removed several parties and claims in this case. *See* Doc. 57-1. On July 24, 2013, Magistrate Judge Karla R. Spaulding issued a Report and Recommendation recommending that the Court deny Goble's Motion to Amend because the claims asserted therein were futile, in that they: sought relief against parties which could not be held liable; did not provide a private right of action; or were not based on a plausible theory of relief. *See* Doc. 67. After Goble filed objections to the Report and Recommendation, *see* Doc. 69, the Court entered an Order adopting the Report and Recommendation in all respects and thereby denying the Motion to Amend. *See* Doc. 70. In the Order, the Court stated that it would give Goble one final opportunity to seek leave to file an amended complaint against only individuals and entities subject to liability under governing law, and only based on causes of action for which relief could be granted. *See id.* at 9. The Court further stated that failure to file a renewed motion for leave to file an amended complaint, accompanied by a proposed amended complaint, within 21 days of the date of the Order would result in dismissal of the action without further notice[1]. *Id.* at 10.

On October 16, 2013, Goble filed a Notice of Appeal (Doc. 71), expressing his intent to appeal the Court's Order denying the Motion to Amend. The same day, Goble filed the Motion to Stay, stating that: "Since this Courts [sic] Order addresses a final question as to which defendants and which causes of actions [sic] can be litigated in this case, it will be necessary to stay this case and the pending October 4th Order until the final adjudged rulings can be heard in the U.S. Court of Appeals Court [sic]." Doc. 72.

---

[1] The Court clarifies this language in the Order at Doc. 70. The entire action would not be dismissed. Rather, Plaintiff would proceed on the Amended Complaint, which is filed at Doc. 2 in the consolidated case, 6:11-cv-825. The Amended Complaint is the operative complaint, as the Third Amended Complaint was stricken.

**II.     DISCUSSION**

The filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal. *Green Leaf Nursery v. E.I. DuPont De Nemours & Co.*, 341 F.3d 1292, 1309 (11th Cir. 2003). However, "a notice of appeal filed with respect to a non-appealable order does not have any effect on the district court's jurisdiction." *United States v. Riolo*, 398 F. App'x 568, 571 (11th Cir. 2010); *see United States v. Roemmele*, 506 F. App'x 891, 892 n.1 (11th Cir. 2013); *United States v. Vicaria*, 963 F.2d 1412, 1415 n.2 (11th Cir. 1992). For example, ordinarily, "an order adjudicating fewer than all the claims in a suit, or adjudicating the rights and liabilities of fewer than all the parties, is not a final judgment from which an appeal may be taken." *Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 777 (11th Cir. 2007). Here, contrary to Goble's assertions, the Court's Order denying the Motion to Amend did not adjudicate *any* of the claims in the case, nor did it adjudicate the rights and liabilities of *any* parties. The Order merely denied Goble's request for leave to file a Fourth Amended Complaint because the claims in the proposed amended complaint were futile. *See* Doc. 70. Indeed, the claims in Goble's Amended Complaint are still pending because that document is still the operative pleading in this case. *See* Case 6:11-cv-825, Doc. 2. In addition, the Court has given Goble the opportunity to file a renewed motion for leave to file an amended complaint. Thus, the Order is not a final judgment from which an appeal may ordinarily be taken.

The Court also notes that Goble has not requested certification of a judgment pursuant to Federal Rule of Civil Procedure 54(b). Under Rule 54(b), a district court has the discretion to certify a judgment for immediate appeal when, and only when, the judgment "is 'final' within the meaning of Rule 54(b), which means that the judgment disposes entirely of a separable claim

3

or dismisses a party entirely." *In re Se. Banking Corp.*, 69 F.3d 1539, 1547 (11th Cir. 1995).

Rule 54(b) provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Thus, Rule 54(b) "provides an exception to the general principle that a final judgment is proper only after the rights and liabilities of all the parties to the action have been adjudicated." *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997). In determining whether a partial final judgment may properly be certified under Rule 54(b), the Court must determine that its final judgment is, in fact, both "final" and a "judgment," and must expressly decide whether there is any "just reason for delay" in certifying it as final and immediately appealable. *Lloyd Noland*, 483 F.3d at 777.

As the Court has explained, the Order denying the Motion to Amend did not adjudicate any claims or dismiss any parties. It denied Plaintiff the right to amend, as amending would be futile. As such, even if Goble had requested a certification under Rule 54(b), certification would not be appropriate here.

Since there is no basis for an appeal, the Court retains jurisdiction over the case. *Riolo*, 398 F. App'x at 571. Under these circumstances, a stay of the proceedings would be improper and unnecessarily delay the resolution of this action.

Accordingly, it is hereby **ORDERED**:

1. Plaintiff Richard Goble's Motion to Stay This Case Pending Appeal (Doc. 72) is **DENIED**.

2. As Goble has been granted ample time to file a renewed motion for leave to file an amended complaint, Goble is hereby granted **FOURTEEN (14)** days from the date of this Order to file a renewed motion for leave to file an amended complaint, accompanied by a proposed amended complaint which complies with the directives set forth in the Court's October 4, 2013 Order. Failure to file a renewed motion for leave to file an amended complaint, accompanied by a proposed amended complaint, within the time provided in this Order will result in this case proceeding on the Amended Complaint.

**DONE** and **ORDERED** in Orlando, Florida on November 19, 2013.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties