**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**FINANCIAL INDUSTRY ASSOCIATION, G&G HOLDINGS, INC., RICHARD GOBLE and THE GOBLE FIRST REVOCABLE FAMILY TRUST MAY 13, 1999,**

     **Plaintiffs,**

**-vs-**                **Case No. 6:10-cv-408-Orl-36KRS**

**SECURITIES & EXCHANGE COMMISSION, FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC., et al.,**

     **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein[1]:

> **MOTION:** MOTION FOR LEAVE TO FILE FIFTH AMENDED COMPLAINT PURSUANT TO THIS COURTS ORDER ON NOVEMBER 19TH, 2013 (Doc. No. 76)
>
> **FILED:** December 2, 2013

On June 12, 2013, Plaintiff Richard Goble filed a motion requesting leave to file a document titled "Fourth Amended Complaint." Doc. No. 57. On October 4, 2013, the Court denied Plaintiff Goble's motion without prejudice. Doc. No. 70. The Court also granted Goble leave to file a renewed

---

[1] This case has been consolidated with Case No. 6:11-cv-825-Orl-36KRS. This case bas been designated as the lead case. Doc. No. 66.

motion for leave to file an amended complaint which corrected the deficiencies identified in the Court's Order and my Report and Recommendation of July 24, 2013 (Doc. No. 67). Goble was prohibited from naming certain defendants and asserting certain causes of action. Goble was also required to identify what each defendant did that could plausibly make it liable for the corresponding claim, and, for each count, he was required to identify clearly a cause of action recognized under governing law. Goble did not file a renewed motion within the time specified by the Court's Order, but the Court subsequently granted him additional time to do so. Doc. No. 75. On December 2, 2013, Goble filed a motion requesting leave to file a document titled "Fifth Amended Complaint." Doc. No. 76.

Goble's proposed amended complaint does not correct all of the deficiencies identified in the Court's October 4 Order or my July 24 Report and Recommendation. For example, the Court prohibited Goble from asserting Federal Tort Claims Act ("FTCA") claims against the Securities and Exchange Commission ("SEC") and its employees. Doc. No. 70 at 10. Despite this, the SEC and at least two of its employees are still named as Defendants in the proposed amended complaint (Doc. No. 76-4), and the proposed amended complaint asserts tort claims against them. *See, e.g.*, Counts IX ("Gross Negligence" against "All Defendants") and X ("Negligence" against "All Defendants"). As another example, the Court also prohibited Goble from naming bankruptcy Trustee Robert N. Gilbert, his law firm, and his attorneys and other agents as Defendants in an amended complaint. Doc. No. 70 at 10. However, the proposed amended complaint names Financial Industry Technical Services, Inc., Henry Lange, and John Rizzo as Defendants. Doc. No. 76-1. The Court has already identified these parties as agents of Trustee Gilbert. *See* Doc. No. 67 at 4 and n. 3. As a final

example, Goble's proposed amended complaint has not identified what each defendant did that could plausibly make it liable for the corresponding claim against it and continues to include causes of action that are not recognized by governing law. *See, e.g.*, Counts XII ("Corruption") and XIV ("Obstruction"). As mentioned above, pursuant to the Court's October 4 Order, both of these deficiencies were required to be corrected in any proposed amended complaint.

Accordingly, Goble's motion for leave to file an amended complaint is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on December 9, 2013.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE