IN THE UNITED STATES DISTRICT COURT IN AND FOR THE MIDDLE DISTRICT
OF FLORIDA
ORLANDO DIVISION

RICHARD GOBLE

**Plaintiff,**                                              CASE NO. 6-10-CV-000408

vs.

THE UNITED STATES OF AMERICA,
SECURITIES AND EXCHANGE COMMISSION,

SECURITIES INVESTOR PROTECTION CORPORATION,
JOSEPHINE WANG, and CHRISTOPHER LAROSA,

TIMOTHY WARD and BRUCE BLATMAN,

FINANCIAL INDUSTRY TECHNICAL SERVICES, INC.,
HENRY LANGE and JOHN RIZZO,

**Defendants.**

## RESPONSE TO SIPC's WANG's and LAROSA's MOTION TO DISMISS

1.   RICHARD L. GOBLE, ("GOBLE" "Plaintiff" "me", "I", "my") proceeding *pro se* and as assignee of claims and 100% shareholder of the FINANCIAL INDUSTRY ASSOCIATION ("FIA"), G&G HOLDINGS, INC.("G&G"), and THE GOBLE FIRST REVOCABLE FAMILY TRUST MAY 13, 1999 ("Trust") NORTH AMERICAN CLEARING, Inc.("NACI") and (collectively the "Goble Entities") and proceeding derivatively on behalf of the Goble Entities, hereby responds to Securities Investor Protection Corporation ("SIPC"), Josephine Wang and Christopher LaRosa, (collectively, "SIPC Group").

2.  SIPC Group, a privately owned company funded through premiums collected from private broker dealer firms, has had a long history of torturing the victims in this case for six years and have at least committed all five of the charges detailed in the Court Ordered Amended Complaint.

3.  SIPC cannot not be directed by any Federal Agency to file any action under the Securities Investor Protection Act since it is expressly written in Federal Law that SIPC is not a Government Agency and does not operate under any governmental direction. [15 U.S.C. § 78ccc(a)1].

4.  Under Federal Law [15 U.S.C. § 78ccc(b)] SIPC and its employees are lawfully vested with the following powers which includes (b)1 that SIPC and its employees can be sued or liable for their improper actions:

> **(b) Powers**
> In addition to the powers granted to SIPC elsewhere in this chapter, SIPC shall have the power—
> **(1) to sue and be sued, complain and defend, in its corporate name and through its own counsel, in any State, Federal, or other court;**
> (2) to adopt, alter, and use a corporate seal, which shall be judicially noticed;
> (3) to adopt, amend, and repeal, by its Board of Directors, such bylaws as may be necessary or appropriate to carry out the purposes of this chapter, including bylaws relating to—
>     (A) the conduct of its business; and
>     (B) the indemnity of its directors, officers, and employees (including any such person acting as trustee or otherwise in connection with a liquidation proceeding) for liabilities and expenses actually and reasonably incurred by any such person in connection with the defense or settlement of an action or suit if such person acted in good faith and in a manner reasonably believed to be consistent with the purposes of this chapter.
> [Underlined and bold emphasis added.]

5.  SIPC Group is asking this court to dismiss the Court Ordered Amended Complaint under pursuant to Local Rule 3.01, [which only instructs parties on how to file and respond to motions] and Fed. R. Civ. P. 12(b)(1), (4), (5) and (6) which reads as follows:

> (b) HOW TO PRESENT DEFENSES. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:

      (1) lack of subject-matter jurisdiction;
      (4) insufficient process;
      (5) insufficient service of process;
      (6) failure to state a claim upon which relief can be granted

6.    In the SIPC Group's motion, SIPC Group attempts to mislead this court about the procedural history of this case. First SIPC Group fails to mention the length of this cases' stay which started on October 7th, 2010 for 6:10-cv-408 DE 19 and on June 7th, 2011 for 6:11-cv-825 DE 8 that lasted over 3 years.

