**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

RICHARD GOBLE, *et al.*,

                Plaintiffs,

v.

SECURITIES AND EXCHANGE
COMMISSION, *et al.*,

                Defendants.

No. 6:10-cv-00408-CEH-KRS
(consolidated with
No. 6:11-cv-00825-CEH-KRS)

**STATEMENT OF FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.
REGARDING AMENDED COMPLAINT**

      Financial Industry Regulatory Authority, Inc. ("FINRA") respectfully submits this statement regarding the status of this litigation and to confirm that FINRA, Mary Schapiro, and Grace Vogel (collectively, the "FINRA Non-Parties") are not parties to the amended complaint that Plaintiff Richard Goble is currently pursuing in this Court.

      **1.**      This litigation involves two consolidated cases: (1) No. 6:10-cv-00408, in which Mr. Goble filed a complaint naming as defendants the FINRA Non-Parties, the Securities and Exchange Commission ("SEC"), the Depository Trust and Clearing Corporation, and several individuals, *see* D.E. 1;[*] and (2) No. 6:11-cv-00825, in which Mr. Goble filed both an original complaint and an amended complaint, which named the SEC, the Securities Investor Protection Corporation, Financial Industry Technical Services,

---

[*] "D.E." citations without an accompanying case number refer to No. 6:10-cv-00408.

and others—but not the FINRA Non-Parties—as defendants, *see* D.E. 1 & 2, No. 6:11-cv-00825.

**2.** Contemporaneously with his motion to consolidate the two cases, Mr. Goble sought leave to amend to "combin[e] all Defendants" in a single complaint. D.E. 56, at 3 ¶ 8. He also explained that this amendment would "dro[p] FINRA, Ms. Schapiro, [and] Ms. Vogel" as defendants. *Ibid.*; *see also* D.E. 57 (proposed amended complaint). Although the Court granted consolidation, *see* D.E. 66, it denied Mr. Goble's motion for leave on the ground that the counts asserted in the proposed amended complaint "do not provide plausible claims for relief," D.E. 70, at 9. Mr. Goble thereafter filed two more motions to amend, *see* D.E. 76, 78, which this Court denied, *see* D.E. 77, 79; once again, Mr. Goble did not identify the FINRA Non-Parties as defendants in the newly proposed amended complaints.

**3.** The Court has previously stated that this case would "proceed on the Amended Complaint, which is filed at [D.E. 2] in the consolidated case, [No.] 6:11-cv-825," if Mr. Goble were unable to file another amended complaint. *See* D.E. 75, at 2 n.1 ("The Amended Complaint is the operative complaint."). Mr. Goble has apparently also taken the position that his amended complaint in No. 6:11-cv-00825 is controlling, and therefore has recently served several defendants named in that amended complaint. *See* D.E. 80-99 (summonses and proofs of service).

**4.** It is thus clear for at least two reasons that Mr. Goble is no longer asserting any claims against the FINRA Non-Parties. *First*, the amended complaint that Mr. Goble is pursuing, and that this Court stated would be the operative pleading if Mr. Goble were unable to file a successful motion to amend, does not name the FINRA Non-Parties as defendants or

2

assert any claims against them.  *Second*, Mr. Goble has repeatedly sought—through three separate motions to amend—to file amended complaints that also would not assert claims against the FINRA Non-Parties.

**5.** Out of an abundance of caution—because Mr. Goble's initial complaint in this litigation remains on the Court's docket and names the FINRA Non-Parties as defendants—the FINRA Non-Parties are submitting this statement to confirm that they are non-parties to this litigation.  Indeed, there is no active "cas[e]" or "controvers[y]" (U.S. Const. art. III, § 2) between Mr. Goble and the FINRA Non-Parties because Mr. Goble is no longer pursuing claims against them.  As a result, the FINRA Non-Parties should not be required to submit any responsive pleading to Mr. Goble's now-superseded allegations against them or otherwise participate in this litigation.

**6.** If Mr. Goble were to pursue claims against the FINRA Non-Parties, those claims would be barred as a matter of law by settled Eleventh Circuit precedent.  Mr. Goble's complaint in No. 6:10-cv-00408 alleged that the FINRA Non-Parties improperly exercised their regulatory authority under the Securities Exchange Act of 1934 in recommending that the SEC pursue an enforcement action against North American Clearing, Inc., a FINRA member that Goble also controlled, for violations of the federal securities laws.  *See* D.E. 1.  But the FINRA Non-Parties are "protected by absolute immunity when they perform their statutorily delegated adjudicatory, regulatory, and prosecutorial functions." *Weissman v. NASD*, 500 F.3d 1293, 1296 (11th Cir. 2007) (en banc).  If Mr. Goble were to challenge the FINRA Non-Parties' alleged "referral of exchange members to the SEC and other government agencies for civil enforcement or criminal prosecution under the securities

3

laws," *Standard Inv. Chartered, Inc. v. NASD*, 637 F.3d 112, 116 (2d Cir. 2011)—a quintessentially regulatory function—the absolute immunity doctrine would foreclose his claims.

      **7.**    As the Supreme Court has emphasized, absolute immunity provides "a right, not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery." *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (internal quotation marks and emphasis omitted); *see also*, *e.g.*, *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (noting that immunity from suit is an "entitlement not to stand trial *or face the other burdens of litigation*" (emphasis added)). Thus, when immunity applies, a defendant is "entitled to dismissal *before the commencement of discovery*." *Mitchell*, 472 U.S. at 526 (emphasis added). It would be well within the authority of this Court to issue an order confirming that Mr. Goble may not pursue any claims against the FINRA Non-Parties even if he later decides to reverse course on this score. At a minimum, however, the FINRA Non-Parties should not be required to "face the . . . burdens of litigation" (*Mitchell*, 472 U.S. at 526) when Mr. Goble has decided not to pursue any claims against them.

Dated:  April 30, 2014                                 Respectfully submitted,

                                                             /s/ David S. Mandel
                                                       David S. Mandel
OF COUNSEL:                          Florida Bar No. 38040
Douglas R. Cox                         M<small>ANDEL</small> & M<small>ANDEL</small> LLP
F. Joseph Warin                        169 E. Flagler Street
Scott P. Martin                          Miami, FL 33131
G<small>IBSON</small>, D<small>UNN</small> & C<small>RUTCHER</small> LLP       Telephone:    (305) 374-7771
1050 Connecticut Avenue, N.W.       Facsimile:     (305) 374-7776
Washington, D.C. 20036               dmandel@mandel-law.com

*Counsel for Financial Industry Regulatory Authority, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2014, the foregoing Statement by Financial Industry Regulatory Authority, Inc. Regarding Amended Complaint was electronically filed with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to the parties of record.

    /s/ David S. Mandel