UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FINANCIAL INDUSTRY ASSOCIATION, G&G HOLDINGS, INC., RICHARD GOBLE, And THE GOBLE FIRST REVOCABLE FAMILY TRUST MAY 13, 1999,

Plaintiffs,

Case No.: 6:10-CV-408-Orl-Krs
(Consolidated Lead Case)

Case No. 6-11-CV-00825-Orl-KRS

v.

THE UNITED STATES OF AMERICA, SECURITIES AND EXCHANGE COMMISSION, SECURITIES INVESTOR PROTECTION CORPORATION, BRUCE BLATMAN, TIMOTHY WARD, HENRY LANGE, FINANCIAL INDUSTRY TECHNICAL SERVICES, INC. and JOHN RIZZO, JOSEPHINE WANG and CHRISTOPHER LAROSA,

Defendants.
_______________________________________/

**DEFENDANTS SECURITIES INVESTOR PROTECTION CORPORATION, JOSEPHINE WANG, AND CHRISTOPHER LAROSA'S MOTION TO STAY DISCOVERY PENDING COURT'S RULING ON DISPOSITIVE MOTIONS AND SUPPORTING MEMORANDUM OF LAW**

Defendants Securities Investor Protection Corporation, Josephine Wang, and Christopher LaRosa (collectively, the "SIPC Defendants"), by and through their counsel, and pursuant to Fed. R. Civ. P. 26, hereby move this Court for the entry of an order staying all discovery in this matter pending resolution of the dispositive pending motions to dismiss in this case (Docs. 102, 103, 108, 110) (the "pending Motions"). In support of the motion, the SIPC Defendants state as follows:

1. All the defendants in this case (except for the Securities and Exchange Commission and the United States, neither of which has yet appeared) have moved to dismiss this case with

prejudice. As set forth in the SIPC Defendants' motion, Plaintiff Richard Goble ("Goble")[1] has already attempted to amend his complaint unsuccessfully at least eight times. The operative complaint (the First Amended Complaint) was filed by Goble on May 18, 2011 and served on the SIPC Defendants on March 18, 2014. It does not and cannot, on its face, state any claims upon which relief can be granted against the SIPC Defendants (or any other defendant). Because the pending Motions are dispositive and meritorious, and because it is unreasonable to afford Goble yet another opportunity to try to amend, it is an exercise in waste and futility to allow discovery at this time, especially given the unnecessary time, cost and resources that would be expended in discovery. Resolution of the pending Motions, in defendants' favor, will eliminate the need for any discovery whatsoever.

2. As discussed in the SIPC Defendants' motion to dismiss, there are many reasons to dismiss this case. A central reason is that the SIPC Defendants are immune from suit under (1) the immunity provision of the Securities Investor Protection Act; (2) the doctrine of official immunity which confers absolute immunity upon persons or organizations carrying out, as here, discretionary functions under a federal law; and (3) the doctrine of immunity from suit based on acts, such as those that form the sole basis for the Goble complaint, that occur in a judicial proceeding. The reasons for a grant of immunity are undermined no less by subjecting the immune official to pretrial discovery than by subjecting the official to trial. As the Eleventh Circuit has observed, immunity is designed to protect the official "not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery." Blinco v. Green Tree Servicing, LLC, 366 F.3d 1249, 1252 (11th Cir. 2004). Indeed, inasmuch as a denial of immunity is immediately

[1] The caption of the complaint includes as plaintiffs Financial Industry Association ("FIA"), G&G Holdings, Inc. ("G&G"), and the Goble First Revocable Family Trust May 13, 1999's (the "Trust"). Because they are not presently represented by counsel, as required, e.g., under Local Rule 2.03(e), it is unclear whether they are technically parties to this action. Moreover, the summonses issued by the clerk listed the plaintiff only as Goble, proceeding *pro se*. Goble and all of the identified plaintiffs are collectively called "the Goble Plaintiffs."

appealable, see, e.g., Williams v. Boehrer, 530 F. App'x. 891, 895 (11th Cir. 2013), the stay of discovery continues even pending an appeal. If an appeal has been brought, only after the court of appeals has declared the appeal frivolous, "and if it is the district court may carry on with the case. Otherwise preparation for trial must be suspended until the court of appeals renders a decision." Blinco v. Green Tree Servicing, LLC, 366 F.3d at 1252, citing Bradford-Scott Data Corp., 128 F.3d 504, 506 (7th Cir. 1997). SIPC's Motion to Dismiss raises strong and meritorious grounds, the reasons for which should not be undermined by subjecting the Defendants to immediate discovery. Moreover, the SIPC Defendants should not be denied the protections afforded by immunity without the Court having determined, in the first instance, whether immunity applies.

