UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FINANCIAL INDUSTRY ASSOCIATION,
G&G HOLDINGS, INC., RICHARD GOBLE,
And THE GOBLE FIRST REVOCABLE
FAMILY TRUST MAY 13, 1999,

      Plaintiffs,

v.                                Case No. 6:10-cv-408-Orl-36KRS

THE UNITED STATES OF AMERICA,
SECURITIES AND EXCHANGE COMMISION,
SECURITIES INVESTOR PROTECTION
CORPORATION, BRUCE BLATMAN,
TIMOTHY WARD, HENRY LANGE
FINANCIAL INDUSTRY TECHNICAL
SERVICES, INC., JOHN RIZZO,
JOSEPHINE WANG, and CHRISTOPHER
LAROSA,

      Defendants.
_____/

**UNITED STATES OF AMERICA'S RESPONSE TO**
**RICHARD GOBLE'S MOTION FOR ENTRY OF CLERK'S DEFAULT**

COMES NOW the United States of America ("USA"), by and through the undersigned Assistant United States Attorney, and responds to Richard Goble's Motion for Entry of Clerk's Default ("motion") (Dkt. 126), as follows:

## SYNOPSIS

Plaintiff has moved for entry of a Clerk's default against the USA for failing to file a response to an Amended Complaint filed more than three years ago on May 18, 2011, in case number 6:11-cv-825-CEH-KRS.

The USA contends that Goble's motion should be denied because (a) Goble's claim against the USA is not for a sum certain, a sum cannot be made certain, and Goble failed to file an affidavit showing an amount due, (b) if a case is pending against the USA[1], the deficiencies in the case are so numerous that Rule 55(d), Fed. R. Civ. P., would bar entry of default against the USA because Goble cannot establish a claim or right to relief by evidence that would satisfy the court.

## PROCEDURAL HISTORY

This consolidated case is marred by a complex procedural history that is difficult to follow and hard to understand. Suffice to say that the lead case, 6:10-cv-408-CEH-KRS, was filed on March 16, 2010, and did not name the USA as defendant. The case was voluntarily dismissed against certain defendants on October 6, 2010 (Dkt. 18).

On May 18, 2011, another case was filed, Case No. 6:11-cv-825. The USA was not named as a party. The same day, an amended complaint was filed

---

[1] The complex procedural history of the consolidated cases makes it difficult to determine if there is actually a case pending against the USA. It's clear that if the First Amended Complaint filed in case 825 is pending against the USA, there are numerous deficiencies that would need to be addressed in a motion to dismiss. See footnote 4 for a few of the identified deficiencies. Out of an abundance of caution, the USA is filing contemporaneously with this response a motion for enlargement of time to respond to Goble's First Amended Complaint should the court determine that there is a valid case pending against the USA.

2

naming the USA and others as defendants (Dkt. 2). There was no attempt to serve the USA within the parameters of Rule 4(m), Fed. R. Civ. P. By oral Order dated July 2, 2013, the two cases were consolidated with Case 6:10-408 designated as the lead case (Dkt. 66). Over the course of these two cases, it appears that Goble had attempted to amend his complaints at least six times without success.[2]

On July 24, 2013, in case 408 Magistrate Judge Spaulding issued a Report and Recommendation (Dkt. 67) wherein she recommended that Goble's motion to file a fourth amended complaint be denied. In a well-reasoned and thorough recommendation Judge Spaulding found that Goble was attempting to assert claims "against Defendants who cannot be liable, asserts claims with respect to which there is no private right of action, and, generally, asserts claims that are not based on a plausible theory of relief." *Id.* Because many of the claims were futile, Judge Spaulding recommended that Goble's motion be denied and that he be granted one final opportunity to file an amended complaint against only individuals and entities subject to liability under governing law based on causes of action on which relief could be granted. *Id.*

At Dkt. 70, the district court adopted the Report and Recommendation and ordered that Goble could seek leave to file an amended complaint within fourteen days complying with the terms and conditions outlined in its Order (Dkt. 70). After

---

[2] In case 825 see Docket entries 12, 18, 21, 27, 33. In case 408 see Docket entries 57, 76, 77, 78, and 79.

3

attempting an unsuccessful appeal and unsuccessfully seeking to stay the case[3], Goble then attempted to file a fifth and then sixth amended complaint. Each attempt was denied (Dkts. 76, 77, 78, and 79).

After all this, Goble then served the USA on March 3, 2014, with a summons dated February 24, 2014 and a copy of the First Amended Complaint filed on May 18, 2011, in case 825. The summons listed Civil Action Number 6:10-CV-00408, while the First Amended Complaint listed Case No. 6-11-CV-000825-001.

## MEMORANDUM OF LAW

First, Goble has moved the Clerk for entry of a default against the USA presumably pursuant to Rule 55(b)(1), Fed. R. Civ. P. Pursuant to Rule 55, the Clerk may enter a default:

> If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

Fed. R. Civ. P. 55(b)(1).

Here, the Clerk may not enter a default against the USA because Goble has not filed a claim for a sum certain, a sum cannot be made certain by computation, and Goble has failed to file an affidavit showing the amount due.

Second, no default judgment can be entered against the USA because Goble cannot establish a claim or right to relief by evidence that would satisfy the

---

[3] See Docket entries 71 and 72.

4

court.  See, Fed. R. Civ. P. 55(d) (a default judgment may only be entered against the USA if claimant can establish a right to relief that satisfies the court). A cursory review of Goble's First Amended Complaint reveals numerous deficiencies[4] that would make it impossible for the court to determine a right to relief.

      WHEREFORE, the USA respectfully requests that Goble's Motion for Entry of Clerk's Default (Dkt. 126) be denied.

Respectfully submitted,

A. LEE BENTLEY, III
United States Attorney

By:   /s/ Ralph E. Hopkins
Ralph E. Hopkins
Assistant United States Attorney
Florida Bar No. 0972436
400 W. Washington Street, Suite 3100
Orlando, Florida  32801
Telephone:   (407) 648-7500
Facsimile:     (407) 648-7588
Email: ralph.hopkins@usdoj.gov

---

[4] The deficiencies in the First Amended Complaint ("FAC") are too numerous to detail in this response. Generally, they include failure to state a claim, the FAC is a shotgun pleading, Goble lacks standing, the court lacks subject matter jurisdiction, jurisdiction is not alleged against the USA, insufficient service of process, and there are no plausible claims for relief, to name a few.

Case No. 6:10-cv-408-Orl-36KRS

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 28, 2014, I electronically filed the foregoing Response To Richard Goble's Motion for Entry of Clerk's Default with the Clerk of the Court using the CM/ECF system. I further certify that on the same day a copy of the foregoing document and notice of electronic filing was furnished by U.S. mail to the following non-CM/ECF participant:

Richard Goble, Pro Se
1385 West S.R. 434, Suite 102
Longwood, FL 32750

/s/ Ralph E. Hopkins
RALPH E. HOPKINS
Assistant United States Attorney