UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FINANCIAL INDUSTRY ASSOCIATION,
G&G HOLDINGS, INC., RICHARD GOBLE,
And THE GOBLE FIRST REVOCABLE
FAMILY TRUST MAY 13, 1999,

    Plaintiffs,
v.                                      Case No. 6:10-cv-408-Orl-36KRS

THE UNITED STATES OF AMERICA,
SECURITIES AND EXCHANGE COMMISION,
SECURITIES INVESTOR PROTECTION
CORPORATION, BRUCE BLATMAN,
TIMOTHY WARD, HENRY LANGE
FINANCIAL INDUSTRY TECHNICAL
SERVICES, INC., JOHN RIZZO,
JOSEPHINE WANG, and CHRISTOPHER
LAROSA,

    Defendants.
_____/

## FEDERAL DEFENDANTS' MOTION TO DISMISS

COME NOW the United States of America ("USA") and its agency the Securities and Exchange Commission ("SEC") (together the "Federal Defendants"), and pursuant to Rule 12(b)(1), (4), (5), and (6), Fed. R. Civ. P., move to dismiss Plaintiffs' First Amended Complaint ("FAC") and in support thereof submit the following:

## SYNOPSIS

Plaintiff, Richard Goble ("Goble"), sues the USA and SEC[1] for unspecified compensatory damages alleging negligence (Count I), gross negligence (Count II), abuse of process (Count III), civil conspiracy (Count IV), and conversion (Count V).

The Federal Defendants contend that the FAC must be dismissed with prejudice for lack of subject matter jurisdiction, insufficient service of process, and failure to state any claims upon which relief can be granted. Dismissal with prejudice is warranted because further amendment would be futile.

## BACKGROUND

This case, the lead case, 6:10-cv-408-CEH-KRS, was filed on March 16, 2010, and did not name the USA as defendant. The case was voluntarily dismissed against certain defendants on October 6, 2010 (Dkt. 18).

On May 18, 2011, another case was filed, Case No. 6:11-cv-825. The USA was not named as a party. The same day, an amended complaint was filed naming the Federal Defendants and others as defendants (Dkt. 2).

The FAC comprises 15 pages and 71 paragraphs with 5 counts. Each count incorporates and re-alleges all of the facts and allegations contained in paragraphs 1 – 39.

The FAC fails to allege a jurisdictional basis for liability against any of the listed defendants including the Federal Defendants.

There was no attempt to serve the Federal Defendants within the parameters of Rule 4(m), Fed. R. Civ. P. By oral Order dated July 2, 2013, the two cases were

---

[1] Plaintiff also sues the Securities Investor Protection Corp., Bruce Blatman, Timothy Ward, Henry Lang, Financial Industry Technical Services, Inc., John Rizzo, Josephine Wang, and Christopher Larosa alleging the same theories of legal liability.

consolidated with Case 6:10-408 designated as the lead case (Dkt. 66). Over the course of these two cases, it appears that Goble has attempted to amend his complaints at least six times without success.

On July 24, 2013, in case 408 Magistrate Judge Spaulding issued a Report and Recommendation (Dkt. 67) wherein she recommended that Goble's motion to file a fourth amended complaint be denied. In a well-reasoned and thorough recommendation Judge Spaulding found that Goble was attempting to assert claims "against Defendants who cannot be liable, asserts claims with respect to which there is no private right of action, and, generally, asserts claims that are not based on a plausible theory of relief." *Id.* Because many of the claims were futile, Judge Spaulding recommended that Goble's motion be denied and that he be granted one final opportunity to file an amended complaint against only individuals and entities subject to liability under governing law based on causes of action on which relief could be granted.  *Id.*

At Dkt. 70, the district court adopted the Report and Recommendation and ordered that Goble could seek leave to file an amended complaint within fourteen days complying with the terms and conditions outlined in its Order (Dkt. 70). After attempting an unsuccessful appeal and unsuccessfully seeking to stay the case, Goble then attempted to file a fifth and then sixth amended complaint. Each attempt was denied (Dkts. 76, 77, 78, and 79).

After all this, Goble then served the USA on March 3, 2014, with a summons dated February 24, 2014 and a copy of the FAC filed on May 18, 2011, in case 825. The summons listed Civil Action Number 6:10-CV-00408, while the First Amended

3

Complaint listed Case No. 6-11-CV-000825-001. Service of the summons and FAC on the USA occurred almost 2 years and 10 months after the FAC was filed.

