**IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

FINANCIAL INDUSTRY ASSOCIATION,
G&G HOLDINGS, INC., RICHARD GOBLE,
And THE GOBLE FIRST REVOCABLE
FAMILY TRUST MAY 13, 1999,

        Plaintiffs,

v.

THE UNITED STATES OF AMERICA,
SECURITIES AND EXCHANGE COMMISSION,
SECURITIES INVESTOR PROTECTION CORPORATION,
BRUCE BLATMAN, TIMOTHY WARD,
HENRY LANGE, FINANCIAL INDUSTRY
TECHNICAL SERVICES, INC. and JOHN RIZZO,
JOSEPHINE WANG and CHRISTOPHER
LAROSA,

        Defendants.

_____/

Case No.: 6:10-CV-408-Orl-Krs
(Consolidated Lead Case)

Case No. 6-11-CV-00825-Orl-KRS

## CASE MANAGEMENT REPORT AMENDED

     The parties, Richard Goble ("Goble"), Bruce Blatman ("Blatman"), Securities Investor

Protection Corporation, Josephine Wang, Christopher LaRosa (collectively "SIPC"), Financial

Industry Technical Services, Inc., Henry Lange and John Rizzo (collectively "FITS"[1])), the

United States of America ("USA") and the Security Exchange Commission ("SEC"), as well as

counsel for Depository Trust & Clearing Corporation and Larry Thompson, have conferred to

prepare a case management report. Pursuant to the Court's Order dated July 8, 2014, the parties

submit the following case management report. Furthermore, the Defendants intend to file a

motion requesting an additional stay of discovery. The Plaintiff will oppose any motions to stay

---

[1] The USA and SEC did not participate in the initial case management conference. They have participated in the drafting of this report. Timothy Ward was noticed but did not participate in the case management conference.

discovery. This amended report is being filed to correct an error and reflect the proper agreed

dates for the expert disclosures.

| DEADLINE OR EVENT | JOINTLY PROPOSED DATES |
|---|---|
| **Mandatory Initial Disclosure (pursuant to Fed.R.Civ.P.26(a)(1) as amended effective December 1, 2000)**<br><br>[Court recommends 30 days after CMR meeting] | September 30, 2014 |
| **Certificate of Interested Persons and Corporate Disclosure Statement**<br><br>[Each party who has not previously filed must file immediately] | Filed by all Parties except for Ward, USA, and SEC. |
| **Motions to Add Parties or Amend Pleadings** [Court recommends 1-2 months after CMR meeting] | November 30th, 2014 |
| **Disclosure of Expert Reports**<br><br>**Plaintiff:**<br>**Defendant:**<br>**Plaintiff:**<br>[Court recommends last exchange 7 months before trial and 1-2 months before discovery deadline to allow expert depositions] | July 28, 2015<br>September 15, 2015<br>October 30, 2015 |
| **Discovery Deadline**<br>[Court recommends 5 ½ months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date.] | December 31, 2015 |
| **Dispositive Motions, *Daubert*, and *Markman* Motions**<br>[Court requires 4 ½ months or more before trial term begins] | February 2nd, 2016 |
| **Meeting *In Person* to Prepare Joint Final Pretrial Statement**<br>[10 days before Joint Final Pretrial Statement] | March 22nd, 2016 |
| **Joint Final Pretrial Statement (*Including* a Single Set of Jointly Proposed Jury Instructions and Verdict Form (with diskette), Voir Dire Questions, Witness Lists, Exhibit Lists with Objects on Approved Form)** [Court recommends 6 weeks before Final Pretrial Conference] | April 5th, 2016 |

2

| DEADLINE OR EVENT | JOINTLY PROPOSED DATES |
|---|---|
| **All Other Motions including Motions *In Limine*, Trial Briefs**<br>[Court recommends 5 weeks before Final Pretrial Conference] | April 12th, 2016 |
| **Final Pretrial Conference**<br>[This date is not set in the Case Management Order; a date that is approximately 3 weeks before trial will be set by the Court in the future] | April 26th, 2016 |
| **Trial Term Begins**<br> [Local Rule 3.05(c)(2)(E) sets goal of trial within 1 year of stay being lifted and approval of Amended Complaint and Consolidation. Most Track Two cases, and within 2 years in all Track Two cases; trial term ***must not*** be less than 4 1/2 months after dispositive motions deadline (unless filing of such motions is waived); district judge trial terms begin on the first business day of each month; trials before magistrate judges will be set on a date certain after consultation with the parties] | May 16th, 2016 |
| **Estimated Length of Trial [trial days]** | 5-10 days |
| **Jury/non-Jury** | Plaintiff:<br>Jury Demanded |
| **Mediation**<br><br>Deadline: | 30 days after discovery deadline |
| Proposed Mediator:<br><br>Address/Telephone: | Robert Higgins Esq.<br>PO Box 2809<br>Orlando FL 32802<br>407-843-4600 |
| [Absent arbitration, mediation is *mandatory*; Court recommends either 2-3 months after CMR meeting, or just after discovery deadline.  If the parties do not select a mediator in the CMR, the Court will appoint one from the List of Certified Mediators] | |
| **All Parties Consent to Proceed Before Magistrate Judge** | No |

