THE UNITED STATES DISTRICT COURT
THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RICHARD GOBLE
(ASSIGNEE OF ALL CLAIMS of
NORTH AMERICAN CLEARING, INC. G&G HOLDINGS, INC.
FINANCIAL INDUSTRY ASSOCIATION, INC.
THE GOBLE FAMILY TRUST)

Plaintiff,

CASE NO. 6:10-CV-408-PGB-KRS
(Consolidated Lead Case)

vs.

THE UNITED STATES OF AMERICA,
SECURITIES AND EXCHANGE COMMISSION,

BRUCE B. BLATMAN, and
TIMOTHY J. WARD,

SECURITIES INVESTOR PROTECTION CORPORATION,
JOSEPHINE WANG, and CHRISTOPHER LAROSA,

FINANCIAL INDUSTRY TECHNICAL SERVICES, INC.,
HENRY LANGE, and JOHN RIZZO,

Defendants/

## RESPONSE TO SIPC WANG AND LAROSA MOTION FOR RECONSIDERATION OF A STAY [DE 141]

RICHARD GOBLE, ("GOBLE" "Plaintiff" "me", "I", "my") proceeding *pro se* and as assignee of claims and 100% shareholder of the FINANCIAL INDUSTRY ASSOCIATION ("FIA"), G&G HOLDINGS, INC.("G&G"), and THE GOBLE FIRST REVOCABLE FAMILY TRUST MAY 13, 1999 ("Trust") NORTH AMERICAN CLEARING, Inc.("NACI") and (collectively the "Goble Entities") and proceeding derivatively on behalf of the Goble Entities, hereby responds to Securities Investor Protection Corporation ("SIPC"), Josephine Wang and Christopher

LaRosa, (collectively, "SIPC Group") motion for reconsideration to stay discovery and respectively request that this Court deny the motion. [DE 141]

1. SIPC Group, a privately owned company funded through premiums collected from private broker dealer firms, has had a long history of suing and being sued.

2. SIPC Group makes this second motion for a stay after their first motion for a stay [DE 120] was fully vetted by this court and denied [DE 130]. SIPC offers no new arguments in their motion for reconsideration that would warrant any reversal decision by this Court.

3. In fact, since over 90% of the two motions for a stay actually directly address SIPC's motion for a dismissal of the Court Ordered Operative Amended Complaint ["COOAC"], SIPC Group is actually filing three motions to support the dismissal of the COOAC in clear violation of Rules for Federal Procedures and this Court's Local Rules.

4. SIPC Group is no stranger to violating local rules and they are the party responsible for refusing to provide dates in the Court Ordered Case management Report. [DE 118, DE 122, DE 137].

5. SIPC Group fails to identify which of the functions or operations that they performed as a government agency or on behalf of a government agency.

6. SIPC Group continues to falsely claim immunity when there is no case law or federal law to support this immunity claim.

7. If SIPC Group did somehow magically appear as a government agency then SIPC Group would still be a defendant in this COOAC under FTCA and the US Attorney would then be the counsel of record.

8. But of course SIPC Group is not a Government Agency nor does SIPC Group act at the direction of a Government Agency and therefore they must defend this case with their own

private overly aggressive attorneys just as SIPC Group does with their other 1000s of other cases currently pending in court.

9. SIPC cannot not be directed by any Federal Agency to file any action under the Securities Investor Protection Act ["SIPA"] since it is expressly written in Federal Law that SIPC is not a Government Agency and does not operate under any governmental direction. [15 U.S.C. § 78ccc(a)1].

10. SIPC incorrectly cites SIPA for its immunity but SIPC failed to identify where in SIPA any immunity exists.

11. In reality when SIPA is reviewed we find that SIPA says just the opposite and that SIPC can sue and be sued. Nothing was found in any case law or SIPA or any other Federal Rules to that prohibits SIPC from being sued.

12. Under SIPA and Federal Law [15 U.S.C. § 78ccc(b)] SIPC and its employees are lawfully vested with the following powers which includes (b)1 that SIPC and its employees can be sued or liable for their improper actions:

> **(b) Powers**
> In addition to the powers granted to SIPC elsewhere in this chapter, SIPC shall have the power—
> (1) <u>**to sue and be sued, complain and defend, in its corporate name and through its own counsel, in any State, Federal, or other court;**</u>
> (2) to adopt, alter, and use a corporate seal, which shall be judicially noticed;
> (3) to adopt, amend, and repeal, by its Board of Directors, such bylaws as may be necessary or appropriate to carry out the purposes of this chapter, including bylaws relating to—
>     (A) the conduct of its business; and
>     (B) the indemnity of its directors, officers, and employees (including any such person acting as trustee or otherwise in connection with a liquidation proceeding) for liabilities and expenses actually and reasonably incurred by any such person in connection with the defense or settlement of an action or suit if such person acted in good faith and in a manner reasonably believed to be consistent with the purposes of this chapter.
> [Underlined and bold emphasis added.]

