UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| FINANCIAL INDUSTRY ASSOCIATION, G&G HOLDINGS, INC., RICHARD GOBLE, and THE GOBLE FIRST REVOCABLE FAMILY TRUST MAY 13, 1999,<br><br>        Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA, SECURITIES AND EXCHANGE COMMISSION, SECURITIES INVESTOR PROTECTION CORPORATION, BRUCE BLATMAN, TIMOTHY WARD, HENRY LANGE FINANCIAL INDUSTRY TECHNICAL SERVICES, INC., and JOHN RIZZO, JOSEPHINE WANG, and CHRISTOPHER LAROSA,<br><br>        Defendants. | Case No: 6:10-cv-408-Orl-KRS<br>(Consolidated Lead Case)<br><br>6:11-cv-825-Orl-KRS |

**DEFENDANTS FINANCIAL INDUSTRY TECHNICAL SERVICES, INC., HENRY LANGE, AND JOHN RIZZO'S MOTION TO STAY DISCOVERY IN LIGHT OF MAY 15, 2014 AND JUNE 5, 2014 ORDERS STAYING DISCOVERY AND PENDING COURT'S RULING ON DISPOSITIVE MOTIONS AND SUPPORTING MEMORANDUM OF LAW**

Defendants Financial Industry Technical Services, Inc. ("FITS"), Henry Lange ("Lange"), and John Rizzo ("Rizzo") (collectively, the "FITS Defendants"), by and through their counsel and pursuant to Fed. R. Civ. P. 26 and this Court's Order of June 5, 2014 inviting the parties to file a motion requesting a further delay in the commencement of discovery, if warranted (Dkt. No. 130), hereby move for the entry of an order staying all discovery in this matter until resolution of the still pending dispositive motions to dismiss in this case (Dkt. Nos. 102, 103, 108, 110, 134) (the "Pending Motions"). In support of their motion to stay discovery, the FITS Defendants state as follows:

- 2 -

1. All the defendants in this case, including FITS, Lange, and Rizzo, who are late-summoned defendants, have moved to dismiss this case with prejudice.

2. On May 9, 2014, the defendants Security Investor Protection Corporation, Josephine Wang, and Christopher LaRosa (collectively, the "SIPC Defendants") filed a motion to stay discovery pending the Court's ruling on the dispositive motions (Dkt. No. 120) (the "Motion to Stay"), to which defendant Bruce Blatman filed a joinder (Dkt. No. 121).

3. On May 15, 2014, this Court entered an order directing that no discovery could begin in this case until authorized by further Court order (Dkt. No. 124).

4. On June 5, 2014, this Court revisited the matter and granted, in part, the Motion to Stay (Dkt. No. 130). In doing so, the Court held that discovery in this case could not begin until August 1, 2014, and that if a further delay in the commencement of discovery is warranted, the parties could file a motion requesting such relief on or after July 18, 2014.

5. On or about July 8, 2014, this Court entered an order directing the parties to provide a Case Management Report, including agreed upon dates for discovery (Dkt. No. 137).

6. In compliance with the Court's directive, the parties jointly submitted a Case Management Report (Dkt. No. 139), including proposed discovery deadlines. The defendants agreed on these deadlines based, in part, on what they believed to be a realistic time frame for the Court to decide the Pending Motions. If the FITS Defendants' (and other defendants') motions to dismiss are granted, discovery becomes moot or limited.

7. On July 18, 2014, the Court entered a Case Management and Scheduling Order (the "Scheduling Order") (Dkt. No. 142). The Scheduling Order did not incorporate the discovery deadlines the parties had proposed in their Case Management Report but requires that

discovery begin expeditiously. As such, the Scheduling Order does not seem to account for the likelihood that the Court's decisions on the Pending Motions may preclude the need for discovery. Since the Pending Motions are meritorious and dispositive, the discovery deadlines imposed by the Court in the Scheduling Order would require the parties to engage in discovery which defendants contend is unnecessary.

8. This Court has not yet ruled on any of the Pending Motions, all of which request dismissal with prejudice. The Pending Motions have been referred to Magistrate Judge Spaulding.

9. As such, and in compliance with this Court's June 5, 2014 order (*see* Dkt. No. 130), the FITS Defendants hereby submit this motion to stay.

10. As set forth in the FITS Defendants' motion to dismiss, Plaintiff Richard Goble ("Goble")[1] has attempted to file up to six amended complaints, without success. The operative complaint (the "First Amended Complaint") was filed by Goble on May 18, 2011 (*see* Dkt. No. 2). It was not served on FITS until March 17, 2014; it was not served on Lange until March 18, 2014; and it was not served on Rizzo until March 26, 2014. It does not and cannot, on its face, state any claims upon which relief can be granted against the FITS Defendants (or any other defendant). Because the Pending Motions are dispositive and meritorious, and because it is unreasonable to afford Goble yet another opportunity to amend, it would be wasteful and futile to allow discovery at this time, especially given the unnecessary time, cost, and resources that discovery would entail. Resolution of the Pending Motions in the defendants' favor will eliminate the need for any discovery.

