THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RICHARD GOBLE
(ASSIGNEE OF ALL CLAIMS of
NORTH AMERICAN CLEARING, INC. G&G HOLDINGS, INC.
FINANCIAL INDUSTRY ASSOCIATION, INC.
THE GOBLE FAMILY TRUST)

**Plaintiff,**

CASE NO. 6:10-CV-408-PGB-KRS
(Consolidated Lead Case)

vs.

THE UNITED STATES OF AMERICA,
SECURITIES AND EXCHANGE COMMISSION,

BRUCE B. BLATMAN, and
TIMOTHY J. WARD,

SECURITIES INVESTOR PROTECTION CORPORATION,
JOSEPHINE WANG, and CHRISTOPHER LAROSA,

FINANCIAL INDUSTRY TECHNICAL SERVICES, INC.,
HENRY LANGE, and JOHN RIZZO,

**Defendants/**

## RESPONSE TO FITS', LANGE'S, AND RIZZO's MOTION FOR RECONSIDERATION TO STAY DISCOVERY [DE 149]

1.    RICHARD L. GOBLE, ("GOBLE" "Plaintiff" "me", "I", "my") proceeding *pro se*

and as assignee of claims and 100% shareholder of the FINANCIAL INDUSTRY

ASSOCIATION ("FIA"), G&G HOLDINGS, INC.("G&G"), and THE GOBLE FIRST

REVOCABLE FAMILY TRUST MAY 13, 1999 ("Trust") NORTH AMERICAN

CLEARING, Inc.("NACI") and (collectively the "Goble Entities") and proceeding

derivatively on behalf of the Goble Entities, hereby responds to Financial Industry Technical Services, Inc. ("FITS"), Henry Lange ("Lange") and John Rizzo ("Rizzo") (collectively, the "FITS Group") motion for reconsideration to stay discovery.

2.      FITS Group does not provide any new information that would warrant a stay of discovery and this Court has already vetted all of the current arguments and determined that discovery should begin on August 1, 2014.  Subpoenas have already been issued to some of the defendants in this case.

3.      FITS Group falsely claims that this court "invited" this motion for reconsideration when in fact this Court ordered that the parties could make another motion, if the situation warranted a stay.  The Order reads as follows [DE 130]:

> Discovery may not begin in this case until August 1, 2014.  **If a further delay in the commencement of discovery is warranted,** a party may file a motion requesting such relief on or after July 18, 2014.
> [Bold underlining emphasis added]

4.      It is clear that no alleged "invitation" exist unless new relevant and material information, which has not already been vetted by this court, is presented in a motion for reconsideration.

5.      FITS Group instead uses this motion for reconsideration to disguise a second motion to dismiss using the exact same arguments that are in FITS' Group first motion to dismiss.  This is a clear attempt by FITS Group to circumvent the Rules of Procedure by filing two motions to dismiss and this should be denied.

6.      As in FITS Group first motion to dismiss, the FITS Group's second motion again attempts to mislead this court about the procedural history of this case by failing to

mention that this case was stayed on October 7th, 2010 for 6:10-cv-408 DE 19 and on

June 7th, 2011 for 6:11-cv-825 DE 8, for over 3 years.

7.      FITS Group completely ignores and fails to mention that the served Amended

Complaint was approved and ordered by this Court on December 09th, 2013.  This Court's

Order which was totally missing from FITS Group's motion, is detailed as follows:

> DE 75:  ORDER denying 72 Plaintiff Richard Goble's Motion to Stay This Case
> Pending Appeal. As Goble has been granted ample time to file a renewed motion
> for leave to file an amended complaint, Goble is hereby granted FOURTEEN (14)
> days from the date of this Order to file a renewed motion for leave to file an
> amended complaint, accompanied by a proposed amended complaint which
> complies with the directives set forth in the Court's October 4, 2013 Order. Failure
> to file a renewed motion for leave to file an amended complaint, accompanied by a
> proposed amended complaint, within the time provided in this Order will result in
> this case proceeding on the Amended Complaint. Signed by Judge Charlene
> Edwards Honeywell on 11/19/2013. (BGS) (Entered: 11/19/2013)

8.      Therefore, when this Court denied the motion for a Fifth Amended Complaint, this

Court's action pursuant to DE 75 activated, ordered, and approved the current Amended

Complaint which was served to all parties well within all parameters of the rules:

