UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FINANCIAL INDUSTRY ASSOCIATION,
G&G HOLDINGS, INC., RICHARD GOBLE,
And THE GOBLE FIRST REVOCABLE
FAMILY TRUST MAY 13, 1999,

Plaintiffs,

v.

THE UNITED STATES OF AMERICA,
SECURITIES AND EXCHANGE COMMISSION,
SECURITIES INVESTOR PROTECTION CORPORATION,
BRUCE BLATMAN, TIMOTHY WARD,
HENRY LANGE, FINANCIAL INDUSTRY
TECHNICAL SERVICES, INC. and JOHN RIZZO,
JOSEPHINE WANG and CHRISTOPHER
LAROSA,

Defendants.

_____/

Case No.: 6:10-CV-408-Orl-Krs
(Consolidated Lead Case)

Case No. 6-11-CV-00825-Orl-KRS

**DEFENDANTS SECURITIES INVESTOR PROTECTION CORPORATION,
JOSEPHINE WANG, AND CHRISTOPHER LAROSA'S MOTION FOR PROTECTIVE
ORDER PROHIBITING DISCOVERY PENDING RULING ON THE SIPC
DEFENDANTS' DISPOSITIVE MOTION RAISING IMMUNITY DEFENSE, IN
LIGHT OF DANGER OF LOSS OF IMMUNITY AND OF RIGHTS OF
INTERLOCUTORY APPEAL IF DISCOVERY IS ALLOWED;
SUPPORTING MEMORANDUM OF LAW**

Pursuant to Fed. R. Civ. P. 26(c)(1)(A), Defendants Securities Investor Protection

Corporation, Josephine Wang, and Christopher LaRosa (collectively, the "SIPC Defendants"), by

and through their counsel, hereby move for the entry of a protective order forbidding all discovery

directed to the SIPC Defendants herein, pending resolution of their dispositive motion to dismiss

as to all counts against them.  In large part, the dispositive motion to dismiss is based on immunity

grounds.  As discussed in that motion, the SIPC Defendants' immunity protects them not only

against liability, but against suit, and in connection therewith, discovery and the litigation process.

1

An allowance of discovery, either expressly or implicitly, effectively strips the SIPC Defendants of immunity. Early resolution of the immunity question under these circumstances has been considered of such paramount importance to the judicial process that allowing discovery to proceed pending resolution of a motion to dismiss on immunity grounds creates a rarely sanctioned remedy: a right of interlocutory appeal. Here, unless and until a protective order is issued or discovery is otherwise stayed, the SIPC Defendants are placed in the untenable position of either acceding to the loss of their immunity through compliance with discovery, or, of reluctantly pursuing an interlocutory appeal to preserve its immunity.

For these reasons, and as discussed below, the SIPC Defendants respectfully request the issuance of a protective order forbidding discovery as to them pending a resolution of their dispositive motion to dismiss.

## INTRODUCTION

1.      On April 8, 2014, the SIPC Defendants filed their dispositive motion to dismiss the First Amended Complaint filed by Plaintiff Richard Goble ("Goble")[1] (Doc. 110), citing immunity as the primary legal ground for dismissal. In particular, and as detailed in that motion, the SIPC Defendants are immune from these proceedings under (1) the immunity provision of the Securities Investor Protection Act, 15 U.S.C. §78aaa et seq. ("SIPA"); (2) the doctrine of official immunity, that confers absolute immunity upon persons/organizations carrying out discretionary functions under federal law; and (3) the doctrine of immunity from suit based on acts that occur in a judicial proceeding.

---

[1] The caption of the complaint includes as plaintiffs Financial Industry Association ("FIA"), G&G Holdings, Inc. ("G&G"), and the Goble First Revocable Family Trust May 13, 1999's (the "Trust"). Because they are not presently represented by counsel, as required, e.g., under Local Rule 2.03(e), it is unclear whether they are technically parties to this action. Moreover, the summonses issued by the clerk listed the plaintiff only as Goble, proceeding pro se. Goble and all of the identified plaintiffs are collectively called "the Goble Plaintiffs."

