**From:** 1926 Media [mailto:1926media@gmail.com]
**Sent:** Friday, August 01, 2014 10:08 AM
**To:** Glennys Ortega Rubin; Shana R. Beery; Mary Ruth Houston
**Subject:** First request for production to SIPC Wang and LaRosa

Please see the first request for production below and attached.  Please let me know when Wang, LaRosa, and a Representative from SIPC will be available for a deposition.
August 7th, 2014 will work for me for all three.

Sincerely,

# Richard L. Goble

This message is confidential.

THE UNITED STATES DISTRICT COURT
THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RICHARD GOBLE
(ASSIGNEE OF ALL CLAIMS of
NORTH AMERICAN CLEARING, INC. G&G HOLDINGS, INC.
FINANCIAL INDUSTRY ASSOCIATION, INC.
THE GOBLE FAMILY TRUST)

Plaintiff,

                                        CASE NO. 6:10-CV-408-PGB-KRS
                                    (Consolidated Lead Case)

vs.

THE UNITED STATES OF AMERICA,
SECURITIES AND EXCHANGE COMMISSION,

BRUCE B. BLATMAN, and
TIMOTHY J. WARD,

SECURITIES INVESTOR PROTECTION CORPORATION,
JOSEPHINE WANG, and CHRISTOPHER LAROSA,

FINANCIAL INDUSTRY TECHNICAL SERVICES, INC.,
HENRY LANGE, and JOHN RIZZO,



Defendants/

PLAINTIFF's FIRST REQUEST FOR PRODUCTION OF DOCUMENTS FROM SIPC, WANG, LAROSA

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff RICHARD GOBLE, ("GOBLE" "Plaintiff" "me", "I", "my") proceeding pro se and as assignee of claims and 100% shareholder of the FINANCIAL INDUSTRY ASSOCIATION ("FIA"), G&G HOLDINGS, INC.("G&G"), and THE GOBLE FIRST REVOCABLE FAMILY TRUST MAY 13, 1999 ("Trust") NORTH AMERICAN CLEARING, Inc.("NACI") and (collectively the "Goble Entities") and proceeding derivatively on behalf of the Goble Entities, hereby requests that the Securities Investor Protection Corporation ("SIPC") produce the following documents for inspection and copying within 14 days of service hereof, at the offices of Richard Goble 1385 West State Road 434 Suite 102, Longwood, Florida 32750 in electronic format and properly labelled.

DEFINITIONS AND INSTRUCTIONS APPLICABLE TO ALL REQUESTS

1.    "Plaintiff" when used herein refers to Plaintiff RICHARD GOBLE, ("GOBLE") as assignee of claims and 100% shareholder of the FINANCIAL INDUSTRY ASSOCIATION ("FIA"), G&G HOLDINGS, INC.("G&G"), and THE GOBLE FIRST REVOCABLE FAMILY TRUST MAY 13, 1999 ("Trust") NORTH AMERICAN CLEARING, Inc.("NACI") and (collectively the "Goble Entities") and its predecessors, successors, divisions, officers, trustees, members, partners, agents, employees, representatives, consultants and attorneys.

2.    "NACI" when used herein refers to NORTH AMERICAN CLEARING, INC. and its predecessors, successors, divisions, officers, trustees, members, partners, agents, employees, representatives, consultants and attorneys.

3.    "FIA" when used refers to Financial Industry Association and its predecessors, successors, divisions, officers, trustees, members, partners, agents, employees, representatives, consultants and attorneys.

4.    "G&G Holdings" when used refers to G&G Holdings Inc. and its predecessors, successors, divisions, officers, trustees, members, partners, agents, employees, representatives, consultants and attorneys.

5.    "DTCC" when used refers to Depository Trust Clearing Corporation and all of its past and present Board of Directors, Officers, employees, contractors, consultants, and attorneys.

6.    "SIPC" when used refers to the Securities Investor Protection Corporation and all of its past and present Board of Directors, Officers, predecessors, successors, divisions, officers, trustees, members, partners, agents, employees, representatives, consultants and attorneys

7.    "USA" when used refers to the Unities States of America and all of its past and present, successors, divisions, officers, agents, employees, representatives, consultants and attorneys responsible for defending and settling this case on behalf of the SEC under FTCA.

