# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

FINANCIAL INDUSTRY
ASSOCIATION, G&G HOLDINGS, INC.,
RICHARD GOBLE and THE GOBLE
FIRST REVOCABLE FAMILY TRUST
MAY 13, 1999,

        Plaintiffs,

v.                                      Case No:   6:10-cv-408-Orl-40KRS

TIMOTHY WARD and BRUCE
BLATMAN,

        Defendants.

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANTS FINANCIAL INDUSTRY TECHNICAL SERVICES, INC., HENRY LANGE AND JOHN RIZZO'S MOTION TO DISMISS WITH PREJUDICE THE FIRST AMENDED COMPLAINT (Doc. No. 103).** |
| **FILED:** | **April 7, 2014** |

**I.    BACKGROUND.**

Plaintiff Richard Goble was the director of North American Clearing, Inc. ("NACI"), a stock-brokerage firm. On May 27, 2008, the Securities and Exchange Commission ("SEC") filed a complaint against NACI, Goble, Bruce B. Blatman (NACI's president) and Timothy J. Ward (NACI's financial and operations principal) alleging that they violated securities laws, including the Exchange Act, and other legal requirements by improperly selling customer money market

funds to pay NACI's business expenses resulting in a capital deficiency for NACI. *SEC v. N. Am. Clearing, Inc.*, Case No. 6:08-cv-829-Orl-35KRS, Doc. No. 1 (M.D. Fla. May 27, 2008) (the "*SEC Case*"). The SEC filed an *ex parte* motion for a temporary restraining order and an emergency motion to appoint a receiver for NACI, which motions were granted. *Id.*, Doc. Nos. 2, 6, 7, 12. Peter Anderson, Esq., was appointed as the Receiver. *Id.*, Doc. No. 12. Anderson retained lawyers with Sutherland, Asbill & Brennan, LLP (Keith J. Barnett, Michael K. Freedman and Olga Greenberg) to represent him in his capacity as Receiver.

Thereafter, Blatman, Ward and NACI, through Receiver Anderson, agreed to entry of injunctions against them. *Id.*, Doc. Nos. 41-2, 42-2, 60-2, 62, 63, 64, 111-2, 113, 131. Final judgments were entered against Blatman, Ward and NACI. *Id.*, Doc. Nos. 68, 160, 161, 280. Goble continued to litigate the case.

On July 28, 2008, the Securities Investor Protection Corporation ("SIPC")[1], represented by attorneys Josephine Wang and Christopher H. LaRosa, filed an application for entry of a protective decree and requested the appointment of Robert N. Gilbert, Esq., as Trustee, and the law firm Carlton Fields, P.A. (specifically attorneys Franck D. Chantayan and David Hywel Leonard) as Trustee's counsel. This application operated as an automatic stay of the litigation as to NACI under the bankruptcy code. *Id.*, Doc. No. 71. The application was granted on July 28, 2008, and Trustee Gilbert was appointed for the liquidation of the business of NACI. *Id.*, Doc. No. 75. As of the writing of this Report and Recommendation, it appears that the bankruptcy

---

[1] SIPC was created by the Securities Investor Protection Act of 1970 ("SIPA"), 15 U.S.C. § 78aaa, *et seq.* It is a nonprofit corporation that is not an agency of the United States. *Id.* § 78ccc (1). Its purpose is to provide financial relief to the customers of failing broker-dealers with whom the customers had left cash or securities on deposit. *SIPC v. Barbour*, 421 U.S. 412, 413 (1975).

proceeding remains pending. *SIPC v. N. Am. Clearing, Inc.*, Adversary Proceeding No. 6:08-ap-145-KSJ (Bankr. M.D. Fla.).

In March and April 2010, Goble filed motions in the *SEC Case* seeking permission to sue Receiver Anderson, Trustee Gilbert and their respective attorneys and agents in separate litigation as required by *Barton v. Barbour*, 104 U.S. 126, 127 (1881). *SEC Case*, Doc. Nos. 204, 208. The Court denied the motions. *Id.*, Doc. No. 209.

