## THE UNITED STATES DISTRICT COURT
## THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

RICHARD GOBLE and
(RICHARD GOBLE as
Assignee of all claims of
G&G HOLDINGS, INC.
FINANCIAL INDUSTRY ASSOCIATION, INC.
THE GOBLE FAMILY TRUST)

**Plaintiff,**

CASE NO. 6:10-CV-408-PGB-KRS
(Consolidated Lead Case)

vs.

THE UNITED STATES OF AMERICA,
SECURITIES AND EXCHANGE COMMISSION,

BRUCE B. BLATMAN, and
TIMOTHY J. WARD,

SECURITIES INVESTOR PROTECTION CORPORATION,
JOSEPHINE WANG, and CHRISTOPHER LAROSA,

FINANCIAL INDUSTRY TECHNICAL SERVICES, INC.,
HENRY LANGE, and JOHN RIZZO,

**Defendants/**

## RESPONSE TO SIPC'S, WANG'S, AND LAROSA'S MOTION FOR PROTECTIVE ORDER

RICHARD GOBLE, ("GOBLE" "Plaintiff" "me", "I", "my") proceeding pro se and as assignee

of all claims and 100% shareholder of the FINANCIAL INDUSTRY ASSOCIATION ("FIA"),

G&G HOLDINGS, INC.("G&G"), NORTH AMERICAN CLEARING, Inc.("NACI") and

Trustee for THE GOBLE FIRST REVOCABLE FAMILY TRUST MAY 13, 1999 ("Trust"),

and (collectively the "Goble Entities") and proceeding derivatively on behalf of the Goble

Entities, hereby responds to the Securities Investor Protection Corporation's ("SIPC"), Josephine Wang's, and Christopher LaRosa's, (collectively, "SIPC Group") motion for protective order.

2.     SIPC Group, a privately owned company funded through premiums collected from private broker dealer firms, has had a long history suing and being sued and have at least committed all five of the charges detailed in the Operative Amended Complain.

3.     The following are the five counts charged against the SIPC Group contained in the Court Ordered Amended Complaint:

> Count I- Negligence
>
> Count II- Gross Negligence
>
> Count III- Abuse of Process
>
> Count IV- Civil Conspiracy
>
> Count V- Conversion

4.     The legal standard to be applied in considering a motion to dismiss is well settled. A claimant is only required to set forth a short and plain statement that gives the defendants fair notice of what the claim is and the grounds on which it rests. Fed. R. Civ. P. 8;1 Fuller v. Johannessen (In re Johannessen), 76 F.3d 347, 349 (11th Cir. 1996). The Court must accept the allegations of the complaint as true and must construe all facts alleged in the light most favorable to the plaintiff. Id.

5.     SIPC Group is currently defending numerous claims in other jurisdictions which are not immune from judgment against SIPC Group.  SIPC Group is asking this court to change the law and create new case law that would upset the entire balance on proceeding with a claim against SIPC Group.

6.      SIPC cannot not be directed by any Federal Agency to file any action under the Securities

Investor Protection Act since it is expressly written in Federal Law that SIPC is not a

Government Agency and does not operate under any governmental direction. [15 U.S.C. §

78ccc(a)1].

7.      Under Federal Law [15 U.S.C. § 78ccc(b)] SIPC and its employees are lawfully vested

with the following powers which includes (b)1 that SIPC and its employees can be sued or liable

for their improper actions:

(b) Powers
In addition to the powers granted to SIPC elsewhere in this chapter, SIPC shall have the power—
(1) to **sue and be sued, complain and defend, in its corporate name and through its own counsel,** in any State,
Federal, or other court;
(2) to adopt, alter, and use a corporate seal, which shall be judicially noticed;
(3) to adopt, amend, and repeal, by its Board of Directors, such bylaws as may be necessary or appropriate to carry
out the purposes of this chapter, including bylaws relating to—
(A) the conduct of its business; and
(B) the indemnity of its directors, officers, and employees (including any such person acting as trustee or otherwise
in connection with a liquidation proceeding) for liabilities and expenses actually and reasonably incurred by any
such person in connection with the defense or settlement of an action or suit if such person acted in good faith and in
a manner reasonably believed to be consistent with the purposes of this chapter.
[Underlined and bold emphasis added.]

8.      SIPC Group is asking this court to stay discovery again through a protective order motion

by falsely claiming immunity when there is no case law or federal law that supports any

immunity claim.  No defendant should be permitted to falsely claim immunity just to stall justice

and litigation and this is extremely prejudicial to the Plaintiff.

9.      SIPC Group is claiming the same following reasons to stay discovery once again in their

motion for a protective order: (1) the immunity provision of the Securities Investor Protection

Act, 15 U.S.C. §78aaa et seq. ("SIPA"); (2) the doctrine of official immunity, that confers

absolute immunity upon persons/organizations carrying out discretionary functions under federal

law; and (3) the doctrine of immunity from suit based on acts that occur in a judicial proceeding.

10.     In the SIPC Group's motion, SIPC Group attempts to mislead this court about immunity

as though SIPC group was some federal employee, agent, or officer.  When reviewing 15 U.S.C.

§78aaa nowhere is it found that SIPC has any immunity and in fact this citation reads that SIPC

Group has no immunity as stated before and is permitted to be sued.

11.    Even SIPC Group stated that they may be held liable in their first motion to dismiss by

saying that they acted in good faith which is a factual issue to be decided at trial.

12.    The Doctrine of Official Immunity applies to actual government agents and if SIPC

Group is Government Agent, then SIPC could be held liable under FTCA and then USA and

AUSA would then defend SIPC Group's bad acts.   But of course SIPC Group is again

misleading this court about the facts and substance of the law.

13.    Even the summons served on SIPC Group stated that:

> A lawsuit has been filed against you.
> Within 21 days after service of this summons on you (not counting the day you received it)
> — **or 60 days if you are the United States or a United States agency, or an officer or**
> **employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3)** — you must
> serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the
> Federal Rules of Civil Procedure
> [Emphasis added]

14.    If SIPC Group were a government entity, officer, or employee with some immunity then

they would have not been required to respond to the Operative Amended Complaint [OAC] for

60 days.   But SIPC Group recognizing their non-governmental roll and liability responded to

OAC within 21 days, just like any other civilian.

15.    SIPC Group claims that they are immune and they cannot be held liable for any judicial

proceeding.   SIPC Group then fails to cite any law or cases that are germane to this argument and

SIPC Group fails to identify which proceeding that they were a plaintiff or a defendant in that

may qualify for any immunity.

16.    Now SIPC Group threatens that if their protective order motion is not granted that they

will file an interlocutory appeal.   SIPC Group is out of time for filing an interlocutory appeal

since too much time has passed from the point in time when discovery was ordered to begin by this court. [DE 103] This as well as many other reasons that any appeal by SIPC Group, will fail.

17.     It is just a huge waste of resources for any defendant to falsely claim immunity when there are no laws or cases cited to buttress SIPC Group's false claim of immunity. This false claim of immunity is being used by SIPC Group as an improper tool to delay justice. The Plaintiff is very prejudiced by SIPC Group's delay tactics. Therefore, I respectfully request that this court deny SIPC's, Wang's, and LaRosa's motion for protective order.

## Conclusion

This Court has already ruled that the case proceed against SIPC, Wang and LaRosa as defendants in this Operative Amended Complaint and its' five charges. After the first motion for a stay by SIPC Group, this Court ruled on June 5th, 2014 that discovery may begin on August 1, 2014. Therefore, any threatened interlocutory appeal by SIPC Group, is out of time.

In addition and under the rules, this Operative Amended Complaint must be assumed to be true at this stage of the litigation. SIPC Group failed to bring any legal issues that would exclude them as defendants, admitted they can be sued, and offered no tangible legal argument for dismissal and therefore based on the facts of this case: 1. that the Operative Amended Complaint was served in a timely manner and 2. that by Federal Law and by this Court's orders and by SIPC Group's own admission, SIPC, Wang and LaRosa can be sued and are to be the named defendants in this case 3. the stated causes of action against SIPC Group are clear and 4. SIPC Group are being placed on proper legal notice. Therefore, I respectfully request that this Court deny SIPC's, Wang's, and LaRosa's motion to for protective order.

DATED this 15th, day of August, 2014.

Respectfully submitted,

/s/ _____ Pro Se
Richard Goble
1385 West State Road 434 Suite 102
Longwood, Florida 32750
(407) 339-9781
[Assignee of all claims of
G&G Holdings, Inc. Financial Industry
 Association Inc., The Goble Family Trust]


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing on the below service list was furnished via United States first class mail, facsimile, electronic mail, and/or this Court's electronic filing system upon the following interested parties this 15th day of August, 2014:

Respectfully submitted,

/s/ _____ Pro Se
Richard Goble
[Assignee of all claims of
 G&G Holdings, Inc. Financial Industry
 Association Inc., The Goble Family Trust]


**Service List:**

Notice has been electronically mailed to:

Notice has been electronically mailed to:

| | |
|---|---|
| Bruce William Barnes | bwbarnes@tampabay.rr.com, dmtaylor@tampabay.rr.com |
| Cathy A. Fleming | cfleming@hodgsonruss.com, apoznanski@hodgsonruss.com |
| David S. Mandel | dmandel@mandel-law.com, dcox@gibsondunn.com, pcrespo@mandel- law.com, scavanagh@mandel-law.com, smartin@gibsondunn.com |
| Glennys Ortega Rubin | grubin@shutts.com, rsouza@shutts.com, sbeery@shutts.com, sferguson@shutts.com |
| Kevin Dean Solonsky | solonskykd@sec.gov |

CASE NO. 6:10-CV-408-PGB-KRS

| | |
|---|---|
| Mary Ruth Houston | mhouston@shutts.com, rsouza@shutts.com, sbeery@shutts.com, sferguson@shutts.com |
| Matthew Triggs | mtriggs@proskauer.com, crotondo@proskauer.com, etorres@proskauer.com, mthompson@proskauer.com |
| Payal Salsburg | psalsburg@proskauer.com, crotondo@proskauer.com, etorres@proskauer.com, kmolloy@proskauer.com |
| Ralph E. Hopkins | ralph.hopkins@usdoj.gov, orldocket.mailbox@usdoj.gov, usaflm.orl_ecf@usdoj.gov |
| William F. Jung | wjung@jungandsisco.com, Backupdocket@yahoo.com, droberts@jungandsisco.com |

Mailed to:

Timothy Ward Pro Se
208 Debary Dr.
Debary, FL 32713

CASE NO. 6:10-CV-408-PGB-KRS