UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FINANCIAL INDUSTRY ASSOCIATION,
G&G HOLDINGS, INC., RICHARD GOBLE,
And THE GOBLE FIRST REVOCABLE
FAMILY TRUST MAY 13, 1999,

    Plaintiffs,

v.

THE UNITED STATES OF AMERICA,
SECURITIES AND EXCHANGE COMMISSION,
SECURITIES INVESTOR PROTECTION CORPORATION,
BRUCE BLATMAN, TIMOTHY WARD,
HENRY LANGE, FINANCIAL INDUSTRY
TECHNICAL SERVICES, INC. and JOHN RIZZO,
JOSEPHINE WANG and CHRISTOPHER
LAROSA,

    Defendants.
_____/

Case No.: 6:10-CV-408-Orl-Krs
(Consolidated Lead Case)

Case No. 6-11-CV-00825-Orl-KRS

### DEFENDANTS SECURITIES INVESTOR PROTECTION CORPORATION, JOSEPHINE WANG AND CHRISTOPHER LAROSA'S OPPOSITION TO RICHARD GOBLE'S MOTION TO SUBSTITUTE (DOC. 153)

Defendants, Securities Investor Protection Corporation ("SIPC"), Josephine Wang and Christopher LaRosa (collectively, "SIPC Defendants"), hereby file their opposition to Plaintiff Richard Goble's "Motion to Substitute Richard Goble for G&G Holdings, Inc. and Financial Industry Association and the Only Trustee of the Goble Family Trust Dated May 13th, 1999 as the Assignee of their Claims in the Consolidated Complaint 6:10-cv-408-PGB-KRS" (Doc. 153). Goble's motion serves no purpose other than to further complicate the procedural morass that Goble has created over the years using the judicial system as his mechanism to forward baseless legal claims. In fact, as set forth below, Goble's attempt to assert claims on behalf of the other purported named plaintiffs was briefed by the SIPC Defendants in their previously filed dispositive motion to

dismiss (Doc. 110), which remains pending. The Magistrate Judge's recognition that Goble had not filed a motion to substitute in her Report and Recommendations on motions to dismiss filed by the FITS Defendants and the USA Defendants (Docs. 152, 156) does not suggest that an assignment here is proper. In fact, the Report and Recommendations specifically noted that any assignment must be "valid" -- which this is not.

Goble's Motion to Substitute obscures the real issue in this litigation; namely, the continued and very real fear of the SIPC Defendants of a forced loss of immunity absent an immiment ruling from this Court on the SIPC Defendants' pending motion to dismiss, and related motions for a stay of discovery and protective order (Docs. 110, 120, 151). This loss of immunity could occur as early as September 3, 2014, which is the due date for the SIPC Defendants to respond to Goble's First Request for Production.

## ARGUMENT

In his motion, Goble contends that he is an "assignee of claims," a "100% shareholder" (presumably of G&G Holdings, Inc. ["G&G Holdings"] and Financial Industry Association, Inc. ["FIA"]) and the only trustee of The Goble Family Trust, and that he is proceeding "derivatively" and *pro se* on behalf of such entities. In the operative complaint, however, he states that it is the Goble Family Trust who is the sole shareholder of G&G Holdings and FIA, not himself. Complt. at ¶3. Despite this discrepancy, he now claims that he has assigned – as "sole shareholder" – all claims in the complaint to himself individually. The first such claim appears to be for damages to Goble and the Goble Family Trust allegedly caused by the liquidation of NACI (the complaint identifies them as the shareholders of NACI, now in bankruptcy) (e.g., Complt. ¶ 44). The other claim appears to be for the alleged destruction of computer and other equipment allegedly belonging to G&G Holdings and GIA (e.g., Complt. ¶ 46).

I.  **Goble's Motion Should Be Denied As A Subterfuge to Avoid Obtaining Counsel to Represent Corporate Entities**

On at least four occasions, this Court has advised Goble that he cannot, in his individual capacity, represent the other named plaintiffs in this litigation (825 Case, Doc. 12, 18, 25 and 27). It is well established that the right to appear in litigation *pro se* is an individual right, 28 U.S.C. §1654, and that an individual is not permitted to appear *pro se* on behalf of another, much less appear *pro se* on behalf of entities that are legally required to be represented by licensed counsel in litigation. See Palazzo v. Gulf Oil Corporation, 764 F.2d 1381, 1385 (11th Cir. 1985) (corporation is artificial entity and cannot appear in a judicial case *pro se* and must, instead, be represented by counsel); Wolfe v. Rodriguez, 2013 WL 6885176, *3 (S.D. Fla. 2013) (same); Bank of America, N.A. v. Silverstar Maintenance, Inc., 2013 WL 4457417, * 2 (M.D. Fla. 2013) (same); R& R Bond Galleries, Inc. v. State of Florida, et al., 2013 WL 531119 (M.D. Fla. 2013) (same); see also Local Rule 2.03 (b) (business entities may "appear and be heard only through counsel admitted to practice in the Court......").

This Circuit, and courts in this district, reject the notion that a *pro se* plaintiff may avoid this requirement by purporting to assign corporate claims to an individual. For example, in Wolfe v. Rodriguez, 2013 WL 6885176, *3 (S.D. Fla. Dec. 31, 2013) (Rosenbaum, J.), the *pro se* plaintiff sought to avoid retaining counsel for corporate defendants by claiming to have assigned their claims to himself individually. The court observed that, as here, the *pro se* plaintiff had previously been instructed to retain counsel, and attempted to substitute via assignment only after being told numerous times that he could not individually represent the corporate entities. The court concluded that the *pro se* plaintiff was simply trying to avoid the representation requirement in order to pursue the corporate claims, and noted "the law in this Circuit is clear that a party may not utilize an assignment of claim to circumvent the requirement that a corporation be represented by counsel." See also Palazzo, 764 F.2d at 1385 (assignment of corporate claims to a non-attorney corporate

3

officer of no legal consequence as corporation had to be represented by counsel; *pro se* action on behalf of corporation subject to dismissal).

Here, given the repeated efforts to educate Goble and the various opportunities provided to him to retain legal counsel on behalf of the purported named plaintiffs, not only should this Motion for Substitution be denied, but, as set forth in the SIPC Defendants' motion to dismiss, G&G Holdings, Inc., Financial Industry Association, and the Goble Family Trust dated May 13th, 1999 should be dismissed from these proceedings entirely.[1]

## II.  Failure to Comply with Local Rule 3.01(g)

Noticeably absent from Goble's Motion for Substitution is any indication that he conferred with any of the defendants in this litigation, as required by Local Rule 3.01(g), prior to filing his motion. That alone necessitates the denial of the Motion.

## CONCLUSION

For the reasons set forth above, the SIPC Defendants respectfully request an order denying Goble's request for substitution as to G&G Holdings, Inc., Financial Industry Association, and the Goble Family Trust dated May 13th, 1999, and granting such other and further relief as this Court deems just and proper.

/s/ Glennys Ortega Rubin
Mary Ruth Houston, Esquire
Florida Bar No. 834440
mhouston@shutts.com
Glennys Ortega Rubin, Esquire

---

[1] In his motion to substitute, Goble also introduces the concept that he is pursuing a derivative action. Although it is possible that Goble is simply loosely using such terms, any concept that he has brought a derivative action – or that such would be appropriate – should be rejected and provides no basis for permitting substitution. A derivative shareholder claim typically involves allegations of corporate waste or the like against those who owe fiduciary duties to the corporation. Moreover, such actions are subject to demand requirements, which have not been alleged or met here. As Goble takes the position that he was the principal behind G&G Holdings and FIA, as well as the trustee of the Goble Family Trust, he can hardly be proceeding derivatively on their behalf against his own misdeeds. Furthermore, as set forth in the SIPC Defendants' motion to dismiss, claims based on what happened to NACI belong to and are part of the bankruptcy estate. See Doc. 110, SIPC Defendants' *Motion to Dismiss*, at 22-23. Goble's reference to "derivative" actions lends no additional support to his motion to substitute, and certainly should not be allowed to operate as some sort of de facto amendment of the complaint.

Florida Bar No. 0556361
grubin@shutts.com
SHUTTS & BOWEN LLP
300 South Orange Avenue, Suite 1000
Orlando, Florida 32801-5403
(407) 423-3200 (Telephone)
(407) 425-8316 (Facsimile)
*Attorneys for SIPC DEFENDANTS*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 21st day of August, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following: Bruce William Barnes (bwbarnes@tampabay.rr.com, dmtaylor@tampabay.rr.com), Philip D. Bartlett (phil@pdbartlettlaw.com), Richard Goble (1926media@gmail.com), William F. Jung (wjung@jungandsisco.com, droberts@jungandsisco.com, Backupdocket@yahoo.com), David S. Mandel (dmandel@mandel-law.com, dcox@gibsondunn.com, pcrespo@mandel-law.com, scavanagh@mandel-law.com, smartin@gibsondunn.com), Payal Salsburg (psalsburg@proskauer.com, etorres@proskauer.com, crotondo@proskauer.com, kmolloy@proskauer.com), and Matthew Triggs (mtriggs@proskauer.com, etorres@proskauer.com, crotondo@proskauer.com, mthompson@proskauer.com), and I served a true and correct copy of the foregoing via Federal Express, prepaid, upon the following CM/ECF Non-Participant: Timothy Ward, 208 Debary Drive, Debary, Florida 32713.

/s/ Glennys Ortega Rubin
OF COUNSEL

ORLDOCS 13582720 1

5