THE UNITED STATES DISTRICT COURT
THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RICHARD GOBLE and
(RICHARD GOBLE as
Assignee of all claims of
G&G HOLDINGS, INC.
FINANCIAL INDUSTRY ASSOCIATION, INC.
THE GOBLE FAMILY TRUST)

**Plaintiff,**

CASE NO. 6:10-CV-408-PGB-KRS
(Consolidated Lead Case)

vs.

THE UNITED STATES OF AMERICA,
SECURITIES AND EXCHANGE COMMISSION,

BRUCE B. BLATMAN, and
TIMOTHY J. WARD,

SECURITIES INVESTOR PROTECTION CORPORATION,
JOSEPHINE WANG, and CHRISTOPHER LAROSA,

FINANCIAL INDUSTRY TECHNICAL SERVICES, INC.,
HENRY LANGE, and JOHN RIZZO,

**Defendants/**

## PLAINTIFF'S MOTION TO COMPEL DEFENDANTS' SIPC, WANG, LAROSA, USA/SEC, AND WARD TO COMPLY WITH THE REQUIREMENTS OF THE CASE MANAGEMENT AND SCHEDULING ORDER INITIAL MANDATORY DISCLOSURES

RICHARD GOBLE, ("GOBLE" "Plaintiff" "me", "I", "my", "assignee") proceeding *pro se* and as assignee of all claims and 100% shareholder of the FINANCIAL INDUSTRY ASSOCIATION ("FIA"), G&G HOLDINGS, INC.("G&G"), and THE GOBLE FIRST REVOCABLE FAMILY TRUST MAY 13, 1999 ("Trust") NORTH AMERICAN CLEARING,

Inc.("NACI") and (collectively the "Goble Entities")[1] and proceeding derivatively on behalf of the Goble Entities, hereby moves the Court for an order compelling Defendants' Timothy Ward ("Ward")[2], Securities Investor Protection Corporation, Josephine Wang, Christopher LaRosa (collectively "SIPC Group"), the United States of America ("USA") and the Security Exchange Commission ("SEC") (collectively referred to as "non-compliant Defendants") to comply with the requirements of this Court's Case Management and Scheduling Order (D.E. 145) ("Scheduling Order") and prepare and distribute in good faith Mandatory Initial Disclosures that were due on August 18th, 2014.

Although as a pro-se Plaintiff I have been attempting to work in good faith with SIPC, Wang, LaRosa, USA/SEC and Ward for more than five months to exchange the information necessary and to comply with this Court's orders, SIPC, Wang, LaRosa, USA/SEC, and Ward still have not provided the Plaintiff or anybody else with Court Ordered Mandatory Initial Disclosures statement in accordance the August 18th, 2014 deadline[3] [4].

SIPC, Wang and LaRosa did email a letter on August 18th, 2014 stating essentially that they are not going to comply with the Scheduling Order. [Attachment A]

USA/SEC (after already defaulting on the Operative Complaint) and Ward just simply ignored the scheduling order deadline.

---

[1] As sole owner and shareholder of G&G Holdings, Inc. and Financial Industry Association, Inc., and the only Trustee of the Goble Family Trust dated May 13th, 1999, I hereby declare that I am the assignee of all claims arising out of this consolidated Amended Complaint [6:10-cv-408-PGB-KRS] [DE 153]

[2] Ward also failed to comply with any of the scheduling conference orders and has refused certified US Mail that copied Ward in on this case's filings.

[3] Bruce Blatman was the only Defendant that complied with the Court Ordered Mandatory Initial Disclosures due on August 18th, 2014.

[4] FITS, Henry Lange, and John Rizzo are not required to file Mandatory Initial Disclosures because their discovery requirements have been stayed by this Court [DE 155]

In addition, since discovery was ordered by this court to occur for only two months in this case, it is now doubtful that a fair discovery process will ever take place without this Court's assistance in compelling the non-compliant Defendants.

In short, although I have attempted to work closely with the non-compliant Defendants because of my pro se status to avoid having to file this motion, the non-compliant Defendants' delay have placed me in an untenable position.

I respectfully ask the Court to issue an order:

(1) Compelling SIPC, Wang, LaRosa, Ward, USA/SEC to comply with the requirements of the Scheduling Order and provide the parties all of the information required in the Initial Mandatory Disclosure by August 29th, 2014 and to further comply with all of the other requirements of the scheduling order including discovery or face further sanctions from this court.

(2) Compel the non-compliant Defendants from introducing any exhibits or calling any witnesses at trial if they do not fully comply with the Scheduling Order and especially its discovery requirements.

The Plaintiff is mindful of the statement in the Scheduling Order to bring these matters to the Court's attention in a timely manner. I understand that discovery will last only two months and will end in about a month. These non-compliant actions by the stated Defendants' are going to make it impossible to complete fair discovery process.

But I am are also mindful of the fact that I am pro se, and that we have an obligation to try to confer and work these issues out with opposing parties (represented or unrepresented) before filing motions with the Court.

I also did not want to prematurely invoke the Court's resources, but at this point, the non-compliant Defendants are not anywhere close to complying with their responsibilities, and we are out of time.

Pursuant to Local Rule 3.01(g), I have conferred with SIPC, Wang, LaRosa, USA/SEC, and Ward in an attempt resolve this issue, USA/SEC did respond that "since the MJ has recommended that your complaint be dismissed with prejudice, I'm going to wait until the R&R is decided by the court before I send you the USA's initial disclosures. If the R&R is not adopted, I'll send the disclosure immediately." SIPC, Wang, and LaRosa responded by just reiterating the email in attachment A. Therefore, I have been unable to resolve the issues. Accordingly, I respectfully ask that the Court to issue an order as described above.

DATED this 25th, day of August, 2014.

Respectfully submitted,

/s/ _____ Pro Se
Richard Goble
1385 West State Road 434 Suite 102
Longwood, Florida 32750
(407) 339-9781
(Assignee of all Plaintiffs' Claims)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing on the below service list was furnished via United States first class mail, facsimile, electronic mail, and/or this Court's electronic filing system upon the following interested parties this 25th day of August, 2014:

Respectfully submitted,

/s/ _____ Pro Se
Richard Goble
(Assignee of all Plaintiffs' Claims)

**Service List:**

Notice has been electronically mailed to:

| | |
|---|---|
| Bruce William Barnes | bwbarnes@tampabay.rr.com, dmtaylor@tampabay.rr.com |
| Cathy A. Fleming | cfleming@hodgsonruss.com, apoznanski@hodgsonruss.com |
| David S. Mandel | dmandel@mandel-law.com, dcox@gibsondunn.com, pcrespo@mandel-law.com, scavanagh@mandel-law.com, smartin@gibsondunn.com |
| Glennys Ortega Rubin | grubin@shutts.com, rsouza@shutts.com, sbeery@shutts.com, sferguson@shutts.com |
| Kevin Dean Solonsky | solonskykd@sec.gov |
| Mary Ruth Houston | mhouston@shutts.com, rsouza@shutts.com, sbeery@shutts.com, sferguson@shutts.com |
| Matthew Triggs | mtriggs@proskauer.com, crotondo@proskauer.com, etorres@proskauer.com, mthompson@proskauer.com |
| Payal Salsburg | psalsburg@proskauer.com, crotondo@proskauer.com, etorres@proskauer.com, kmolloy@proskauer.com |
| Ralph E. Hopkins | ralph.hopkins@usdoj.gov, orldocket.mailbox@usdoj.gov, usaflm.orl_ecf@usdoj.gov |
| William F. Jung | wjung@jungandsisco.com, Backupdocket@yahoo.com, droberts@jungandsisco.com |

Mailed to:

Timothy Ward Pro Se
208 Debary Dr.
Debary, FL 32713

# 1926 Media

| | |
|---|---|
| **From:** | Rebecca R. Souza <RSouza@shutts.com> |
| **Sent:** | Monday, August 18, 2014 4:33 PM |
| **To:** | 'solonskykd@sec.gov'; 'mtriggs@proskauer.com'; 'bwbarnes@tampabay.rr.com'; 'ralph.hopkins@usdoj.gov'; 'wjung@jungandsisco.com'; 'dmandel@mandel-law.com'; 'psalsburg@proskauer.com'; '1926media@gmail.com' |
| **Cc:** | Mary Ruth Houston; Glennys Ortega Rubin; Shana R. Beery; Sara J. Ferguson |
| **Subject:** | Case No.: 6:10-cv-408 (consolidated lead case) / Case No. 6:11-cv-825; Response and Objection to Fed.R.Civ.P. 26(a)(1)(A) Discovery Disclosure Requirements |
| **Attachments:** | 13581597_1_(ORLDOCS)_Response & Objection to Fed.R.Civ.P. 26(a)(1)(A) Discovery Deadline Requirements - 8_18_14.PDF |

Attached please find a copy of Defendants Securities Investor Protection Corporation, Josephine Wang, and Christopher LaRosa's Response and Objection to Fed. R. Civ. P. 26(a)(1)(A) Discovery Disclosure Requirements, regarding the above-referenced matter.

A hard copy will follow by regular mail today.

Thank you.

**Rebecca R. Souza**
*Legal Assistant*

SHUTTS
&
BOWEN
LLP

*Founded 1910*

**Shutts & Bowen LLP**
300 South Orange Avenue, Suite 1000 | Orlando, FL 32801
Direct: (407) 835-6916 | Fax: (407) 425-8316
E-Mail | Website

**Please consider the environment before printing this email**

1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FINANCIAL INDUSTRY ASSOCIATION,
G&G HOLDINGS, INC., RICHARD GOBLE,
And THE GOBLE FIRST REVOCABLE
FAMILY TRUST MAY 13, 1999,

Plaintiffs,

v.

THE UNITED STATES OF AMERICA,
SECURITIES AND EXCHANGE COMMISSION,
SECURITIES INVESTOR PROTECTION CORPORATION,
BRUCE BLATMAN, TIMOTHY WARD,
HENRY LANGE, FINANCIAL INDUSTRY
TECHNICAL SERVICES, INC. and JOHN RIZZO,
JOSEPHINE WANG and CHRISTOPHER
LAROSA,

Defendants.
_____/

Case No.: 6:10-CV-408-Orl-Krs
(Consolidated Lead Case)

Case No. 6-11-CV-00825-Orl-KRS

### DEFENDANTS SECURITIES INVESTOR PROTECTION CORPORATION, JOSEPHINE WANG, AND CHRISTOPHER LAROSA'S RESPONSE AND OBJECTION TO FED.R.CIV.P. 26(a)(1)(A) DISCOVERY DISCLOSURE REQUIREMENTS

Defendants Securities Investor Protection Corporation, Josephine Wang, and Christopher LaRosa (collectively, the "SIPC Defendants"), by and through their undersigned counsel, hereby provide their response and objection to discovery disclosure requirements under Fed. R. Civ. P. 26(a)(1)(A), in light of their immunity from and against any liability herein, as well as this suit, and in connection therewith, the entire litigation process, including discovery.

In particular, the SIPC Defendants have filed a "Renewed Motion to Stay Discovery in Light of May 15, 2014 and June 5, 2014 Orders Staying Discovery and Pending Court's Ruling on Dispositive Motions" (Doc. 141) and a "Motion for Protective Order Prohibiting Discovery Pending Ruling on the SIPC Defendants' Dispositive Motion Raising Immunity Defense, in Light of

1

Danger of Loss of Immunity and of Rights of Interlocutory Appeal if Discovery is Allowed" (Doc. 151), both which remain pending and have been referred to Magistrate Judge Karla R. Spaulding for review and consideration (along with the SIPC Defendants' Dispositive Motion to Dismiss with Prejudice). As more fully detailed in those pending motions, the SIPC Defendants are immune from suit and the litigation process, including discovery, based on various well established legal grounds. For that reason, the SIPC Defendants cannot participate in the discovery process as doing so would effectively constitute a partial waiver of their immunity rights and strip them of their rights of immunity prior to a decision having been made by the Court as to whether they are immune.

Therefore, the SIPC Defendants object to, in any way, participating in the discovery process in this litigation, including without limitation, providing discovery disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A) herein.

Mary Ruth Houston, Esquire
Florida Bar No. 834440
mhouston@shutts.com
Glennys Ortega Rubin, Esquire
Florida Bar No. 0556361
grubin@shutts.com
SHUTTS & BOWEN LLP
300 South Orange Avenue, Suite 1000
Orlando, Florida 32801-5403
Telephone: (407) 423-3200
Facsimile: (407) 425-8316
*Attorneys for the SIPC Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of August, 2014, that a true and correct copy of the foregoing has been served via E-Mail and U.S. Mail, postage prepaid, upon the following:

Kevin D. Solonsky, Esquire
Securities and Exchange Commission
100 F Street, NE
Washington, DC 2054-9612
(solonskykd@sec.gov)

Matthew Triggs, Esquire
Proskauer Rose LLP
2255 Glades Road, Suite 340W
Boca Raton, Florida 33431-7360
(mtriggs@proskauer.com)

Bruce W. Barnes, Esquire
Bruce W. Barnes, P.A.
100 Main Street, Suite 204
Safety Harbor, Florida 34695
(bwbarnes@tampabay.rr.com)

Ralph E. Hopkins, Esquire
United States Attorney's Office – FLM
400 West Washington Street, Suite 3100
Orlando, Florida 32801
(Ralph.hopkins@usdoj.gov)

William F. Jung, Esquire
Jung & Sisco, P.A.
101 East Kennedy Boulevard, Suite 3920
Tampa, Florida 33602
(wjung@jungandsisco.com)

David S. Mandel, Esquire
Mandel & Mandel, LLP
169 East Flagler Street, Suite 1200
Miami, Florida 33131
(dmandel@mandel-law.com)

Payal Salsburg, Esquire
Proskauer Rose LLP
2255 Glades Road, Suite 421 Atrium
Boca Raton, Florida 33431-7360
(psalsburg@proskauer.com)

Richard Goble
1385 West State Road 434, Suite 102
Longwood, Florida 32750
(1926media@gmail.com)

Cathy A. Fleming, Esquire
Hodgson Russ, LLP
1540 Broadway, 24th Floor
New York, New York 10036
(cfleming@hodgsonruss.com)

Timothy Ward
208 Debary Drive
Debary, Florida 32713
(via U.S. Mail only)

_____
COUNSEL

ORLDOCS 13578713 2

3