UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FINANCIAL INDUSTRY ASSOCIATION,
G&G HOLDINGS, INC., RICHARD GOBLE,
And THE GOBLE FIRST REVOCABLE
FAMILY TRUST MAY 13, 1999,

    Plaintiffs,

v.

THE UNITED STATES OF AMERICA, et al.

    Defendants.
_____/

Case No.: 6:10-CV-408-Orl-Krs
(Consolidated Lead Case)

Case No. 6-11-CV-00825-Orl-KRS

## DEFENDANTS SECURITIES INVESTOR PROTECTION CORPORATION, JOSEPHINE WANG AND CHRISTOPHER LAROSA'S SUPPLEMENTAL BRIEF AS TO THIS COURT'S SUBJECT MATTER JURISDICTION

Defendants, Securities Investor Protection Corporation ("SIPC"), Josephine Wang and Christopher LaRosa (collectively, "SIPC Defendants"), by and through their undersigned counsel, file their supplemental brief, in compliance with this Court's August 21, 2014 Order (Doc. 159), to address this Court's subject matter jurisdiction as to the SIPC Defendants, and in further support of their motion to dismiss, with prejudice.

In their motion to dismiss (Doc. 110) ("Motion"), the SIPC Defendants raise several bases for dismissal with prejudice, any one of which alone is sufficient to dismiss all claims asserted or attempted to be asserted here against the SIPC Defendants in the operative First Amended Complaint (Case No. 6:11-cv-00825 ("825 Case") Doc. 2) ("Complaint").

In their Motion, the SIPC Defendants invoked Rules 12(b)(1), (4), (5) and (6). The Court can dismiss this matter under Rule 12(b)(1) either because it does not have subject matter jurisdiction under principles of standing or because the Court concludes the type of immunity that

1

...

protects the SIPC Defendants is jurisdictional in nature.[1] Additionally, or in the alternative, the Court can dismiss under Rule 12(b)(6), because Goble has failed to state a claim upon which relief can be granted, based on the absolute privilege afforded to defendants for acts occurring during litigation, statutory immunity under the Securities Investor Protection Act ("SIPA"), or official immunity (Motion, Secs. 2, 3, 4).[2] Given the lack of clarity of the Complaint, including the failure to identify the capacity in which the individual defendants have been sued, the SIPC Defendants urge a ruling by the Court as to all possible bases for dismissal. See, e.g., Fowlers v. Dep't of Justice, 2012 WL 518357 (D. Hi. Feb. 15, 2012) (ruling on 12(b)(6) grounds and, in the alternative, ruling that the court would lack subject matter jurisdiction based on immunity). Furthermore, without such rulings, given the imminence of the deadlines in the Case Management Order, and the September 3, 2014 deadline to respond to Goble's request for production, the SIPC Defendants irretrievably will be placed into a position where they are stripped of immunity if forced to participate in the litigation.

As background, apart from the issues of standing and immunity triggered by the allegations of the Complaint, as a general matter, this Court has original jurisdiction to hear this action. Under SIPA, 15 U.S.C. § 78ccc(b)(1), SIPC has the express power to "sue and be sued, complain, defend, in its corporate name and through its own counsel, in any State, Federal or other court." In American Nat'l Red Cross v. S.G., 505 U.S. 247 (1992), the Supreme Court considered whether the provision of the Red Cross's charter that authorized it to "sue or be sued in courts of law and equity, State or Federal, within the jurisdiction of the United States" conferred federal jurisdiction. Id. at 2467. The Court held that the provision was an express authorization to sue or be sued in federal courts, extending beyond a mere grant of general corporate capacity to sue, and was sufficient to confer federal jurisdiction. Id. at 2472. For the same reasons, this Court has original federal

---

[1] The Goble Plaintiffs bear the burden to prove that this Court has subject matter jurisdiction. See Ishler v. Internal Revenue, 237 Fed. App'x 394, 395 (11th Cir. 2007) (citation omitted).

[2] Also, as stated in the Motion, Sec. 5., the Complaint fails to state a claim for a myriad of unremediable reasons.

2

jurisdiction over this matter.

Notwithstanding its ability to exercise original federal jurisdiction, under this Complaint, this Court lacks subject matter jurisdiction for two reasons. First, standing itself is a jurisdictional question, and as such, challenges are properly brought under Rule 12(b)(1). Hosseinzadeh v. Green Point Mortg. Funding, Inc., 2014 WL 4056310, n.3 (11th Cir. 2014); Houston v. Marod Supermarkets, Inc., 733 F.3d 1323, 1328 (11th Cir. 2013). As briefed in the Motion, Goble has no standing to seek relief on behalf of the other entities who are ostensibly plaintiffs. Furthermore, as set forth in the SIPC Defendants' opposition to Goble's motion to substitute (Doc. 160) and the cases cited therein, he cannot cure this issue by assignment. Also, Goble has no standing to bring claims on behalf of North American Clearing, Inc. ("NACI"), which is currently in liquidation and is not a party here, as such claims belong exclusively to and are the property of the estate. See 11 U.S.C. §541(a)(1) and 15 U.S.C. §78fff(b)); Chen v. Siemens Energy, Inc., 467 Fed. Appx. 852, 853 (11th Cir. 2012); Isaac v. IMRG, 224 Fed. Appx. 907, 909 (11th Cir. 2013). Because Goble does not have standing, this Court is divested of subject matter jurisdiction.

Second, as recognized in the Reports and Recommendations (Docs. 152, 156), certain types of immunity, such as sovereign immunity or immunity provided by the Barton doctrine, deprive a court of subject matter jurisdiction. Here, based on the allegations of the Complaint, the SIPC Defendants enjoy several species of immunity, including (1) statutory immunity under SIPA, 15 U.S.C. §§78aaa et seq. ("neither SIPC nor any of its Directors, officers or employees shall have any liability to any person for any action taken or omitted in good faith under or in connection with" a liquidation under SIPA), and (2) absolute immunity under principles of official immunity. In the Complaint, Goble sues SIPC itself, and two of its attorneys as attorneys for SIPC. Complaint, ¶¶12, 30. He does not (and cannot) identify any individual basis on which he sues the two attorneys; indeed, the alleged wrongful acts are part and parcel of their obligations under SIPA, which is

3

designed to provide financial relief to customers of failing SIPC member broker-dealers where customers have left cash or securities on deposit. Where entities perform governmental functions, they are absolutely immune from suit from actions taken in connection therewith. Weissman v. Nat'l Ass'n of Securities Dealers, Inc., 500 F.3d 1293 (11th Cir. 2007).

Courts have dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) in circumstances involving, among others, absolute judicial/prosecutorial immunity,[3] sovereign immunity,[4] and sovereign immunity conferred on a private party by virtue of its role as a fiscal intermediary to the federal government.[5] Here, as Goble has sued SIPC and its attorneys in their official capacities, this Court lacks subject matter jurisdiction because these defendants have an absolute privilege based on their exercise of discretion in carrying out their statutorily-mandated functions. See Motion, Sec. 4; see also Weissman v. Nat'l Ass'n of Securities Dealers, Inc., 500 F.3d at 1296 ("Because they perform a variety of vital governmental functions, but lack the sovereign immunity that governmental agencies enjoy, [self-regulatory organizations] are protected by absolute immunity when they perform their statutorily delegated adjudicatory, regulatory, and prosecutorial functions"). Under 15 U.S.C. §78eee(a)(3)(A), SIPC "may" file an application for a customer protective decree as to any member broker-dealer if SIPC determines that a firm "has failed or is in danger of failing to meet its obligations to customers" and if the firm is the subject of a court

---

[3] No subject matter jurisdiction existed in the following: Gordon v. Wooten, 2012 WL 967852 (E.D. Ca. Mar. 21, 2012) (even though traffic commissioner was sued in both official and individual capacities, claims were based on official judicial duties and defendant therefore had absolute judicial immunity); Edmonds v. Moore, 2003 WL 23325402 (E.D. Va. Jan. 15, 2003) (court clerk entitled to absolute immunity when performing ministerial act in accordance with judicial order). See also Austin Municipal Sec., Inc. v. Nat'l Ass'n of Securities Dealers, Inc., 757 F.2d 676 (5th Cir. 1985) (not addressing subject matter jurisdiction, but holding that private, self regulatory organization subject to SEC oversight, its officers and its staff were absolutely immune to extent they acted as prosecutors and for actions taken within outer scope of their duties); Mandelbaum v. New York Mercantile Exchange, 894 F. Supp. 676 (S.D.N.Y. 1995) (absolute immunity applied to commodities exchange with quasi-governmental role in regulating trading).

[4] E.g., Fowlers v. Dep't of Justice, 2012 WL at 518357 (attorneys sued only in official capacity).

[5] E.g., Livingston v. Blue Cross and Blue Shield of Alabama, 788 F. Supp. 545 (S.D. Ala. 1992), aff'd, 996 F.3d 314 (11th cir. 1993) (sovereign immunity applies to Medicare fiscal intermediary, depriving court of subject matter jurisdiction). In these cases, the Court concludes that actions against the fiscal intermediary are like suits against the federal government, as the government's finances are at risk. So, too, under SIPA, if the funds collected SIPC from its members are insufficient for SIPC's purposes, the SEC can make loans to it from the U.S. Treasury. 15 U.SC.§§78ddd(f),(g),(h).

proceeding in which a receiver has been appointed. Here, as the district court, affirmed by the 11th Circuit, properly concluded, NACI lacked the funds needed to comply with its customer reserve requirements, and at the time of SIPC's filing, a receiver had been appointed. See S.E.C. v. Goble, Case No. 6:08-cv-00829-MSS-KRS (M.D. Fla.) (Doc. 260 at 22-26) (April 27, 2011) and S.E.C. v. Goble, 682 F.3d 934, 947 (11th Cir. 2012). Thus, the statutory bases for the filing of an application for a protective decree were present; SIPC's exercise of its prosecutorial discretion was proper; and absolute immunity must apply so as to deprive this Court of subject matter jurisdiction.[6]

But additionally, or in the alternative, and in light of the confusing nature of Goble's claims, this Court could conclude it has subject matter jurisdiction sufficient to dismiss the claims against the SIPC Defendants under Rule 12(b)(6). For example, in Byars v. Malloy, 2011 WL 4538073 (D. Conn. Sept. 29, 2011), the court noted that although principles of absolute immunity, in a sense, meant that the court had no subject matter jurisdiction to hear a suit against the President (although intended to be brought against him individually), the case should technically have been decided under Rule 12(b)(6) because "absolute immunity does not deprive a court of subject matter jurisdiction." See also Gadsden Indus. Park, LLC v. United States, 2014 WL 2919472 (N.D. Ala. June 26, 2014) (the question of absolute immunity for nongovernmental actors was not jurisdictional and should be examined under Rule 12(b)(6) under the governmental contractor defense). In reliance on such cases, this Court would have subject matter jurisdiction to dismiss the Complaint with prejudice under Rule 12(b)(6) for all the reasons set forth in the Motion.

For the reasons set forth above, the SIPC Defendants respectfully request an order granting the SIPC Defendants' dispositive motion to dismiss, with prejudice, on any of the bases raised by the SIPC Defendants, and granting such other and further relief as this Court deems just and proper.

---

[6] Reinforcing SIPC's discretion is the fact that only the SEC may seek to compel SIPC to commence a liquidation, and even then, only by suing SIPC in district court. 15 U.S.C. §78jjj(b); S.E.C. v. SIPC, 842 F. Supp. 2d 321, 328 (D.D.C. 2012); S.E.C. v. SIPC, 2014 WL 3538066 (D.C. Cir. July 18, 2014).

/s/ Mary Ruth Houston
Mary Ruth Houston, Esquire
Florida Bar No. 834440
mhouston@shutts.com
Glennys Ortega Rubin, Esquire
Florida Bar No. 0556361
grubin@shutts.com
SHUTTS & BOWEN LLP
300 South Orange Avenue, Suite 1000
Orlando, Florida 32801-5403
(407) 423-3200 (Telephone)
(407) 425-8316 (Facsimile)
*Attorneys for SIPC DEFENDANTS*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 27th day of August, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following: Bruce William Barnes (bwbarnes@tampabay.rr.com, dmtaylor@tampabay.rr.com), Philip D. Bartlett (phil@pdbartlettlaw.com), Richard Goble (1926media@gmail.com), William F. Jung (wjung@jungandsisco.com, droberts@jungandsisco.com, Backupdocket@yahoo.com), David S. Mandel (dmandel@mandel-law.com, dcox@gibsondunn.com, pcrespo@mandel-law.com, scavanagh@mandel-law.com, smartin@gibsondunn.com), Payal Salsburg (psalsburg@proskauer.com, etorres@proskauer.com, crotondo@proskauer.com, kmolloy@proskauer.com), and Matthew Triggs (mtriggs@proskauer.com, etorres@proskauer.com, crotondo@proskauer.com, mthompson@proskauer.com), and I served a true and correct copy of the foregoing via Federal Express, prepaid, upon the following CM/ECF Non-Participant: Timothy Ward, 208 Debary Drive, Debary, Florida 32713.

/s/ Mary Ruth Houston
OF COUNSEL

ORLDOCS 13591631 4