UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RICHARD GOBLE and
(RICHARD GOBLE as
Assignee of all claims of
G&G HOLDINGS, INC.
FINANCIAL INDUSTRY ASSOCIATION, INC.
THE GOBLE FAMILY TRUST)

**Plaintiffs,**

CASE NO. 6:10-CV-408-PGB-KRS
(Consolidated Lead Case)

v.

THE UNITED STATES OF AMERICA,
SECURITIES AND EXCHANGE COMMISSION,

BRUCE B. BLATMAN, and
TIMOTHY J. WARD,

SECURITIES INVESTOR PROTECTION CORPORATION,
JOSEPHINE WANG, and CHRISTOPHER LAROSA,

FINANCIAL INDUSTRY TECHNICAL SERVICES, INC.,
HENRY LANGE, and JOHN RIZZO,

**Defendants,**

## PLAINTIFF RICHARD GOBLE'S SUPPLEMENTAL BRIEF AS TO THIS COURT'S SUBJECT-MATTER JURISDICTION [DE 159]

RICHARD GOBLE, ("GOBLE" "Plaintiff" "me", "I", "my" "assignee") proceeding *pro se* and as assignee of all claims and 100% shareholder of the FINANCIAL INDUSTRY ASSOCIATION ("FIA"), G&G HOLDINGS, INC.("G&G"), and THE GOBLE FIRST REVOCABLE FAMILY TRUST MAY 13, 1999 ("Trust") NORTH AMERICAN CLEARING, Inc.("NACI") and (collectively the "Goble Entities") and proceeding derivatively on behalf of the Goble Entities, responds to the Honorable Magistrate Judge Karla Spaulding's Order for a supplemental memorandum of law addressing subject-matter jurisdiction of the causes of action

Page 1 of 6

in the Operative Amended Complaint ("OAC") against Securities Investor Protection Corporation ("SIPC"), and Josephine Wang, and Christopher LaRosa. (Collectively "SIPC Group").

## Subject-Matter Jurisdiction

1. The Honorable Judge Spaulding has ordered a brief concerning subject-matter jurisdiction over the OAC and SIPC Group when it pertains to SIPA.

2. OAC has diversity jurisdiction to bring claims in this federal court because the OCA claim exceeds $75,000 and the parties are citizens of different states. See 28 U.S.C. § 1332.

3. OAC is a federal question and may bring this claim in federal court since the OAC claim arises under federal law, including the U.S. Constitution. See 28 U.S.C. § 1331.

4. OAC received this Court's subject-matter jurisdiction over this claim against the SIPC Group when this Court specifically ordered that this Court had subject-matter jurisdiction over claims against SIPC Group, at least four times as detail below,

## Analysis

2. SIPC Group, a privately owned company funded through premiums collected from private broker dealer firms, has had a long history suing and being sued and have at least committed all five of the charges detailed in the Operative Amended Complaint.

3. Subject-matter jurisdiction and all other types of Jurisdiction of this Court are also spelled out in SIPA clearly writing that SIPC can sue and be sued. If one reads this chapter further you will find that any Court may have jurisdiction over this matter.

4. §78ccc.(b) Securities Investor Protection Corporation:

> (b) POWERS  In addition to the powers granted to SIPC elsewhere in this chapter, SIPC shall have the power— **(1) to sue and be sued, complain and defend, in its corporate name and through its own counsel, in any State, Federal, or other court;**   (2) to adopt, alter, and use a corporate seal, which shall be judicially noticed;  (3) to adopt, amend, and repeal, by its Board of Directors, such bylaws as may be necessary or appropriate to carry out the purposes of this chapter, including bylaws relating to—   (A)

the conduct of its business; and (B) the indemnity of its directors, officers, and employees (including any such person acting as trustee or otherwise in connection with a liquidation proceeding) for liabilities and expenses actually and reasonably incurred by any such person in connection with the defense or settlement of an action or suit if such person acted in good faith and in a manner reasonably believed to be consistent with the purposes of this chapter.  (4) to adopt, amend, and repeal, by its Board of Directors, such rules as may be necessary or appropriate to 10 carry out the purposes of this chapter, including rules relating to— (A) the definition of terms used in this chapter, other than those terms for which a definition is provided in section 78lll of this title; (B) the procedures for the liquidation of members and direct payment procedures, including the transfer of customer accounts, the distribution of customer property, and the advance and payment of SIPC funds; and (C) the exercise of all other rights and powers granted to it by this chapter;   (5) to conduct its business (including the carrying on of operations and the maintenance of offices) and **to exercise all other rights and powers granted to it by this chapter in any State or other jurisdiction without regard to any qualification, licensing, or other statute in such State or other jurisdiction;**

5.  As you can see from the exact same chapter of the "sue and be sued clause" SIPA clearly defines that the SIPC Group can be held liable in any competent jurisdiction and any Court can hear any lawsuit concerning this matter. This case started with this Court so this Court has subject-matter jurisdiction over this case.  SIPC Group never argues anything that is different from this analysis.

6.  SIPC Group filed their bogus need for an SIPA Application with this Court on July 28, 2008.[case 6:08-CV-829 DE 71]  The subject-matter of the Operative Amended Complaint against SIPC Group clearly starts with the materially fraudulent SIPA Application filing by SIPC Group. Therefore, this is the only Court that would have any subject-matter jurisdiction over this case.

7.  This Court has subject-matter jurisdiction over this case by the direct orders from this Court:

> May 27[th], 2008 this Court ordered 6:08-cv-829 DE 7 at VI "It is hereby further ordered that this court shall retain jurisdiction of this matter."
>
> May 27[th], 2008 this Court ordered 6:08-cv-829 DE 12 at 25 "This Court shall retain jurisdiction of this matter for all purposes"
>
> July 28[th], 2008 this Court ordered 6:08-cv-829 DE 75 at VI and VII "...may subsequently be ordered by this Court or any other court with competent jurisdiction..."
>
> US Court of Appeals 11th circuit DE 111

**Page 3 of 6**

8.  In addition, this Court claimed all jurisdictional and subject-matter ownership over the OAC in DE 75 and by reclaiming this case 30 days after it had been appealed to the Eleventh Circuit.

9.  This case is a federal question that involves entities or persons outside the State of Florida.

10. The cited Rule 8(a), Fed. R. Civ. P actually states that:

> (a) CLAIM FOR RELIEF. A pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, **unless the court already has jurisdiction and the claim needs no new jurisdictional support**;
> [Emphasis added]

11. As described above, there is no question that this Court has subject-matter jurisdiction over the OAC and SIPC Group.

12. SIPC Group claims that they can be sued if they failed to act in good faith. The legal definition of good faith is:

> The **implied covenant of good faith and fair dealing** is a general presumption that the parties to a contract will deal with each other honestly, fairly, and in good faith, so as to not destroy the right of the other party or parties to receive the benefits of the contract. [Wikipedia law definition 2014]

13. Therefore the good faith clause applies to every US Citizen and is not a special right for SIPC Group to seek any special immunity.

14. As we can see the bogus and untrue need for an SIPA Application filed by Wang and LaRosa could hardly be construed as good faith and this is matter is ripe for trial.

15. Wang and LaRosa personally committed at least all five counts detail in the OAC and therefore, Wang and LaRosa were not acting as the SIPC legal Counsel when they filed the materially bogus SIPC Application. Instead, Wang and LaRosa were acting as employees of

SIPC directed to perform an illegal task and SIPC were using Wang and LaRosa's professional licenses as a shield to cover-up SIPC's illegal SIPA Application. Therefore there is no question that this Court has subject-matter jurisdiction over Wang and LaRosa.

6. SIPC attempts to claim that they are now a self-regulatory agency ("SRO") and therefore they are immune from any lawsuits. But when a review is done concerning SIPC Group being some type of SRO with investigative powers, nowhere in SIPC's bylaws or case law do we find that SIPC is an SRO. SIPC never brought forward which government agency that oversees the SIPC Group's alleged SRO status. SIPC Group does not regulate any other insurance agencies and therefore is not a regulator or an SRO.

7. This false claim of immunity as a way to avoid subject-matter jurisdiction of this Court is being used by SIPC Group as an improper tool to delay justice. The Plaintiff is very prejudiced by SIPC Group's delay tactics. Therefore, I respectfully request that this court deny SIPC's, Wang's, and LaRosa's motion to dismiss and allow this case to proceed its normal lawful course to permit justice to prevail.

## Conclusion

For the many reasons detailed above, it is very clear that this Court has subject-matter jurisdiction over SIPC, Wang and LaRosa. I and as assignee of all claims respectfully request that this Court deny SIPC's, Wang's, LaRosa's motion to dismiss.

DATED this 28th day of August, 2014.

Respectfully submitted

/s/ _____ Pro Se
Richard Goble
1385 West State Road 434 Suite 102
Longwood, Florida 32750
(407) 339-9781
(Assignee of all Plaintiffs' Claims)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing on the below service list was furnished via United States first class mail, facsimile, and/or this Court's electronic filing system upon the following interested parties this 28th day of August, 2014:

Respectfully submitted,

/s/ Richard Goble                  Pro Se

(Assignee of all Plaintiffs' Claims)

**Service List:**

Notice has been electronically mailed to:

| | |
|---|---|
| Bruce William Barnes | bwbarnes@tampabay.rr.com, dmtaylor@tampabay.rr.com |
| Cathy A. Fleming | cfleming@hodgsonruss.com, apoznanski@hodgsonruss.com |
| David S. Mandel | dmandel@mandel-law.com, dcox@gibsondunn.com, pcrespo@mandel-law.com, scavanagh@mandel-law.com, smartin@gibsondunn.com |
| Glennys Ortega Rubin | grubin@shutts.com, rsouza@shutts.com, sbeery@shutts.com, sferguson@shutts.com |
| Kevin Dean Solonsky | solonskykd@sec.gov |
| Mary Ruth Houston | mhouston@shutts.com, rsouza@shutts.com, sbeery@shutts.com, sferguson@shutts.com |
| Matthew Triggs | mtriggs@proskauer.com, crotondo@proskauer.com, etorres@proskauer.com, mthompson@proskauer.com |
| Payal Salsburg | psalsburg@proskauer.com, crotondo@proskauer.com, etorres@proskauer.com, kmolloy@proskauer.com |
| Ralph E. Hopkins | ralph.hopkins@usdoj.gov, orldocket.mailbox@usdoj.gov, usaflm.orl_ecf@usdoj.gov |
| William F. Jung | wjung@jungandsisco.com, Backupdocket@yahoo.com, droberts@jungandsisco.com |

Mailed to:

Timothy Ward  Pro Se
208 Debary Dr.
Debary, FL 32713