# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

FINANCIAL INDUSTRY
ASSOCIATION, G&G HOLDINGS, INC.,
RICHARD GOBLE and THE GOBLE
FIRST REVOCABLE FAMILY TRUST
MAY 13, 1999,

                  **Plaintiffs,**

v.                                          Case No:   6:10-cv-408-Orl-40KRS

THE UNITED STATES OF AMERICA,
SECURITIES AND EXCHANGE
COMMISSION, SECURITIES
INVESTOR PROTECTION
CORPORATION, BRUCE BLATMAN,
TIMOTHY WARD, HENRY LANGE,
FINANCIAL INDUSTRY TECHNICAL
SERVICES, INC., JOHN RIZZO,
JOSEPHINE WANG, and
CHRISTOPHER LAROSA,

                  **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

      This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT BRUCE BLATMAN'S MOTION TO DISMISS (Doc. No. 102)** |
| **FILED:** | **April 7, 2014** |

| | |
|---|---|
| **MOTION:** | **MOTION TO DISMISS DEFENDANT TIMOTHY J. WARD** (Doc. No. 108) |
| **FILED:** | **April 8, 2014** |

## I. INTRODUCTION.

Defendant Bruce Blatman moves to dismiss the claims against him because the Operative Complaint filed in Case Number 6:11-cv-825-Orl-40KRS (the *"825 Case"*), at Doc. No. 2, was not served on him within 120 days of its filing on May 18, 2011, as required by Fed. R. Civ. P. 4(m). Doc. No. 102. Defendant Timothy Ward moves to dismiss the claims against him because the Operative Complaint fails to state a basis for this Court to exercise subject-matter jurisdiction and the parties are not completely diverse. Doc. No. 108.

Only Plaintiff Richard Goble, appearing *pro se*, responded to these motions to dismiss. Doc. Nos. 115, 116. In response to Ward's motion, Goble contends that this Court had previously determined that it could exercise subject-matter jurisdiction over the case because it involved a federal question against a federal entity. Doc. No. 116 at 2.

As to Blatman's timeliness of service argument, Goble cites to the orders of the Court stating that if Plaintiffs did not timely file a proper amended complaint, the case would move forward on the Operative Complaint. Doc. No. 115 at 2 (citing Doc. No. 75); *see also* Doc. No. 75 at 2 n.1.[1] He contends that that the 120-day period to serve the Operative Complaint did not begin to run until the Court denied his motion to file an amended complaint on December 9, 2013. Doc. No. 77. The record reflects that Blatman was served with the Operative Complaint

---

[1] It appears that the District Judge who presided over this case at the time the order was issued considered the amended complaint in the *825 Case* to amend both the original complaint in that case and the original complaint in the present case. Moreover, as discussed in the order denying the motion for leave to file a fourth amended complaint, the Court has found that the claims against many of the Defendants alleged in the original complaint in the present case were due to be dismissed. Doc. No. 70.

on March 18, 2014.  Doc. No. 89.  The record reflects that Ward was served with the Operative Complaint on March 17, 2014.  Doc. No. 94 at 2.

Because the Court is familiar with the background of this litigation, I will not repeat it here.  *See, e.g.*, Doc. Nos. 152, 156.  The above-referenced motions have been referred to me for issuance of a report and recommendation.  Doc. No. 143.

## II.   ANALYSIS.

### A.   *Power to Exercise Supplemental Jurisdiction.*

Although only Ward raises a jurisdictional argument in his motion, the Court is required to assess whether it has subject-matter jurisdiction in every case.  *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).  Therefore, I will first address whether the Court has subject-matter jurisdiction over the claims against both Ward and Blatman.

In the Operative Complaint, Plaintiffs did not allege the basis under which they contend this Court can exercise subject-matter jurisdiction over Defendants Ward and Blatman.  The claims against these Defendants do not arise under the Constitution, laws or treaties of the United States, so there is no federal question jurisdiction under 28 U.S.C. § 1331.  There is no allegation that the parties are completely diverse as required to exercise diversity jurisdiction under 28 U.S.C. § 1332.

The Court might have the power to exercise supplemental jurisdiction over the state law claims against Ward and Blatman under 28 U.S.C. § 1367.  This statute gives the Court the power to exercise supplemental jurisdiction in any action in which the district courts have original jurisdiction over other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  28 U.S.C. § 1367(a).

The causes of action in the Operative Complaint against the SEC and the United States allegedly arose under the Federal Tort Claims Act ("FTCA"), a federal statute. However, I have previously recommended that the Court find that it does not have original subject-matter jurisdiction over the claims against the SEC and the United States under the FTCA because each of those Defendants are protected from liability under the doctrine of sovereign immunity. Doc. No. 156. If the Court finds that it does not have subject-matter jurisdiction over the claims against the SEC and the United States, those claims do not provide the Court with power to exercise supplemental jurisdiction over the state-law causes of action. *See Bank of Am., N.A. v. U.S. Internal Revenue Serv.*, 663 F. Supp. 2d 1308, 1315-16 (M.D. Fla. 2009).

The causes of action against the SIPC Defendants in the Operative Complaint are within this Court's original jurisdiction. *See* Doc. No. 167 at 9-10 (citing 15 U.S.C. § 78ccc(b)(1) and *Am. Nat'l Red Cross v. S.G.*, 505 U.S. 247 (1992)). Therefore, these claims might provide a basis for exercise of supplemental jurisdiction if they are so related to the claims against Blatman and Ward that they form part of the same case or controversy under Article III of the United States Constitution. A claim satisfies the "same case or controversy" requirement when it involves "the same facts, occurrences, witnesses, and evidence" as the claim over which the court has original jurisdiction. *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1566 (11th Cir. 1994).

Plaintiffs' claims against Blatman and Ward are broadly part of the same case or controversy that led to the filing of the *SEC Case*. Therefore, it appears that the Court has the power to exercise supplemental jurisdiction over the state-law claims against Blatman and Ward.

B.   *Discretion to Decline to Exercise Supplemental Jurisdiction*.

If the Court determines that it has the power to exercise supplemental jurisdiction over the state-law claims against Blatman and Ward, it, nevertheless, has the discretion to decline to


exercise supplemental jurisdiction over these claims. *See Palmer*, 22 F.3d at 1569. It may do so if any of the following four factors exists:

> (1) the claims raise a novel or complex issue of State law;
>
> (2) the claims substantially predominate over the claims over which this Court has original jurisdiction;
>
> (3) the Court has dismissed all claims over which it has original jurisdiction; or,
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c)(1)-(4). In deciding whether to decline to exercise supplemental jurisdiction, the Court should also consider other traditional factors, including judicial economy, convenience, fairness to the parties, and whether all of the claims would be expected to be tried together. *Palmer*, 22 F.3d at 1569 (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 725-26 (1966)).

If the Court accepts the recommendations that it dismiss all claims over which it had original jurisdiction, the Court may decline to exercise supplemental jurisdiction over the state-law claims against Blatman and Ward under § 1367(c)(3). Furthermore, because it appears that the only claims within the Court's original jurisdiction are those against the SIPC Defendants, and I have recommended that the Court find that the SIPC Defendants are immune from liability under the litigation privilege, the state law claims against Blatman and Ward necessarily substantially predominate over the claims within this Court's original jurisdiction against the SIPC Defendants and supplemental jurisdiction may also be declined under § 1367(c)(2).

As for the *Gibbs* factors, typically when federal claims are dismissed before trial, the discretionary factors favor dismissal of the state-law claims. *See, e.g.*, *Gibbs*, 383 U.S. at 726.

While the present consolidated cases are aged, the litigation is still in its early phases, with no Defendant having answered the Operative Complaint. Therefore, interests of judicial economy, convenience and fairness to the parties do not favor exercise of supplemental jurisdiction. Furthermore, if the Court declines to exercise supplemental jurisdiction, Plaintiffs may pursue their state-law claims against Blatman and Ward in state court because § 1367(d) provides a limited tolling of the statute of limitations for claims over which a federal court declines to exercise supplemental jurisdiction.

Therefore, I recommend that the Court decline to exercise supplemental jurisdiction over the state-law claims against Blatman and Ward and dismiss those claims.

### III.    RECOMMENDATION.

For the reasons discussed above, I **RESPECTFULLY RECOMMEND** that the Court **GRANT in part** Defendant Bruce Blatman's Motion to Dismiss (Doc. No. 102), **GRANT in part** the Motion to Dismiss Defendant Timothy L. Ward (Doc. No. 108) and **DISMISS** the claims against these Defendants without prejudice to filing them in state court within the time permitted by 28 U.S.C. § 1367(d).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 3, 2014.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy