THE UNITED STATES DISTRICT COURT
THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RICHARD GOBLE and
(RICHARD GOBLE as
Assignee of all claims of
G&G HOLDINGS, INC.
FINANCIAL INDUSTRY ASSOCIATION, INC.
THE GOBLE FAMILY TRUST)

**Plaintiff,**

CASE NO. 6:10-CV-408-PGB-KRS
(Consolidated Lead Case)

vs.

THE UNITED STATES OF AMERICA,
SECURITIES AND EXCHANGE COMMISSION,

BRUCE B. BLATMAN, and
TIMOTHY J. WARD,

SECURITIES INVESTOR PROTECTION CORPORATION,
JOSEPHINE WANG, and CHRISTOPHER LAROSA,

FINANCIAL INDUSTRY TECHNICAL SERVICES, INC.,
HENRY LANGE, and JOHN RIZZO,

**Defendants/**

## VERIFIED MOTION FOR AN ORDER GRANTING RELIEF FROM THE SIPA PETITION ORDER AND/OR FOR AN ORDER FOR SIPC TO SHOW CAUSE ON WHY THE SIPA PETITION ORDER SHOULD NOT BE REVERSED.

Plaintiff RICHARD GOBLE, ("GOBLE" "Plaintiff" "me", "I", "my" "assignee") proceeding pro se and as assignee of claims and 100% shareholder and the sole investor of the FINANCIAL INDUSTRY ASSOCIATION ("FIA"), G&G HOLDINGS, INC.("G&G"), and THE GOBLE FIRST REVOCABLE FAMILY TRUST MAY 13, 1999 ("Trust"), and NORTH AMERICAN CLEARING, Inc.("NACI") and (collectively the "Goble Entities") and proceeding

derivatively on behalf of the Goble Entities and pursuant to Federal Rule of Civil Procedure 60(b), hereby respectfully files this requests that this Honorable Court vacate its Order finding that NACI was in need of SIPA protection [6:08-cv-00829-MSS-KRS DE 75] because Goble has newly discovered evidence, in the form of both documentation and trial testimony, from subsequent trial proceedings, which demonstrate that the factual pleadings, on which the foregoing SIPA Petition ("Application") Order was premised, are materially erroneous. In support of this Motion, Mr. Goble states as follows:

## INTRODUCTION

This case is currently before this Court and this Court has ruled that it has jurisdiction over this matter. DE 167:

> "In response to a supplemental briefing order, the SIPC Defendants and Goble persuasively assert that this Court has original jurisdiction to hear this action under 15 U.S.C. § 78ccc(b)(1), which provides that SIPC has the express power "to sue and be sued, complain and defend, in its corporate name and through its own counsel, in any State, Federal, or other court." Doc. No. 163 at 2; Doc. No. 166."

When this SIPA Application was submitted to this Court, the exparte' Receiver was placed in charge of NACI by this Court and the exparte' Receiver was not authorized to consent to any SIPA Application. Since that time the exparte' Receiver has been discharged and was paid approximately $1,000,000 by SIPC for less than two months of work. This Court never did appoint a full non exparte' Receiver because it was impossible to have a "for cause hearing" on the exparte' Receivers status since all of NACI's documents were being withheld by the exparte' Receiver and SEC. [Please Exhibit #3]

By order of this Court the exparte' Receiver was required to petition this Court prior to agreeing to any bankruptcy application: The Order of this Court was clear and the exparte' Receiver never complied with this Court's Order [6:08-CV-829 DE 12 page ¶15]:

> "During the period of this receivership, all persons, including creditors, banks, investors, or others, with actual notice of this Order, are **enjoined from filing a petition for relief under the United States Bankruptcy Code without prior permission from this Court**,"
> [Emphasis added]

Therefore the only person that remains that has an interest in NACI prior to the SIPA Application, is me. In discovery and through proceedings in 6:08-CV-829 and 6:10-ap-00151-KSJ, I submit this new evidence and material to this case that will prove that the SIPA Application was materially not true and that NACI was never in need of any SIPA protection and SIPC's services. Specifically, I submit that this new evidence reveals the following:

1. NACI was always profitable, had more than double the required regulatory capital, and had the best compliance record of any correspondent clearing firm in the country. [Please see Exhibit 1]

2. That North American was able to make all of its 15c3-3 deposits and fully complied with all rules in Sections 17(a) and 15(c)(3) and Rules 17a-3 and 15c3-3. [Please see Exhibit 2]

This new evidence demonstrates that the SIPA Application, submitted without any affidavits, was never needed and there was never any need for SIPA Protection and SIPC. What we find here is an improper seizure of assets, property, and money orchestrated by SIPC.

Because the Court relied upon the what was essentially an exparte' SIPA Application by SIPC, I, as assignee of all claims, submit this new evidence that is sufficient to warrant vacating the Order granting the SIPA Application and SIPA protection or ordering a show cause hearing on the matter.

## RELEVANT FACTUAL BACKGROUND

This SIPA Application submitted to this Court by SIPC is premised on the allegations that NACI:

> Upon sufficient information, including information supplied by the Commission and FINRA, SIPC has determined that the Defendant has failed to meet its obligations to its customers within the meaning of SIPA §78eee(a)(3), and that there exists one or more of the conditions specified in SIPA §78eee(b)(1). Specifically, the Defendant is

> insolvent within the meaning of Section 101 of the Bankruptcy Code (11 U.S.C.) and/or is unable to meet its obligations as they mature; is the subject of a proceeding in this Court in which a receiver for the Defendant has been appointed; is unable to meets its obligations as they mature and is not in compliance with the requirements under sections 15(c)(3) and 17(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§78o(c)(3) and 78q(a), and Rules of the Commission with respect to financial and record keeping responsibilities, namely, Commission Rules 15c3-1, 15c3-3 and 17a-3, 17 C.F.R. §§240.15c3-1,
>
> Because of the above, the customers of the Defendant are in need of the protection provided by SIPA, and this Court should issue a protective decree pursuant to SIPA §78eee(b)(1).
> [6:08-CV-829 DE 71 page 2 ¶ 5]

We now know that each and every one of these claims by SIPC are not true and that SIPC manufactured the entire claim and should not be permitted to proceed any further.

By submitting these false pleadings, SIPC usurped complete control of NACI, FIA, G&G Holdings, Goble Family Trust, and all of my assets and money based on a completely fabricated, exparte pleadings. I was never contacted nor had any input about the egregious crimes that SIPC was committing by essentially hiding the ball and stealing an entire enterprise behind its owner's back. I respectfully request that this court seriously consider this motion and grant that this SIPA Application be reconsidered and ultimately denied.

At the conclusion of the 6:08-CV-829 trial, this Court adjudged and ruled that all customer funds never left their accounts and were used for proper purposes. [6:08-CV-829 Judgment page 15 and 16]:

> Mr. Franceschini and the SEC's expert, Mr. Luque, testified that upon investigating North American extensively, they could find no evidence that Defendant Goble (1) directed any of the general money market sweeps or otherwise committed securities fraud in violation of Section 10(b) and Rule 10b-5 of the Exchange Act, or (2) aided and abetted North American's violation of Sections 15(c)(3) and 17(a) and Rules 15c3-3 and 17a-3 of the Exchange Act. On cross-examination, Mr. Franceschini testified as follows:
>
> > Q: Mr. Franceschini, through your review of North American Clearing, have you found that I[, Defendant Goble] have personally or do you have any evidence, written evidence that I have personally violated

> Section 10b and Rule 10b-5 [of the] Exchange Act.
> MR. LEVENSON: Objection to the extent it calls for a legal conclusion.
> THE COURT: overruled.
> A: I do not.
> Q: Mr. Franceschini – and I apologize – through your review of North American Clearing, do you have any direct written evidence that I personally violated 15c-3 and 15c3-3 rule?
> A: I do not.
> Q: Mr. Franceschini, through your review of North American Clearing, do you have any direct evidence that I personally violated Section17a of the Exchange Act and Rule 17a-4?
> A: I do not.
> Q: Through your review of North American Clearing, do you have any direct written evidence that I personally violated and aided and abetted 15c3 and 17a and Rule 15c3-3 and 17a-4?
> A: I do not.
> Q: Mr. Franceschini, were you the main examiner for the Securities and Exchange Commission before the receiver took over?
> A: Yes

And again on page 31 of this Court's Judgment [6:08-CV-829]:

> "Second, according to the testimony of FINRA examiner, Mr. Yuan, there was no actual loss by any of North American's customers because the **money never actually moved out of anyone's account**."
> [Emphasis added]

During the period of time that the SIPA Application was submitted to this Court, the NACI relevant books and records of the firm were in the possession and control of SEC and the exparte' Receiver. I had absolutely no access to the books and records, except those records that were provided by the SEC and the exparte' Receiver. [Please see Exhibit 3.]

At the conclusion of the trial and appeal, I was found not liable for any major rule violations, and received no sanctions or monetary fines.

All of the verified financials and testimony produced since the SIPA Application was submitted to this Court have proven, without a shadow of a doubt, that NACI was never in need of any SIPA Application and that the entire SIPC Petition was a farce.

SIPC's Trustee produced the only verified financials on NACI for May 27th, 2008 that clearly demonstrated that NACI had over $3,800,000 in cash assets after all creditors, including all customers, have been satisfied. This $3,800,000 did not include any non-cash assets. [Exhibit 1]

In the verified financial schedule produced by SIPC's Trustee clearly illustrates that NACI had:

> $308,337,232.75   Assets Cash Only [excluding all hard and soft assets]
> ($306,169,694.92) Liabilities including all creditors and accrued payables
> $   1,679,315.08  plus another asset accounts that were added to Schedule
>                   F1 Liabilities [Exhibit 1 Schedule F1 page 3]
> **$3,846,852.88** in total cash only assets minus all possible liabilities.

This Court can now clearly view what the actual verified financial condition of NACI was prior to SIPA Application being filed. This total cash asset was 100% of my investment into NACI.

According to evidence submitted and accepted at trial in this Court, NACI had more than exceeded its 15c3-3 obligations and had a cash income to date of $382,095.39. [Please see exhibits 1 and 2].

Two Court admitted experts reviewed these financials and support the fact that ultimately illustrated NACI was not ever in need of any SIPA Protection. [Please see Exhibits 4 and 5]

## ARGUMENT

<u>This Court Should Vacate The Orders Granting SIPA Protection Against NACI or Order a for Cause Hearing Because There Is New Evidence Which Casts Doubt On The SIPC's Previous SIPA Application Filing That NACI and NACI's Customer's qualified for any SIPA Protection.</u>

On May17th, 2010 through October 31, 2013 I acquired documents and transcripts in proceedings 6:08-cv-829 and 6:10-ap-00151-KSJ, which now casts doubt on the complete credibility of SIPC's SIPA Application to this Court:

(1) North American was not suffering from any financial decline in 2008, that would result in any reserve computation deposit difficulties or any financial operational difficulties.

(2) All money market accounts were actually properly funded at all times and customer money never left their accounts, per judgment of this Court

(3) NACI was profitable and had an extensive excess required capital at all relevant times. [Exhibits 1, 4, and 5]

At the very least, this evidence and testimony further calls into question the credibility of the SIPA Application filed by SIPC.

I now respectfully submit that this new evidence constitutes an exception to the doctrine of the law of this case and warrants the reconsideration of this Court's findings.

Federal Rule of Civil Procedure 60 invests this Court with the power to "vacate orders whenever such action is appropriate to accomplish justice." *Compton v. Alton S.S. Co., Inc.*, 608 F.2d 96, 101-02 (4th Cir. 1979) (citations omitted). This remedy is only to be invoked, however, upon a showing of exceptional circumstances. *Id.* When reviewing a claim under this rule, the Court must balance "the sanctity" of the final judgment, expressed in the doctrine of *res judicata,* and "the incessant command of the court's conscience that justice be done in light of all the facts." *Id.*

A showing of newly discovered evidence can warrant relief under Rule 60(b). In order to prevail on a new evidence claim under Federal Rule of Civil Procedure 60(b)(2), Goble must meet a five-part test: (1) the evidence must be newly discovered since the SIPA Petition Order had been entered; (2) due diligence on the part of the movant to discover the new evidence must be shown; (3) the evidence must not be merely cumulative or

impeaching; (4) the evidence must be material; and (5) the evidence must be such that a new hearing would probably produce a new result. *Waddell v. Hendry Cnty. Sheriffs Office*, 329 F.3d 1300, 1309 (11th Cir. 2003) (citation omitted). "After proof of these elements,

The court must balance the competing policies favoring the finality of judgments and justice being done in view of all the facts, to determine whether relief is appropriate." *Id.* Goble's motion and claim satisfies this test.

1. This New Testimony and Documented Evidence were Discovered After The SIPA Order Granting SIPA Protection and SIPC complete control over NACI's, FIA's G&G Holdings, Goble Family Trust, and Richard Goble's Assets and Money.

*First*, this new testimony was indubitably discovered after the SIPA Order in this case.

Moreover, all of the Defendants in this case refused to produce any financials in this case [Exhibit 3] that would ultimately prove that the SIPA Application was a farce and should not have ever been granted.

After six years of production and resurrecting destroyed documents, it is now clear that SIPC's Application for SIPA Protection was materially false and blatantly untruthful and should be reversed and denied.

Specifically, SIPC grossly misrepresented that:

> Specifically, the Defendant is insolvent within the meaning of Section 101 of the Bankruptcy Code (11 U.S.C.) and/or is unable to meet its obligations as they mature;
> [6:08-CV-829 DE 71 page 2 ¶5 line 4]

We now know that the SEC and FINRA never provided the SIPC Group with any information that NACI was insolvent. In fact, just the opposite was true and NACI had

approximately $4,000,000 in cash after all obligations were met. [Please see attachments 1, 2, 4, and 5].

2. <u>Goble Exercised Due Diligence In Discovering The New Testimony And NACI Financials Record</u>

I did exercised due diligence in discovering this new evidence; I simply could not have discovered this evidence prior to the SIPA Application filing.

I tried to obtain all of the financial records for North American in the bankruptcy trial, but was never provided any financials on what SIPC was relying upon for the SIPA Application. But what was discovered was that SIPC never had any verified financials to support the SIPA Application. In Fact the only verified material financials of NACI are attached to this motion. [Exhibit 1]

3 & 4 & 5  <u>This New Testimony Is Not Merely Cumulative Or Impeaching, But Is Material To This Court's Finding that NACI was never in need of SIPA Protection</u>

*Third and fourth,* this evidence is neither cumulative nor merely impeaching, but is material to: (1) the Order granting SIPA Protection; (2) the Order granting SIPC and the Trustee complete control over NACI, G&G Holdings, Goble Family Trust, FIA, and my total investments that resulted in NACI being immediately liquidated and resigned from all of their hard earned and costly licenses.

With regard to the ordered SIPA Protection and granting SIPC complete control over NACI, this testimony and documented evidence is new and different evidence from the previous Petition for an SIPA Application Order and therefore, constitutes an exception to the law of the case doctrine.

In fact, Mr. Franceschini testified that the SEC had no evidence that the books and records were inaccurate, and he had no documentation to prove any funds were used improperly. Dkt. 253 at 100-101. Mr. Franceschini also testified that the SEC had no proof of any error with the money market redemptions. Dkt. 253 at 100-101.

Under the local rules I have conferred with all of the defendants via email concerning this verified motion and the only person to respond was AUSA Mr. Ralph Hopkins and he stated that USA is opposed to the verified motion.

## CONCLUSION

Based on the factual details of this verified motion, the attached verified financials, and the attached expert reports, I now respectfully request that the Order granting the SIPA Application, be vacated since, this new evidence reveals that NACI was never in need of any SIPA Protection and the material reasons given for an approval of an SIPA Application were false. Because this Court's disposition of the SIPA Petition were based on an exparte pleading from SIPC, containing no affidavits, and all of the material facts detailed in this SIPA Petition are proven to be false, this Court should Order that the SIPA Application be reversed and vacated and/or a for cause hearing on why the SIPA Application and Order should not be vacated.

WHEREFORE the Plaintiff, RICHARD L. GOBLE, respectfully request that this Honorable Court enter an Order:

That this Court's SIPA Order 6:08-CV-829 DE 75 be vacated or for an order directing Securities Investor Protection Corporation to show cause on why the SIPA Application entered on an exparte' basis and filed on July 28th, 2008, should not be reversed, Or granting by any such other and further relief that this Honorable Court deems just and proper.

DATED this 8th day of September, 2014.

                      Respectfully submitted,

                      /s/ _____ Pro Se
                      Richard Goble
                (Assignee of all Plaintiffs' Claims)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing on the below service list was furnished via United States first class mail, facsimile, electronic mail, and/or this Court's electronic filing system upon the following interested parties this 8th day of September, 2014:

                      Respectfully submitted,

                      /s/ _____ Pro Se
                      Richard Goble
                (Assignee of all Plaintiffs' Claims)

**Service List:**

Notice has been electronically mailed to:

| | |
|---|---|
| Bruce William Barnes | bwbarnes@tampabay.rr.com, dmtaylor@tampabay.rr.com |
| Cathy A. Fleming | cfleming@hodgsonruss.com, apoznanski@hodgsonruss.com |
| David S. Mandel | dmandel@mandel-law.com, dcox@gibsondunn.com, pcrespo@mandel-law.com, scavanagh@mandel-law.com, smartin@gibsondunn.com |
| Glennys Ortega Rubin | grubin@shutts.com, rsouza@shutts.com, sbeery@shutts.com, sferguson@shutts.com |
| Kevin Dean Solonsky | solonskykd@sec.gov |
| Mary Ruth Houston | mhouston@shutts.com, rsouza@shutts.com, sbeery@shutts.com, sferguson@shutts.com |
| Matthew Triggs | mtriggs@proskauer.com, crotondo@proskauer.com, etorres@proskauer.com, mthompson@proskauer.com |
| Payal Salsburg | psalsburg@proskauer.com, crotondo@proskauer.com, etorres@proskauer.com, kmolloy@proskauer.com |
| Ralph E. Hopkins | ralph.hopkins@usdoj.gov, orldocket.mailbox@usdoj.gov, usaflm.orl_ecf@usdoj.gov |
| William F. Jung | wjung@jungandsisco.com, Backupdocket@yahoo.com, droberts@jungandsisco.com |

Mailed to:

Timothy Ward Pro Se
208 Debary Dr.
Debary, FL 32713