UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FINANCIAL INDUSTRY ASSOCIATION,
G&G HOLDINGS, INC., RICHARD GOBLE, and
THE GOBLE FIRST REVOCABLE FAMILY
TRUST MAY 13, 1999,

            Plaintiffs,

v.

THE UNITED STATES OF AMERICA, SECURITIES
AND EXCHANGE COMMISSION, SECURITIES
INVESTOR PROTECTION CORPORATION, BRUCE
BLATMAN, TIMOTHY WARD, HENRY LANGE
FINANCIAL INDUSTRY TECHNICAL SERVICES,
INC., and JOHN RIZZO, JOSEPHINE WANG, and
CHRISTOPHER LAROSA,

            Defendants.

Case No: 6:10-cv-408-Orl-KRS
(Consolidated Lead Case)

6:11-cv-825-Orl-KRS

**DEFENDANTS FINANCIAL INDUSTRY TECHNICAL SERVICES, INC.,
HENRY LANGE AND JOHN RIZZO'S REPLY TO PLAINTIFF
RICHARD GOBLE'S RESPONSE AND OBJECTIONS
TO THE REPORT AND RECOMMENDATION**

Defendants Financial Industry Technical Services, Inc. ("FITS"), Henry Lange ("Lange) and John Rizzo ("Rizzo") (collectively, the "FITS Defendants") hereby respond, pursuant to Fed. R. Civ. Pro. 72(b), to Plaintiff Richard Goble's Response and Objection to the Report and Recommendation (the "Objection") (Dkt. #164).

**ARGUMENT**

The Honorable Magistrate Karla Spaulding issued a Report and Recommendation on August 13, 2014, (the "Report") (Dkt. #152) which made the following recommendations:

> For the reasons discussed above, and based on previous orders entered in this case by the Court, I RESPECTFULLY RECOMMEND that the Court GRANT in part Defendants Financial Industry Technical Services, Inc., Henry Lange and John

>Rizzo's Motion To Dismiss With Prejudice The First Amended Complaint (Doc. No. 103), and DISMISS all claims pending against Defendant Financial Industry Technical Services, Inc., Henry Lange and John Rizzo for lack of subject-matter jurisdiction. If the Court finds that the claims of the Plaintiffs against the FITS Defendants as asserted in the multiple complaints filed in the present case and in the 825 Case are frivolous and vexatious, I further recommend that the Court enjoin Richard Goble, Financial Industry Association, G&G Holdings, Inc., and The Goble First Revocable Family Trust May 13, 1999 from filing any further lawsuits against Financial Industry Technical Services, Inc., Henry Lange or John Rizzo arising from the facts underlying the SEC Case, the 825 Case and the present case without first obtaining leave of court.

Report (Dkt. #152) at 12-13.  In essence, Magistrate Judge Spaulding correctly found that this Court does not have subject matter jurisdiction over the FITS Defendants, since: (1) the FITS Defendants were agents of a court-appointed trustee; (2) the allegations by Goble in the Amended Complaint relate to the FITS Defendants' performance of their duties; (3) Goble sought and was denied leave to sue the Trustee and his agents;[1] and (4) failure to obtain leave of court as required by the *Barton* doctrine requires that the claims be dismissed for lack of subject matter jurisdiction.  *See* Report (Dkt. #152) at 10-11.  This Court should adopt the recommendations in Magistrate Judge Spaulding's Report.

Federal Rule of Civil Procedure ("FRCP") 72(b)(2) allows a party to file written objections to the proposed findings and recommendations, but those objections must be "specific."  Rule FRCP 72(b)(2), also dictates that "a party may respond to another party's objections within 14 days after being served with a copy."  Under FRCP 72(b)(3), "the district

---

[1] It appears from the docket in the prior SEC case (Civ. No. 6:08-cv-829-GAP-GLK, U.S. District Court, Middle District of Florida (the "SEC Dkt.")) that Goble requested leave to sue Trustee Robert Gilbert and agents (lawyers from Carlton Fields) (SEC Dkt. #208) and Receiver Peter Anderson and his agents (lawyers from Sutherland, Asbill & Brennan (SEC Dkt. #204).  Those motions were denied (SEC Dkt. #209).  Goble apparently did not seek leave specifically to sue the FITS Defendants who are agents of Trustee Gilbert.

court must determine *de novo* any part of the magistrate judge's disposition that has been *properly* objected to." (emphasis added).

      A.    <u>There is No Doubt That the FITS Defendants Acted as Agents for the Trustee</u>

Goble filed his Objection, pursuant to FRCP 72(b)(2), on August 26, 2014 (Dkt. #164). In contrast to the thoughtful and well-reasoned Report of Magistrate Judge Spaulding with citations and authority, Goble's Objection is a rambling series of meritless accusations against the FITS Defendants. Many of Goble's statements are simply wrong, are not specific objections, and/or do not need to be addressed (e.g., ¶11 which states: "Thirty days after an appeal was filed with the Eleventh Circuit by the Plaintiff, this Court then reclaimed jurisdiction of the complaint against the FITS Group and ordered the FITS Group be the named defendants in the Court Ordered Operative Amended Complaint"). Moreover, Goble makes groundless, meritless, and insulting allegations against the FITS Defendants which are not objections and serve no legitimate purpose in pleadings (e.g., ¶¶29, 30, 31). Indeed, the only "error" to which Goble specifically objects is in paragraph 14:

> Regardless, the question now is, was FITS Group an agent of SIPC or the Trustee? The Report and Recommendation makes no mention of an evidentiary hearing to seriously consider this matter but, instead draws its conclusion from a known perjured affidavit that was submitted by Lange in an attempt to hide the fact that FITS Group had largely destroyed and was hiding material evidence. I believe this to be an error and object to this recommendation.

Objection (Dkt. #164) ¶14. Goble's suggestion that the FITS Defendants were not agents of the Trustee is frivolous. There is no doubt that Robert N. Gilbert was appointed trustee for the Securities Investor Protection Corporation ("SIPC"). *See* July 29, 2008 Order (SEC Dkt. #75) (later filed as Dkt. #1 in the Bankruptcy Case, Adversary No. 6:08-ap-00145-KSJ, U.S. Bankruptcy Court, Middle District of Florida) (the "Bankruptcy Dkt."). There also is no credible

doubt that the SIPC trustee, Robert N. Gilbert, retained FITS "to provide services including analyzing the Debtor's books and records, assisting in processing claims and in transferring accounts." *See* Bankruptcy Dkt. #60 (Trustee [Robert N. Gilbert]'s First Interim Report for the Period from July 28, 2008 through September 30, 2008) at ¶9.  Moreover, Goble's complaint alleges that FITS worked with the bankruptcy Trustee:

> During the course of the administration of the receivership and bankruptcy estate, Henry Lange worked with the bankruptcy trustee and SIPC to dismantle NACC, and misreported key financial information at stages of the receivership and bankruptcy that resulted in the destruction of NACC and loss of value to its principal shareholders.  Henry Lang [sic] was involved in covering up the true healthy financial condition of NACC and shredding key financial documents.

First Amended Complaint (Case 6:11-cv-00825-CEH-KRS), Dkt. #2 at ¶11.

> Defendant JOHN RIZZO worked with FITS and SIPC in the dismantling of NACC, misrepresenting its financial information, and shredding and hiding important financial documents.

First Amended Complaint (Case 6:11-cv-00825-CEH-KRS), Dkt. #2 at [second] ¶11.  Yet, Goble offers no evidence or support in his Objection to suggest that the FITS Defendants were not agents of the Trustee – and he could not in good faith do so.  To suggest that Magistrate Judge Spaulding made an "error" by not holding an evidentiary hearing to establish that the FITS Defendants were agents is nonsensical.  *See* Objection (Dkt. #164) at ¶¶14, 17, 43.  There is no serious dispute here.

      B.    This Court Found That the *Barton* Doctrine
           Properly Prohibited Goble From Bringing Suit

Goble also appears to ask this Court to reverse or ignore the SEC Court's decision (SEC Dkt. # 209 (denying SEC Dkt. #204 and #208) not to grant leave for him to sue the Receiver, the Trustee or their agents under the *Barton* doctrine:

> No serious consideration or hearing was ever given to determine whether or not the FITS Group are agents of the SIPC or the Trustee. No evidentiary hearing was ever provided to seriously consider the *Barton* motion to sue the Trustee and their agents and these was are [sic] errors that should be corrected.

Objection, Dkt. #164 at 9; *see also*, Objection, Dkt. #164 at ¶¶13, 33. In the SEC Case, Goble initially filed motions seeking permission to sue the Receiver, Trustee and agents as required by *Barton v. Barbour*, 104 U.S. 126, 127 (1881). *See* SEC Dkt. #204 and #208. The SEC Court denied those motions. *Id.*, *see also,* SEC Dkt. #209. This Court cannot and should not reconsider the *Barton* motions.[2]

Recognizing this, Magistrate Judge Spalding, citing *Carter v. Rodgers*, 220 F.3d 1249 (11th Cir. 2000), found in her Report that Goble's argument "that leave of the Court was not required to sue Trustee Gilbert and his agents because the claims arose from actions taken outside the scope of their court-appointed duties" was without merit. The Court further explained its reasoning, in part, as follows:

> [T]he carrying on business exception in section 959(a) is intended to permit actions redressing torts committed in furtherance of the debtor's business such as the common situation of a negligence claim in a slip and fall case.

Report (Dkt. #152) at 11 (internal quotations omitted). The Report also makes clear that Goble's "claims [arose] directly from the FITS Defendants' work and administering the bankruptcy liquidation of NACI, rather than as the result of carrying out any business operations of NACI" and, as such, these actions [fell] squarely within the *Barton* doctrine, not the "carrying on business" exception of Section 959(a). *See* Report (Dkt. #152) at 11 (internal quotations and citations omitted).

---

[2] This Court has found previously that Goble had not shown that he had obtained leave of the SEC Court to sue the Receiver, the Trustee or its agents. *See* Dkt. #67 (Report and Recommendation that Motion for Leave to File Fourth Amended Complaint be Denied) and #70 (Order Adopting Report and Recommendation (Dkt. #67)).

C.   Goble Properly Was Prohibited From Proceeding
    <u>as the Assignee of NACI, FIA, G&G and the Trust</u>

Finally, Goble also appears to object to the Magistrate Judge Spaulding's Report finding that the subject motions were unopposed by all plaintiffs except Goble. *See* Objection (Dkt. #164) at ¶¶18, 21, 22 and 23. Magistrate Judge Spaulding correctly noted as preliminary matter that: (a) Goble had not filed a motion to substitute himself as a sole plaintiff, at least when he responded to the motion to dismiss; and (b) the NACI cannot assign its claims, if any, to Goble because those claims are held by the Trustee in the bankrupty proceeding. *See* Report (Dkt. #152) at 9. Nonetheless, as noted by Magistrate Judge Spaulding, "[e]ven if [Financial Industry Association], [G&G Holdings, Inc.] and the [The Goble First Revocable Family] Trust had properly responded to the motion to dismiss, the outcome would be the same because the Court does not have subject-matter jurisdiction over the claims against the FITS defendants." *See* Report (Dkt. #152) at 10, fn 10.

## CONCLUSION

There is no credible doubt that the FITS Defendants were agents of the SIPC trustee. Goble sought, but was denied, leave of the Court in the SEC case to sue the Trustee's agents. That was explained to Goble in detail in the opinion denying his motion to file a fourth amended complaint. *See* Dkt. #70. Nothing has changed. Moreover, as Magistrate Judge Spaulding correctly determined, NACI could not assign any claims to Goble because all NACI's claims were held by the Trustee in the bankruptcy proceeding.

Therefore, the FITS Defendants respectfully request that Goble's Objection, such as it is, be denied, and that this Court adopt Magistrate Judge Spaulding's Report and Recommendation and grant the FITS Defendants' motion to dismiss with prejudice Goble's First Amended Complaint (Dkt. #103), and dismiss all claims pending against the FITS Defendants

for lack of subject-matter jurisdiction.  The FITS Defendants also request that this Court find that the multiple complaints filed in the present case (and the 825 case) are frivolous and vexatious, and enjoin Goble from filing any further lawsuits against them arising from the facts underlying the SEC Case, the 825 Case, and the present case without first obtaining leave of this Court.

Dated:  September 9, 2014

                    JUNG & SISCO, P.A.

                    By:  /s/ William F. Jung
                          William F. Jung

FBN: 380040
101 E. Kennedy Blvd.
Suite 3920
Tampa, FL 33602
P: (813) 225-1988
F: (813) 225-1392
wjung@jungandsisco.com

HODGSON RUSS LLP

Cathy Fleming
1540 Broadway, 24th Floor
New York, New York 10036
(212) 751-4300
cfleming@hodgsonruss.com

*Attorneys for Defendants Financial Industry Technical Services, Inc., Henry Lange, and John Rizzo*

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the foregoing was served by electronic submission upon all counsel of record on September 9, 2014.  A copy was also served by email and regular mail to Richard Goble at 1385 West State Road 434, Suite 102, Longwood, FL 32750.

                                        /s/ William F. Jung
                                        William F. Jung