# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

RICHARD GOBLE and
(RICHARD GOBLE as
Assignee of all claims of
G&G HOLDINGS, INC.
FINANCIAL INDUSTRY ASSOCIATION, INC.
THE GOBLE FAMILY TRUST)

**Plaintiff,**

CASE NO. 6:10-CV-408-PGB-KRS
(Consolidated Lead Case)

vs.

THE UNITED STATES OF AMERICA,
SECURITIES AND EXCHANGE COMMISSION,

BRUCE B. BLATMAN, and
TIMOTHY J. WARD,

SECURITIES INVESTOR PROTECTION CORPORATION,
JOSEPHINE WANG, and CHRISTOPHER LAROSA,

FINANCIAL INDUSTRY TECHNICAL SERVICES, INC.,
HENRY LANGE, and JOHN RIZZO,

---

## PLAINTIFF RICHARD GOBLE'S RESPONSE AND OBJECTION TO THE REPORT AND RECOMMENDATION [DE 167]

1. RICHARD GOBLE, ("GOBLE" "Plaintiff" "me", "I", "my", "assignee", "creditor") proceeding *pro se* and as assignee of all claims and 100% shareholder, the only investor, and the only creditor of the FINANCIAL INDUSTRY ASSOCIATION ("FIA"), G&G HOLDINGS, INC.("G&G"), and THE GOBLE FIRST REVOCABLE FAMILY TRUST MAY 13, 1999 ("Trust"), and NORTH AMERICAN CLEARING, Inc. ("NACI") and (collectively the "Goble Entities") and proceeding derivatively on behalf of the Goble Entities, hereby files this response

and objections to the Honorable Magistrate Judge Karla Spaulding's recommendation that all claims against Securities Investor Protection Corporation, Josephine Wang and Christopher LaRosa (collectively "SIPC Group"), be dismissed.

2.  In 113 F3d 391 Pridgen v. Andresen, at 4-8, the right to proceed pro se in civil actions is guaranteed by 28 U.S.C. § 1654: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." Pursuant to this statute, "[a] litigant in federal court has a right to act as his or her own counsel." *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir.1990). *See generally* *O'Reilly v. New York Times Co.*, 692 F.2d 863, 867-70 (2d Cir.1982).

3.  I plan to immediately make a renewed motion to substitute in this case and provide proof of assignment [DE175].

## Brief Background

4.  Ward motioned for a stay and this Court granted a stay in this case that lasted over three years [DE 15 and DE 19]. After this Court and the US Court of Appeals found that I had not violated any major rules and did not sanction me nor fine me, acting pro se I motioned for this Court to lift the stay in 6:11-CV-825 for all Plaintiff's including FIA, G&G Holdings, and The Goble Family Trust. This Court granted this motion for not only 6:11-CV-825 but also for 6:10-CV-408 respectively:

| 05/24/2013 | 19 | MOTION to remove stay concerning this case {re 8 Order} file pro se by Richard Goble. (MAA) (Entered: 05/24/2013) |
|---|---|---|
| 06/06/2013 | 26 | ORDER granting 19 Motion to Remove the Stay Concerning This Case. The stay is lifted. The Clerk is directed to reopen this case. Signed by Judge Charlene Edwards Honeywell |

| | | |
|---|---|---|
| | | on 6/6/2013. (BGS) (Entered: 06/06/2013) |
| 06/06/2013 | 48 | ORDER lifting stay. The Clerk is directed to reopen this case. Signed by Judge Charlene Edwards Honeywell on 6/6/2013. (BGS) (Entered: 06/06/2013) |

5.      Then this Court ordered that 6:11-CV-825 and 6:10-CV-408 be combined in a hearing on the motion for consolidation, filed pro se by me:

| | | |
|---|---|---|
| 07/02/2013 | 66 | ORAL ORDER GRANTING, for the reasons stated on the record, 56 Motion to Consolidate this Case with 6:11cv825. 6:10-cv-408-Orl-36KRS is designated the LEAD CASE. Signed by Judge Charlene Edwards Honeywell on 7/2/2013. (NBL) Modified on 7/3/2013 (NBL). (Entered: 07/02/2013) |

6.      The problems started when all of the filed consolidated amended complaints that were submitted to this Court were not approved by this Court therefore, the Honorable Judge Karla Spaulding issued her first Report and Recommendations.

7.      In this first Report and Recommendation, which was fully adopted by this Court, this Court ruled that SIPC can sue or be sued. The Report also stated that I am not to name the following Defendants:

> "Specifically, I recommend that the Court find that Goble may not name any of the following as Defendants in the amended complaint: (1) the SEC and its attorneys and other agents;
> (2) the Trustee, his attorneys and other agents; and, (3) the Receiver, his attorneys and other agents."

8.      It was clear in the first R&R, fully endorsed by this Court, that I could name SIPC, Wang, and LaRosa, USA for FTCA, and Blatman and Ward.

9.      This Court then constructively dismiss this entire case when this Court ordered that I fully comply with first R&R, within two weeks, or the case will be dismissed:

| 10/04/2013 | 70 | ORDER adopting 67 Report and Recommendation of the Magistrate Judge. Goble's Motion for Leave to File Fourth Amended Complaint 57 is DENIED without prejudice. Within FOURTEEN (14) DAYS of the date of this Order, Goble may file a renewed motion for leave to file an amended complaint, accompanied by a proposed amended complaint which corrects the deficiencies identified in this Order and the Report and Recommendation and which complies with the parameters set forth below. Based on the facts asserted in the proposed Fourth Amended Complaint, Goble is hereby PROHIBITED from naming any of the following defendants in the proposed amended complaint: (1) the SEC and its employees, as to FTCA claims; (2) Receiver Anderson, his law firm, and his attorneys and other agents; and (3) Trustee Gilbert, his law firm, and his attorneys and other agents. Based on the facts asserted in the proposed Fourth Amended Complaint, Goble is hereby PROHIBITED from asserting causes of action for: (1) bankruptcy fraud; (2) aiding and abetting bankruptcy fraud; (3) violation of 11 U.S.C. Section 523; and (4) legal malpractice against any Defendant with whom there is no privity of contract. Goble may assert tort claims against the United States only to the extent it has waived sovereign immunity. The proposed amended complaint must identify what each defendant did that could plausibly make it liable for the corresponding claim, and each count must clearly identify a cause of action recognized under governing law. Failure to file a renewed motion for leave to file an amended complaint, accompanied by a proposed amended complaint, within the time provided in this Order will result in the dismissal of this action without further notice. Signed by Judge Charlene Edwards Honeywell on 10/4/2013. (BGS) (Entered: 10/04/2013) |

10. Therefore on October 16th, 2013, I filed a Notice of Appeal and filed a Brief with the Eleventh Circuit US Court of Appeals:

| 10/16/2013 | 71 | NOTICE OF APPEAL as to 70 Order Adopting Report and Recommendations by Richard Goble. Filing fee $ 455, receipt number ORL-28985. (MAA) (Entered: 10/18/2013) |

11.     More than a month later, this Court then ordered that jurisdiction for this case to remain with this Court and that I am now required to serve this instant case in its present form unless somehow I could file an Amended Complaint agreeable to this Court:

| 11/19/2013 | 75 | ORDER denying 72 Plaintiff Richard Goble's Motion to Stay This Case Pending Appeal. As Goble has been granted ample time to file a renewed motion for leave to file an amended complaint, Goble is hereby granted FOURTEEN (14) days from the date of this Order to file a renewed motion for leave to file an amended complaint, accompanied by a proposed amended complaint which complies with the directives set forth in the Court's October 4, 2013 Order. Failure to file a renewed motion for leave to file an amended complaint, accompanied by a proposed amended complaint, within the time provided in this Order will result in this case proceeding on the Amended Complaint. Signed by Judge Charlene Edwards Honeywell on 11/19/2013. (BGS) (Entered: 11/19/2013) |
|---|---|---|

12.     The US Court of Appeals then denied my appeal of DE 70 [DE 111], since this case was now continuing under DE 75 as stated above.

13.     I then paid for and issued all of the required summonses on behalf of all Plaintiff's on a pro-se basis and have complied with all of the requirements necessary to prosecute this Court Ordered Amended Complaint.

14.     A verified motion to vacate the materially false SIPA Petition or show cause on why the SIPA Petition should not be vacated, has been filed in the originating case 6:08-CV-829. [Please see Exhibit 1]

## Analysis

15. This is a case of SIPC Group's filing of a materially false petition for which falls under the laws of SIPA and 11 U.S. CODE and that resulted in an extreme economic loss to me.

16. Requiring me to obtain counsel would infringe on my constitutional right of access to the courts, since I stand alone as the only person to benefit from any recovery. No other person is claiming any benefit from this case. Since I cannot afford to pay for an attorney of record, the only person that has issued the summonses in this case, is me and that my granted motion to lift the stay only applied to me.

17. Therefore, I am truly acting pro se, by myself and I should be permitted to proceed in this case, pro-se.

18. SIPC is liable under the Securities Investor Protection Act Of 1970 ("SIPA") Under Federal Law [15 U.S.C. § 78ccc(b)] SIPC and its employees are lawfully vested with the following powers which includes that SIPC and its employees can be sued or liable for their improper actions:

> **(b) Powers**
> In addition to the powers granted to SIPC elsewhere in this chapter, SIPC shall have the power—
> (1) **to sue and be sued, complain and defend, in its corporate name and through its own counsel, in any State, Federal, or other court;**
> (2) to adopt, alter, and use a corporate seal, which shall be judicially noticed;
> (3) to adopt, amend, and repeal, by its Board of Directors, such bylaws as may be necessary or appropriate to carry out the purposes of this chapter, including bylaws relating to—
>   (A) the conduct of its business; and
>   (B) the indemnity of its directors, officers, and employees (including any such person acting as trustee or otherwise in connection with a liquidation proceeding) for liabilities and expenses actually and reasonably incurred by any such person in connection with the defense or settlement of an action or suit if such person acted in good faith and in a manner reasonably believed to be consistent with the purposes of this chapter.
> [Underlined and bold emphasis added.]

19. This Federal Act specifically makes it lawful to sue SIPC and its employees and SIPC and its employees cannot any claim immunity through any State laws. It is a well-established

fact that when there is a conflict with legal jurisdiction, Federal Law supersedes any local or state laws.

20.     Furthermore, when SIPC Group filed their petition for SIPA Protection, they did this with the understanding that they would be liable for any and all of their bad acts under SIPA and under 11 U.S. CODE for bankruptcy filings.

21.     Under SIPA, if there are any inconsistencies in the SIPA rules or a procedure, or if a rule is not found in the SIPA Rules, then Title 11 will be the Federal Law.

SIPA §78eee (b)2(A): (A) Exclusive jurisdiction specifically and clearly states:

(iii) except as inconsistent with the provisions of this chapter, shall have the jurisdiction, powers, and **duties conferred upon a court of the United States having jurisdiction over cases under Title 11**, together with such other jurisdiction, powers, and duties as are prescribed by this chapter.
    [Emphasis added]

22. SIPA also clearly addresses the issue of SIPC filing a petition without proper due process only in this section §78eee (b)(1):

Unless the debtor consents to the issuance of a protective decree, the application shall be heard three business days after the date on which it is filed, or at such other time as the court shall determine, taking into consideration the urgency which the circumstances require.

23.     The Federal law concerning the penalty for persons who negligently of fraudulently prepares a bankruptcy petition are clearly addressed in 11 U.S. Code § 110 and these rules do not conflict with SIPA and therefore are the guiding Federal Laws that we are required to follow:

### 11 U.S. CODE § 110 - PENALTY FOR PERSONS WHO NEGLIGENTLY OR FRAUDULENTLY PREPARE BANKRUPTCY PETITIONS

(a) In this section—
(1) "bankruptcy petition preparer" means a person, other than an attorney for the debtor or an employee of such attorney under the direct supervision of such attorney, who prepares for compensation a document for filing; and

> (2) "document for filing" means a petition or any other document prepared for filing by a debtor in a United States bankruptcy court or a United States district court in connection with a case under this title.
> **(b)**
> (1) A bankruptcy petition preparer who prepares a document for filing shall sign the document and print on the document the preparer's name and address. If a bankruptcy petition preparer is not an individual, then an officer, principal, responsible person, or partner of the bankruptcy petition preparer shall be required to—
> (A) sign the document for filing; and
> (B) print on the document the name and address of that officer, principal, responsible person, or partner.
> [Emphasis added]

24.  Not only did SIPC fail to provide three days' notice but under Title 11, SIPC Group is asking this court to dismiss the Court Ordered Amended Complaint under pursuant to Florida Rules when it was SIPC Group that brought this action through their SIPA Petition and under Federal Title 11, Therefore, I am permitted to bring an action against SIPC Group:

> (3) A debtor, trustee, **creditor**, or United States trustee (or the bankruptcy administrator, if any) may file a motion for an order imposing a fine on the bankruptcy petition preparer for any violation of this section.
> [Emphasis added]

25.  In addition by Federal law, SIPC, Wang, and LaRosa are liable to answer for their actions for preparing a false and untrue SIPA Petition.

26.  Wang and LaRosa specifically directed all acts of SIPC and were never legal representatives of SIPC. They just happened to be lawyers licensed in other jurisdictions, which makes the charges against them even more egregious since, Wang and LaRosa should have known better than to commit these five named charges.

27. Under 11 U.S. CODE § 110:

> a) In this section—
> (1) "bankruptcy petition preparer" means a person, **other than an attorney for the debtor or an employee of such attorney under the direct supervision of such attorney**, who prepares for compensation a document for filing;
> **[Emphasis added]**

28.  Either Wang or LaRosa were acting as employees of SIPC for the SIPA Petition or they were acting as attorneys and giving directions on behalf of SIPC. According to the Federal Law

Title 11, an attorney cannot file a petition under any circumstances. Based on Wang and LaRosa's claims that they are attorneys and therefore immune, that in itself will make the SIPA Petition invalid and the SIPA Order should be vacated. Wang and LaRosa are not exempt from any liability because they filed and signed the SIPA petition and by law, they cannot hide behind legal privilege.

29. Wang and LaRosa are trying to have it both ways. On one hand they were not legal counsel when they signed the SIPA Petition and then when proper claims are made against them for materially falsifying the SIPA petition, Wang and LaRosa are claiming legal privilege.

30. The Federal Law is clear; that no petitioner can hide behind attorney privilege in order to avoid liability concerning a falsified and untrue petition. The SIPA rules do not conflict with this legal requirement.

31. Furthermore, Wang and LaRosa failed to file affidavits asserting that their pleadings were true. This disqualifies the SIPA Petition and SIPA does not conflict with this U.S. Title 11 requirement:

> (iii) shall—
> (I) be signed by the debtor and, under penalty of perjury, by the bankruptcy petition preparer; and

32. All petitions must be signed under penalties of perjury because of the gravity of the actions that are being taken under a bankruptcy filing. Not only did SIPC, Wang, and LaRosa fail to swear under oath any of their claims in the SIPA Petition, they work feverishly to cover up their bad acts in all phases, for the past six years. Florida provides no immunity from these actions.

33. The following are the five counts charged against the SIPC Group contained in the Court Ordered Amended Complaint:

> Count I- Negligence
> Count II- Gross Negligence
> Count III- Abuse of Process
> Count IV- Civil Conspiracy
> Count V- Conversion

34. The legal standard to be applied in considering a motion to dismiss is well settled. A claimant is only required to set forth a short and plain statement that gives the defendants fair notice of what the claim is and the grounds on which it rests. Fed. R. Civ. P. 8;1 Fuller v. Johannessen (In re Johannessen), 76 F.3d 347, 349 (11th Cir. 1996). The Court must accept the allegations of the complaint as true and must construe all facts alleged in the light most favorable to the plaintiff. Id.

35. None of SIPC Group's case law contained in their motion, even came close to discussing SIPC actions or cases involving any of the five named charges against the SIPC Group in the Court Ordered Amended Complaint.

36. SIPC Group cites Coursen v. J.P. Morgan Chase & Co., 2013 WL 5437348, "8 (M.D. Fla. 2013) in arguing that Wang and LaRosa should not be named defendants but when this case is reviewed it is discovered that a settlement agreement was reached between the parties and that the SIPC Group is trying to somehow create some sort of case law. The final judgment reads in part 8:12-cv-00690-RAL-EAJ DE 144:

> The Court has been advised by the mediator in his Mediation Report filed at docket 136 that this case **has been partially settled as to Plaintiff's claims** against JP Morgan Chase & Company, JP Morgan Chase Bank, N.A., individually and as acquirer of certain assets of Washington Mutual Bank, N.A., and Federal National Mortgage Association. Accordingly, pursuant to Local Rule 3.08(b) of the Middle District of Florida, it is ORDERED AND ADJUDGED that this case is dismissed without prejudice. [Bold underlined emphasis added]

37. Again SIPC Group cites <u>Dawley v. NF Energy Corp. of Am.</u>, 492 Fed. Appx. 77, 80 (11th Cir. 2012) as a reason that Wang and LaRosa should not be liable from the Court Ordered five charges against them. But when reading this case it is clear that this case is not germane to this Amended Complaint for the reasons stated above, second there is no evidence that Wang or LaRosa acted as legal counsel and by law they could not act as legal counsel and file an SIPA Petition at the same time, third there are no contractual agreements that Wang or LaRosa were acting upon any form of a legal representation.

38. SIPC and the 2nd R&R then cites <u>Green Leaf Nursery v. E. I. DuPont DeNemours and Co.</u>, 341 F. 3d 1292, 1302-03 (11th Cir. 1993) and attaches' these cases <u>Citing Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell PA v. U.S. Fire Ins. Co.</u>, 639 So.2d 606 (Fla. 1994); see also <u>Yeiser, II v. Thompson</u>, 2009 WL 2342446 (N.D. Fla. 2009) (slander of title, declaratory relief, fraud and abuse of process claims barred); <u>Weaver v. Mateer and Harbert, P.A.</u>, 523 Fed. Appx. 565, 569 (11th Cir. 2013) (abuse of process claim barred); <u>Dawley</u>, 492 Fed. Appx. At 80 (claims concerning alleged omissions and fraud in connection with judicial proceedings barred).

39. When Greenleaf Nursery is read it is clear that this citing has nothing to do with this case.

40. SIPC would not be a party to this case if were not for the SIPA application and rules. Also the SIPA application and rules provide that SIPC can be liable. To say that the case, created by the SIPA Petition, exempts SIPC Group from being sued under Florida law is misapplying the SIPA Federal Rules. SIPA specifically cites that SIPC can be sued. SIPC will not be a party to a case unless an SIPA Application is filed and therefore SIPC Group cannot possibly be expected to be immune from liability under any state rules.

41. It is well established that SIPC Group would not exist in this matter if were not for the SIPA Petition being filed by SIPC, Wang, and LaRosa and this SIPC Petition does not constitute an

immunity from claims under Florida Law. This is not a case of SIPC Group being held liable because of their legal tactics but because SIPC Group broke the law and filed an improper and materially false SIPA Petition under U.S Title 11.

42.     Under U.S Title 11 SIPC, Wang, and LaRosa are required to answer to creditors claim for any alleged false and untrue SIPA petition.

43.     SIPC, Wang, LaRosa are specifically liable under "11 U.S. Code § 110 - Penalty for persons who negligently or fraudulently prepare bankruptcy petitions", for filing a materially false petition and no immunity from any state has been granted to anybody for these egregious actions.

44.     If the SIPC's Group logic on this matter would prevail, then fraudulent bankruptcy petition filings would soar and attorneys would then hide behind the privilege laws, when filing these false petitions. This appears to be a clear error and the SIPC Group's case should not be dismissed.

45.     The SIPC Group cites other cases, but when any research is done to verify the SIPC Group claims, the information provided in SIPC Group's citing's do not even come close to provide any relevant information contained it SIPC Group's motion to dismiss.

46.     SIPC Group inappropriately cites 11 U.S.C. §362(a)(3) as a reason to dismiss the SIPC Group from the Court Ordered Amended Complaint. The problem is that when research is done to verify SIPC Group's claims, it is clear that 11 U.S.C. §362(a)(3) cited by the SIPC Group is greatly misplaced.

47.     Please see the actual 11 U.S.C. §362(a)(3) rule below:

> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

48.     It is well established that the property of the estate is gone therefore, it is impossible to

obtain possession or exercise any control over the property.[1]

49. In Addition, 45 and 46 do not apply since the claims against SIPA Group are based on a materially falsified SIPA Petition and that SIPC Group should have never been granted permission, based on this materially false SIPA Petition, to seize and take unlawful possession of all of my assets.

50. The SIPC Group claims some sort of immunity because they were acting on behalf of the government by falsely claiming that "where the threat of liability 'might appreciably inhibit the fearless, vigorous, and effective administration of policies of government."

51. There is absolutely no case law to support that SIPC acts to administrate policies of a government agency and in fact the law states the opposite. SIPC is not required to take any SIPA direction from any government agency. SIPC operates for and at its own best interests.

52. Contrary to the alleged immunity that SIPC Group claims, this Court has already ruled that SIPC Group is liable under Federal Law requiring that SIPC may sue and **be sued under 15 U.S.C. § 78ccc(b)**, unless SIPC acted in good faith, which is a factually alleged defense issue to be decided later. [DE 67 of this case page 2 footnote 1.]

53. Even after all of the legal language and many unrelated case citing and arguments of immunity in their motion, SIPC Group finally admits that they can be sued under Federal Law but then SIPC Group argues the factual issue: that SIPC Group committed the five stated charges, in good faith. Violations under "**11 U.S. CODE § 110 - penalty for persons who negligently or fraudulently prepare bankruptcy petitions**" and SIPA, are never considered committed in good faith.

---

[1] The assigned claims concerning G&G Holdings. The Financial Industry Association, the Goble Family Trust, and back pay and reimbursements for worked performed are not argued in SIPC Group's motion dismiss.

54. To violate these rules is considered a horrific crime and SIPC Group should not permitted to avoid answering for their actions. SIPC Group materially falsified an SIPA Petition to this Court in order to steal millions of dollars, on an exparte basis, and to egregiously violate my Constitutional Right to Due Process.

55. Furthermore, SIPC Group never denies that SIPC Group committed the 5 different charges stated in the Court Ordered Amended Complaint but instead SIPC Group only attempts to give some excuses as to why SIPC Group committed these 5 named charges in the Amended Complaint.

56. SIPC Group even goes so far as to claim in their motion that an aiding and abetting of a minor books and records violation, that resulted in no fines or sanctions, is somehow justification for SIPC Group to perpetually and materially misrepresent facts in an SIPA Petition and to this Court, to grossly violate my Constitutional Rights, and to blatantly and unlawfully convert millions of dollars.

## Conclusion

This Court has already ruled that the case proceed against SIPC, Wang and LaRosa as defendants in this Court Ordered Amended Complaint and its' five charges. Therefore under the rules, this Amended Complaint must be assumed to be true at this stage of the litigation. SIPC Group failed to bring any legal issues that would exclude them as defendants, admitted they can be sued, and offered no tangible legal argument for dismissal and therefore based on the facts of this case: 1. Wang and LaRosa were prohibited by Federal Law from signing a materially false SIPA Petition or filing any SIPA Petition as attorneys and 2. that by Federal Law and by this Court's orders and by SIPC Group's own admission, SIPC, Wang and LaRosa can be sued and are to the named defendants in this case 3. the stated causes of action against SIPC

Group are clear and 4. SIPC Group are being placed on proper legal notice. Therefore, I respectfully request that this Court sustain my objection to the Honorable Judge Karla Spaulding's Report and Recommendation and that SIPC's, Wang's, and LaRosa's motion to dismiss must be denied. I respectfully reserve my right to appeal any decision from the first and second Report and Recommendation and all prior pleadings, responses, motions, and appeals already filed in this matter.

If this Court deems it necessary and is gracious enough to grant me another opportunity to amend the complaint, I have learned much in the past year and I will attempt to file a consolidated amended complaint that will to conform to this Court's orders.

DATED this 12th day of September, 2014.

Respectfully submitted,

/s/ _____ Pro Se
Richard Goble
1385 West State Road 434 Suite 102
Longwood, Florida 32750
(407) 339-9781
(Assignee of all Plaintiffs' Claims, Creditor)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing on the below service list was furnished via United States first class mail, facsimile, and/or this Court's electronic filing system upon the following interested parties this 12th day of September, 2014:

Respectfully submitted,

/s/ _____ Pro Se
Richard Goble
(Assignee of all Plaintiffs' Claims, Creditor)

**Service List:**

Notice has been electronically mailed to:

| | |
|---|---|
| Bruce William Barnes | bwbarnes@tampabay.rr.com, dmtaylor@tampabay.rr.com |
| Cathy A. Fleming | cfleming@hodgsonruss.com, apoznanski@hodgsonruss.com |
| David S. Mandel | dmandel@mandel-law.com, dcox@gibsondunn.com, pcrespo@mandel-law.com, scavanagh@mandel-law.com, smartin@gibsondunn.com |
| Glennys Ortega Rubin | grubin@shutts.com, rsouza@shutts.com, sbeery@shutts.com, sferguson@shutts.com |
| Kevin Dean Solonsky | solonskykd@sec.gov |
| Mary Ruth Houston | mhouston@shutts.com, rsouza@shutts.com, sbeery@shutts.com, sferguson@shutts.com |
| Matthew Triggs | mtriggs@proskauer.com, crotondo@proskauer.com, etorres@proskauer.com, mthompson@proskauer.com |
| Payal Salsburg | psalsburg@proskauer.com, crotondo@proskauer.com, etorres@proskauer.com, kmolloy@proskauer.com |
| Ralph E. Hopkins | ralph.hopkins@usdoj.gov, orldocket.mailbox@usdoj.gov, usaflm.orl_ecf@usdoj.gov |
| William F. Jung | wjung@jungandsisco.com, Backupdocket@yahoo.com, droberts@jungandsisco.com |

Timothy Ward  Pro Se
208 Debary Dr.
Debary, FL 32713