IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FINANCIAL INDUSTRY ASSOCIATION,
INC., G&G HOLDINGS, INC., RICHARD
GOBLE and THE GOBLE FIRST REVOCABLE
FAMILY TRUST MAY 13, 1999,        CASE NO. 6:10-CV-00408-Orl-40KRS
                                  (Consolidated Lead Case)
         Plaintiffs,
                                  CASE NO. 6:11-CV-00825
vs.

SECURITIES AND EXCHANGE COMMISSION,
SECURITIES INVESTOR PROTECTION
CORPORATION, BRUCE BLATMAN,
TIMOTHY WARD, HENRY LANGE, FINANCIAL
INDUSTRY TECHNICAL SERVICES, INC.,
JOHN RIZZO, JOSEPHINE WANG, and
CHRISTOHER LAROSA,

         Defendants.
_____/

**DEFENDANT BRUCE BLATMAN'S RESPONSE TO RICHARD GOBLE'S
OBJECTION TO REPORT AND RECOMMENDATION**

Defendant, BRUCE BLATMAN, by and through his undersigned counsel, and pursuant to Local Rule 6.02(a) of the United States District Court for the Middle District of Florida, files this his Response to Richard Goble's Objection to Report and Recommendation and states:

**BACKGROUND**

As this Honorable Court is well aware, this action that Plaintiff, RICHARD GOBLE ("Goble"), is improvidently pursuing stems from a case that the Securities and Exchange Commission filed in May of 2008 in the action styled *Securities and Exchange Commission v. North American Clearing, Inc., Richard L. Goble, Bruce B. Blatman and*

*Timothy J. Ward,* Case No. 6:08-cv-00829-ORL-31GJK, United States District Court for the Middle District of Florida, Orlando Division. (Doc. 1, Case No. 6:08-cv-00829). Defendants, Bruce B. Blatman ("Blatman") and Timothy J. Ward ("Ward"), had the misfortune of going to work for North American Clearing, Inc., a securities brokerage clearing firm that was controlled by Goble. As the SEC noted in its Complaint, Goble was North American Clearing's "founder, sole owner, and director." (Doc. 1, p. 3.)

The docket in Case No. 6:08-cv-00829 reflects that at no time did Goble file any cross claim against Blatman or Ward. Both Blatman and Ward cooperated with the SEC and agreed orders were entered against them. (Doc. 62, 64, Case No. 6:08-cv-00829.)

While the SEC's case against Goble was still pending, Goble caused to be filed the case styled *Financial Industry Association, Inc., G&G Holdings, Inc., Richard Goble and The Goble First Revocable Family Trust May 13, 1999, Plaintiffs, v. Financial Industry Regulatory Authority, Inc., The Depository Trust and Clearing Corporation, Mary Shapiro, Grace Vogel, Timothy Ward, Bruce Blatman, Sam Luque, Jr., and Larry Thompson,* Case No. 6:10-cv-00408-ORL-36KRS, United States District Court for the Middle District of Florida, Orlando Division. In that action, Blatman was voluntarily dismissed as a defendant on October 6, 2010. (Doc. 18, Case No. 6:10-cv-00408.)

Meanwhile, a Judgment was entered against Goble in the SEC's case on April 27, 2011. (Doc. 261, Case No. 6:08-cv-00829.) That Judgment was affirmed in part, reversed in part, vacated and remanded by the United States Court of Appeals for the Eleventh Circuit on May 29, 2012. *SEC v. Goble*, 682 F. 3d 934 (11th Cir. 2012).

Digressing, on May 18, 2011, Goble caused another action to be filed in the case styled *Financial Industry Association, Inc., G&G Holdings, Inc., Richard Goble and The*

2

*Goble First Revocable Family Trust May 13, 1999, Plaintiffs, v. The United States of America, Securities and Exchange Commission, Securities Investor Protection Corporation, Bruce Blatman, Timothy Ward, Henry Lange, Financial Industry Technical Services, Inc., and John Rizzo, Josephine Wang and Christopher Larosa, Defendants*, Case No. 6:11-cv-000825, United States District Court for the Middle District of Florida, Orlando Division.  Both an original Complaint and a First Amended Complaint were filed on May 18, 2011. (Doc. 1, 2, Case No. 6:11-cv-000825.)  In the subsequently filed action, there was no attempt whatsoever to serve Blatman within the parameters of Rule 4(m) of the Federal Rules of Federal Procedure.  By oral Order dated July 2, 2013, the two cases were consolidated.  (Doc. 66, Case No. 6:10-cv-00408.)

It was not until February 24, 2014, that Goble, who has been *pro se* for some time, caused a summons to be issued with regard to Blatman.  (Doc. 88.)  Blatman was served on March 18, 2014 (Doc. 89) with the First Amended Complaint in Case No. 6:11-cv-00825.

In response to the First Amended Complaint, Blatman filed a Motion to Dismiss and Supporting Memorandum of Law (Doc. 102).  Although the First Amended Complaint is defective for a number of reasons, the focus of Blatman's Motion to Dismiss was that Goble and the other Plaintiffs did not comply with the requirement that a defendant be served within 120 days after the complaint is filed, pursuant to Rule 4(m).  It was actually 1035 days from the time of the filing of the First Amended Complaint when Blatman was served.  Given the fact that the acts complained of allegedly occurred back in 2008, it was evident that the statute of limitations had run on all claims (assuming there were viable claims for relief alleged, which was not the case) asserted against Blatman, Blatman

3

requested that the case be dismissed, with prejudice. Ward also filed a Motion to Dismiss, arguing that this Honorable Court has no jurisdiction over the matter.

Goble filed a response to Blatman's Motion to Dismiss on April 21, 2014 (Doc. 115), and the following day filed a Response to Ward's Motion to Dismiss (Doc. 116).

The Motions to Dismiss filed by Blatman and Ward were referred to The Honorable Karla R. Spaulding, and United States Magistrate Judge Spaulding entered her Report and Recommendation on the Motions on September 3, 2014. (Doc. 174.) In the Report and Recommendation, Magistrate Judge Spaulding did not recommend that the case against Blatman be dismissed on the "timeliness of service argument," but she did recommend that the Motions to Dismiss be granted, without prejudice so as to allow a refiling in state court. As set forth more fully in the Report and Recommendation, United States Magistrate Judge Spaulding recommended that the claims directed to Blatman and Ward be dismissed on jurisdictional grounds. Goble recently filed his Response and Objection to the Report and Recommendation (hereinafter the "Objection"). (Doc. 181.) This is being filed in response to that Objection.

**ARGUMENT**

With all due respect to Magistrate Judge Spaulding, Blatman submits that Goble did not make a sufficient showing to demonstrate why Blatman, in 2014, should have to defend a lawsuit that relates to alleged conduct back in 2008 and which was not served on Blatman for over 1000 days from the time the First Amended Complaint was filed back in 2011. Moreover, that pleading was and is defective for many reasons. Blatman readily admits that he did not separately object to Magistrate Judge Spaulding's Report and Recommendation regarding the timeliness of service issue, given the fact that the Report

and Recommendation ultimately came down in favor of the dismissal of this action against Blatman and Ward, even though the recommended dismissal would be without prejudice.

The absurdly vague and incomprehensible First Amended Complaint (at least with regard to Blatman's alleged wrongdoings) did not remotely articulate exactly what it was that Blatman supposedly did that was actionable.  Moreover, there were no allegations in the pleading that would suggest why it is that this Honorable Court would have jurisdiction over Blatman.  In painstaking detail, Magistrate Judge Spaulding accurately noted why it would not be appropriate for this Honorable Court to exercise jurisdiction over Blatman and Ward, under the circumstances.  The Report and Recommendation first noted that "there is no federal question jurisdiction under 28 U.S.C. § 1331," as the claims were not advanced pursuant to any federal laws.  Similarly, diversity jurisdiction was not alleged under 28 U.S.C. § 1332.  In that same vein, there is no complete diversity.

The question then becomes whether supplemental jurisdiction should be exercised against Blatman and Ward under 28 U.S.C. § 1367.  Magistrate Judge Spaulding's analysis with regard to why it is that supplemental jurisdiction should not be exercised was well-reasoned.  Blatman sees no need to elaborate on any of the points made in the Report and Recommendation.

In his Objection, Goble did not raise any grounds that in any way could be construed as having merit as to why this Honorable Court should exercise jurisdiction.  He claims that Blatman and Ward were "sued for many causes that involve a federal question," but that is not true. (Doc. 181, p. 6.)  The First Amended Complaint is devoid of any claims relating to Blatman and Ward that arise out of the laws of the United States.  Goble further claims that the "Parties have already submitted everything" and they are otherwise ready

5

to proceed to trial. (Doc. 181, p. 6.) In reality, Blatman was only recently pulled into this vexatious lawsuit, and he has absolutely no idea why. It appears to be a foregone conclusion that most, if not all, of the remaining Defendants, will be dismissed from this case, as most of them never should have been sued in the first place. The overly broad and conclusory allegations in the First Amended Complaint link Blatman and Ward with the other Defendants, leaving Blatman and Ward to scratch their heads and wonder what it is that supposedly they did that in any way could be considered actionable. This case is not postured to go to trial, particularly with the only operative pleading being the First Amended Complaint wherein Goble and the other Plaintiffs improperly named various Defendants, including Blatman and Ward. Blatman has not even filed an answer. Similarly, Blatman has not sought to be extricated from the case through any other dispositive motions such as motion for judgment on the pleadings or motion for summary judgment. Blatman would do so if the action is not dismissed as to him.

In his Objection, Goble added that he should not have to "start over again in another Court" and "pay another $450.00 to file a new claim." (Doc. 181, p. 7.) Should this Honorable Court dismiss this action as to Blatman and Ward, without prejudice, there is a very simple solution to what Goble perceives to be problems with regard to filing a new lawsuit in state court – that is, he can chose not to do so. Any such lawsuit would have no merit and also would be time barred. Regardless, he simply has failed to come forward with any valid reason as to why jurisdiction should be exercised as to Blatman and Ward.

**CONCLUSION**

For the foregoing reasons, Blatman respectfully requests that this Honorable Court grant Blatman's Motion to Dismiss, ideally with prejudice. Alternatively, Blatman asks

that the action be dismissed, without prejudice.

      *s/ Bruce W. Barnes*
Bruce W. Barnes
BRUCE W. BARNES, P.A.
100 Main Street, Suite 204
Safety Harbor, FL 34695
(727) 726-1444; Facsimile (727) 726-1814
Primary Email: bwbarnes@tampabay.rr.com
Secondary Email: dmtaylor@tampabay.rr.com
Counsel for Defendant, Bruce Blatman
Florida Bar No. 503312

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 19, 2014, I electronically filed the foregoing Defendant Bruce Blatman's Response to Richard Goble's Objection to Report and Recommendation with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to registered users and to Timothy Ward, 208 Debary Drive, Debary, FL 32713, by United States mail.

      *s/ Bruce W. Barnes*
Bruce W. Barnes