UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FINANCIAL INDUSTRY ASSOCIATION,
G&G HOLDINGS, INC., RICHARD GOBLE,
And THE GOBLE FIRST REVOCABLE
FAMILY TRUST MAY 13, 1999,

        Plaintiffs,

v.

THE UNITED STATES OF AMERICA,  et al.

        Defendants.

_____/

Case No.: 6:10-CV-408-Orl-Krs
(Consolidated Lead Case)

Case No. 6-11-CV-00825-Orl-KRS

## DEFENDANTS SECURITIES INVESTOR PROTECTION CORPORATION, JOSEPHINE WANG AND CHRISTOPHER LAROSA'S REPLY TO PLAINTIFF GOBLE'S RESPONSE AND OBJECTION TO REPORT AND RECOMMENDATION

Defendants, Securities Investor Protection Corporation ("SIPC"), Josephine Wang and Christopher LaRosa (collectively, "SIPC Defendants"), by and through their undersigned counsel, and pursuant to Fed. R. Civ. P. 72(b), file their reply to Plaintiff Richard Goble's Response and Objection (Doc. 180) ("Response") to the Report and Recommendation (Doc. 167) ("Report") as to SIPC's Motion to Dismiss First Amended Complaint, with Prejudice ("Motion") (Doc. 110).

## BACKGROUND

On August 29, 2014, the Honorable Magistrate Judge Karla Spaulding issued her Report (Doc. 167), recommending that the Court grant the SIPC Defendants' Motion to Dismiss First Amended Complaint, with Prejudice, and dismiss the claims against the SIPC Defendants with prejudice.  Magistrate Judge Spaulding correctly found that:

- this Court has original jurisdiction over the SIPC Defendants under 15 U.S.C. § 78ccc(b)(1);

- Goble does not have standing either (a) to bring claims of injury to NACI because such claims are held by the Trustee in the bankruptcy proceeding (and Goble cannot assign them

1

to himself) or (b) to represent FIA, G&G and the Trust, as they can only appear through counsel;[1]

- the SIPC Defendants are absolutely immune from the claims asserted against them in Counts I through IV of the First Amended Complaint under Florida's litigation privilege because all of their alleged improper acts were related to judicial proceedings in this Court and in the bankruptcy court; and

- Goble stated no plausible claim for conversion (First Amended Complaint, Count V) against the SIPC Defendants.

Magistrate Judge Spaulding also correctly recommended that the dismissal be with prejudice in light of the absolute immunity of the SIPC Defendants, and further, as to Count V, the fact that Goble has already been given numerous opportunities to amend the complaint, all of which have failed.

This Court should adopt the recommendations in the Report. Goble's purported objections are nothing more than a disjointed rant that fails to address the bases for the recommendations in the Report. Furthermore, even if Goble's objections can be deciphered to constitute proper objections, they provide no basis for rejecting the Report.

## MEMORANDUM OF LAW

I.      **The Report Should be Reviewed Only for Clear Error Because Goble has Not Provided Specific Objections to any of the Report, as Required for <u>De Novo</u> Review**

Rule Fed. R. Civ. P. 72(b)(2) permits a party to file written objections to the proposed findings and recommendations of a magistrate judge; however, those objections must be "specific." As stated in Fed. R. Civ. P. 72(b)(3) the "district court must determine <u>de novo</u> any part of the magistrate judge's disposition that has been **properly** objected to" (emphasis added). Where a party makes conclusory or general objections to a report and recommendation, or simply reiterates old

---

[1] Because Goble cannot represent FIA, G&G and the Trust, they have not opposed the Motion. The Report, however, notes that even if FIA, G&G and the Trust had properly responded to the Motion, the outcome would be the same.

arguments, the district court should review the report and recommendation only for clear error, and not de novo. Moreover, and of relevance here, courts hold that while parties appearing pro se will be accorded leniency, when a pro se party files an objection to a report and recommendation, he still must comply with the federal rules and provide specific written objections. See Williams v. Woodhull Medical and Mental Health Center, 891 F.Supp.2d 301 (E.D.N.Y. 2012); Dixon v. Ragland, 2007 WL 4116488, *1 (S.D.N.Y. Nov. 16, 2007) ("[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed 'a second bite at the apple' by simply relitigating a prior argument").

Goble has failed to provide any specific written objections to the Report, as further set forth below, and, as such, the Report should be reviewed only for clear error. Nevertheless, even if this Court were to find that the Report is reviewable under a de novo standard, Magistrate Judge Spaulding's Report should be adopted in light of the attendant facts and applicable law. To the extent any argument can be gleaned from Goble's "objections," it seems to be that the Report should not be adopted because (1) SIPC is permitted to file a petition for SIPA[2] protection and can be sued under SIPA or the bankruptcy code, and (2) the SIPC defendants allegedly filed a false petition and therefore somehow cannot rely on Florida's litigation privilege. As set forth below, Goble has misconstrued the basis for the Report and misapprehended the applicable law.

## II.   The Report's Recommendations as to Jurisdiction and Standing Are Correct

In her Report, the Magistrate Judge initially addressed the preliminary issues of jurisdiction[3] and standing. Goble responds to this issue by repeatedly raising his right to appear pro se. See

---

[2] Defined terms have the same meaning as in the Motion.

[3] The issue of jurisdiction in the first instance applies to whether SIPC can be sued in federal court as a matter of original jurisdiction. It does not involve the doctrine of immunity, which was discussed in SIPC's supplemental brief, and was not addressed in the Report.

Response ¶¶ 2, 3, 16, 17.  Goble misses the mark.  Magistrate Judge Spaulding never suggested in her Report that Goble could not represent himself as an individual.  The point is that, under applicable law, he cannot represent FIA, G&G and the Trust.  See, e.g., 825 Case, Doc. 12, 18, 25 and 27; Callaway v. Hornbake, 2012 WL 333769, *3 (M.D. Fla. Feb. 1, 2012).  Goble's attempt to assign their claims to himself[4] is of no consequence because even an assignment of a claim does not thwart this legal doctrine.  See Wolfe v. Rodriguez, 2013 WL 6885176, *3 (S.D. Fla. Dec. 31, 2013) and citations therein.

Similarly, Magistrate Judge Spaulding correctly held that Goble does not have standing to bring claims of injury on behalf of NACI because NACI cannot assign any claims it has to Goble. NACI's claims are held by the Trustee in bankruptcy, pursuant to 11 U.S.C. §362(a). Goble responds that 11 U.S.C. §362(a) does not apply in these proceedings.  Response ¶46-48.  Goble ignores the inter-relationship between SIPA and the liquidation provisions of the Bankruptcy Code.  Under SIPA § 78fff(b), to the extent consistent with SIPA, a SIPA proceeding is to be conducted as if under the liquidation provisions of the Bankruptcy Code.  As such, SIPA is viewed as an "engraftment" of the customer protection provisions upon the "bankruptcy provisions applicable to stockbrokers."  SEC v. Aberdeen Securities Co., 480 F.2d 1121, 1123 (3d Cir. 1973).  Despite this, Goble attempts to assert derivative claims on behalf of NACI (currently in SIPA liquidation and not a party to this action).  Yet, as a legal matter, NACI's claims belong exclusively to and are the property of the estate.  See 11 U.S.C. §541(a)(1), made applicable under 15 U.S.C. §78fff(b). Only the Trustee for the liquidation of the business of NACI has standing to pursue NACI's claims of injury, if any.  See Chen v. Siemens Energy, Inc., 467 Fed. Appx. 852, 853 (11th Cir. 2012); Isaac v. IMRG, 224 Fed. Appx. 907, 909 (11th Cir. 2013) (plaintiff lacked standing to pursue claims; causes of action she was pursuing vested with the bankruptcy estate at the time of the filing of the petition;

---

[4] Subsequent to the Report, Goble's Motion to Substitute for G&G, FIA and the Trust was denied.  (Doc. 153, 175).

the trustee was the only party with standing to prosecute such claims).

### III. Florida's Absolute Litigation Privilege Bars Goble's Claims

Magistrate Judge Spaulding correctly found that Florida's litigation privilege bars the claims brought by Goble against the SIPC Defendants in Counts I through IV, because they all arise out of judicial proceedings in this Court and in the bankruptcy court; namely, the filing of an application for entry of a protective decree, making representations in Court about NACI's financial condition, and, assisting the bankruptcy trustee. Thus, Florida's litigation privilege, which provides absolute immunity both to parties and their attorneys for acts occurring during judicial proceedings, even tortious acts, as long as there is some relation to the judicial proceeding, applies to the SIPC Defendants and shields them from liability. See Green Leaf Nursery v. E. I. DuPont DeNemours and Co., 341 F. 3d 1292, 1302-03 (11th Cir. 1993); Coursen v. J.P. Morgan Chase & Co., 2013 WL 5437348, *8 (M.D. Fla. June 25, 2013); Dawley v. NF Energy Corp. of America, 492 Fed. Appx. 77, 80 (11th Cir. 2012); Yeiser v. Thompson, 2009 WL 2342446, *2 (N.D. Fla. July 29, 2009).[5]

Goble contends that Defendants LaRosa and Wang (respectively, SIPC Senior Associate General Counsel-Litigation, and SIPC General Counsel) were not acting as attorneys in the SEC Case and in connection with the filing of the petition, and continues to argue the underlying merits of the petition. He also confuses the doctrines of governmental immunity with Florida's litigation privilege. Response 15, 19-32, 41-44, 49-54, 56. None of this calls into question the correctness of the Report. Whether LaRosa and Wang were or were not acting as attorneys has nothing to do with the application of the litigation privilege. The litigation privilege applies to both parties and attorneys; moreover, the Magistrate Judge correctly found that Wang and LaRosa had been permitted to appear as counsel in the underlying litigation. Furthermore, Magistrate Judge Spaulding

---

[5] Goble's attempt to argue that these cases are inapplicable (Response 36, 37-39) bolsters the conclusion that Goble does not understand that Magistrate Judge Spaulding ruled that the SIPC Defendants are immune under Florida's litigation privilege. These cases are directly on point on that legal issue.

did not address the SIPC Defendants' immunity on any basis other than the litigation privilege. Although untangling Goble's web of conspiracy theories is nearly impossible, it suffices to say that he does not address, and obviously fails to understand, the legal theory under which Magistrate Judge Spaulding ruled that the SIPC Defendants were absolutely immune from liability.

## IV.   The Allegations of Count V (Conversion) in the First Amended Complaint do Not State a Legally Plausible Claim

Finally, in connection with Goble's claim of conversion (Count V, First Amended Complaint), Magistrate Judge Spaulding reviewed the particular allegations made in support of such claim by Goble, citing Amended Complaint ¶¶69 and 70 with particularity, and concluded that there was no allegation made that the SIPC Defendants were involved in the alleged conversion or took any action to acquire property from the plaintiffs other than filing the application for entry of a protective decree and assisting the bankruptcy trustee.  Thus, the Report found that the alleged conversion claim as to the SIPC Defendants failed as a matter of law for failure to state a claim on which relief could be granted, pursuant to Fed. R. Civ. P.12(b)(6).[6]

"Conversion" constitutes any act of a person in asserting a right of dominion over chattel which is inconsistent with the right of the owner and deprives the owner of the right of possession to which the owner is entitled. City of Cars, Inc. v. Simms, 526 So.2d 119, 120 (Fla. 5th DCA 1988). In line with Magistrate Judge Spaulding's conclusion, and based on what "conversion" is, as a legal matter, Goble cannot possibly (much less plausibly) state a claim for conversion.  Goble does not specifically object to Magistrate Judge Spaulding's finding on this point.

Instead, Goble throws out references to the "five named charges" and makes the facially incorrect allegation that none of the cases cited in the SIPC Defendants' motion relate to the claims raised.  Response ¶¶33, 35, 55.  These haphazard arguments are to no avail.  First, Goble has not

---

[6] The Report also found that the Amended Complaint alleged, as to the SIPC Defendants, that the only steps taken were in connection with the filing of the petition and assisting the bankruptcy trustee, which would also implicate the litigation privilege.

directly challenged Magistrate Judge Spaulding's findings in connection with the conversion count, and they should therefore stand.  Second, Goble's point of view regarding the propriety of the SIPC Defendants' conduct in connection with the liquidation is irrelevant to the analysis of Count V.  The key is that he failed to articulate a claim for conversion, and under his own allegations, cannot do so.

Furthermore, the Report correctly takes the position that no further amendment should be permitted.  Goble does not explain, nor can he, why he has failed on more than eight occasions to take advantage of the opportunities of amendment afforded to him by the Court.  Nevertheless, the answer to the question is readily apparent.  There is no way for Goble to amend his complaint to state legal cognizable claims against the SIPC Defendants and the opportunity for further amendment is an exercise in futility.

This Court has already ruled that "the time for filing an amended complaint that fully complies with the Court's previous orders has expired.  No good cause has been presented to permit an additional, belated amended complaint."  408 Case, Doc. 79.  In that same vein, Magistrate Judge Spaulding correctly concluded that, in addition to the fact that dismissal with prejudice was warranted because the SIPC Defendants were absolutely immune from liability herein altogether, the plaintiffs had been given many opportunities to amend in an effort to state a claim and failed to do so.  See, e.g., Hopkins v. JP Morgan Chase Bank N.A., 2014 WL 3747314, *3 (M.D. Fla. July 29, 2014); see also J.D. Nettles v. City of Leesburg, Florida, 415 Fed. Appx. 116, 118-19 (11th Cir. 2010) (dismissal with prejudice; three complaints contained the same pleading deficiencies; such deficiencies were repeatedly noted); Smith v. School Board of Brevard County, 2010 WL 2541927 (M.D. Fla. June 3, 2010) (dismissal with prejudice; court provided repeated admonitions and guidance; and complaint was amended three times); Dismuke v. University of South Florida Board of Trustees, 2006 WL 166547 (M.D. Fla. Jan. 23, 2006) (dismissal with prejudice of pro se plaintiff's third amended complaint not an abuse of discretion).

## CONCLUSION

For the reasons set forth above, the SIPC Defendants respectfully request that this Court deny all objections raised by Goble, adopt the Report and dismiss all claims pending against the SIPC Defendants, with prejudice.   Moreover, the SIPC Defendants respectfully request that the Court mercifully not only put an end to the instant litigation, but in light of the absolute immunity from liability to which the SIPC Defendants are entitled, enjoin Goble from filing any further lawsuits against the SIPC Defendants arising from the facts underlying the SEC Case, the 825 Case, and/or this case, without first obtaining leave of this Court.

/s/ Mary Ruth Houston
Mary Ruth Houston, Esquire
Florida Bar No. 834440
mhouston@shutts.com
Glennys Ortega Rubin, Esquire
Florida Bar No. 0556361
grubin@shutts.com
SHUTTS & BOWEN LLP
300 South Orange Avenue, Suite 1000
Orlando, Florida 32801-5403
(407) 423-3200 (Telephone)
(407) 425-8316 (Facsimile)
*Attorneys for SIPC DEFENDANTS*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 23rd day of September, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:   Bruce   William   Barnes   (bwbarnes@tampabay.rr.com, dmtaylor@tampabay.rr.com),   Philip   D.   Bartlett   (phil@pdbartlettlaw.com),   Richard   Goble (1926media@gmail.com), William F. Jung (wjung@jungandsisco.com, droberts@jungandsisco.com, Backupdocket@yahoo.com),   David   S.   Mandel   (dmandel@mandel-law.com, dcox@gibsondunn.com,   pcrespo@mandel-law.com,   scavanagh@mandel-law.com, smartin@gibsondunn.com), Payal Salsburg (psalsburg@proskauer.com, etorres@proskauer.com,

crotondo@proskauer.com,        kmolloy@proskauer.com),        and        Matthew        Triggs

(mtriggs@proskauer.com,        etorres@proskauer.com,        crotondo@proskauer.com,

mthompson@proskauer.com), and I served a true and correct copy of the foregoing via Federal

Express, prepaid, upon the following CM/ECF Non-Participant: Timothy Ward, 208 Debary Drive,

Debary, Florida 32713.

/s/ Mary Ruth Houston
OF COUNSEL

ORLDOCS 13635668 2