IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

FINANCIAL INDUSTY ASSOCIATION et.al

    Plaintiffs                                CASE NO. 6:10-CV-00408-Orl-401KRS

                                               (Consolidated Lead Case)

vs.                                               CASE NO. 6:11-CV-00825

SECURITY AND EXCHANGE COMMISSION et.al

    Defendants,

## DEFENDANT TIMOTHY WARD'S RESPONSE TO RICHARD GOBLE'S OBJECTION TO REPORT AND RECOMMENDATION

Defendant, TIMOTHY WARD, pursuant to Rule 6.02(a) of the United States District Court for the Middle District of Florida, files this Response to Richard Goble's Objection to Report and Recommendation and states::

### BACKGROUND

As this Court is well aware, this action that Plaintiff, Richard Goble ("Goble"), is improvidently pursuing stems from a case that the Securities and Exchange Commission filed in May 2008 in the action styled *Securities and Exchange Commission v. North American Clearing, Inc., Richard L. Goble, Bruce B. Blatman and Timothy J. Ward,* Case No. 6:08-cv-00829-ORL-31GJK, United States District Court for the Middle District of Florida, Orlando Division. (Doc. 1, Case No. 6:08-cv-00829). Defendants, Bruce Blatman ("Blatman") and Timothy Ward ("Ward"), had the misfortune of going to work for North American Clearing Inc., a securities brokerage clearing firm that was fully controlled by Goble. As the SEC noted in its Complaint, Goble was North American Clearing's "founder, sole owner, and director."

1

The docket in Case No. 6:08-cv-00829 reflects that at no time did Goble file any cross claim against Blatman or Ward. Both Blatman and Ward cooperated with the SEC and agreed orders were entered against them. (Doc 62, 64, Case No. 6:08-cv-00289).

While the SEC's case against Goble was still pending, Goble caused to be filed the case styled Financial Industry Association, Inc., G&G Holdings, Inc., Richard Goble and The Goble First Revocable Family Trust May 13, 1999, Plaintiffs, v. Financial Industry Regulatory Authority, Inc., The Depository Trust and Clearing Corporation, Mary Shapiro, Grace Vogel, Timothy Ward, Bruce Blatman, Sam Luque, Jr., and Larry Thompson, Case No. 6:10-cv-00408-ORL-36KRS, United States District Court for the Middle District of Florida, Orlando Division. In that action, Ward was voluntarily dismissed as a defendant on October 6, 2010. (Doc. 18, Case No. 6:10-cv-00408.)

Meanwhile, a Judgment was entered against Goble in the SEC's case on April 27, 2011. (Doc. 61, Case No. 6:08-cv-00829.) That Judgment was affirmed in part, reversed in part, vacated and remanded by the United States Court of Appeals for the Eleventh Circuit on May 29, 2012. SEC v. Goble, 682 F. 3d 934 (11th Cir. 2012).

Digressing, on May 18, 2011, Goble caused another action to be filed in the case styled *Financial Industry Association, Inc., G&G Holdings, Inc., Richard Goble and The Goble First Revocable Family Trust May 13, 1999, Plaintiffs, v. The United States of America, Securities and Exchange Commission, Securities Investor Protection Corporation, Bruce Blatman, Timothy Ward, Henry Lange, Financial Industry Technical Services, Inc., and John Rizzo, Josephine Wang and Christopher Larosa, Defendants*, Case No. 6:11-cv-000825, United States District Court for the Middle District of Florida, Orlando Division. Both an original Complaint and a First Amended Complaint were filed on May 18, 2011. (Doc. 1, 2, Case No. 6:11-cv-000825.) In the subsequently filed action there was no attempt whatsoever to serve Ward within the parameters of Rule 4(m) of the Federal Rules of Federal Procedure. By oral Order dated July 2, 2013, the two cases were consolidated. (Doc. 66, Case No. 6:10-cv-00408.)

It was not until February, 2014, that Goble, who has been *pro se* for some time, caused a summons to be issued with regard to Ward. Ward was served in March, 2014 (Doc. 89) with the First Amended Complaint in Case No. 6:11-cv-00825.

It was actually over 1000 days from the time of the filing of the First Amended Complaint when Ward was served. Ward filed a Motion to Dismiss, arguing that this Honorable Court has no jurisdiction over the matter.

Goble filed a Response to Ward's Motion to Dismiss on April 15, 2014(Doc. 116).

2

The Motions to Dismiss filed by Blatman and Ward were referred to The Honorable Karla R. Spaulding, and United States Magistrate Judge Spaulding entered her Report and Recommendation on the Motions on September 3, 2014. (Doc. 174.) In the Report and Recommendation, Magistrate Judge Spaulding did not recommend that the case against Ward be dismissed on the "timeliness of service argument," but she did recommend that the Motions to Dismiss be granted, without prejudice so as to allow a refiling in state court.

As set forth more fully in the Report and Recommendation, United States Magistrate Judge Spaulding recommended that the claims directed to Blatman and Ward be dismissed on jurisdictional grounds. Goble recently filed his Response and Objection to the Report and Recommendation (hereinafter the "Objection"). (Doc. 181.) This is being filed in response to that Objection.

## ARGUMENT

With all due respect to Magistrate Judge Spaulding, Ward submits that Goble did not make a sufficient showing to demonstrate why Ward, in 2014, should have to defend a lawsuit that relates to alleged conduct back in 2008 and which was not served on Ward for over 1000 days from the time the First Amended Complaint was filed back in 2011. Moreover, that pleading was and is defective for many reasons. Ward readily admits that he did not separately object to Magistrate Judge Spaulding's Report and Recommendation regarding the timeliness of service issue, given the fact that the Report and Recommendation ultimately came down in favor of the dismissal of this action against Blatman and Ward, even though the recommended dismissal would be without prejudice.

The absurdly vague and incomprehensible First Amended Complaint did not remotely articulate exactly what it was that Ward supposedly did that was actionable. Moreover, there were no allegations in the pleading that would suggest why it is that this Honorable Court would have jurisdiction over Ward. In painstaking detail, Magistrate Judge Spaulding accurately noted why it would not be appropriate for this Honorable Court to exercise jurisdiction over Blatman and Ward, under the circumstances. The Report and Recommendation first noted that "there is no federal question jurisdiction under 28 U.S.C. § 1331," as the claims were not advanced pursuant to any federal laws. Similarly, diversity jurisdiction was not alleged under 28 U.S.C. § 1332. In that same vein, there is no complete diversity.

The question then becomes whether supplemental jurisdiction should be exercised against Blatman and Ward under 28 U.S.C. § 1367. Magistrate Judge Spaulding's analysis with regard to why it is that supplemental jurisdiction should not be exercised was well reasoned. Ward sees no need to elaborate on any of the points made in the Report and Recommendation.

In his Objection, Goble did not raise any grounds that in any way could be construed

3

as having merit as to why this Honorable Court should exercise jurisdiction. He claims that Blatman and Ward were "sued for many causes that involve a federal question," but that is not true. (Doc. 181, p. 6.) The First Amended Complaint is devoid of any claims relating to Blatman and Ward that arise out of the laws of the United States. Goble further claims that the "Parties have already submitted everything" and they are otherwise ready to proceed to trial. (Doc. 181, p. 6.) In reality, Ward was only recently pulled into this vexatious lawsuit, and he has absolutely no idea why. It appears to be a foregone conclusion that most, if not all, of the remaining Defendants, will be dismissed from this case, as most of them never should have been sued in the first place. The overly broad and conclusory allegations in the First Amended Complaint link Blatman and Ward with the other Defendants, leaving Blatman and Ward to scratch their heads and wonder what it is that supposedly they did that in any way could be considered actionable. This case is not postured to go to trial, particularly with the only operative pleading being the First Amended Complaint wherein Goble and the other Plaintiffs improperly named various Defendants, including Blatman and Ward. Ward has not even filed an answer. Similarly, Ward has not sought to be extricated from the case through any other dispositive motions such as motion for judgment on the pleadings or motion for summary judgment. Ward would do so if the action is not dismissed as to him.

In his Objection, Goble added that he should not have to "start over again in another Court" and "pay another $450.00 to file a new claim." (Doc. 181, p. 7.) Should this Honorable Court dismiss this action as to Blatman and Ward, without prejudice, there is a very simple solution to what Goble perceives to be problems with regard to filing a new lawsuit in state court – that is, he can choose not to do so. Any such lawsuit would have no merit and also would be time barred. Regardless, he simply has failed to come forward with any valid reason as to why jurisdiction should be exercised as to Blatman and Ward.

## CONCLUSION

For the foregoing reasons, Ward respectfully requests that this Honorable Court grant Ward's Motion to Dismiss, ideally with prejudice. Alternatively, Ward asks that the action be dismissed, without prejudice.

_____
Timothy J. Ward, pro-se
208 Debary Drive
Debary, FL

## CERTIFICATE OF SERVICE

I, HEREBY CERTIFY that on October 6, 2014, a copy of Defendant Timothy Ward's Response to Richard Goble's Objection provided to the Clerk of Court by U.S. Mail, and provided to the following by electronic mail:

Richard Goble
1926media@gmail.com

William F. Jung
wjung@jungandsisco.com
droberts@jungandsisco.com
backupdocket@yahoo.com

David S. Mandel
dmandel@mandel-law.com
dcox@gibsondunn.com
pcrespo@mandel-law.com
scavanagh@mandel-law.com
smartin@gibsondunn.com

Payal Salsburg
psalsburg@proskauer.com
etorres@proskauer.com
crotondo@proskauer.com
kmolloy@proskauer.com

Matthew Triggs
mtriggs@proskauer.com
etorres@proskauer.com
crotondo@proskauer.com
kmolloy@proskauer.com
mthompson@proskauer.com

Mary Ruth Houston
mhouston@shutts.com
JPaino@shutts.com
GRubin@shutts.com

5