UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FINANCIAL INDUSTRY ASSOCIATION,
G&G HOLDINGS, INC., RICHARD GOBLE,
And THE GOBLE FIRST REVOCABLE
FAMILY TRUST MAY 13, 1999,

    Plaintiffs,

v.

THE UNITED STATES OF AMERICA,
SECURITIES AND EXCHANGE
COMMISSION, SECURITIES INVESTOR
PROTECTION CORPORATION, BRUCE
BLATMAN, TIMOTHY WARD, HENRY
LANGE, FINANCIAL INDUSTRY
TECHNICAL SERVICES, INC. and JOHN
RIZZO, JOSEPHINE WANG and
CHRISTOPHER LAROSA,

    Defendants.
_____/

Case No.: 6:10-CV-408-Orl-Krs
(Consolidated Lead Case)

Case No. 6-11-CV-00825-Orl-KRS

## DEFENDANTS SECURITIES INVESTOR PROTECTION CORPORATION, JOSEPHINE WANG, AND CHRISTOPHER LAROSA'S MOTION TO STRIKE PLAINTIFF RICHARD GOBLE'S NOTICE OF SUPPLEMENTAL AUTHORITY AND JUDICIAL NOTICE AND INCORPORATED MEMORANDUM OF LAW

Defendants Securities Investor Protection Corporation, Josephine Wang and Christopher LaRosa (collectively, the "SIPC Defendants"), by and through their undersigned counsel, and pursuant to Fed. R. Civ. P. 12(f), move for the entry of an order striking Plaintiff Richard Goble's Notice of Supplemental Authority and Judicial Notice (Doc. 184) ("Notice"). The purported Notice is immaterial and impertinent because it is procedurally improper, contains impermissible legal argument and otherwise addresses matters that are irrelevant and inconsequential to the decisions already rendered in this action, including, among others, Magistrate Judge Karla Spaulding's Report and Recommendation to dismiss Goble's claims against the SIPC Defendants, with prejudice (Doc. 167). The "supplemental authority" cited in the Notice also is irrelevant in light of its limited

1

applicability, as noted in the authority itself, and as discussed more fully below, in light of the Eleventh Circuit's decision in a related case, S.E.C. v. Goble, 682 F.3d 934 (11th Cir. 2012). In support of their motion, the SIPC Defendants state as follows:

### INTRODUCTION

On April 8, 2014, the SIPC Defendants filed their dispositive motion to dismiss the First Amended Complaint filed by Goble[1] with prejudice (Doc. 110). The motion raised multiple grounds as bases for dismissal. On August 29, 2014, the Magistrate Judge issued her report recommending the granting of that motion and stayed the case (Doc. 167).

On September 8, 2014, Goble filed a motion under Rule 60(b) seeking to set aside the order placing North American Clearing, Inc. ("NACI") into liquidation (Doc. 176), an order that had actually been entered in the case of SEC v. NACI, et al., Case No. 6:08-cv-829-ORL35-KRS (the "SEC Case"). On September 10, 2014, the Magistrate Judge denied the motion sua sponte, noting that it had been filed in the wrong case. Goble immediately filed the motion in the SEC Case, where it remains pending.

Most recently, on October 2, 2014, Goble filed a "Notice" of "Supplemental Authority," requesting this Court to take Judicial Notice of a Memorandum Opinion ("Bankruptcy Court Opinion") and Final Judgment ("Judgment") entered on September 29, 2014 by the United States Bankruptcy Court for the Middle District of Florida ("Bankruptcy Court") in Gilbert v. Goble (In re North American Clearing, Inc.), Adv. No. 6:10-ap-00151-KSJ (Bankr. M.D. Fla.) (the "Avoidance Action"). He also filed a similar notice in the SEC Case.

---

[1] The caption of the complaint includes as plaintiffs Financial Industry Association ("FIA"), G&G Holdings, Inc. ("G&G"), and the Goble First Revocable Family Trust May 13, 1999's (the "Trust"). This Court has repeatedly ruled that Goble cannot represent these entities and that these entities can only appear in these proceedings through counsel.

2

## ARGUMENT

The purported Notice constitutes yet another improper filing by Goble and should be stricken because it is procedurally improper, raises irrelevant and immaterial matters, and requests judicial notice of matters that cannot appropriately be so treated.

### I. The Notice Is Procedurally Improper

The Notice should be stricken as procedurally improper and in violation of the Local Rules. The Local Rules are clear as to what briefs are permitted in connection with motions. See Local Rule 3.01(a), (b). Local Rule 3.01(c) expressly states that "no party shall file any reply or further memorandum directed to the motion or response allowed in [Local Rule 3.01 (a) and (b)] unless the Court grants leave." Even a cursory review of the Notice reveals that Goble is using it as a means to provide additional briefing of his legal position (although, as set forth below, the legal position that he argues is of absolutely no relevance to these proceedings).

While supplemental filings are allowed for the purpose of bringing to the Court's attention legal authority that was not available to the filing party at the time the filing party filed the original brief to which the supplemental filing pertains, such filings should do nothing more than alert the Court to the authority and should not include legal argument. See, e.g., Hodges v. School Board of Orange County, Florida, No. 6:11-cv-135, 2012 WL 5457427, n.5 (M.D. Fla. 2012); Girard v. Aztec RV Resort, Inc., No. 10-62298-CIV, 2011 WL 4345443, *2 (S.D. Fla. September 16, 2011); Pellegrino v. Koeckritz Dev. of Boca Raton, LLC, No. 09-80164-CIV, 2008 WL 4753726, *2, n.2. (S.D. Fla. October 27, 2008). Here, Goble's "Notice" is an 8 page legal brief, containing "Analysis," "Further Analysis" and legal citations. This is not a proper supplemental filing, and must be stricken as an unauthorized pleading. See Health Science Distributors, Co., v. Usher Sparks, 2012 WL 601204 (M.D. Fla. 2012).

II. **The Notice Raises Redundant and Immaterial Matters**

The content of the Notice, which pertains to a ruling in the Avoidance Action, has no impact on any of the matters at issue in these proceedings, thus rendering the Notice "redundant, immaterial" and "impertinent." See Fed. R. Civ. P. 12(f) (the court may strike from a pleading . . . "any redundant, immaterial, impertinent, or scandalous matter").

In the Avoidance Action, Robert N. Gilbert, the Trustee for the liquidation of NACI under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa et seq. ("SIPA"), sought to avoid as fraudulent transfers NACI's payments of Goble's monthly credit card bills and other miscellaneous bills between June 1, 2006 and May 15, 2008. In the Bankruptcy Court Opinion and Judgment, the Bankruptcy Court ruled against the Trustee, finding, inter alia, that the Trustee failed to prove that, after each of the transfers in question, "the capital remaining with NACI was unreasonably small." (Avoidance Action, Doc. 314 at p. 20.)

That finding has no bearing on any matter pending before the Court in this action, including the SIPC Defendants' motion to dismiss and the report and recommendation to grant it. That recommendation is based upon the immunity of the SIPC Defendants under the litigation privilege, Goble's legal incapacity to act on behalf of FIA, G&G, and the Trust, and Goble's failure to make plausible allegations of conversion. (Doc. 314 at 10-14.)

Yet, Goble's Notice raises again the issue of whether, prior to its placement in receivership, NACI was insolvent and out of compliance with SEC Rules 15c3-3 and 17a-3, 17 CFR ¶240.15c3-3, 240.17a-3. That issue was already disposed of in the SEC Case, and the Eleventh Circuit affirmed those findings on appeal. S.E.C. v. Goble, 682 F.3d 934 (11th Cir. 2012). But Goble now suggests that statements made by the Bankruptcy Court in dicta regarding NACI's solvency and profitability, and with one exception, compliance with applicable rules and regulations, are somehow relevant to his claim for damages against the SIPC Defendants -- even though the Bankruptcy Court itself

recognized that nothing in its opinion or judgment provided any basis for revisiting the findings made in the SEC Case. Bankruptcy Court Docs 314 at 6 n. 20.[2] As the Bankruptcy Court stated:

> The events of May 2008, which led to SIPC's intervention, were unrelated to whether NACI was properly capitalized in June 2006 or at any point during the next 24 months when the Transfers occurred.

Bankruptcy Court Opinion, Bankruptcy Court Doc. 184-1 at 22,

Because the Notice is a continued re-litigation of previously decided and fully adjudicated issues, and because neither the legal issues addressed in Goble's Notice nor the matters considered in the Trustee's Avoidance Action have any impact on this litigation,[3] the Notice should be stricken under Fed. R. Civ. P. 12(f) as redundant, impertinent and immaterial.

### III. The Matters Raised By The Notice Are Not Proper for Judicial Notice

Finally, Goble's attempted request for "Judicial Notice" is a blatant attempt to obtain from this Court a ruling that gives some sort of preclusive effect to facts contained within the Bankruptcy Court's Opinion and Judgment. This is improper. As the cases cited by Goble himself point out, a court may not take judicial notice of a fact "merely because it has been found to be true in some other context." To the contrary, "a court may take notice of another court's order only for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation." *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (finding that facts within a bankruptcy court order could not be judicially noticed and were also inadmissible as hearsay).

When read in context, the Notice is not simply requesting that this Court take notice of a judicial act under F.R.E. 201 as it purports. Instead, Goble is actually asking the Court to take

---

[2] The issues addressed by the Bankruptcy Court were much narrower than those in the SEC Case. It considered whether NACI was undercapitalized at the time of the payments to Goble. The Bankruptcy Court rejected the Trustee's argument that NACI's use of customer cash in operations indicated that its capital was insufficient. Avoidance Action, Doc. 314 at 17.

[3] The Bankruptcy Court's Opinion and Judgment similarly has no bearing upon the adjudication of the SEC's case against Goble, S.E.C. v. Goble, Case No. 6:08-cv-00829-MSS-KRS (M.D. Fla.) ("SEC Case") as it provides no basis for revisiting the court's findings in that case, which the Bankruptcy Court itself recognized. (Avoidance Action, Doc. 314 at 6 n. 20.)

"Judicial Notice" by making factual determinations in line with the Bankruptcy Court's Opinion and Judgment that, again, have no relevance to these proceedings. Those statements are not binding on this Court, are inadmissible hearsay, and, in any event, have no legal effect either in this case or in the SEC Case.

This Court held in the SEC Case that, in light of its April 27, 2011 Bench Trial Opinion (Doc. 260) and the Eleventh Circuit's subsequent decision partially affirming the Bench Trial Opinion (S.E.C. v. Goble, 682 F.3d 934 (11th Cir. 2012)), it was precluded by the law of case doctrine "from reconsidering its aiding and abetting judgment and the facts underlying the judgment." (See SEC case, Doc 281 at 6.) Those facts include that:

- In mid-2007, NACI experienced a general financial decline after it ceased doing business with two clients (SEC Case, Doc. 260 at 6);

- Thereafter, "North American had financial problems and Defendant Goble and North American's executives made a substantial effort to conceal it," (SEC Case, Doc. 260 at 18);

- "[I]n April 2008 Defendant Goble and North American's executives knew that the firm was experiencing a general financial decline," (SEC Case, Doc. 260 at 18);

- "By May 2008, the cash flow problem at North American was severe," (Goble, 682 F.3d at 941);

- As a result of these cash flow problems, and NACI's failure to obtain a bank loan, Goble directed NACI's former CFO, Timothy Ward, to record a sham $5 million money market purchase on NACI's books on May 13, 2008 (SEC Case, Doc. 260 at 19; Goble, 682 F.3d at 941);

- The appearance of that sham purchase on NACI's books allowed Ward to re-compute NACI's reserve account deposit requirement under SEC Rule 15c3-3 such that his revised computation showed that NACI was entitled to withdraw $3.4 million from its Rule 15c3-3 reserve account (SEC Case, Doc. 260 at 19; Goble, 682 F.3d at 941);

- NACI withdrew this sum from its reserve account, in violation of SEC Rule 15c3-3 (SEC Case, Doc. 260 at 19-20; Goble, 682 F.3d at 941);

- "Defendant Goble directed and/or participated in this fraudulent transaction on May 13, 2008, with the intent to make approximately $5 million in cash available for North American to meet its operating expenses," (SEC Case, Doc. 260 at 20); and

- Goble knew of, and aided and abetted, NACI's violations of SEC Rule 15c3-3 and 17a-3 (SEC Case, Doc. 260 at 22-26; Goble, 682 F.3d at 942, 952).

Judicial Notice is not warranted under these circumstances or for the purposes requested. As such, and for the foregoing reasons, the SIPC Defendants request that Goble's purported Notice be stricken without further consideration.

### 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), counsel for the SIPC Defendants conferred with Goble, who is pro se, in a good faith effort to resolve the issues raised by this motion. Goble objects to the relief requested herein. Counsel for the SIPC Defendants have further conferred with the counsel for their co-defendants who agree to the relief requested herein.

WHEREFORE, the SIPC Defendants respectfully request the entry of an Order striking Goble's Notice of Supplemental Authority and Judicial Notice (Doc. 184), and request such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Mary Ruth Houston
Mary Ruth Houston, Esquire
Florida Bar No. 834440
mhouston@shutts.com
Glennys Ortega Rubin, Esquire
Florida Bar No. 0556361
grubin@shutts.com
SHUTTS & BOWEN LLP
300 South Orange Avenue, Suite 1000
Orlando, Florida 32801-5403
(407) 423-3200 (Telephone)
(407) 425-8316 (Facsimile)
*Attorneys for SIPC DEFENDANTS*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 13th day of October, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of

electronic filing to the following: Bruce William Barnes (bwbarnes@tampabay.rr.com, dmtaylor@tampabay.rr.com); Philip D. Bartlett (phil@pdbartlettlaw.com); Richard Goble (1926media@gmail.com); William F. Jung (wjung@jungandsisco.com; droberts@jungandsisco.com, Backupdocket@yahoo.com); David S. Mandel (dmandel@mandel-law.com, dcox@gibsondunn.com, pcrespo@mandel-law.com, scavanagh@mandel-law.com, smartin@gibsondunn.com), Payal Salsburg (psalsburg@proskauer.com, etorres@proskauer.com, crotondo@proskauer.com, kmolloy@proskauer.com), and Matthew Triggs (mtriggs@proskauer.com, etorres@proskauer.com, crotondo@proskauer.com, mthompson@proskauer.com), and I served a true and correct copy of the foregoing via Federal Express, prepaid, upon the following CM/ECF Non-Participant: Timothy Ward, 208 Debary Drive, Debary, Florida 32713).

/s/ Mary Ruth Houston
OF COUNSEL

ORLDOCS 13666352 3