UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FINANCIAL INDUSTRY ASSOCIATION, G&G
HOLDINGS, INC., RICHARD GOBLE, And
THE GOBLE FIRST REVOCABLE FAMILY
TRUST MAY 13, 1999,

    Plaintiffs,

v.

THE UNITED STATES OF AMERICA,
SECURITIES AND EXCHANGE
COMMISSION, SECURITIES INVESTOR
PROTECTION CORPORATION, BRUCE
BLATMAN, TIMOTHY WARD, HENRY
LANGE, FINANCIAL INDUSTRY
TECHNICAL SERVICES, INC. and JOHN
RIZZO, JOSEPHINE WANG and
CHRISTOPHER LAROSA,

    Defendants.
_____/

Case No.: 6:10-CV-408-Orl-Krs
(Consolidated Lead Case)

Case No. 6-11-CV-00825-Orl-KRS

### DEFENDANTS SECURITIES INVESTOR PROTECTION CORPORATION, JOSEPHINE WANG, AND CHRISTOPHER LAROSA'S MOTION TO EXTEND IMPENDING DEADLINES UNDER CASE MANAGEMENT ORDER (DOC. 145) AND MEMORANDUM OF LAW

Defendants Securities Investor Protection Corporation, Josephine Wang and Christopher LaRosa (collectively, the "SIPC Defendants"), by and through their undersigned counsel, with the agreement of defendants Bruce Blatman ("Blatman"), Timothy Ward ("Ward") and Financial Industry Technical Services, Inc., Henry Lange and John Rizzo (the "FITS Defendants"), pursuant to Fed. R. Civ. P. 6, and in an abundance of caution, move for the entry of an order extending the impending deadlines in this Court's Case Management Order, as amended (Doc. 145) ("CMO"), until such time as this Court has considered the Magistrate Judge's Reports and Recommendations on the defendants' pending dispositive motions (Docs. 152, 156, 167, and 174), and, in turn, issues its orders disposing of such motions. In support of this motion, the SIPC Defendants state:

1. Following reassignment of this case, and on July 21, 2014, this Court issued its CMO herein, setting various pre-trial and trial deadlines.

2. By that time, all the defendants had moved for dismissal of this case, with prejudice (Docs. 102, 103, 108, 110, and 134).

3. In any event, after such dispositive motions were fully briefed, this Court referred the dispositive motions to the Magistrate Judge for consideration. Thereafter, the Magistrate Judge issued her Reports & Recommendations as to the dispositive motions (Docs. 102, 103, 108, 110, and 134). Of note, the Magistrate Judge's Report and Recommendation recommended dismissal of the claims against the SIPC Defendants, with prejudice. (Doc. 167).

4. In the interim, the Magistrate Judge also considered outstanding separate motions to stay discovery pending ruling on the dispositive motions. One was a renewed motion to stay discovery, filed by the SIPC Defendants (Doc. 141),[1] and the other was filed by the FITS Defendants (Doc. 149). The Magistrate Judge considered the discovery motions. With respect to the SIPC Defendants, the Magistrate Judge ruled that discovery was stayed until such time as the presiding District Court Judge determined whether the claims against the SIPC Defendants should be dismissed. (Doc. 141). As to the FITS Defendants, the Magistrate Judge ordered that "discovery directed to [the FITS Defendants] may not begin unless and until the Court finds that it may exercise subject matter jurisdiction over these defendants." (Doc.149).

5. As of the date of the submission of this motion, this Court has not yet determined whether the claims against the SIPC Defendants herein should be dismissed, and, as such, discovery remains stayed. Indeed, there has been no discovery whatsoever in this case as all defendants still

---

[1] On or about May 9, 2013, the SIPC Defendants filed their Motion to Stay Discovery Pending Ruling on Dispositive Motions, to which Blatman filed a joinder (Doc. 120, 121). In response, the Court issued an order that discovery could not begin unless and until authorized by further Court order and after consideration of the merits (Doc. 124). On June 5, 2014, the Court re-visited its prior discovery order and directed that discovery could not begin until August 1, 2014, but if a further delay in the commencement of discovery was warranted, invited the parties to file a motion requesting such relief on or after July 18, 2014 (Doc. 130).

await this Court's orders, following consideration of the Magistrate Judge's Reports and Recommendations, on their respective dispositive motions.

6. At present, the stays in place in this case ostensibly relate to discovery, but logically would have to apply to all activity on this case pending this Court's ruling on the dispositive motions. Nevertheless, and in an abundance of caution, to the extent this Court's position is that the CMO's deadlines, with the exception of discovery, require continued compliance, a reprieve from those deadlines and filing requirements is necessary.

7. In particular, the CMO sets the deadline for the filing of dispositive motions, as well as Daubert and Markman motions, by November 3, 2014, and sets other upcoming pre-trial and trial deadlines. Given the procedural posture of this case, the pending dispositive motions which have not been ruled upon and the lack of any discovery in these proceedings, it would be impractical under the circumstances, as well as a waste of resources and an injustice on the parties, for the Court to require that the parties comply with the dispositive motion deadline and other remaining CMO deadlines.

8. Accordingly, in the interests of efficiency and justice and for good cause shown, the SIPC Defendants respectfully request that all impending deadlines in this matter be extended in order to allow the Court an opportunity to consider the Magistrate Judge's Reports and Recommendations and make determinations on the pending dispositive motions, and subsequent to the entry of orders on such dispositive motions, set new deadlines, if and as necessary.

## MEMORANDUM OF LAW

Rule 6(b), Federal Rules of Civil Procedure, provides that:

> [w]hen by these rules . . . an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion . . . order the period enlarged if request therefor is made before the expiration of the period originally prescribed . . . .

By its express terms, Rule 6(b) affords a wide discretion to the Court to enlarge time periods established by the Rules of Civil Procedure or a Court order. <u>Woods v. Allied Concord Financial Corp.</u>, 373 F.2d 733 (5th Cir. 1967). Rule 6 should be applied liberally "to secure the just, speedy and inexpensive determination of every action." Rule 1, Federal Rules of Civil Procedure; 4 Wright & Miller, Federal Practice and Procedure, §1165, (September 2014). Enlargements of time should be available when a party demonstrates a reasonable basis for such a request. <u>Beaufort Concrete Company v. Atlantic States Construction Company</u>, 352 F.2d 460 (5th Cir. 1965).

Here, there exists a reasonable basis for the request for extension of deadlines as the parties still await this Court's determinations on the pending dispositive motions, which, if granted, may dispose of this entire case. It would be a waste of time and resources for the parties to continue to attempt to file motions for summary judgment, by way of example, not having had the benefit of any discovery whatsoever for purposes of drafting such a motion, and otherwise litigate this matter while awaiting a determination by this Court which could conclude this matter with finality. Good cause for the relief requested has been shown.

### 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), counsel for the SIPC Defendants conferred with Goble, who is <u>pro se</u>, in a good faith effort to resolve the issues raised by this motion. In response, Goble has stated ". . ., I am opposed in whole or in part to this motion . . . ." Counsel for the SIPC Defendants have further conferred with the counsel for their co-defendants regarding this motion. Blatman, Ward and the FITS Defendants agree to the relief requested herein and the USA and the SEC take no position.

WHEREFORE, the SIPC Defendants respectfully request the entry of an Order extending all impending deadlines in this Court's Case Management Order to allow the Court an opportunity to make determinations on the pending dispositive motions, and subsequent to the entry of orders

on such dispositive motions, set new deadlines, if and as necessary, and request such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Glennys Ortega Rubin
Mary Ruth Houston, Esquire
Florida Bar No. 834440
mhouston@shutts.com
Glennys Ortega Rubin, Esquire
Florida Bar No. 0556361
grubin@shutts.com
SHUTTS & BOWEN LLP
300 South Orange Avenue, Suite 1000
Orlando, Florida 32801-5403
(407) 423-3200 (Telephone)
(407) 425-8316 (Facsimile)
*Attorneys for SIPC DEFENDANTS*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 28th day of October, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following: Bruce William Barnes (bwbarnes@tampabay.rr.com, dmtaylor@tampabay.rr.com); Philip D. Bartlett (phil@pdbartlettlaw.com); Richard Goble (1926media@gmail.com); William F. Jung (wjung@jungandsisco.com; droberts@jungandsisco.com, Backupdocket@yahoo.com); David S. Mandel (dmandel@mandel-law.com, dcox@gibsondunn.com, pcrespo@mandel-law.com, scavanagh@mandel-law.com, smartin@gibsondunn.com), Payal Salsburg (psalsburg@proskauer.com, etorres@proskauer.com, crotondo@proskauer.com, kmolloy@proskauer.com), and Matthew Triggs (mtriggs@proskauer.com, etorres@proskauer.com, crotondo@proskauer.com, mthompson@proskauer.com), and I served a true and correct copy of the foregoing via Federal

Express, prepaid, upon the following CM/ECF Non-Participant: Timothy Ward, 208 Debary Drive, Debary, Florida 32713).

                /s/ Glennys Ortega Rubin
                OF COUNSEL

ORLDOCS 13693889 1