7.    SIPC Group completely ignores and fails to mention that the served Amended Complaint was ordered and approved by this Court on December 09th, 2013. This Court's Order which was completely missing from SIPC Group's motion, is detailed as follows:

> DE 75: ORDER denying 72 Plaintiff Richard Goble's Motion to Stay This Case Pending Appeal. As Goble has been granted ample time to file a renewed motion for leave to file an amended complaint, Goble is hereby granted FOURTEEN (14) days from the date of this Order to file a renewed motion for leave to file an amended complaint, accompanied by a proposed amended complaint which complies with the directives set forth in the Court's October 4, 2013 Order. Failure to file a renewed motion for leave to file an amended complaint, accompanied by a proposed amended complaint, within the time provided in this Order will result in this case proceeding on the Amended Complaint. Signed by Judge Charlene Edwards Honeywell on 11/19/2013. (BGS) (Entered: 11/19/2013)

8.    Therefore, when this Court denied the motion for a Fifth Amended Complaint, this Court's action pursuant to DE 75 ordered and approved the current Amended Complaint which was served to all parties well within all parameters of the rules:

> DE 77: ORDER denying 76 Motion for Leave to File. Signed by Magistrate Judge Karla R. Spaulding on 12/9/2013. (KKA) (Entered: 12/09/2013);

9.    SIPC Group was served this Court's Ordered Amended Complaint on March 18th, 2014, only 99 days from when this Court's Order went into effect directing that the Amended Complaint be the operative complaint and not the nine months that SIPC Group

falsely claims.

10. The Court Ordered Amended Complaint would have been served sooner if it were not for the fact that I attempted another motion for an Amended Complaint that was denied on February 19th, 2014. [DE 78 and DE 79]. Based on this filing and Court Order, SIPC Group was served within 27 days.

11. This Court has already ruled that the Amended Complaint must go forward with the SIPC Group named as Defendants DE 75.

12. The SIPC Group is asking this Court to reconsider the ordered decision contained in DE 75 and dismiss the SIPC Group from the Court Ordered Amended Complaint, which would not be appropriate at this time.

13. SIPC Group handpicked FITS's John Rizzo who is a self-admitted fraudster of the Federal Government and a sanctioned licensed FINOP.

14. SIPC Group handpicked FITS's Henry Lange, who has no formal education and no professional licenses and is FITS' owner and controller in all aspects of FITS's business.

15. Both Rizzo and Lange were specifically selected by the SIPC Group and paid by SIPC Group over $7,500,000 as essentially "Rogue Operatives" to largely break laws, provide false witness and reports, destroy evidence, and at the very least, commit all five counts detailed in the Court Ordered Amended Complaint.

16. Wang and LaRosa specifically directed all acts of SIPC and were never legal representatives of SIPC. They just happened to be lawyers licensed in other jurisdictions, which makes the charges against them even more egregious since, Wang and LaRosa should have known better than to commit these five named charges.

17. Since Wang and LaRosa were and are acting as employees of SIPC and giving directions on behalf of SIPC, they are not exempt from any liability, just because they happened to have passed the bar exam.

18. The following are the five counts charged against the SIPC Group contained in the Court Ordered Amended Complaint:

> Count I- Negligence
> Count II- Gross Negligence
> Count III- Abuse of Process
> Count IV- Civil Conspiracy
> Count V- Conversion

19. The legal standard to be applied in considering a motion to dismiss is well settled. A claimant is only required to set forth a short and plain statement that gives the defendants fair notice of what the claim is and the grounds on which it rests. Fed. R. Civ. P. 8;1 Fuller v. Johannessen (In re Johannessen), 76 F.3d 347, 349 (11th Cir. 1996). The Court must accept the allegations of the complaint as true and must construe all facts alleged in the light most favorable to the plaintiff. Id.

20. None of SIPC Group's case law contained in their motion, even came close to discussing SIPC actions or cases involving any of the five named charges against the SIPC Group in the Court Ordered Amended Complaint.

21. SIPC cites SIPC v. Barbour, 421 U.S. 412, 413 (1975) which states that SIPC cannot be compelled to file a SIPA application. This does not apply to this case since no one compelled SIPC to do anything and does not apply concerning to SIPC's argument for immunity and when research is done concerning this case, it is clear that this case law has nothing to do with this matter. In fact the brokerage firm in the cited case was completely insolvent and demanded SIPC action. Contrast that to NACI which was not insolvent and

was very profitable and the fact that Wang and LaRosa materially lied on their SIPA court application that resulted in the theft of millions of dollars from me and many local businesses and the loss of over 40 high paying jobs.

22. SIPC Group cites Coursen v. J.P. Morgan Chase & Co., 2013 WL 5437348, "8 (M.D. Fla. 2013) in arguing that Wang and LaRosa should not be named defendants but when this case is reviewed it is discovered that a settlement agreement was reached between the parties and that the SIPC Group is trying to somehow create some sort of case law. The final judgment reads in part 8:12-cv-00690-RAL-EAJ DE 144:

> The Court has been advised by the mediator in his Mediation Report filed at docket 136 that this case **has been partially settled as to Plaintiff's claims** against JP Morgan Chase & Company, JP Morgan Chase Bank, N.A., individually and as acquirer of certain assets of Washington Mutual Bank, N.A., and Federal National Mortgage Association. Accordingly, pursuant to Local Rule 3.08(b) of the Middle District of Florida, it is ORDERED AND ADJUDGED that this case is dismissed without prejudice. [Bold underlined emphasis added]

23. Again SIPC Group cites Dawley v. NF Energy Corp. of Am., 492 Fed. Appx. 77, 80 (11th Cir. 2012) as a reason that Wang and LaRosa should not be liable from the Court Ordered five charges against them. But when reading this case it is clear that this case is not germane to this Amended Complaint since this Court ordered this Amended Complaint, second there is no evidence that Wang or LaRosa acted as legal counsel, third there was no contractual agreement that Wang or LaRosa were acting upon any form of a legal representation.

24.  SIPC Group then cites Yeiser, II v. Thompson, 2009 WL 2342446, "2 (N.D. Fla. 2009), as a reason to dismiss the Court Ordered Complaint against SIPC, Wang, and LaRosa. But when there is a reading of the final order of this case it is found that the Plaintiff never responded to the motion to dismiss and the case was dismissed largely by default. Plus this case did not remotely relate to this court ordered complaint. Therefore there is absolutely no precedence to be gathered from these cases and they are simply a rabbit trail of consternation.

25.  SIPC then cites Green Leaf Nursery v. E. I. DuPont DeNemours and Co., 341 F. 3d 1292, 1302-03 (11th Cir. 1993) and attaches' these cases Citing Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell PA v. U.S. Fire Ins. Co., 639 So.2d 606 (Fla. 1994); see also Yeiser, II v. Thompson, 2009 WL 2342446 (N.D. Fla. 2009) (slander of title, declaratory relief, fraud and abuse of process claims barred); Weaver v. Mateer and Harbert, P.A., 523 Fed. Appx. 565, 569 (11th Cir. 2013) (abuse of process claim barred); Dawley, 492 Fed. Appx. At 80 (claims concerning alleged omissions and fraud in connection with judicial proceedings barred).

26.  When Greenleaf Nursery is read it is clear that this citing has nothing to do with this case since there are no proceedings that were ever held with SIPC Group and the Plaintiff and Wang and LaRosa were never counsel of record for any proceeding pertaining to this case. Greenleaf reads as follows:

> In *Levin*, the Florida Supreme Court concluded that the litigation privilege precluded all tort claims based on a party's conduct during the course of litigation, holding that "any act occurring during the course of a judicial proceeding" is entitled to absolute immunity "so long as the act has some relation to the proceeding."

27. It is well established and SIPC Group does not cite any relationship to any litigation that SIPC was a party to and Wang and LaRosa were not legal counsel of record or a party to any litigation, and therefore this argument fails to be germane to this case.

28. The SIPC Group cites other cases, but when any research is done to verify the SIPC Group claims, the information provided in SIPC Group's citing's do not even come close to provide any relevant information contained it SIPC Group's motion to dismiss.

29. SIPC Group inappropriately cites Il U.S.C. §362(a)(3) as a reason to dismiss the SIPC Group from the Court Ordered Amended Complaint. The problem is that when research is done to verify SIPC Group's claims, it is clear that Il U.S.C. §362(a)(3) cited by the SIPC Group is greatly misplaced since this rule only applies to actions taken **before** the SIPC filing and not at or after the SIPC filing and is not associated with the Court Ordered Amended Complaint. Please see the actual Il U.S.C. §362(a)(3) rule below:

> **(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;**

30. It is well established that the property of the estate is gone therefore, it is impossible to obtain possession or exercise any control over the property.[1]

31. The SIPC Group claims some sort of immunity because they were acting on behalf of the government by falsely claiming that "where the threat of liability 'might appreciably inhibit the fearless, vigorous, and effective administration of policies of government."

32. There is absolutely no case law to support that SIPC acts to administrate policies of a government agency and in fact the law states the opposite. SIPC is not required to take any SIPA direction from any government agency. SIPC operates for and at its own

---

[1] The assigned claims concerning G&G Holdings. The Financial Industry Association, the Goble Family Trust, and back pay and reimbursements for worked performed are not argued in SIPC Group's motion dismiss.

best interests.

33. Contrary to the alleged immunity that SIPC Group claims, this Court has already ruled that SIPC Group is liable by Federal Law requiring that SIPC may sue and **be sued under15 U.S.C. § 78ccc(b)**, unless SIPC acted in good faith, which is a factually alleged defense issue to be decided later. [DE 67 of this case page 2 footnote 1.]

34. Even after all of the legal language and many unrelated case citing and arguments of immunity in their motion, SIPC Group finally admits that they can be sued under Federal Law but then SIPC Group argues the factual issue: that SIPC Group committed the five stated charges, in good faith.

35. Furthermore, SIPC Group never denies that SIPC Group committed the 5 different charges stated in the Court Ordered Amended Complaint but instead SIPC Group only attempts to give some excuses as to why SIPC Group committed these 5 named charges in the Amended Complaint.

36. SIPC Group even goes so far as to claim in their motion that an aiding and abetting of a minor books and records violation that resulted in no fines and had less value than a traffic ticket is somehow justification for SIPC Group to perpetually and materially lie to this court, to grossly violate my constitutional rights, and to blatantly steal millions of dollars.

## Conclusion

This Court has already ruled that the case proceed against SIPC, Wang and LaRosa as defendants in this Court Ordered Amended Complaint and its' five charges. Therefore under the rules, this Amended Complaint must be assumed to be true at this stage of the litigation. SIPC Group failed to bring any legal issues that would exclude

them as defendants, admitted they can be sued, and offered no tangible legal argument for dismissal and therefore based on the facts of this case: 1. that the Court Ordered Amended Complaint was served in a timely manner and 2. that by Federal Law and by this Court's orders and by SIPC Group's own admission, SIPC, Wang and LaRosa can be sued and are to the named defendants in this case 3. the stated causes of action against SIPC Group are clear and 4. SIPC Group are being placed on proper legal notice. Therefore, I respectfully request that this Court deny SIPC's, Wang's, and LaRosa's motion to dismiss.

22nd day of April, 2014:

Respectfully submitted,

/s/ _____ pro se

Richard Goble
1385 West State Road 434 Suite 102
Longwood, Florida 32750
(407) 339-9781

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via either United States first class mail, facsimile, email and/or this Court's electronic court filing system to the following parties or counsel this 22nd day of April, 2014:

Respectfully submitted,

/s/ _____ pro se

Richard Goble

## Service List:

Notice has been electronically mailed to:

| | |
|---|---|
| Bruce William Barnes | bwbarnes@tampabay.rr.com, dmtaylor@tampabay.rr.com |
| Mary Ruth Houston | mhouston@shutts.com, jpaino@shutts.com, rsouza@shutts.com, tcasey@shutts.com |
| William F. Jung | wjung@jungandsisco.com, Backupdocket@yahoo.com, droberts@jungandsisco.com |
| Matthew Triggs | mtriggs@proskauer.com, crotondo@proskauer.com, etorres@proskauer.com, mthompson@proskauer.com |
| David S. Mandel | dmandel@mandel-law.com, dcox@gibsondunn.com, smartin@gibsondunn.com, pcrespo@mandel-law.com, scavanagh@mandel-law.com, |
| Glennys Ortega Rubin | grubin@shutts.com, rsouza@shutts.com, tcasey@shutts.com |
| Payal Salsburg | psalsburg@proskauer.com, crotondo@proskauer.com, etorres@proskauer.com, kmolloy@proskauer.com |
| Cathy A. Fleming | cfleming@hodgsonruss.com, apoznanski@hodgsonruss.com |

Mailed to:

Timothy Ward Pro Se
208 Debary Dr.
Debary, FL 32713