3. Given the lack of any merit to the complaint and the amount of time that has lapsed since its filing, Goble will not be prejudiced in connection with such a delay. Instead, the SIPC Defendants will be prejudiced if the stay of discovery is not granted pending this Court's ruling on the pending Motions.

4. Accordingly, good cause exists for a stay of all discovery in this matter, including the entry of a Scheduling Order that sets forth dates certain, pending resolution of the outstanding dispositive motions. A stay is reasonable under the circumstances.

5. Pursuant to Local Rule 3.01(g), counsel for the SIPC Defendants conferred with Goble, who is *pro se*, in a good faith effort to resolve the issues raised by this motion. Goble objects to the relief requested herein. Counsel for the SIPC Defendants have further conferred with the counsel for their co-defendants (except for Timothy Ward, pro se) who agree to the relief requested herein. Counsel for the SIPC Defendants has attempted to confer with Ward via email (as a telephone number for Ward does one appear on Ward's filings), but has not received a response.

## MEMORANDUM OF LAW

Courts have the authority to limit the scope of discovery by court order. Fed. R. Civ. P. 26(b)(1). Moreover, courts are given broad discretion to stay proceedings in connection with their inherent authority to manage their dockets. See Riley v. Rutherford, 2010 WL 4054140, at *1 (M.D. Fla. Oct. 15, 2010), citing, Clinton v. Jones, 520 U.S. 681, 706 (1997). The SIPC Defendants respectfully submit that this Court should exercise its discretion to stay discovery in this action until it resolves the pending Motions.

As stated by the Eleventh Circuit in Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997):

> Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleadings are presumed to be true. Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion.

If resolution of a motion will dispose of the entire case, as is the case here, a stay of discovery is warranted. See McCabe v. Foley, 233 F.R.D. 683, 685 (M.D. Fla. 2006). In evaluating whether there is a strong likelihood that the SIPC Defendants' Motion (or the other pending Motions) will likely be granted and entirely eliminate the need for discovery, the district court must take a "preliminary peek" at the merits of the motion. Id. In addition, the court should also weigh the harm caused by a delay in discovery against the likely costs and burdens associated with proceeding with discovery. Id.

In their motion to dismiss, the SIPC Defendants argue, among other things, that the operative complaint must be dismissed because the SIPC Defendants are immune from suit under a few different legal doctrines. The SIPC Defendants are absolutely immune from the tort claims Goble asserts against them under Florida's litigation privilege; they are absolutely immune from liability under the doctrine of qualified immunity; and they are statutorily immune from this litigation

by the provisions of the Securities Investor Protection Act, 15 U.S.C. §§78aaa et. seq. ("SIPA"). As discussed in the SIPC Defendants' motion to dismiss, the statutory immunity provided by SIPA is analogous to the qualified immunity defense available under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and 42 U.S.C. § 1983 ("Section 1983"), and, as such, turns on whether the defendants' actions were objectively reasonable.

Importantly, the doctrine of official immunity and the qualified immunity provided by SIPA both confer immunity from suit, not just liability, and therefore relieve the defendant of the burden, inter alia, of pretrial discovery. See, e.g., Siegert v. Gilley, 500 U.S. 226, 236 (1991) ("[A]voidance of disruptive discovery is one of the very purposes for the official immunity doctrine, and it is no answer to say that the plaintiff has not yet had the opportunity to engage in discovery"); Blinco v. Green Tree Servicing, LLC, 366 F.3d at 1252 ("A district court, therefore, properly stays discovery pending appeal of a denial of immunity"); Iqbal v. Dept. of Justice, 2013 WL 3903642 (M.D. Fla. July 29, 2013)(citations omitted) (in case of immunity from suit, a defendant is entitled to dismissal prior to commencement of discovery); In re Lickman, 304 B.R. 897, 903 (Bankr. M.D. Fla. 2004) ("Until immunity is resolved, discovery shall not be allowed, because 'inquiries of this kind can be particularly disruptive of effective government'"). Accordingly, where immunity is asserted, discovery should be stayed pending resolution of the immunity issue, and a stay of discovery therefore is mandated here on the basis of the immunity defenses alone. Cf., Alsobrook v. Alvarado, 477 Fed. Appx. 710, 711 (11th Cir. 2012) (due to protective purpose underlying qualified immunity, "[a] district court's denial of qualified immunity at the motion to dismiss stage is an appealable interlocutory order that we review *de novo*").

Moreover, the operative complaint fails on its face because Goble cannot state any legally cognizable claim against the SIPC Defendants for a myriad of reasons. Additionally, the Court should not overlook Goble's continued and futile attempts to assert claims on behalf of other

entities as to which he does not have standing, or derivative claims on behalf of the securities broker-dealer that belong to the estate and that may only be asserted by the bankruptcy trustee.[2]

The SIPC Defendants' motion to dismiss is a dispositive motion. A favorable ruling on the motion will entirely dispose of all claims asserted against the SIPC Defendants. Similarly, a favorable ruling on the pending Motions will dispose of the entire case. A preliminary peek at the SIPC Defendants' motion to dismiss shows that the motion is not only meritorious, but is likely to be granted, as are the pending Motions. This case is likely to be disposed of in its entirety, obviating the need for any discovery.

Finally, a delay in discovery will not prejudice Goble, who served the First Amended Complaint on the defendants almost three years after he initially filed it. Furthermore, the allegations set forth in the First Amended Complaint are not on-going. Thus, a stay will not affect Goble's ability to prove his case, even if he had one. On the other hand, if this motion to stay discovery is not granted, the SIPC Defendants will be prejudiced in that they will be required to expend unnecessary time and money in responding to what is likely to be overbroad and intrusive discovery, propounded by Goble for the sole purpose of harassing the SIPC Defendants in a frivolous attempt to create a cause of action where none exists.

In sum, good cause has been shown and it is reasonable and just under the circumstances to stay discovery at this procedural juncture pending ruling on the outstanding dispositive motions. See Chudasama, 123 F.3d at 1368 (claim "especially dubious" and enlarged scope of discovery, if disposed of by way of motion to dismiss would save needless and extensive discovery); Pereira v. Regions Bank, 2012 WL 5448191 (M.D. Fla. Nov. 7, 2012) (granting motion to stay discovery following a brief glance at the ultimate merits of defendant's motion to dismiss and determination

[2] The First Amended Complaint was also served on the SIPC Defendants years after it was first filed, and beyond the 120 day period required.

that the motion was dispositive and perhaps meritorious); Massey v. Federal Nat'l Mortgage Assoc., 2012 WL 3685959 (S.D. Ga. Aug. 24, 2012) (staying ongoing discovery obligations pending resolution of dispositive motion); Rutherford, 2010 WL 4054140 at *1 (stay of discovery appropriate where two dispositive motions pending).

WHEREFORE, the SIPC Defendant respectfully request the entry of an Order staying discovery pending resolution of the pending Motions, and request such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Mary Ruth Houston
Mary Ruth Houston, Esquire
Florida Bar No. 834440
mhouston@shutts.com
Glennys Ortega Rubin, Esquire
Florida Bar No. 0556361
grubin@shutts.com
SHUTTS & BOWEN LLP
300 South Orange Avenue, Suite 1000
Orlando, Florida 32801-5403
(407) 423-3200 (Telephone)
(407) 425-8316 (Facsimile)
*Attorneys for SIPC DEFENDANTS*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 9th day of May, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following: Bruce William Barnes (bwbarnes@tampabay.rr.com, dmtaylor@tampabay.rr.com); Philip D. Bartlett (phil@pdbartlettlaw.com); Richard Goble (1926media@gmail.com); William F. Jung (wjung@jungandsisco.com; droberts@jungandsisco.com, Backupdocket@yahoo.com); David S. Mandel (dmandel@mandel-law.com, dcox@gibsondunn.com, pcrespo@mandel-law.com, scavanagh@mandel-law.com, smartin@gibsondunn.com), Payal Salsburg

(psalsburg@proskauer.com, etorres@proskauer.com, crotondo@proskauer.com, kmolloy@proskauer.com), and Matthew Triggs (mtriggs@proskauer.com, etorres@proskauer.com, crotondo@proskauer.com, mthompson@proskauer.com), and I served a true and correct copy of the foregoing via Federal Express, prepaid, upon the following CM/ECF Non-Participant: Timothy Ward, 208 Debary Drive, Debary, Florida 32713.

/s/ Mary Ruth Houston
OF COUNSEL

ORLDOCS 13415595 4