## MEMORANDUM OF LAW

**I. Legal Standards**

A district court is powerless to hear a matter where subject matter jurisdiction is lacking. Bochese v. Town of Ponce Inlet, 405 F.3d 964, 974–75 (11th Cir.2005) (noting that lower federal courts are courts of limited jurisdiction) (citing to Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 409 (11th Cir.1999)). A plaintiff bears the burden of establishing subject matter jurisdiction. Sweet Pea Marine, Ltd., v. APJ Marine, Inc., 411 F.3d 1242, 1248 n. 2 (11th Cir.2005).

A defendant bringing a motion to dismiss under Fed.R.Civ.P. 12(b)(1) may assert a "facial attack" to jurisdiction whereupon the court will look to the complaint to determine whether the plaintiff has sufficiently alleged subject matter jurisdiction. Lawrence v. Dumbar, 919 F.2d 1525, 1528–29 (11th Cir.1990). "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion—the court must consider the allegations of the complaint to be true." Id. at 1529.

**I.     Argument**

**A.     The FAC Fails to Allege Jurisdiction and Must Be Dismissed**

In relevant part, the FAC alleges generally the following facts against the Federal Defendants: (1) the SEC "deprived Plaintiffs of their legal rights", and (2) engaged in "a negligent investigation and legal process", which (3) "resulted in the destruction of NACC and loss of substantial value to its shareholders." FAC at ¶6.

4

The FAC fails to allege any jurisdictional basis against the Federal Defendants. Goble's failure to allege a jurisdictional basis violates the general rules of pleading which requires dismissal. See Rule 8(a), Fed. R. Civ. P., a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction …" Fed. R. Civ. P. 8(a)(1).

While failure to plead a jurisdictional basis normally requires an opportunity to amend, for the reasons outlined in Section D below no amendment should be permitted.

### B.   The Court Lacks Subject Matter Jurisdiction over the SEC

The SEC can only be sued in certain well defined circumstances. SEC v. Independence Drilling Corp., 595 F.2d 1006, 1008 (5th Cir. 1979); 15 U.S.C. §§ 77v(a), 78aa. The SEC may be sued only in the limited circumstances where Congress has expressly waived sovereign immunity. United States v. Dalm, 494 U.S. 596, 608 (1990). Absent a waiver of sovereign immunity, the Court lacks subject matter jurisdiction to adjudicate claims against the United States and its agencies. United States v. Mitchell, 463 U.S. 206, 212 (1983).

Goble does not identify a jurisdictional basis against the SEC or the United States and fails to list a congressional waiver of sovereign immunity. Because Goble seeks unspecified monetary compensatory damages against the Federal Defendants the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq., is a potential basis.

Goble, however, cannot bring his claims against the SEC through the FTCA. The proper party in a suit claiming torts of federal employees is the United States. 28 U.S.C. §§ 2674, 2679(a); Donovan v. SEC, 542 F.Supp.2d 1388, 1323 (N.D.Ga. 2008) (citations omitted).

5

Accordingly, the court lacks subject matter jurisdiction over the SEC and Goble's claims against the SEC must be dismissed with prejudice.

### C.    The FAC Fails to State any Claims for Relief Against the USA

The FAC must be dismissed under Rule 12(b)(6), Fed. R. Civ. P., because it does not, and cannot, state any claim against the USA upon which relief can be granted and fails to set forth any plausible theory of liability. Bell Atl. Corp. v. Twombley, 550 U.S. 544 (2007).

Count I (Negligence) and Count II (Gross Negligence) fail to allege the elements of Negligence pursuant to Florida law. Under Florida law Goble must allege (1) a duty owed to Goble, (2) breach of that duty, (3) proximate causation, and (4) an actual loss or injury suffered by Goble. Curd v. Mosaic Fertilizer, LLC, 39 So.3d 1261 (Fla. 2010).[2]

Because Goble has failed to allege a duty owed to him by any employee of the USA, the breach of any duty by an employee of the USA, or any injury suffered by him that was proximately caused by any employee of the USA, Goble has failed to state a plausible claim for relief under Florida law.[3]

Accordingly, Goble's claims against the USA under Counts I and II must be dismissed.

Counts III (Abuse of Process), IV (Civil Conspiracy), and V (Conversion) must be dismissed for failure to state a claim upon which relief can be granted because the USA has not waived sovereign immunity with regard to those claims. See, 28 U.S.C. § 2680(a) and (h).

---

[2] Goble seeks to bring claims on behalf of entities he is not entitled to represent. Goble is prosecuting this case *pro se*. As such, he is not entitled to represent anyone or any entity other than himself. Goble has previously been so advised by this court. See, Docket entries 12, 18, 25, and 27 in Case No. 825.
[3] Under the FTCA, the USA is only liable for negligence of government employees in accordance with the law of the state where the act or omission occurred. 28 U.S.C. § 1346(b).

### D. The FAC Must be Dismissed Because the Federal Defendants Were Not Served Within 120 Days

Rule 4, Fed. R. Civ. P., provides:

> (m) TIME LIMIT FOR SERVICE. If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m).

Pursuant to Rule 12(b)(4) and (5), the defendant has a right to challenge "insufficient process" or "insufficient service of process" through an appropriate motion. A defendant has "the option of interposing an objection to defective service either in a motion to dismiss or as a defense in the answer." Melton v. Wiley, 262 Fed. Appx. 921, 923 n5 (11th Cir. 2008).

Here, the FAC was filed on May 18, 2011 and the order lifting the bankruptcy stay was entered on May 6, 2013. Case No. 408, Dkt. 48. The USA was not served with process until March 3, 2014, well beyond the 120 day service period from filing the FAC or the lifting of the automatic stay.

Goble has failed to offer good cause for his failure to effectuate timely service of process and his FAC should be dismissed. While the Rule provides for dismissal without prejudice, for the reasons outlined below the court should dismiss the FAC with prejudice.

### E.    The FAC Should be Dismissed with Prejudice

Goble should not be entitled to amend his complaint for a seventh time and the FAC should be dismissed with prejudice. Courts uniformly hold that "*pro se* litigants must meet certain minimal standards of pleading . . . [and] [t]he Court is not required to abrogate the basic pleading essentials or conjure up unpled allegations simply because the plaintiff is proceeding *pro se*." St. John v. U.S., 54 F.Supp.2d 1322-23 (S.D. Fla. 1999); see also Johnson v. Florida, 2013 WL 6051633 , *3 (M.D. Fla. 2013).

This Court has repeatedly advised Goble about the deficiencies in his pleadings and has offered Goble numerous attempts to correct those deficiencies. The Court has directed Goble to specify what each defendant did that could have plausibly led to liability for the asserted claims. Goble has failed on at least six occasions to correct the identified deficiencies. This Court has previously ruled that "the time for filing an amended complaint that fully complies with the Court's previous orders has expired. No good cause has been presented to permit an additional, belated amended complaint." Case No. 408, Dkt. 79.

Where, as here, multiple opportunities to amend have been provided and identified deficiencies have not been cured, dismissal with prejudice is required. See e.g., J.D. Nettles v. City of Leesburg, Florida, 415 Fed. Appx. 116, 118-19 (11th Cir. 2010) cert. denied 131 S.Ct. 3083 (2011) (dismissal with prejudice after three complaints contained the same deficiencies); Smith v. School Bd. of Brevard County, 2010 WL 2541927 (M.D. Fla. 2010) (dismissal with prejudice after repeated admonitions and guidance).

WHEREFORE, the Federal Defendants respectfully request that Goble's FAC be dismissed with prejudice.

        Respectfully submitted,

        A. LEE BENTLEY, III
        United States Attorney

By:   /s/ Ralph E. Hopkins
      Ralph E. Hopkins
      Assistant United States Attorney
      Florida Bar No. 0972436
      400 W. Washington Street, Suite 3100
      Orlando, Florida  32801
      Telephone:   (407) 648-7500
      Facsimile:    (407) 648-7588
      Email: ralph.hopkins@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 20, 2014, I electronically filed the foregoing Response To Richard Goble's Motion for Entry of Clerk's Default with the Clerk of the Court using the CM/ECF system.  I further certify that on the same day a copy of the foregoing document and notice of electronic filing was furnished by U.S. mail to the following non-CM/ECF participant:

   Richard Goble, Pro Se
   1385 West S.R. 434, Suite 102
   Longwood, FL 32750

        /s/ Ralph E. Hopkins
        RALPH E. HOPKINS
        Assistant United States Attorney