## I.    Meeting of Parties in Person:

Pursuant to Local Rule 3.05(c)(2)(B), a meeting was held in person and via phone on April 30th, 2014 at 10:30 in the offices of Shutts and Bowen downtown Orlando and attended by:

Name

Richard Goble, *Pro se*                                        Plaintiff[2]

Mary Ruth Houston                                        Defendants SIPC, Wang and LaRosa

Via Phone Conference:

Cathy Fleming and
William F. Jung                                                Defendants FITS, Lange, Rizzo

Bruce Barnes                                                  Defendant Bruce Blatman

Payal Salsburg                                               Depository Trust & Clearing Corporation,
Proskauer Rose LLP                                       and Larry Thompson[3]

Timothy Ward, *pro se* was not present.[4]

Following the Court's Order, dated July 18, 2014, the parties engaged in additional conferences:

Kevin Dean Solonsky                                     SEC

Ralph E. Hopkins                                            USA

---

[2] Mr. Goble advised the attendees that he is the assignee of all claims of the other named plaintiffs.

[3] There are no claims pending in the First Amended Complaint against Depository Trust & Clearing Corporation ("DTCC") and Larry Thompson.  The DTCC and Mr. Thompson, however, remain listed on the docket as defendants.  Their participation in the case management conference was solely to comply with the Court order requiring a joint case management conference between all parties, and they take no position with respect to the procedural and substantive issues in this report.

[4] Mr. Ward did not respond to any emails or mailings concerning the CMR Meeting and the Case Management Report.  Ward refused a certified priority mailing detailing the CMR and other court filings.

## II. Pre-Discovery Initial Disclosures of Core Information Fed.R.Civ.P. 26(a)(l)(A) - (D) Disclosures

Fed.R.Civ.P. 26, as amended effective December 1, 2000, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05, to the extent that Rule 3.05 opts out of the mandatory disclosure requirements):

The parties agreed to exchange information described in Fed.R.Civ.P. 26(a)(1)(A) (D) by September 30, 2014.

Below is a description of information scheduled for disclosure:

<u>The information described in Fed.R.Civ.P. 26(a)(1)(A) -D).</u>

## III. Discovery Plan for Plaintiff and Defendants

### A. Certificate of Interested Persons and Corporate Disclosure Statement -

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form. No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. A motion, memorandum, response, or other paper --- including emergency motion --- is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement. Any party who has not already filed and served the required certificate is required to do so immediately.

Every Party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

     X  Yes to the Plaintiff and other Defendants.

     X  No for Ward, USA, and SEC.

**B.**  **Discovery Not Filed -**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The Court encourages the exchange of discovery requests on diskette. *See* Local Rule 3.03(e). The parties further agree as follows:

<u>No further agreements at this time.</u>

**C.**  **Limits on Discovery –**

Absent leave of Court, the parties stipulate that the parties may take no more than ten depositions per side (not per party). Fed.R.Civ.P. 30(a)(2)(A); Fed.R.Civ.P 31(a)(2)(A); Local Rule 3.02(b).   Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts. Fed.R.Civ.P. 33(a); Local Rule 3.03(a). Absent leave of Court or stipulation of the parties, each deposition is limited to one day of seven hours. Fed.R.Civ.P. 30(d)(2).  The parties may agree by stipulation on other limits on discovery.  The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order. Fed.R.Civ.P. 29.  In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

  1.  Depositions:

    <u>No additional limits</u>

  2.  Interrogatories:

    <u>No additional limits</u>

3.     Document Requests:

No additional limits

4.     Requests to Admit:

No additional limits

5.     Supplementation of Discovery:

[The parties agree to produce supplemental discovery pursuant to Fed.RCiv.P. 26(e) on or before the 10th business day following the date the need to supplement is discovered.]

**D.    Discovery Deadline –**

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree as follows:

No additional limits.

**E.    Disclosure of Expert Testimony -**

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony:

No additional limits.

**F.      Confidentiality Agreements –**

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal.   The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need.   *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985).   A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support.   The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential."   There is no need for the Court to endorse the confidentiality agreement.   The Court discourages unnecessary stipulated motions for a protective order.   The Court will enforce appropriate stipulated and signed confidentiality agreements.   *See* Local Rule 4.15.   Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file documents under seal without first having obtained an order granting leave to file under seal on a showing or particularized need."   With respect to confidentiality agreements, the parties agree as follows:

No agreement discussed or reached.


**G.      Other Matters Regarding Discovery -**

None

IV.     **Settlement and Alternative Dispute Resolution**

   A.     **Settlement –**

The parties agree that settlement is

   __ likely             X  unlikely   (check one)

The parties request a settlement conference before a United States Magistrate Judge:

   ___   Yes       X  No   _likely to request in the future


   B.     **Arbitration**

The Local Rules no longer designate cases for automatic arbitration, but the parties may

elect arbitration in any case. Do the parties agree to arbitrate?

   ___     Yes             X  No    _ likely to agree in the future

   ___     Binding             ___     Non-binding


   C.     **Mediation –**

Absent arbitration or a Court order to the contrary, the parties in every case will

participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules.

The parties have agreed on a mediator from the Court's approved list of mediators as set forth in

the table above, and have agreed to the date stated in the table above as the last date for

mediation.  The list of mediators is available from the Clerk, and is posted on the Court's web

site at http://www.flmd.uscourts.gov.


   D.     **Other Alternative Dispute Resolution –**

The parties intend to pursue the following other methods of alternative dispute resolution:

None.

Signature of Counsel (with information required by Local Rule 1.05(d) and Signature of
Unrepresented Parties).

DATED this 17th day of July, 2014.

Respectfully submitted,
/s/ _____ Pro Se
Richard Goble
1385 West State Road 434 Suite 102
Longwood, Florida 32750
(407) 339-9781
Plaintiff Pro Se

Date: July 17, 2014

/s/ Mary Ruth Houston
Shutts & Bowen, LLP
300 S Orange Ave - Ste 1000
PO Box 4956
Orlando, FL 32802-4956
407-423-3200
Email: mhouston@shutts.com
Counsel for SIPC, Wang, LaRosa

/s/ Glennys Ortega Rubin
Shutts & Bowen, LLP
300 S Orange Ave - Ste 1000
PO Box 4956
Orlando, FL 32802-4956
407-423-3200
Email: grubin@shutts.com
Counsel for SIPC, Wang, LaRosa

/s/Bruce William Barnes
Bruce W. Barnes, PA
Suite 204
100 Main St
Safety Harbor, FL 34695
727-726-1444
Email: bwbarnes@tampabay.rr.com
Counsel for Bruce Blatman

/s/William F. Jung
Jung & Sisco, PA
101 E Kennedy Blvd., Suite 3920
Tampa, FL 33602
(813) 225-1988
Email: wjung@jungandsisco.com
Counsel for FITS, Lange, Rizzo

/s/Cathy A. Fleming
Hodgson Russ, LLP
1540 Broadway
New York, NY 10036
646-218-7644
Email: cfleming@hodgsonruss.com
Counsel for FITS, Lange, Rizzo

/s/ Ralph E. Hopkins
Assistant United States Attorney
Florida Bar No. 0972436
400 W. Washington Street, Suite 3100
Orlando, Florida  32801
(407) 648-7500
Email: ralph.hopkins@usdoj.gov
Counsel for USA

/s/ Kevin D. Solonsky
DC Bar No. 437119
100 F. Street, N.E.
Washington, D.C. 20549-9612
(202) 551-5014
Counsel for SEC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing on the below service list was furnished via United States first class mail, facsimile, electronic mail, and/or this Court's electronic filing system upon the following interested parties this 17th day of July, 2014:

Respectfully submitted,

/s/ _____ Pro Se
Richard Goble

**Service List:**

Notice has been electronically mailed to:

Bruce William Barnes    bwbarnes@tampabay.rr.com, dmtaylor@tampabay.rr.com

Cathy A. Fleming    cfleming@hodgsonruss.com, apoznanski@hodgsonruss.com

David S. Mandel    dmandel@mandel-law.com, dcox@gibsondunn.com, pcrespo@mandel-law.com, scavanagh@mandel-law.com, smartin@gibsondunn.com

Glennys Ortega Rubin    grubin@shutts.com, rsouza@shutts.com, sbeery@shutts.com, sferguson@shutts.com

Kevin Dean Solonsky    solonskykd@sec.gov

Mary Ruth Houston    mhouston@shutts.com, rsouza@shutts.com, sbeery@shutts.com, sferguson@shutts.com

Matthew Triggs    mtriggs@proskauer.com, crotondo@proskauer.com, etorres@proskauer.com, mthompson@proskauer.com

Payal Salsburg    psalsburg@proskauer.com, crotondo@proskauer.com, etorres@proskauer.com, kmolloy@proskauer.com

Ralph E. Hopkins    ralph.hopkins@usdoj.gov, orldocket.mailbox@usdoj.gov, usaflm.orl_ecf@usdoj.gov

William F. Jung    wjung@jungandsisco.com, Backupdocket@yahoo.com, droberts@jungandsisco.com

Mailed to:

Timothy Ward Pro Se
208 Debary Dr.
Debary, FL 32713