13. The issue of good faith is a factual issue and must be decided at a later date under the rules and not at this time.

14. In the SIPC Group's motion, SIPC Group attempts to mislead this court about the

procedural history of this case. First SIPC Group fails to mention the length of this case's stay which started on October 7th, 2010 for 6:10-cv-408 DE 19 and on June 7th, 2011 for 6:11-cv-825 DE 8 that lasted over 3 years.

15. SIPC Group completely ignores and fails to mention that the served Amended Complaint was ordered and approved by this Court on December 09th, 2013. This Court's Order which was completely missing from SIPC Group's motion, is detailed as follows:

> DE 75: ORDER denying 72 Plaintiff Richard Goble's Motion to Stay This Case Pending Appeal. As Goble has been granted ample time to file a renewed motion for leave to file an amended complaint, Goble is hereby granted FOURTEEN (14) days from the date of this Order to file a renewed motion for leave to file an amended complaint, accompanied by a proposed amended complaint which complies with the directives set forth in the Court's October 4, 2013 Order. Failure to file a renewed motion for leave to file an amended complaint, accompanied by a proposed amended complaint, within the time provided in this Order will result in this case proceeding on the Amended Complaint. Signed by Judge Charlene Edwards Honeywell on 11/19/2013. (BGS) (Entered: 11/19/2013)

16. Therefore, when this Court denied the motion for a Fifth Amended Complaint, this Court's action pursuant to DE 75 ordered and approved the current Amended Complaint which was served to all parties well within all parameters of the rules:

> DE 77: ORDER denying 76 Motion for Leave to File. Signed by Magistrate Judge Karla R. Spaulding on 12/9/2013. (KKA) (Entered: 12/09/2013);

17. SIPC Group was served this COOAC on March 18th, 2014, only 99 days from when this Court's Order went into effect directing that the Amended Complaint be the operative complaint and not the nine months that SIPC Group falsely claims.

18. This Court has already ruled that the Amended Complaint must go forward with the SIPC Group named as Defendants DE 75.

19. The SIPC Group is asking this Court to reconsider its Order to not stay discovery, and in a misguided fashion, tried to find more case law and federal rules that were not in SIPC Group's

first motions to dismiss or two motions for a stay. All of SIPC Group's case law and federal rules are still not specific, misguided, and not germane to the COOAC.

20. SIPC Group pretends that none of the five charges in the COOAC will provide any relief from SIPC Group's crimes but SIPC Group fails to cite any case law or federal rule that would prohibit any relief from the COOAC.

21. SIPC Group handpicked FITS's John Rizzo who is a self-admitted fraudster of the Federal Government and a sanctioned licensed FINOP.

22. SIPC Group handpicked FITS's Henry Lange, who has no formal education and no professional licenses and is FITS' owner and controller in all aspects of FITS's business.

23. Both Rizzo and Lange were specifically selected by the SIPC Group and paid by SIPC Group over $7,500,000 as essentially "Rogue Operatives" to largely break laws, provide false witness and reports, destroy evidence, and at the very least, commit all five counts detailed in the Court Ordered Amended Complaint.

24. Wang and LaRosa specifically directed all acts of SIPC and were never legal representatives of SIPC.

25. Wang and LaRosa were and are acting as employees of SIPC and giving directions on behalf of SIPC, and egregiously and materially falsified information in their SIPA application that resulted in the complete unnecessary destruction of NACI and FIA and extreme harm to creditors.

26. If not held responsible SIPC group will commit these most unconscionable acts again.

27. The following are the five counts charged against the SIPC Group contained in the Court Ordered Operative Amended Complaint:

> Count I- Negligence
> Count II- Gross Negligence
> Count III- Abuse of Process
> Count IV- Civil Conspiracy
> Count V- Conversion

28. The legal standard to be applied in considering a motion to dismiss is well settled. A claimant is only required to set forth a short and plain statement that gives the defendants fair notice of what the claim is and the grounds on which it rests. Fed. R. Civ. P. 8;1 Fuller v. Johannessen (In re Johannessen), 76 F.3d 347, 349 (11th Cir. 1996). The Court must accept the allegations of the complaint as true and must construe all facts alleged in the light most favorable to the plaintiff. Id.

29. None of SIPC Group's case law contained in their motion for reconsideration, even came close to discussing SIPC actions or cases involving any of the five named charges against the SIPC Group in the COOAP.

30. The SIPC Group cites other cases, but when any research is done to verify the SIPC Group claims, the information provided in SIPC Group's citing's do not even come close to provide any relevant information contained in SIPC Group's motion for reconsideration.

31. The SIPC Group claims some sort of immunity because they were acting on behalf of the government by falsely claiming that "where the threat of liability 'might appreciably inhibit the fearless, vigorous, and effective administration of policies of government."

32. There is absolutely no case law to support that SIPC acts to administrate policies of a government agency and in fact the law states the opposite. SIPC is not required to take any SIPA direction from any government agency. SIPC is a private corporation that operates for and

at its own best interests and their paying members.

33. SIPC falsely claims that they should not be denied the protections afforded by immunity without the Court having determined, in the first instance, whether immunity applies.

34. Contrary to the alleged immunity that SIPC Group claims, this Court has already ruled that SIPC Group is liable under Federal Law which this Court's Order clearly stated that SIPC may sue and **be sued under15 U.S.C. § 78ccc(b)**, unless SIPC acted in good faith, which is a factually alleged defense issue to be decided later. [DE 67 of this case page 2 footnote 1.]

35. Clearly this Court has already ruled that SIPC Group does not have immunity and that SIPC Group can be sued and therefore SIPC Group's motion for reconsideration must be denied.

36. Even after all of the legal language and many unrelated case citing and arguments for immunity in their motion, SIPC Group finally admits in their first motion to dismiss that they can be sued under Federal Law but then SIPC Group argues the factual issue: that SIPC Group committed the five stated charges in the COOAC, in good faith.

37. Furthermore, SIPC Group never denies that SIPC Group committed the five different charges stated in the COOAC but instead SIPC Group only attempts to give some excuses as to why SIPC Group committed these five named charges in the Amended Complaint and that it is some sort of harassment be held responsible for their horrible crimes.

38. SIPC Group fails to show any cause that discovery in the COOAC should be stayed in their motion for reconsideration just as SIPC failed to show any cause that discovery in the COOAC should be stayed in their first denied motion.

## Conclusion

This Court has already ruled that the case can proceed against SIPC, Wang and LaRosa as defendants in this Court Ordered Operative Amended Complaint and its' five charges.

Therefore under the rules, this Amended Complaint must be assumed to be true at this stage of the litigation. SIPC Group failed to bring any legal issues that would exclude them as defendants, admitted they can be sued, and offered no tangible legal argument to stay discovery and therefore based on the facts of this case: 1. that the Court Ordered Operative Amended Complaint was served in a timely manner; 2. that by Federal Law and by this Court's orders and by SIPC Group's own admission, SIPC, Wang and LaRosa can be sued and are to the named defendants in this case; 3. the stated causes of action against SIPC Group are clear; 4. SIPC Group are being placed on proper legal notice. Therefore, I respectfully request that this Court deny SIPC's, Wang's, and LaRosa's motion for reconsideration of a stay.

DATED this 30th day of July, 2014.

Respectfully submitted,

/s/ _____ Pro Se
Richard Goble
1385 West State Road 434 Suite 102
Longwood, Florida 32750
(407) 339-9781

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing on the below service list was furnished via United States first class mail, facsimile, electronic mail, and/or this Court's electronic filing system upon the following interested parties this 30th day of July, 2014:

Respectfully submitted,

/s/ _____ Pro Se
Richard Goble

**Service List:**

Notice has been electronically mailed to:

| | |
|---|---|
| Bruce William Barnes | bwbarnes@tampabay.rr.com, dmtaylor@tampabay.rr.com |
| Cathy A. Fleming | cfleming@hodgsonruss.com, apoznanski@hodgsonruss.com |
| David S. Mandel | dmandel@mandel-law.com, dcox@gibsondunn.com, pcrespo@mandel-law.com, scavanagh@mandel-law.com, smartin@gibsondunn.com |
| Glennys Ortega Rubin | grubin@shutts.com, rsouza@shutts.com, sbeery@shutts.com, sferguson@shutts.com |
| Kevin Dean Solonsky | solonskykd@sec.gov |
| Mary Ruth Houston | mhouston@shutts.com, rsouza@shutts.com, sbeery@shutts.com, sferguson@shutts.com |
| Matthew Triggs etorres@proskauer.com, | mtriggs@proskauer.com, crotondo@proskauer.com, mthompson@proskauer.com |
| Payal Salsburg etorres@proskauer.com, | psalsburg@proskauer.com, crotondo@proskauer.com, kmolloy@proskauer.com |
| Ralph E. Hopkins | ralph.hopkins@usdoj.gov, orldocket.mailbox@usdoj.gov, usaflm.orl_ecf@usdoj.gov |
| William F. Jung | wjung@jungandsisco.com, Backupdocket@yahoo.com, droberts@jungandsisco.com |

Mailed to:

Timothy Ward Pro Se
208 Debary Dr.
Debary, FL 32713