---

[1] It is unclear whether named plaintiffs Financial Industry Association, G&G Holdings, Inc., and the Goble First Revocable Family Trust May 13, 1999 are actual parties to this action as they are not presently represented by counsel in apparent violation of Local Rule 2.03(e). Further, the only plaintiff listed on the summonses issued by the clerk is Goble, appearing *pro se*. Goble and all of the named plaintiffs are collectively called the "Goble Plaintiffs."

11. Also, as the FITS Defendants' set forth in their motion to dismiss, there are good grounds to dismiss this case. For one, the *Barton* doctrine prohibits Goble from bringing suit against the FITS Defendants who were acting as agents of the trustee, Robert N. Gilbert (the "Trustee"). Under the *Barton* doctrine, "a debtor must obtain leave of the [appointing] court before initiating an action in district court when that action is against the trustee or other bankruptcy-court-appointed officer, for acts done in the actor's official capacity." *Carter v. Rodgers*, 220 F.3d 1249, 1252 (11th Cir. 2000) (citations omitted). Federal courts have extended this doctrine "to the receiver or trustee's attorneys and other agents because they function as the equivalent of court-appointed officers by helping the receiver or trustee executing official duties." *See* Dkt. No. 67, at p. 7 (citing *Lawrence v. Goldberg*, 573 F.3d 1265, 1270 (11th Cir. 2009)). Therefore, under the *Barton* doctrine, without leave of the appointing court (here, the court in the SEC case), this Court lacks the jurisdiction to entertain a suit against the FITS Defendants who were acting as agents of the Trustee, and any suit brought must be dismissed for lack for subject matter jurisdiction.

12. Furthermore, the First Amended Complaint must be dismissed pursuant to Fed. R. Civ. Pro. 12(b)(4) and (5) because it was not served timely on the FITS Defendants, and Goble cannot show good cause for the belated service.

13. Finally, Goble's First Amended Complaint was filed in violation of the automatic stay imposed by 11 U.S.C. § 362 (a)(3), and he has no standing to bring claims on behalf of the Trustee.

14. Given the lack of any merit to the First Amended Complaint and the amount of time that has lapsed since its filing, Goble will not be prejudiced if the

commencement of discovery is delayed.  The FITS Defendants, however, will be prejudiced if the stay of discovery is not granted pending this Court's decision on the Pending Motions.

15.   Accordingly, good cause exists for a stay of all discovery in this matter.

16.   Pursuant to Local Rule 3.01(g), counsel for the FITS Defendants' conferred with Goble, who is *pro se,* in a good faith effort to resolve the issues raised by this motion.  Goble objects to the relief requested herein.  Counsel for the FITS Defendants have further conferred with counsel for the co-defendants, as well as with Mr. Ward, who agree to the relief requested herein.  Co-defendants The United States of America, The Securities and Exchange Commission, Bruce Blatman, and Timothy Ward join in this motion.

## **MEMORANDUM OF LAW**

Federal courts are authorized to limit the scope of discovery. *See* Fed. R. Civ. P. 26(b)(1). They also have broad discretion to stay proceedings as part of their inherent authority to control their dockets. *Riley v. Rutherford*, No. 3:10-cv-644-J-34MCR, 2010 U.S. Dist. LEXIS 113209, at *2 (M.D. Fla. Oct. 15, 2010) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). The FITS Defendants respectfully submit that this Court should exercise its discretion to stay discovery in this action until it resolves the Pending Motions.

The Eleventh Circuit has instructed that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." *World Holdings, LLC v. F.R.G*, 701 F.3d 641, 655 (11th Cir. 2012), *cert. denied*, 134 S. Ct. 203 (2013) (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997)). Since a facial challenge to the legal sufficiency of a claim raises only questions of law, "neither the parties nor the court have any need for discovery before the court rules on the motion." *Id* (internal quotation marks omitted).

If resolution of a motion will dispose of the entire case, as is the case here, a stay of discovery is warranted. *See McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (citation omitted). In this regard, the district court must take a "preliminary peek" at the merits of such motions to see if they "appear[] to be clearly meritorious and truly case dispositive." *Id*. Additionally, the Court should balance the harm caused by delaying discovery against the likely costs and burdens of proceeding with discovery in light of the possibility that the motion will be granted and entirely eliminate the need for such discovery. *Id*.

A preliminary peek at the merits of the FITS Defendants' motion to dismiss weighs in favor of staying discovery. The FITS Defendants' dismissal motion is "clearly meritorious." It articulates three independent reasons to dismiss Goble's claims with prejudice: (1) the *Barton* doctrine precludes Goble from bringing suit against the FITS Defendants as agents of the Trustee; (2) Goble's claims against the FITS Defendants are untimely; and (3) Goble lacks standing to bring such claims.

The FITS Defendants' motion to dismiss is also "truly dispositive." A favorable ruling will entirely dispose of all claims asserted against the FITS Defendants. Similarly, a favorable ruling on the Pending Motions will dispose of Goble's entire case against all parties. A "preliminary peek" at the FITS Defendants' motion to dismiss shows that it is not only meritorious and likely to be granted, as are the other motions to dismiss, but it demonstrates that the case is likely to be disposed of in its entirety. It should be noted that this Court has previously addressed Goble's claims in connection with his unsuccessful attempts to file multiple amended complaints (Dkt. Nos. 70, 77). Eleventh Circuit case law dictates that this obviates the need for any discovery. The Court's prior order staying discovery supports this conclusion.

Balancing the harm caused by a delay in discovery against the likely costs and burdens of proceeding also calls for a discovery stay. A delay in discovery will not prejudice Goble, who served the First Amended Complaint on the Defendants almost three years after it was first filed. A stay also will not affect Goble's ability to prove his case, if any, as the allegations in the First Amended Complaint are not ongoing. On the other hand, the FITS Defendants and other defendants will be prejudiced absent a stay

of discovery. They will be forced to expend unnecessary time and money in addressing intrusive discovery propounded by Goble to support meritless causes of action.

For the foregoing reasons, it is reasonable and just to stay discovery at this procedural juncture until the Court rules on the Pending Motions, and there is good cause to do so. *See Chudasama*, 123 F.3d at 1368 ("when faced with a motion to dismiss . . . that significantly enlarges the scope of discovery, the district court should rule on the motion before entering discovery orders . . . [t]he court's duty in this regard becomes all the more imperative when the contested claim is especially dubious."); *Pereira v. Regions Bank*, No: 6:12-cv-1383-Orl-22TBS, 2012 U.S. Dist. LEXIS 159696, at *4 (M.D. Fla. Nov. 7, 2012) (granting motion to stay discovery following a "brief glance" at the ultimate merits of defendant's motion to dismiss and determination that the motion was "dispositive and perhaps meritorious"); *Massey v. Federal Nat'l Mortgage Assoc.*, No. CV412-102, 2012 U.S. Dist. LEXIS 120753 (S.D. Ga. Aug. 24, 2012) (staying ongoing discovery obligations pending resolution of dispositive motion); *Rutherford*, 2010 U.S. Dist. LEXIS 113209 (stay of discovery appropriate until resolution of pending motions to dismiss).

- 9 -

WHEREFORE, the FITS Defendants respectfully request the entry of an Order staying discovery until resolution of the Pending Motions, and request such other and further relief as this Court deems just and proper.

Respectfully submitted,

JUNG & SISCO, P.A.

By: /s/ William F. Jung
William F. Jung
FBN: 380040
101 E. Kennedy Blvd.
Suite 3920
Tampa, FL 33602
P: (813) 225-1988
F: (813) 225-1392
wjung@jungandsisco.com

HODGSON RUSS LLP

Cathy Fleming
1540 Broadway, 24th Floor
New York, New York 10036
P: (646) 218-7644
F: (646) 218-7670
cfleming@hodgsonruss.com

*Attorneys for Defendants Financial Industry Technical Services, Inc., Henry Lange, and John Rizzo*

Dated:  July 31, 2014

                                        JUNG & SISCO, P.A.

                                        By:  /s/ William F. Jung
                                              William F. Jung

                                        FBN: 380040
                                        101 E. Kennedy Blvd.
                                        Suite 3920
                                        Tampa, FL 33602
                                        P: (813) 225-1988
                                        F: (813) 225-1392
                                        wjung@jungandsisco.com

                                        HODGSON RUSS LLP

                                        Cathy Fleming
                                        1540 Broadway, 24th Floor
                                        New York, New York 10036
                                        P: (646) 218-7655
                                        F: (646) 218-7670
                                        cfleming@hodgsonruss.com

                                        *Attorneys for Defendants Financial Industry Technical Services, Inc., Henry Lange, and John Rizzo*

- 11 -

## **CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the foregoing was served by electronic submission upon all counsel of record on July 31, 2014.

                              /s/ William F. Jung
                              William F. Jung

057646.00002 Litigation 12105457v1