> DE 77:  ORDER denying 76 Motion for Leave to File. Signed by Magistrate Judge
> Karla R. Spaulding on 12/9/2013. (KKA) (Entered: 12/09/2013);[1]

9.      FITS Group was served this Court's Ordered Operative Amended Complaint

["COOAC"] on March 24th, 2014[2], only 105 days from when this Court's Order went into

effect directing that the Amended Complaint be the operative complaint and not the nine

---

[1] An unlicensed person, at the time, representing herself to be an attorney duly licensed in Florida sent an inappropriate Rule 11 notice and made inappropriate threats and demanded that the COOAC must be withdrawn immediately. The Plaintiff has sent a Rule 11 notice the FITS Group counsel concerning this matter but FITS Group counsel never responded, as required under the rules.

[2] Rizzo was actually served on March 26th, 2014 largely because when Rizzo discovered that he was going to be served, Rizzo called the Monmouth County, NJ, Sheriff's Office and informed them that he will not be available for any service.  Needless to say, the Sheriff did not believe Rizzo's claims of unavailability and served Rizzo the next day.

months that FITS Group falsely claims.

10.    This Court has already ruled that the Amended Complaint must go forward with the FITS Group named as Defendants DE 75.

11.    The FITS Group is asking again that this Court reconsider the ordered decision contained in DE 75 and dismiss the FITS Group from the Court Ordered Operative Amended Complaint, which would not be appropriate at this time.

12.    FITS's John Rizzo is a self-admitted fraudster of the Federal Government and a sanctioned securities FINOP.

13.    FITS's Henry Lange, has no formal education and no professional licenses and is FITS's owner and controller in all aspects of FITS's business.

14.    Both Rizzo and Lange were handpicked by the Securities Insurance Protection Corporation "SIPC" and paid by SIPC over $7,500,000 as essentially "Rogue Operatives" to largely break laws, provide false testimony and reports, destroy evidence, and at the very least, commit all five counts detailed in the Court Ordered Operative Amended Complaint.

15.    Therefore, the Barton doctrine does not apply to the FITS Group and/or this Court Ordered Operative Amended Complaint with the FITS Group as its named defendants, which is this Court's approval to sue the FITS Group.

16.    The FITS Group's complete role in this complaint is a factual matter that should be vetted and decided at the appropriate time.

17.    The following are the five counts charged against the FITS Group contained in the Court Ordered Amended Complaint:

Count I- Negligence
Count II- Gross Negligence
Count III- Abuse of Process
Count IV- Civil Conspiracy
Count V- Conversion

18.    The legal standard to be applied in considering a motion to dismiss is well settled. A claimant is only required to set forth a short and plain statement that gives the defendant fair notice of what the claim is and the grounds on which it rests. Fed. R. Civ. P. 8;1 Fuller v. Johannessen (In re Johannessen), 76 F.3d 347, 349 (11th Cir. 1996). The Court must accept the allegations of the complaint as true and must construe all facts alleged in the light most favorable to the plaintiff. Id.

19.    The FITS Group misapplies the Barton doctrine since the FITS Group was handpicked and paid over $7½ million dollars by SIPC and not the Court or its Trustee. Therefore, the FITS Group does even come close to being considered an agent of the Court or the Trustee. This is clearly a factual issue that is not proper to decide at this stage of the litigation.

20.    Therefore again, the Barton doctrine does not apply to the FITS Group and/or this Court Ordered Amended Complaint with the FITS Group as its named defendants, which is this Court's approval to sue the FITS Group.

21.    The FITS Group misapplies the rules concerning a stay in a bankruptcy order. Bankruptcy stays are for all claims prior to the filing of a bankruptcy proceeding, or a materially fraudulent and unnecessary filing of a bankruptcy proceeding, which is what we see here in this case.

22.    None of FITS Group's case law contained in their motion comes close to discussing SIPC actions or cases involving any of the five named charges against the FITS Group in the Court Ordered Operative Amended Complaint, after a bankruptcy filing.

23.    The FITS Group cites docketed documents in other cases, but when any research is done to verify the FITS Group claims, the information provided in FITS Group's cases do not even come close to provide any relevant information contained it FITS Group's motion to dismiss or reconsideration of a stay of discovery.

24.    FITSs Group inappropriately cites Il U.S.C. §362(a)(3) as a reason to dismiss the FITS Group from the Court Ordered Operative Amended Complaint.  The problem is that when research is done to verify FITS Group's claims, it is clear that Il U.S.C. §362(a)(3) cited by the FITS Group is greatly misplaced, Please see the actual Il U.S.C. §362(a)(3) rule below:

> **(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;**

25.    As you can see the above cited rule does not even come close to applying to this Court Ordered Operative Amended Complaint and its five charges served on the FITS Group. In addition, the property of the estate is gone therefore, it is impossible to gain any possession or any control over the property.[3]

26.    Contrary to what the FITS Group claims, this Court has already ruled that SIPC, which includes their paid contractors the FITS Group, are liable by Federal Statute requiring that SIPC may sue and **be sued** under15 U.S.C. § 78ccc(b), unless SIPC acted in good faith, which is a factual issue to be decided later and is nowhere to be found in the

---

[3] The claims concerning G&G Holdings. The Financial Industry Association, the Goble Family Trust, and back pay and reimbursements for worked performed are not argued in FITS Group's motion to dismiss and motion for reconsideration of a stay.

FITS Group's motion. [DE 67 of this case page 2 footnote 1.] [underlined emphasis added]

27.     This Court has already ruled that stay be lifted starting on August 1, 2014 and that this case proceed with FITS, Lange, and Rizzo named as defendants in this Court Ordered Operative Amended Complaint and its five charges.   Therefore under the rules, this Amended Complaint must be assumed to be true at this stage of the litigation.   FITS, Lange, and Rizzo failed to bring any legal issues that would exclude them as defendants and they offered no tangible legal argument for a stay in discovery.

28.     A preliminary peek at this case clearly illustrates that the FITS Group can be held liable for their egregious transgressions and for the five causes of actions in the COOAC and the FITS Group's motion for reconsideration of a stay of discovery must be denied again.


## Conclusion

Therefore, based on the facts of this case: 1. that the Court Ordered Operative Amended Complaint was served in a timely manner and 2. the stated causes of action against FITS, Lange, and Rizzo are clear and 3. that FITS, Lange, and Rizzo are being placed on proper legal notice, 4. that this Court already ordered and approved that FITS, Lange, and Rizzo be named defendants, 5. that no new arguments are presented by the FITS Group to warrant reconsideration of a stay of discovery, I respectfully request that this Court deny FITS', Lange's, and Rizzo's motion for reconsideration of a stay of discovery.

8th day of August, 2014:

Respectfully submitted,

/s/ _____ _pro se_
Richard Goble (Assignee of all
Plaintiffs' Claims)
1385 West State Road 434 Suite 102
Longwood, Florida 32750
(407) 339-9781

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via either United States first class mail, facsimile, email and/or this Court's electronic court filing system to the following parties or counsel this 8th day of August, 2014:

/s/ _____ Pro Se
Richard Goble
(Assignee of all Plaintiffs' Claims)

### Service List:

Notice has been electronically mailed to:

Bruce William Barnes    bwbarnes@tampabay.rr.com, dmtaylor@tampabay.rr.com
Cathy A. Fleming    cfleming@hodgsonruss.com, apoznanski@hodgsonruss.com
David S. Mandel    dmandel@mandel-law.com, dcox@gibsondunn.com,
pcrespo@mandel- law.com, scavanagh@mandel-law.com,
smartin@gibsondunn.com
Glennys Ortega Rubin    grubin@shutts.com, rsouza@shutts.com, sbeery@shutts.com,
sferguson@shutts.com
Kevin Dean Solonsky    solonskykd@sec.gov
Mary Ruth Houston    mhouston@shutts.com, rsouza@shutts.com, sbeery@shutts.com,
sferguson@shutts.com
Matthew Triggs    mtriggs@proskauer.com, crotondo@proskauer.com,
etorres@proskauer.com,
mthompson@proskauer.com

| Payal Salsburg | psalsburg@proskauer.com, crotondo@proskauer.com, etorres@proskauer.com, kmolloy@proskauer.com |
|---|---|
| Ralph E. Hopkins | ralph.hopkins@usdoj.gov, orldocket.mailbox@usdoj.gov, usaflm.orl_ecf@usdoj.gov |
| William F. Jung | wjung@jungandsisco.com, Backupdocket@yahoo.com, droberts@jungandsisco.com |

Mailed to:

Timothy Ward Pro Se
208 Debary Dr.
Debary, FL 32713