2.      Although the SIPC Defendants' dispositive motion has not yet been ruled upon, on Friday, August 1, 2014, Goble served the SIPC Defendants with a lengthy First Request for Production, requesting categories of documents that are entirely objectionable and protected from disclosure, among other grounds, due to privilege.   Both Defendants Wang and LaRosa are attorneys for SIPC.  Defendant Wang is the General Counsel of SIPC, and Defendant LaRosa is the Senior Associate General Counsel – Litigation, of SIPC.  In an e-mail transmitting the request for production, Goble also sought to take the depositions of SIPC Defendants Wang and LaRosa, as well as of a representative from SIPC, and suggested August 7, 2014, three business days following his request, for the taking of those depositions.  A true and correct copy of Goble's correspondence and discovery requests are attached hereto as **Exhibit "A."**

3.      As explained below, a protective order preventing discovery directed at the SIPC Defendants is not only appropriate, but critical.  The SIPC Defendants are now at the crossroads of having to choose between foregoing their immunity by responding to the request for production and appearing at deposition, or, in the absence of a protective order or of a stay of discovery, of pursuing an undesirable interlocutory appeal.

## MEMORANDUM OF LAW

Because they are immune from suit, the SIPC Defendants filed two motions to stay discovery pending the Court's ruling on their dispositive motion.   The first Motion to Stay Discovery Pending the Court's Ruling on Dispositive Motions (Doc. 120) was filed by the SIPC Defendants on or about May 9, 2014.  On May 15, 2014, the Magistrate Judge stayed discovery pending the Court's consideration of the motion.  (Doc. 124).  On June 5, 2014, the Magistrate Judge granted the SIPC Defendants' motion, in part, by staying discovery until August 1, 2014, and permitting the filing of a further motion for a stay, on or after July 18, 2014, if warranted.  (Doc. 130).  A renewed motion for a stay was filed by the SIPC Defendants on July 18, 2014, as the

circumstances which warranted the stay in the first instance remained unchanged (Doc. 141).   No ruling has been made on that renewed motion.   However, on July 18, 2014, this Court issued its Case Management and Scheduling Order, setting deadlines, including the close of discovery for October 1, 2014 (Doc. 142). The Court also referred the pending dispositive motions of all defendants, including the SIPC Defendants, to the Magistrate Judge for review and consideration (Doc. 143).

On August 1, 2014, Goble served his First Request for Production of Documents on the SIPC Defendants.  The requests included therein are harassing, unduly burdensome, exceptionally overbroad, and not reasonably calculated to lead to the discovery of admissible evidence.  They seek documents and information that are not relevant to this litigation and/or are protected from disclosure due to, among other grounds, privilege.  Preparing a proper response to the Request would impose a significant and undue burden on the SIPC Defendants.

The liquidation of North American Clearing, Inc. ("NACI") under SIPA was commenced on July 28, 2008, and was preceded by an SEC receivership commenced on May 27, 2008.  During the intervening six-year period, the SIPC Defendants generated and/or received thousands of documents connected with the NACI liquidation.   Many, perhaps most, of the non-public documents involve privileged communications or internal work product and are protected from disclosure by the work-product doctrine and/or the attorney-client or joint defense/common interest privileges, amongst others.  In order to respond to Goble's Production Requests, the SIPC Defendants would have to collect all of these documents, screen them all for responsiveness and privilege, and prepare a privilege log identifying each document subject to protection against disclosure and the basis for such protection.  Completing that task would require SIPC to divert its personnel from other substantive and important matters, in order to expend numerous hours and resources at an exercise that has no legitimate purpose given the wholly frivolous nature of the

complaint. Again, and ultimately, it is unclear what, if anything, would even be discoverable as the majority of the non-public materials that are requested by Goble are privileged in any event.

Requiring the SIPC Defendants to undertake these activities and expend these resources would seriously compromise their immunity from suit. Official and qualified immunity are designed to protect a person "not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery." Blinco v. Green Tree Servicing, LLC, 366 F.3d 1249, 1252 (11th Cir. 2004); see also Ashcroft v. Iqbal, 556 U.S. 662, 685-686 (2009); Harlow v. Fitzgerald, 457 U.S. 800, 817-18 (1982); Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). Indeed, as articulated by the U.S. Supreme Court, "until this threshold immunity question is resolved, discovery should not be allowed." Harlow, 457 U.S. at 818. For this reason, courts routinely protect litigants who have raised a defense of immunity from discovery until such time as dispositive motions on the immunity defense have been ruled upon. Iqbal, 556 U.S. at 685-686; see also Carballo-Sandoval v. Honsted, 35 F.3d 521, 524 (11th Cir. 1994) (approving stay of discovery until the issue of qualified immunity was decided); Berry v. Canady, 2011 WL 806230 (M.D. Fla. 2011) (granting motion to stay and/or for protective order pending resolution of motion to dismiss for qualified immunity); Allmond v. City of Jacksonville, 2008 WL 2704426 (same); Iqbal v. Dept. of Justice, 2013 WL 3903642 (M.D. Fla. 2013)(granting motion for protective order and stay of discovery in light of defense of qualified immunity until resolution of dispositive motion); Vazquez v. City of Miami Beach, 1997 WL 419642 (S.D. Fla. 1997) (motion for protective order granted and all discovery, including deposition, stayed pending resolution of entitlement to immunity).

The need for a stay of discovery pending resolution of a dispositive motion based upon an assertion of immunity has been deemed to be of such importance that at least six circuits have held that a district court's decision to allow discovery to proceed without first disposing of such a motion is subject to immediate interlocutory review. See, e.g., Payne v. Britten, 749 F.3d 697, 699, 701 (8th

Cir. 2014) ("When an official properly and timely files a motion for dismissal or for summary judgment asserting qualified immunity, the official is entitled to a ruling on the issue of qualified immunity. As such, the district court must issue a reviewable ruling—either granting or denying qualified immunity—before requiring the officials to progress further in litigation at the district court. * * * Our court, therefore, has jurisdiction over interlocutory appeals arising not only from a district court's reasoned denial of qualified immunity, but also from a district court's failure or refusal to rule on qualified immunity"); Summers v. Leis, 368 F.3d 881, 886 (6th Cir. 2004) (holding that the district court's failure to rule on motion for summary judgment based upon qualified immunity was a conclusive determination of the issue, permitting interlocutory appeal, because "the purpose of a qualified immunity defense is not only protection from civil damages but protection from the rigors of litigation itself, including the potential disruptiveness of discovery"); Lowe v. Town of Fairland, 143 F.3d 1378, 1380 (10th Cir. 1998) ("[a]lthough an order denying a motion to dismiss is generally not immediately appealable, an order denying qualified immunity is immediately appealable as a "final decision" under 28 U.S.C. § 1291"); Wicks v. Mississippi State Employment Services, 41 F.3d 991, 995 (5th Cir. 1995) (absent particularized allegations by the plaintiff sufficient to overcome immunity, allowance of discovery without a ruling on the immunity question constitutes a denial of immunity subject to immediate appeal); Zayas-Green v. Casaine, 906 F.2d 18, 23 (1st Cir. 1990); Musso v. Hourigan, 836 F.2d 736, 741 (2d Cir. 1988) (allowing interlocutory appeal from district court's failure to rule on proffered qualified immunity defense); Helton v. Clements, 787 F.2d 1016, 1017 (5th Cir. 1986) ("A refusal to rule on a claim of immunity, like the explicit denial of a claim of immunity, is also immediately appealable under the collateral order doctrine"). In light of the foregoing, requiring the SIPC Defendants to go forward with discovery, without the Court having ruled on whether immunity applies, places the SIPC Defendants in the

unenviable position of having to choose between acquiescing to the whole or partial loss of their immunity from suit, or pursuing an immediate appeal.

Indeed, it is noteworthy that resolution of the Defendants' various dispositive motions could dispose of the entire action. At a minimum, resolution of the SIPC Defendants' motion to dismiss could dispose of the entire case as to the SIPC Defendants. See McCabe v. Foley, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (if resolution of a motion will dispose of the entire case, a stay of discovery is warranted).

There simply is no merit to Goble's complaint, which was filed in May 2011 and not served on the SIPC Defendants until March 2014. A delay in discovery in no way prejudices Goble. However, absent the issuance of a protective order as to discovery requests directed towards the SIPC Defendants, the SIPC Defendants will be highly prejudiced and their immunity from suit will be at least partially lost before this Court has had the opportunity to resolve their assertions of entitlement to immunity.

Accordingly, the SIPC Defendants request that this Court exercise its authority and issue a protective order as to discovery directed towards the SIPC Defendants. See Fed. R. Civ. P. 26(b)(1) (courts have the authority to limit the scope of discovery by court order); Moore v. Potter, 141 Fed. App'x 803, 808 (11th Cir. 2005)(courts are entitled to rule on challenges to the legal sufficiency of a claim prior to discovery). Such an order is necessary and just under the circumstances.

## 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), counsel for the SIPC Defendants conferred with Goble, who is *pro se*, in a good faith effort to resolve the issues raised by this motion. Goble objects to the relief requested herein. Counsel for the SIPC Defendants have further conferred with the counsel for their co-defendants who agree to the relief requested herein.

WHEREFORE, the SIPC Defendants respectfully request the entry of protective order as to

all discovery directed toward the SIPC Defendants, and in connection therewith, forbidding discovery as to the SIPC Defendants, including written discovery and depositions, pending resolution of the SIPC Defendants' dispositive motion and the related immunity issue, and request such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Glennys Ortega Rubin
Mary Ruth Houston, Esquire
Florida Bar No. 834440
mhouston@shutts.com
Glennys Ortega Rubin, Esquire
Florida Bar No. 0556361
grubin@shutts.com
SHUTTS & BOWEN LLP
300 South Orange Avenue, Suite 1000
Orlando, Florida 32801-5403
(407) 423-3200 (Telephone)
(407) 425-8316 (Facsimile)
*Attorneys for SIPC DEFENDANTS*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 11th day of August, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following: Ralph E. Hopkins    ralph.hopkins@usdoj.gov, orldocket.mailbox@usdoj.gov,    usaflm.orl_ecf@usdoj.gov;    Bruce    William    Barnes (bwbarnes@tampabay.rr.com,    dmtaylor@tampabay.rr.com);    Philip    D.    Bartlett (phil@pdbartlettlaw.com);    Richard    Goble    (1926media@gmail.com);    William    F.    Jung (wjung@jungandsisco.com;    droberts@jungandsisco.com,    Backupdocket@yahoo.com);    David    S. Mandel    (dmandel@mandel-law.com,    dcox@gibsondunn.com,    pcrespo@mandel-law.com, scavanagh@mandel-law.com,    smartin@gibsondunn.com);    Payal    Salsburg (psalsburg@proskauer.com,    etorres@proskauer.com,    crotondo@proskauer.com,

kmolloy@proskauer.com);   Cathy   A.   Fleming   (cfleming@hodgsonruss.com, apoznanski@hodgsonruss.com); Kevin Dean Solonsky (solonskykd@sec.gov); and Matthew Triggs (mtriggs@proskauer.com,   etorres@proskauer.com,   crotondo@proskauer.com, mthompson@proskauer.com), and I served a true and correct copy of the foregoing via Federal Express, prepaid, upon the following CM/ECF Non-Participant: Timothy Ward, 208 Debary Drive, Debary, Florida 32713.


/s/ Glennys Ortega Rubin
OF COUNSEL


ORLDOCS 13560624 5