8.    "SEC" when used refers to the Securities and Exchange Commission and all of its past and present Commissioners, Officers, employees, contractors, consultants, and attorneys.

9.    "Carlton Fields" when used refers to Carlton Fields Jorden Burt, P.A. and its predecessors, successors, divisions, officers, shareholders, trustees, members, partners, agents, employees, representatives, consultants and attorneys.

10.    "Gilbert" when used herein refers to ROBERT N. GILBERT, Trustee and its predecessors, successors, divisions, officers, trustees, members, partners, agents, employees, representatives, consultants and attorneys.

11.    "RECEIVER" when used herein refers to Receiver Peter Anderson, Esq., and his partners, agents, employees, representatives, consultants and attorneys.

12.    "Sutherland Asbill" when used refers to Sutherland Asbill & Brennan LLP and its predecessors, successors, divisions, officers, shareholders, trustees, members, partners, agents, employees, representatives, consultants and attorneys.

13.    "BLATMAN" when used herein refers to Bruce Blatman and his partners, agents, employees, representatives, employers, consultants and attorneys.

14.    "WARD" when used herein refers to Timothy J. Ward and his partners, agents, employees, employers, representatives, consultants and attorneys.

15.    "FINRA" when used herein refers to the Financial Industry Regulatory Authority and its predecessors, successors, divisions, officers, trustees, members, partners, agents, employees, representatives, consultants and attorneys.

16.     "FITS" Financial Industry Technical Services and its predecessors, successors, divisions, officers, trustees, members, partners, agents, employees, representatives, consultants and attorneys.

17.     "Amended Complaint" means the pleading as defined in Fed.R.Civ.P. 7(a) filed against The United States Of America, Securities and Exchange Commission, Bruce B. Blatman, and Timothy J. Ward, Securities Investor Protection Corporation, Josephine Wang, and Christopher LaRosa, Financial Industry Technical Services, Inc., Henry Lange, and John Rizzo in this case and any amendments thereto.

1.      "Document" means any written or graphic matter or other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, e-mails (and attachments thereto), notes, messages, letters, telegraphs, teletype, telefax bulletins, meetings, or other communications, interoffice and interoffice telephone calls, diaries, chronological data, minutes, books, reports, charts, ledgers, invoices, work-sheets, receipts, returns, computer printouts, electronically stored data, diskettes, backup tapes, CD's, prospectuses, financial statements, schedules, affidavits, contracts, cancelled checks, transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing), graphs or aural records or representations of any kind, including without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, motion pictures and electronic, mechanical or electric recordings or representations of any kind (including without limitation, tapes, cassettes, discs and recording).

2.      The term "Document" includes the following electronically, magnetically, or optically stored information ("ESI"):
- Digital communications (e-mail, voice mail, instant messaging);
- Word processed documents (Word or WordPerfect documents and drafts);
- Spreadsheets and tables (QuickBooks, Money, Excel files, Peachtree data files);
- Image and Facsimile (WAV and .MP3 files);
- Video and Animation (.AVI and .MOV files);
- Databases (Access, Oracle, SQL, Server data, SAP);
- Contact and Relationship Management Data (Outlook, ACT!);
- Calendar and Diary Application Data (Outlook PST, Yahoo, blog tools);
- Online Access Data (Temporary Internet Files, History, Cookies);
- Presentations (PowerPoint, Corel Presentations);
- Network Access and Server Activity Logs;
- Project Management Application Data;
- Computer Aided Design/Drawing Files; and,
Back Up and Archival Files (Zip, .GHO).

3.      This request seeks all ESI in its native format.

4.      "Communications" means any oral or written statement, dialogue, colloquy, discussion, conversation and agreement.

5.      The term "all documents" means every document or group of documents or communication as above defined known to you, and every such document or communication which can be located or discovered by reasonably diligent efforts.

6.      "Person" means any natural person, individual, proprietorship, partnership, corporation, association, joint venture, firm, other business enterprise, governmental body, group of natural persons or other entity.

7.      The words "pertain to" or "pertaining to" mean relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

8.      As used herein, the singular and masculine form of noun and pronoun shall embrace, and be read and applied as, the plural or feminine or neuter, as circumstances may make appropriate.

9.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

10.     The terms "all" and "each" shall be construed as all and each.

11.     "You" and "your" refers to the person responding to these requests.

12.      The singular of any term shall include the plural, and the plural of any term shall include the singular.

13.      In responding to these document requests, the Deponent shall produce separately all documents available at the time of responding or which can be located or discovered by reasonably diligent efforts, including documents in the possession of his, her or its agents and representatives.

14.      References to an individual, partnership or corporation include any and all agents, employees' representatives and attorneys and all other persons or entities acting on his, her or its behalf or under his, her or its control.

15.      If any document or copy thereof was but is no longer in your possession or subject to your control, please state and specify in detail for each such document:  the type of document, the types of information contained therein, the date upon which it ceased to exist, the disposition that was made of it, the identity of all persons having knowledge of the circumstances of its disposition, and the identity of all persons having knowledge of the contents thereof.

16.      In making production, produce all documents as kept in the normal course of business and identify the file from which each document was taken. This request is continuing in nature and requires you to supplement your production promptly if you obtain additional responsive documents.

DOCUMENTS REQUESTED

1.      All documents relating to the preparation and calculation of all NACI's Net Worth, obligations, and Capital and (including interim computations) since June 1, 2006, including, but not limited to, schedules, work papers, computations, notes, communications (including electronic), and internal memoranda.

2.      All documents that SIPC intends to introduce in this matter.

3.      All documents in the possession of SIPC and Josephine Wang and LaRosa from June 1, 2006 until the present, relating and concerning:

BLATMAN, WARD or their counsel
Richard Goble
North American Clearing, Inc.
Financial Industry Association, Inc.
G&G Holdings, Inc.
Goble Family Trust
FINRA
SEC
SIPC
OHAB and Company
Pam Ohab
FITS
Henry Lange
John Rizzo
US Bank
Jim Hanley
Sutherland Asbill
Peter Anderson
Keith J. Barnett
Olga Greenberg
Michael Freedman
Sam Luque
David Nelson
Brian Barry
Robert Levenson
Greg Amoroso
Mac Knox
Neil Lang
Carlton Fields
Hywel Leonard
Larry Thompson
Merri Feye Witkin

Elena Rodriquez
Tonya Tullis
Mary Labacki
Michael Macchiaroli
Aimee Johnson
Joshua Carroll
4.      All communications from June 1, 2006 until the present between the SIPC and:
BLATMAN, WARD or their counsel
Robert Gilbert
Richard Goble
North American Clearing, Inc.
Financial Industry Association, Inc.
G&G Holdings, Inc.
Goble Family Trust
FINRA and their employees and officers and board members
SEC
SIPC
OHAB and Company
Pam Ohab
Capilla
FITS
Henry Lange
John Rizzo
Sutherland Asbill
Keith J. Barnett
David Nelson
Brian Barry
Robert Levenson
Larry Thompson
Merri Feye Witkin
Elena Rodriquez
Tonya Tullis
Mary Labacki
Michael Macchiaroli
        Carlton Fields employees and attorneys
Hywel Lenard
        Franck Chantayan
Peter J. Anderson
US Bank and any of their employees
Jim Hanley
 Olga Greenberg
 Michael Freedman
 Sam Luque
 Greg Amoroso
 Mac Knox
 Neil Lang
 Bill Wolman
 Merri Feye Witkin
 Aimee Johnson
 Joshua Carroll

5.      All communications between SIPC, the Receiver and Sutherland Ashbill from June 1, 2006 until the present.

6.      All documents provided to SIPC by the Receiver and Sutherland Ashbill since June 1, 2006.

7.      All communications between SIPC and any expert witness that may testify in this matter.

8.      All documents provided by SIPC to any expert that may testify in this matter.

9.      All documents provided to the SIPC by FINRA, SEC, Department of Justice, IRSGilbert, Carlton Fields, since June 1, 2006 pertaining to BLATMAN, WARD, GOBLE, or NACI.

10.     Produce all of the detailed information concerning net worth, net capital, cash short fall, cash deficit, loan obligations of NACI as defined by SEC rules and general Accounting Practices from June 1, 2006 to the present.

11.     Produce the EBOC and PAIB requirements of NACI as defined by the SEC and identify the current deposits in these accounts from June 1, 2006 until the present.

12.     Produce the payroll and consulting expenses paid to NACI, FITS, Carlton Fields, Gilbert, and Receiver, Blatman, Ward, Sutherland, and any current and former employees since May 27, 2008.

13.     Produce all NACI, FIA, G&G Holding's correspondents from May 27, 2008 until the present.

14.     Produce all documentation of all NACI customers and creditors who may not receive their full account value when their respective accounts are transferred or liquidated.

15.     Produce all funds paid to correspondents by NACI since May 27, 2008 until the present.

16.     Produce all documents concerning the purchase of all NACI, G&G Holdings, and FIA assets, including but not limited to clearing correspondents, software, hardware, office furniture, office equipment, and customer accounts etc.

17.     Produce all documents for all of NACI's asset note obligations that were forgiven by SIPC including but not limited the forgiven WARD note.

18.     Produce all correspondent fees owed, any correspondent Notes outstanding, any Notes forgiven, and any Notes unpaid.

22.     All documentation and communication concerning the assets belonging to G&G Holdings and Financial Industry Association from May 27th, 2008 until the present.

23.     All documentation and communication concerning the disposal, removal, destruction, or shredding of NACI's Books and Records from May 27th, 2008 until the present.

24.     All documentation and communication concerning NACI's obligations to its customers within the meaning of SIPA §78eee(a)(3) from May 27th, 2008 until the present.

25.     All documentation and communication concerning NACI's one or more of the conditions specified in SIPA §78eee(b)(1).

26.     All documentation and communication concerning NACI's solvency within the meaning of Section 101 of the Bankruptcy Code (11 U.S.C.) and/or its ability to meet its obligations as they mature and compliance with the requirements under sections 15(c)(3) and 17(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§78o(c)(3) and 78q(a), and Rules of the Commission with respect to financial and record keeping responsibilities, namely, Commission Rules 15c3-1, 15c3-3 and 17a-3, 17 C.F.R. §§240.15c3-1 240.15c3-3, and §240.17a-3 from May 27th, 2008 until the present.

27.     All documentation and communication concerning NACI's ability to make the computations necessary to establish compliance with any rules from May 27th, 2008 until the present.

28.     All documentation and communication concerning NACI's customers that may be in need of any protection provided by SIPA, pursuant to SIPA §78eee(b)(1) form May 27th, 2008 until the present.

29.     All documentation and communication concerning the selection Robert N. Gilbert, FITS, Lange, Rizzo, Blatman, Ward, Aimee Johnson, Joshua Carroll and the law firm of Carlton Fields, P.A. by SIPC.

CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

August 1, 2014

/s/Richard Goble                              Pro Se
Richard Goble (Assignee of all Plaintiff Claims)

Service  List:

Notice has been electronically mailed to:

Bruce William Barnes   bwbarnes@tampabay.rr.com, dmtaylor@tampabay.rr.com
Cathy A. Fleming        cfleming@hodgsonruss.com, apoznanski@hodgsonruss.com
David S. Mandel         dmandel@mandel-law.com, dcox@gibsondunn.com,
                        pcrespo@mandel- law.com, scavanagh@mandel-law.com,
                        smartin@gibsondunn.com
Glennys Ortega Rubin    grubin@shutts.com, rsouza@shutts.com, sbeery@shutts.com,
                        sferguson@shutts.com
Kevin Dean Solonsky     solonskykd@sec.gov
Mary Ruth Houston       mhouston@shutts.com, rsouza@shutts.com, sbeery@shutts.com,
                        sferguson@shutts.com
Matthew Triggs          mtriggs@proskauer.com, crotondo@proskauer.com,
                        etorres@proskauer.com,
                        mthompson@proskauer.com
Payal Salsburg          psalsburg@proskauer.com, crotondo@proskauer.com,
                        etorres@proskauer.com,
                        kmolloy@proskauer.com
Ralph E. Hopkins        ralph.hopkins@usdoj.gov, orldocket.mailbox@usdoj.gov,
                        usaflm.orl_ecf@usdoj.gov
William F. Jung         wjung@jungandsisco.com, Backupdocket@yahoo.com,
                        droberts@jungandsisco.com

Mailed to:
Timothy Ward Pro Se                                      208 Debary
Dr.                                              Debary, FL 32713

THE UNITED STATES DISTRICT COURT
THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RICHARD GOBLE
(ASSIGNEE OF ALL CLAIMS of
NORTH AMERICAN CLEARING, INC. G&G HOLDINGS, INC.
FINANCIAL INDUSTRY ASSOCIATION, INC.
THE GOBLE FAMILY TRUST)

**Plaintiff,**

                                               CASE NO. 6:10-CV-408-PGB-KRS
                                                (Consolidated Lead Case)

vs.

THE UNITED STATES OF AMERICA,
SECURITIES AND EXCHANGE COMMISSION,

BRUCE B. BLATMAN, and
TIMOTHY J. WARD,

SECURITIES INVESTOR PROTECTION CORPORATION,
JOSEPHINE WANG, and CHRISTOPHER LAROSA,

FINANCIAL INDUSTRY TECHNICAL SERVICES, INC.,
HENRY LANGE, and JOHN RIZZO,

**Defendants/**

## PLAINTIFF's FIRST REQUEST FOR PRODUCTION OF DOCUMENTS FROM SIPC, WANG, LAROSA

      Pursuant to Federal Rule of Civil Procedure 34, Plaintiff RICHARD GOBLE, ("GOBLE" "Plaintiff" "me", "I", "my") proceeding *pro se* and as assignee of claims and 100% shareholder of the FINANCIAL INDUSTRY ASSOCIATION ("FIA"), G&G HOLDINGS, INC.("G&G"), and THE GOBLE FIRST REVOCABLE FAMILY TRUST MAY 13, 1999 ("Trust") NORTH AMERICAN CLEARING, Inc.("NACI") and (collectively the "Goble Entities") and proceeding derivatively on behalf of the Goble Entities, hereby requests that the Securities Investor Protection Corporation ("SIPC") produce the following documents for inspection and copying

within 14 days of service hereof, at the offices of Richard Goble 1385 West State Road 434 Suite 102, Longwood, Florida 32750 in electronic format and properly labelled.

## DEFINITIONS AND INSTRUCTIONS APPLICABLE TO ALL REQUESTS

1.    "Plaintiff" when used herein refers to Plaintiff RICHARD GOBLE, ("GOBLE") as assignee of claims and 100% shareholder of the FINANCIAL INDUSTRY ASSOCIATION ("FIA"), G&G HOLDINGS, INC.("G&G"), and THE GOBLE FIRST REVOCABLE FAMILY TRUST MAY 13, 1999 ("Trust") NORTH AMERICAN CLEARING, Inc.("NACI") and (collectively the "Goble Entities") and its predecessors, successors, divisions, officers, trustees, members, partners, agents, employees, representatives, consultants and attorneys.

2.    "NACI" when used herein refers to NORTH AMERICAN CLEARING, INC. and its predecessors, successors, divisions, officers, trustees, members, partners, agents, employees, representatives, consultants and attorneys.

3.    "FIA" when used refers to Financial Industry Association and its predecessors, successors, divisions, officers, trustees, members, partners, agents, employees, representatives, consultants and attorneys.

4.    "G&G Holdings" when used refers to G&G Holdings Inc. and its predecessors, successors, divisions, officers, trustees, members, partners, agents, employees, representatives, consultants and attorneys.

5.    "DTCC" when used refers to Depository Trust Clearing Corporation and all of its past and present Board of Directors, Officers, employees, contractors, consultants, and attorneys.

6.    "SIPC" when used refers to the Securities Investor Protection Corporation and all of its past and present Board of Directors, Officers, predecessors, successors, divisions, officers, trustees, members, partners, agents, employees, representatives, consultants and attorneys

7.    "USA" when used refers to the Unities States of America and all of its past and

2

present, successors, divisions, officers, agents, employees, representatives, consultants and attorneys responsible for defending and settling this case on behalf of the SEC under FTCA.

8.     "SEC" when used refers to the Securities and Exchange Commission and all of its past and present Commissioners, Officers, employees, contractors, consultants, and attorneys.

9.     "Carlton Fields" when used refers to Carlton Fields Jorden Burt, P.A. and its predecessors, successors, divisions, officers, shareholders, trustees, members, partners, agents, employees, representatives, consultants and attorneys.

10.    "Gilbert" when used herein refers to ROBERT N. GILBERT, Trustee and its predecessors, successors, divisions, officers, trustees, members, partners, agents, employees, representatives, consultants and attorneys.

11.    "RECEIVER" when used herein refers to Receiver Peter Anderson, Esq., and his partners, agents, employees, representatives, consultants and attorneys.

12.    "Sutherland Asbill" when used refers to Sutherland Asbill & Brennan LLP and its predecessors, successors, divisions, officers, shareholders, trustees, members, partners, agents, employees, representatives, consultants and attorneys.

13.    "BLATMAN" when used herein refers to Bruce Blatman and his partners, agents, employees, representatives, employers, consultants and attorneys.

14.    "WARD" when used herein refers to Timothy J. Ward and his partners, agents, employees, employers, representatives, consultants and attorneys.

15.    "FINRA" when used herein refers to the Financial Industry Regulatory Authority and its predecessors, successors, divisions, officers, trustees, members, partners, agents, employees, representatives, consultants and attorneys.

16.    "FITS" Financial Industry Technical Services and its predecessors, successors, divisions, officers, trustees, members, partners, agents, employees, representatives, consultants and attorneys.

17.    "Amended Complaint" means the pleading as defined in Fed.R.Civ.P. 7(a) filed against The United States Of America, Securities and Exchange Commission, Bruce B. Blatman, and Timothy J. Ward, Securities Investor Protection Corporation, Josephine Wang, and Christopher LaRosa, Financial Industry Technical Services, Inc., Henry Lange, and John Rizzo in this case and any amendments thereto.

1.    "Document" means any written or graphic matter or other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, e-mails (and attachments thereto), notes, messages, letters, telegraphs, teletype, telefax bulletins, meetings, or other communications, interoffice and interoffice telephone calls, diaries, chronological data, minutes, books, reports, charts, ledgers, invoices, work-sheets, receipts, returns, computer printouts, electronically stored data, diskettes, backup tapes, CD's, prospectuses, financial statements, schedules, affidavits, contracts, cancelled checks, transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing), graphs or aural records or representations of any kind, including without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, motion pictures and electronic, mechanical or electric recordings or representations of any kind (including without limitation, tapes, cassettes, discs and recording).

2.    The term "Document" includes the following electronically, magnetically, or optically stored information ("ESI"):

- Digital communications (e-mail, voice mail, instant messaging);

- Word processed documents (Word or WordPerfect documents and drafts);

- Spreadsheets and tables (QuickBooks, Money, Excel files, Peachtree data files);

- Image and Facsimile (WAV and .MP3 files);

- Video and Animation (.AVI and .MOV files);

- Databases (Access, Oracle, SQL, Server data, SAP);

- Contact and Relationship Management Data (Outlook, ACT!);

- Calendar and Diary Application Data (Outlook PST, Yahoo, blog tools);

- Online Access Data (Temporary Internet Files, History, Cookies);

- Presentations (PowerPoint, Corel Presentations);

- Network Access and Server Activity Logs;

- Project Management Application Data;

- Computer Aided Design/Drawing Files; and,

Back Up and Archival Files (Zip, .GHO).

3.    This request seeks all ESI in its native format.

4.    "Communications" means any oral or written statement, dialogue, colloquy, discussion, conversation and agreement.

5.    The term "all documents" means every document or group of documents or communication as above defined known to you, and every such document or communication which can be located or discovered by reasonably diligent efforts.

6.    "Person" means any natural person, individual, proprietorship, partnership, corporation, association, joint venture, firm, other business enterprise, governmental body, group

of natural persons or other entity.

7.    The words "pertain to" or "pertaining to" mean relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

8.    As used herein, the singular and masculine form of noun and pronoun shall embrace, and be read and applied as, the plural or feminine or neuter, as circumstances may make appropriate.

9.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

10.    The terms "all" and "each" shall be construed as all and each.

11.    "You" and "your" refers to the person responding to these requests.

12.    The singular of any term shall include the plural, and the plural of any term shall include the singular.

13.    In responding to these document requests, the Deponent shall produce separately all documents available at the time of responding or which can be located or discovered by reasonably diligent efforts, including documents in the possession of his, her or its agents and representatives.

14.    References to an individual, partnership or corporation include any and all agents, employees' representatives and attorneys and all other persons or entities acting on his, her or its behalf or under his, her or its control.

15.    If any document or copy thereof was but is no longer in your possession or subject to your control, please state and specify in detail for each such document:  the type of document, the types of information contained therein, the date upon which it ceased to exist, the

disposition that was made of it, the identity of all persons having knowledge of the circumstances of its disposition, and the identity of all persons having knowledge of the contents thereof.

16.    In making production, produce all documents as kept in the normal course of business and identify the file from which each document was taken. This request is continuing in nature and requires you to supplement your production promptly if you obtain additional responsive documents.

## DOCUMENTS REQUESTED

1.      All documents relating to the preparation and calculation of all NACI's Net Worth, obligations, and Capital and (including interim computations) since June 1, 2006, including, but not limited to, schedules, work papers, computations, notes, communications (including electronic), and internal memoranda.

2.      All documents that SIPC intends to introduce in this matter.

3.      All documents in the possession of SIPC and Josephine Wang and LaRosa from June 1, 2006 until the present, relating and concerning:

BLATMAN, WARD or their counsel

Richard Goble

North American Clearing, Inc.

Financial Industry Association, Inc.

G&G Holdings, Inc.

Goble Family Trust

FINRA

SEC

SIPC

OHAB and Company

Pam Ohab

FITS

Henry Lange

John Rizzo

US Bank

Jim Hanley

Sutherland Asbill

Peter Anderson

Keith J. Barnett

Olga Greenberg

Michael Freedman

Sam Luque

David Nelson

Brian Barry

Robert Levenson

Greg Amoroso

Mac Knox

Neil Lang

Carlton Fields

Hywel Leonard

Larry Thompson

Merri Feye Witkin

Elena Rodriquez

Tonya Tullis

Mary Labacki

Michael Macchiaroli

Aimee Johnson

Joshua Carroll

4.      All communications from June 1, 2006 until the present between the SIPC and:

BLATMAN, WARD or their counsel

Robert Gilbert

Richard Goble

North American Clearing, Inc.

Financial Industry Association, Inc.

G&G Holdings, Inc.

Goble Family Trust

FINRA and their employees and officers and board members

SEC

SIPC

OHAB and Company

Pam Ohab

Capilla

FITS

Henry Lange

John Rizzo

Sutherland Asbill

Keith J. Barnett

David Nelson

Brian Barry

Robert Levenson

Larry Thompson

Merri Feye Witkin

Elena Rodriquez

Tonya Tullis

Mary Labacki

Michael Macchiaroli

Carlton Fields employees and attorneys

Hywel Lenard

Franck Chantayan

Peter J. Anderson

US Bank and any of their employees

Jim Hanley

Olga Greenberg

Michael Freedman

Sam Luque

Greg Amoroso

Mac Knox

Neil Lang

Bill Wolman

Merri Feye Witkin

Aimee Johnson

Joshua Carroll

5.      All communications between SIPC, the Receiver and Sutherland Ashbill from June 1, 2006 until the present.

6.      All documents provided to SIPC by the Receiver and Sutherland Ashbill since June 1, 2006.

7.      All communications between SIPC and any expert witness that may testify in this matter.

8.      All documents provided by SIPC to any expert that may testify in this matter.

9.      All documents provided to the SIPC by FINRA, SEC, Department of Justice, IRSGilbert, Carlton Fields, since June 1, 2006 pertaining to BLATMAN, WARD, GOBLE, or NACI.

10.     Produce all of the detailed information concerning net worth, net capital, cash short fall, cash deficit, loan obligations of NACI as defined by SEC rules and general Accounting Practices from June 1, 2006 to the present.

11.     Produce the EBOC and PAIB requirements of NACI as defined by the SEC and identify the current deposits in these accounts from June 1, 2006 until the present.

12.     Produce the payroll and consulting expenses paid to NACI, FITS, Carlton Fields, Gilbert, and Receiver, Blatman, Ward, Sutherland, and any current and former employees since May 27, 2008.

13.     Produce all NACI, FIA, G&G Holding's correspondents from May 27, 2008 until the present.

14.     Produce all documentation of all NACI customers and creditors who may not receive their full account value when their respective accounts are transferred or liquidated.

15.     Produce all funds paid to correspondents by NACI since May 27, 2008 until the

present.

16.    Produce all documents concerning the purchase of all NACI, G&G Holdings, and FIA assets, including but not limited to clearing correspondents, software, hardware, office furniture, office equipment, and customer accounts etc.

17.    Produce all documents for all of NACI's asset note obligations that were forgiven by SIPC including but not limited the forgiven WARD note.

18.    Produce all correspondent fees owed, any correspondent Notes outstanding, any Notes forgiven, and any Notes unpaid.

22.    All documentation and communication concerning the assets belonging to G&G Holdings and Financial Industry Association from May 27th, 2008 until the present.

23.    All documentation and communication concerning the disposal, removal, destruction, or shredding of NACI's Books and Records from May 27th, 2008 until the present.

24.    All documentation and communication concerning NACI's obligations to its customers within the meaning of SIPA §78eee(a)(3) from May 27th, 2008 until the present.

25.    All documentation and communication concerning NACI's one or more of the conditions specified in SIPA §78eee(b)(1).

26.    All documentation and communication concerning NACI's solvency within the meaning of Section 101 of the Bankruptcy Code (11 U.S.C.) and/or its ability to meet its obligations as they mature and compliance with the requirements under sections 15(c)(3) and 17(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§78o(c)(3) and 78q(a), and Rules of the Commission with respect to financial and record keeping responsibilities, namely, Commission Rules 15c3-1, 15c3-3 and 17a-3, 17 C.F.R. §§240.15c3-1 240.15c3-3, and §240.17a-3 from May 27th, 2008 until the present.

27.    All documentation and communication concerning NACI's ability to make the computations necessary to establish compliance with any rules from May 27th, 2008 until the present.

28.    All documentation and communication concerning NACI's customers that may be in need of any protection provided by SIPA, pursuant to SIPA §78eee(b)(1) form May 27th, 2008 until the present.

29.    All documentation and communication concerning the selection Robert N. Gilbert, FITS, Lange, Rizzo, Blatman, Ward, Aimee Johnson, Joshua Carroll and the law firm of Carlton Fields, P.A. by SIPC.


## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


August 1, 2014


/s/Richard Goble                                Pro Se
Richard Goble (Assignee of all Plaintiff Claims)

**Service List:**

Notice has been electronically mailed to:

| | |
|---|---|
| Bruce William Barnes | bwbarnes@tampabay.rr.com, dmtaylor@tampabay.rr.com |
| Cathy A. Fleming | cfleming@hodgsonruss.com, apoznanski@hodgsonruss.com |
| David S. Mandel | dmandel@mandel-law.com, dcox@gibsondunn.com, pcrespo@mandel- law.com, scavanagh@mandel-law.com, smartin@gibsondunn.com |
| Glennys Ortega Rubin | grubin@shutts.com, rsouza@shutts.com, sbeery@shutts.com, sferguson@shutts.com |
| Kevin Dean Solonsky | solonskykd@sec.gov |
| Mary Ruth Houston | mhouston@shutts.com, rsouza@shutts.com, sbeery@shutts.com, sferguson@shutts.com |
| Matthew Triggs | mtriggs@proskauer.com, crotondo@proskauer.com, etorres@proskauer.com, mthompson@proskauer.com |
| Payal Salsburg | psalsburg@proskauer.com, crotondo@proskauer.com, etorres@proskauer.com, kmolloy@proskauer.com |
| Ralph E. Hopkins | ralph.hopkins@usdoj.gov, orldocket.mailbox@usdoj.gov, usaflm.orl_ecf@usdoj.gov |
| William F. Jung | wjung@jungandsisco.com, Backupdocket@yahoo.com, droberts@jungandsisco.com |

Mailed to:

Timothy Ward Pro Se
208 Debary Dr.
Debary, FL 32713