The Court conducted a bench trial on the SEC's claims against Goble individually. *Id.*, Doc. Nos. 250-54. On April 27, 2011, the Court entered a Bench Trial Opinion. *Id.*, Doc. No. 260. The Court found that Goble violated and aided and abetted violations of the Exchange Act (Counts II, IV and V of the *SEC Case* Complaint). *Id.* at 22, 24, 26. The Court wrote: "It is clear from the evidence of record, that North American had financial problems and Defendant Goble and North American's executives made a substantial effort to conceal it." *Id.* at 18. The Court entered a permanent injunction against Goble and ordered him to pay a civil penalty of $7,500.00. *Id.* at 29-31. Final judgment was entered on April 27, 2011. *Id.*, Doc. No. 261.

Goble appealed the judgment. On May 29, 2012, the United States Court of Appeals for the Eleventh Circuit affirmed the finding that Goble aided and abetted violations of the Exchange Act, reversed the decision in other respects, and remanded the case for reconsideration of the scope of the injunction. *Id.*, Doc. No. 269. On April 3, 2013, the Court entered a revised form of injunction. *Id.*, Doc. No. 282. Goble has filed a motion for relief from the judgment, which is pending as of the writing of this Report and Recommendation. *Id.*, Doc. No. 289.

Meanwhile, on March 16, 2010, Goble, Financial Industry Association, Inc. ("FIA"), G&G Holdings, Inc. ("G&G") and the Goble First Revocable Family Trust May 13, 1999 ("Trust"), through counsel, filed a civil complaint in the present case naming the SEC, the Financial Industry

Regulatory Authority, Inc. ("FINRA"), the Depository Trust and Clearing Corporation ("DTCC"), Mary Schapiro (the Chairman of the SEC), Grace Vogel (FINRA Vice President of Member Regulation), Larry Thompson (DTCC managing director and general counsel), Ward, Blatman, SEC examiner George Franceschini, Sam Luque, Jr. (an expert witness for the Receiver and the SEC in the *SEC Case*)[2], and SIPC as Defendants. Doc. No. 1. The Plaintiffs alleged that all Defendants tortiously interfered with their business relationships (Count I) and committed gross negligence (Count IV); that the SEC and SIPC engaged in abuse of process (Count II); and, that FINRA, the SEC, Schapiro, Vogel and Luque defamed the Trust and Goble (Count IV).[3] Subsequently, the Plaintiffs voluntarily dismissed their claims against Blatman, Ward, Franceschini and the SEC. Doc. No. 18.

On May 18, 2011, FIA, G&G, the Trust and Goble, through counsel, filed a new case against the United States of America, SEC, SIPC, Blatman, Ward, Financial Industry Technical Services, Inc. ("FITS"), Henry Lange (Chief Executive Officer of FITS), John Rizzo, Josephine Wang and Christopher LaRosa (attorneys for SIPC). *Fin. Indus. Ass'n v. SEC*, Case No. 6:11-cv-825-Orl-40KRS (the "*825 Case*"), Doc. No. 2 (M.D. Fla. May 18, 2011). Plaintiffs alleged that all Defendants committed negligence, gross negligence and abuse of process by presenting false information to the courts in the *SEC Case* and the resulting bankruptcy proceedings (Counts I, II and III) and conspired to do so (Count IV), and that unidentified Defendants wrongfully converted equipment, supplies and proprietary and confidential information belonging to FIA and G&G (Count V).[4]

---

[2] *See SEC Case*, Doc. No. 157.

[3] There are two causes of action labelled Count IV and no cause of action labelled Count III.

[4] Count V alleges that "*Plaintiffs* intentionally stole and appropriated to themselves computer equipment, office supplies, and proprietary and confidential information belonging to G&G Holdings and

On June 4, 2013, counsel for Plaintiffs was allowed to withdraw from the *825 Case*. *825 Case*, Doc. No. 25.   However, counsel for Plaintiffs was only permitted to withdraw as counsel for Goble in the present case because FIA, G&G and the Trust could not appear and be heard in the case except through counsel of record.   Doc. No. 53.

On July 2, 2013, the Court consolidated the present case and the *825 Case* and designated the present case as the Lead Case.   Doc. No. 66.

Meanwhile, Goble, proceeding *pro se*, filed a motion for leave to file an amended complaint.[5]   Doc. No. 57.   He proposed to name only himself as Plaintiff, individually and as assignee of the claims of FIA, G&G, the Trust and NACI (collectively the "Goble Entities"). Doc. No. 57-1.   He proposed to name as Defendants the United States of America, the SEC, SEC lawyer Brian Barry, Franceschini, Luque, Jr., Blatman, Ward, SIPC and its attorneys in the *SEC Case*, FITS and its principal (Lange) and employee (Rizzo) (agents of the Trustee),[6] Glassratner Advisory and Capital Group, LLC, Thomas Santoro, Kapila and Company, Soneet R. Kapila, Trustee Gilbert and his attorneys, and Receiver Anderson and his attorneys.   The Court denied the motion because the SEC and its employees were immune from suit, Goble had not shown he had obtained leave of Court to sue Trustee Gilbert, Receiver Anderson or their attorneys and agents, and other causes of action failed to state claims on which relief could be granted.   Doc. Nos. 67, 70.   The Court gave Goble "one final opportunity" to file a renewed motion for leave to file an amended complaint that corrected the deficiencies identified by the Court.   Doc. No. 70 at 9.

---

the Financial Industry Association."   *825 Case*, Doc. No. 2 ¶ 69 (emphasis added).

[5] Goble asked for leave file a fourth amended complaint.   Doc. No. 57.   It appears to the Court that Goble considered the original complaints in the *825 Case* and this case to be the first two complaints and the amended complaint in the *825 Case* to be the third amended complaint. *See infra* note 7.

[6] *See SEC Case*, Doc. No. 214-1.

The Court specifically ordered Goble not to assert certain claims and not to name certain individuals and entities as Defendants in a proposed amended complaint. *Id.* at 10. In a separate order, the Court indicated that if Goble did not file a motion for leave to file an amended complaint that complied with the Court's orders, the case would proceed on the amended complaint in the *825 Case*. Doc. No. 75 at 2 n.1.[7]

On December 2, 2013, Goble, proceeding *pro se*, filed a motion for leave to amend his complaint. Doc. No. 76. On December 9, 2013, this motion was denied because Goble proposed to assert claims that the Court had ordered him not to assert and to name Defendants that the Court ordered him not to include in an amended complaint. Doc. No. 77.

On January 23, 2014, Goble filed his last motion for leave to file an amended complaint. Doc. No. 78. The motion for leave to amend was denied as untimely. Doc. No. 79. Accordingly, the amended complaint in the *825 Case* became the operative complaint. *825 Case*, Doc. No. 2 (the "Operative Complaint").

Several of the Defendants have filed motions to dismiss. Doc. Nos. 102, 103, 108, 110, 134. Goble has responded to each of these motions. Doc. Nos. 114, 115, 116, 117, 136. On July 18, 2014, the presiding District Judge referred these motions to me for issuance of Reports and Recommendations. Doc. No. 143.

---

[7] It appears that the District Judge who presided over this case at the time the order was issued considered the amended complaint in the *825 Case* to amend both the original complaint in that case and the original complaint in the present case. Moreover, as discussed in the order denying the motion for leave to file a fourth amended complaint, the Court has found that the claims against many of the Defendants alleged in the original complaint in the present case were due to be dismissed. Doc. No. 70.

**II.     ALLEGATIONS OF THE OPERATIVE COMPLAINT.**

The Trust is the sole shareholder of NACI, G&G and FIA.   Operative Complaint ¶ 3.  Goble was the director of North American Clearing Corporation ("NACC").[8]   FIA was the largest and most successful advocate for small broker dealers in the United States.   *Id.* ¶ 5.   G&G was a for-profit holding company.   *Id.* ¶ 2.

The United States and the SEC embarked on a program to deprive Plaintiffs of their legal rights.   They engaged in a negligent investigation and legal process that resulted in the destruction of NACC and loss of substantial value to its shareholders and shut down and destroyed the business enterprises of Plaintiffs in retaliation for certain political events.   *Id.* ¶ 6.   Specifically, in the complaint in the *SEC Case*, the SEC incorrectly alleged that NACC was not holding the reserves in certain accounts required by federal regulations.   *Id.* ¶ 15.   The SEC also used the *ex parte* procedure to obtain a temporary restraining order abusively and based on hasty and improperly gathered evidence in an attempt to immediately shut down NACC and put it under SEC control.   *Id.* ¶ 24.

SIPC negligently or fraudulently prepared and reported to the court inaccurately on the financial condition of NACC, which led to issuance of a temporary restraining order in the *SEC Case* that should not have been issued.   SIPC's actions led to the financial collapse and destruction of NACC, significant diminution in the value of all of its shares, and the destruction of Goble's livelihood.   *Id.* ¶ 7.   During the time of the dismantling of NACC, Josephine Wang and Christopher LaRosa were attorneys for SIPC.   Wang and LaRosa negligently misrepresented financial information to the courts, resulting in the unnecessary and fraudulent liquidation of

---

[8] In the Operative Complaint, Plaintiffs refer to NACC and NACI.   For purposes of this Report and Recommendation, I consider them to be the same entity.

NACC. *Id.* ¶¶ 12, 31. Specifically, SIPC, through its employees and agents, sought to interfere with the business of NACC by filing a formal application at the direction of the SEC based on unreliable financial evidence and coerced witnesses. *Id.* ¶ 30.

SIPC based its request for a protective decree on financial statements prepared by Sam Luque, Jr., who was then an employee of the SEC. *Id.* ¶ 33. SIPC's own later financial analysis demonstrated that NACC had actually been solvent to the extent of approximately $3 million. *Id.* ¶ 36.

During the course of the receivership and bankruptcy of NACI, Henry Lange, the Chief Executive Officer of FITS, worked with the bankruptcy trustee and SIPC to dismantle NACC and misreported key financial information that resulted in the destruction of NACC and loss of value to its principal shareholders. Lange also was involved in covering up the true healthy financial condition of NACC and shredding key financial documents. *Id.* ¶ 11. John Rizzo worked with FITS and SIPC in dismantling NACC, misrepresenting its financial information, and shredding and hiding important financial documents. *Id.* ¶ 11.[9]

Ward was the Chief Financial Officer of NACC. Blatman was the President of NACI. Ward and Blatman lied to the SEC regarding the activities of NACC under pressure from FINRA. They also participated materially in making negligent representations to the Court regarding the financial condition and operations of NACC during the SEC investigation and trial. *Id.* ¶¶ 8-9. Specifically, Ward helped FINRA and the SEC to calculate NACC's necessary reserve amounts in a different way than NACC had used. *Id.* ¶ 15. Ward and Blatman also falsely accused NACC of sweeping customer money market accounts and moving these amounts into the firm's operating accounts. *Id.* ¶ 17. The sweeps and transfers alleged in the complaint in the *SEC Case* never

---

[9] There are two paragraphs numbered 11 in the Operative Complaint.

occurred without customer consent, and none of that money was used to pay NACC's basic operating expenses. *Id.* ¶¶ 18, 22-23.

Plaintiffs' expert has independently concluded that NACC's financials did not violate FINRA or SEC regulations. *Id.* ¶ 39.

As a result of the actions of the Defendants, Plaintiffs lost millions of dollars of value from the destruction of the company. *Id.* ¶ 55. Finally, as a result of the receivership and administration of the bankruptcy estate, FIA and G&G lost expensive computers and other equipment belonging to them. *Id.* ¶¶ 47-48.

**III. ANALYSIS.**

    A.    *Whether Goble May Proceed As the Assignee of NACI, FIA, G&G, and the Trust.*

As a preliminary matter, I note that Goble, proceeding *pro se*, responded to the motions to dismiss on behalf of all Plaintiffs, alleging that he is the assignee of all claims of NACI, FIA, G&G and the Trust. Doc. Nos. 114, 115, 116, 117, 136. He has not filed a motion to substitute himself as the sole Plaintiff, although it appears that was his intent as indicated in his motion to file a fourth amended complaint. Doc. No. 57-1 ¶ 1.

Counsel for Defendants FITS, Lange and Rizzo (collectively the "FITS Defendants") correctly argues that NACI cannot assign any claims it has to Goble because all claims of NACI are held by the Trustee in the bankruptcy proceeding. Doc. No. 103 at 9-10; *see also* 11 U.S.C. § 362(a). Therefore, Goble does not have standing to bring claims of injury to NACI.

It does not appear that the claims of FIA, G&G and the Trust were stayed as the result of NACI's bankruptcy proceeding. As a matter of federal law, it appears that these entities could assign their claims to Goble, assuming the assignment was valid. *See Fischer Bros. Aviation, Inc. v. NWA, Inc.*, 117 F.R.D. 144, 146 (D. Minn. 1987).

Fed. R. Civ. P. 25(c) provides, however, that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action . . . ."  Goble has not filed a motion to substitute himself for FIA, G&G and the Trust as the assignee of their claims.  Therefore, FIA, G&G and the Trust remain Plaintiffs.  As the Court has previously advised Goble, FIA, G&G and the Trust cannot appear and be heard except through counsel of record.  *See Callaway v. Hornbake*, No. 2:11-cv-85-FtM-99DNF, 2012 WL 333769, at *3 (M.D. Fla. Feb. 1, 2012).  Because counsel of record for Plaintiffs in the present case did not file responses to the motions to dismiss on behalf of the entity Plaintiffs, I consider the motion to dismiss to be unopposed by FIA, G&G and the Trust.[10]

  B. *The Court Does Not Have Subject-Matter Jurisdiction Over the FITS Defendants.*

Goble alleges that FITS, through Lange, its Chief Executive Officer, and Rizzo, one of its employees, worked with the bankruptcy trustee.  Operative Complaint ¶ 11; *SEC Case*; *accord* Doc. No. 214-1 ¶ 1 (Affidavit of Henry Lange in which Lange averred that "FITS was retained by Robert N. Gilbert, the trustee appointed by this Court . . . . FITS has assisted with the day to day matters relating to the liquidation of NACI's business.").  The Court has previously held in this case that the *Barton* doctrine provides that before bringing suit against a court-appointed trustee or his attorneys and other agents who helped the trustee execute his official duties, a plaintiff must obtain leave of the court that appointed the trustee.  Doc. No. 70 at 4 (citing *Barton*, 104 U.S. at 127; *Carter v. Rodgers*, 220 F.3d 1249, 1251 (11th Cir. 2000); and *Lawrence v. Goldberg*, 573 F.3d 1265, 1270 (11th Cir. 2009)).  Because Trustee Gilbert was appointed in the *SEC Case*, the Court reviewed the docket in that case to determine whether Plaintiffs sought and were given

---

[10] Even if FIA, G&G and the Trust had properly responded to the motion to dismiss, the outcome would be the same because the Court does not have subject-matter jurisdiction over the claims against the FITS Defendants, for the reasons discussed below.

leave in that case to sue Trustee Gilbert. The Court found that such leave was not granted in the *SEC Case*. Rather, the Court denied the *Barton* motions filed by Goble and others. *Id.* at 5 (citing *SEC Case*, Doc. No. 209 [denying Doc. Nos. 204, 208]; Doc. No. 222 at 38-39).

The Court also rejected Goble's argument that leave of Court was not required to sue Trustee Gilbert and his agents because the claims arose from actions taken outside the scope of their court-appointed duties. The Court reasoned as follows:

> The Eleventh Circuit has recognized that 'Section 959 [of the Bankruptcy Code] provides for a limited exception to the *Barton* doctrine, permitting suits against trustees, receivers or managers of any property . . . without leave of the court appointing them, with respect to any of their acts or transactions *in carrying on the business connected with such property*.' *Carter*, 220 F.3d at 1254 (quoting 28 U.S.C. § 959(a)) (emphasis added). However, '[t]he carrying on business exception in section 959(a) is *intended to permit actions redressing torts committed in furtherance of the debtor's business*, such as the common situation of a negligence claim in a slip and fall case where a bankruptcy trustee, for example, conducted a retail store. *Section 959(a) does not apply to suits against trustees for administering or liquidating the bankruptcy estate.*' *Id.* (internal citations and quotations omitted) (emphasis added).

*Id.* at 5-6 (some internal quotations omitted). The basis of Plaintiffs' claims against the FITS Defendants, as alleged in the Operative Complaint, is that they acted improperly in assisting the Trustee in the liquidation of NACI. These claims arise directly from the FITS Defendants' work administering the bankruptcy liquidation of NACI, rather than as a result of carrying out any business operations of NACI. "As such, they fall squarely within the *Barton* doctrine, and do not fall within the 'carrying on business' exception of Section 959(a)." Doc. No. 70 at 6 (citing *Carter*, 220 F.3d at 1254).

Failure to obtain leave of court as required by *Barton* requires that the claims be dismissed for lack of subject-matter jurisdiction. *Id.* at 4 (citing *Barton*, 104 U.S. at 136-37; *Carter*, 220 F.3d at 1252 n.4).

The FITS Defendants ask that the Court dismiss the claims against them with prejudice. However, "[a] dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice." *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (citing *Crotwell v. Hockman-Lewis Ltd.*, 734 F.2d 767, 769 (11th Cir. 1984)). Nevertheless, considering the number of complaints Plaintiffs have filed, or attempted to file, in the present case and in the *825 Case*, the Court may enter an order to protect the FITS Defendants from future abusive and vexatious litigation by Plaintiffs. *See Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir. 1993). The order would enjoin Plaintiffs, individually and collectively, from filing any new complaints against any of the FITS Defendants arising out of the facts and circumstances underlying the *SEC Case*, the *825 Case*, and the present case without first obtaining leave of the court in which the new lawsuit is to be filed.

## IV.  RECOMMENDATION.

For the reasons discussed above, and based on previous orders entered in this case by the Court, I **RESPECTFULLY RECOMMEND** that the Court **GRANT in part** Defendants Financial Industry Technical Services, Inc., Henry Lange and John Rizzo's Motion To Dismiss With Prejudice The First Amended Complaint (Doc. No. 103), and **DISMISS** all claims pending against Defendant Financial Industry Technical Services, Inc., Henry Lange and John Rizzo for lack of subject-matter jurisdiction. If the Court finds that the claims of the Plaintiffs against the FITS Defendants as asserted in the multiple complaints filed in the present case and in the *825 Case* are frivolous and vexatious, I further recommend that the Court enjoin Richard Goble, Financial Industry Association, G&G Holdings, Inc., and The Goble First Revocable Family Trust May 13, 1999 from filing any further lawsuits against Financial Industry Technical Services, Inc., Henry Lange or John Rizzo

arising from the facts underlying the *SEC Case*, the *825 Case* and the present case without first obtaining leave of court.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 13, 2014.

                          *Karla R. Spaulding*
                          KARLA R. SPAULDING
                    UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy