UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FINANCIAL INDUSTRY
ASSOCIATION, G&G HOLDINGS, INC.,
RICHARD GOBLE and THE GOBLE
FIRST REVOCABLE FAMILY TRUST
MAY 13, 1999,

        Plaintiffs,

v.                                              Case No: 6:10-cv-408-Orl-40KRS

THE UNITED STATES OF AMERICA,
SECURITIES AND EXCHANGE
COMMISSION, SECURITIES
INVESTOR PROTECTION
CORPORATION, BRUCE BLATMAN,
TIMOTHY WARD, HENRY LANGE,
FINANCIAL INDUSTRY TECHNICAL
SERVICES, INC., JOHN RIZZO,
JOSEPHINE WANG, and
CHRISTOPHER LAROSA,

        Defendants.
_____/

**ORDER**

This cause comes before the Court on the following:

1. Magistrate Judge Karla R. Spaulding's Report and Recommendation (Doc. 152), filed August 13, 2014;

   a. Plaintiff Richard Goble's Response and Objection to the Report and Recommendation [DE 152] (Doc. 164), filed August 26, 2014;

   b. Defendants Financial Industry Technical Services, Inc., Henry Lange and John Rizzo's Reply to Plaintiff Richard Goble's Response and

      Objections to the Report and Recommendation (Doc. 178), filed September 9, 2014;

2. Magistrate Judge Karla R. Spaulding's Report and Recommendation (Doc. 156), filed August 14, 2014;

    a. Plaintiff Richard Goble's Response and Objection to the Report and Recommendation [DE 156] (Doc. 165), filed August 27, 2014;

3. Magistrate Judge Karla R. Spaulding's Report and Recommendation (Doc. 167), filed August 29, 2014;

    a. Plaintiff Richard Goble's Response and Objection to the Report and Recommendation [DE 167] (Doc. 180), filed September 12, 2014;

    b. Defendants Securities Investor Protection Corporation, Josephine Wang and Christopher Larosa's Reply to Plaintiff Goble's Response and Objection to Report and Recommendation (Doc. 183), filed September 23, 2014;

4. Magistrate Judge Karla R. Spaulding's Report and Recommendation (Doc. 174), filed September 3, 2014;

    a. Plaintiff Richard Goble's Response and Objection to the Report and Recommendation [DE 167] [sic] (Doc. 181), filed September 17, 2014;

    b. Defendant Bruce Blatman's Response to Richard Goble's Objection to Report and Recommendation (Doc. 182), filed September 19, 2014; and

    c. Defendant Timothy Ward's Response to Richard Goble's Objection to Report and Recommendation (Doc. 185), filed October 7, 2014.

This matter is ripe for the Court's consideration. Upon *de novo* review of the above, the Court overrules the objections and adopts each of Magistrate Judge Spaulding's Report and Recommendations in their entirety.

## I.   BACKGROUND

This matter is brought before the Court on four Report and Recommendations ("R&Rs") prepared by the United States Magistrate Judge on five pending motions to dismiss. (Docs. 102, 103, 108, 110, 134). The Magistrate Judge set forth the lengthy procedural and factual history involved in this case as well as several related cases[1] in her R&Rs, which the Court incorporates herein by reference. (*See* Docs. 152, 156, 167).

## II.   STANDARD OF REVIEW

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

The Court is mindful that it has a duty to "liberally construe pro se pleadings." *Tennyson v. ASCAP*, 477 F. App'x 608, 609–10 (11th Cir. 2012) (citations omitted). However, "a pro se party must 'follow the rules of procedure and evidence, and the district court has no duty to act as [a pro se party's] lawyer.'" *Id.* at 610 (citing *United States v.*

---

[1] *See SEC v. N. Am. Clearing, Inc.*, Case No. 6:08-cv-829-Orl-35KRS (M.D. Fla. 2008) (the "SEC Case"); *SIPC v. N. Am. Clearing, Inc.*, Adversary Proceeding No. 6:08-ap-145-KSJ (Bankr. M.D. Fla.) (the "Bankruptcy Case"); *Fin. Indus. Ass'n v. SEC*, Case No. 6:11-cv-825-Orl-40KRS (M.D. Fla. 2011) (the "825 Case"). On July 2, 2013, the Court consolidated the instant case and the 825 Case and designated the instant case as the lead case. (Doc. 66). The Operative Complaint in this matter is contained in the 825 Case, Doc. 2 (the "Operative Complaint").

*Ly*, 646 F.3d 1307, 1315 (11th Cir. 2011)); *see also Porter v. Duval Cnty. Sch. Bd.*, 406 F. App'x 460, 462 (11th Cir. 2010).

### III. DISCUSSION

**A. R&R (Doc. 152) as to Defendants', FITS, Lange, and Rizzo, Motion to Dismiss**

The Magistrate Judge concludes in this R&R that the Court does not have subject matter jurisdiction over Defendants Financial Industry Technical Services, Inc. ("FITS"), Henry Lange ("Lange"), and John Rizzo ("Rizzo") (collectively, the "FITS" Defendants). (Doc. 152). Plaintiff, Richard Goble ("Goble"), proceeding *pro se*, argues that he is the assignee of all claims of North American Clearing, Inc. ("NACI"), Financial Industry Association ("FIA"), G&G Holdings, Inc. ("G&G"), and the Goble First Revocable Family Trust May 13, 1999 (the "Trust"). However, as the Magistrate Judge observed, as to NACI, Goble cannot assign any potential claims NACI has to himself because all claims of NACI are held by the Trustee in the bankruptcy proceeding. 11 U.S.C. § 362. Therefore, Goble has no standing to bring claims on behalf of NACI.

As to FIA, G&G, and the Trust, Goble has not been properly substituted as assignee of these three entities' claims as the Magistrate Judge denied Goble's motion to substitute himself as assignee (without prejudice) because he did not support the motion with any evidence of his alleged assignments. (Doc. 175). Thus, these three entities can only be heard through counsel of record. *See Callaway v. Hornbake*, No. 2:11-cv-85-FtM-99DNF, 2012 WL 333769, at *3 (M.D. Fla. Feb. 1, 2012); M.D. Fla. R. 2.03(e). Consequently, because no response to the motion to dismiss was filed by counsel of record for these entities, the Magistrate Judge considered the motion to dismiss to be unopposed by FIA, G&G, and the Trust.

4

Goble objects to the Magistrate Judge's conclusion that Goble cannot proceed as assignee of NACI, FIA, G&G, and the Trust and offers several reasons for his inability to retain counsel to represent these entities. However, Goble offers no legal basis for this Court not to consider the FITS Defendants' Motion to Dismiss as unopposed and the objection on this point is due to be overruled.

Goble also makes several objections as to why the *Barton* doctrine should not apply to bar his suit against the FITS Defendants, as the Magistrate Judge concluded it should. Goble first objects to the Magistrate Judge's utilization of a "known perjured affidavit" by Henry Lange, CEO of FITS, as a basis for her conclusion that the FITS Defendants are agents of the Trustee, and thus, the *Barton* doctrine must be complied with in this case. (Doc. 164, ¶ 14). The *Barton* doctrine provides that, before bringing suit against a court-appointed trustee or his attorneys or agents, a plaintiff must obtain leave from the court that appointed the trustee. *Barton v. Barbour*, 104 U.S. 126, 127 (1881). However, Goble provides no valid legal basis for this objection. It cannot be disputed that Robert N. Gilbert was appointed trustee for SIPC, and that he retained FITS to provide services to him. (SEC Case, Doc. 75). Further, as pointed out by the FITS Defendants in their objection, Goble's Operative Complaint alleges that FITS worked with the bankruptcy Trustee. (Doc. 178, p. 4; 825 Case, Doc. 2, ¶ 11, [second] ¶ 11).

Previously, the Court in the SEC Case denied Goble's *Barton* motion for leave to sue the Receiver, Trustee, and agents. (SEC Case Docs. 204, 208, 209). As set forth in the Magistrate Judge's R&R, Goble's claims against the FITS Defendants in the Operative Complaint arise out of his allegations that the FITS Defendants acted improperly in the administration of the bankruptcy liquidation of NACI and, as a result,

these actions fall within the *Barton* doctrine and not within the carrying on business exception to this doctrine. (Doc. 152, p. 11). While Goble may be displeased with the Court's denial of his *Barton* motion (Doc. 164, ¶ 33), the bases for his objections to the Court's conclusion on this point are unsupported by the record and the case law.

Lastly, Goble argues that this Court and the Eleventh Circuit have previously found subject matter jurisdiction in this case over the FITS Defendants. (Doc. 164, ¶¶ 24, 25). However, the quotations Goble cites are taken out of context. Neither this Court nor the Eleventh Circuit has ruled that this Court has subject matter jurisdiction over the claims made by Goble against the FITS Defendants. Further, this Court never specifically approved Goble's suit of the FITS Defendants. Allowing Goble to file an amended complaint is not akin to approving his suit of the FITS Defendants. Therefore, Goble's objection on this point is also due to be overruled.

### B. R&R (Doc. 156) as to Defendants', United States of America and Securities and Exchange Commission, Motion to Dismiss

The Magistrate Judge recommends that the Court find that it does not have subject matter jurisdiction over the claims asserted by Plaintiffs against the United States of America (the "United States") and the Securities and Exchange Commission (the "SEC") (collectively, the "Federal Defendants"). (Doc. 156). Plaintiffs bring their claims against the United States and the SEC under 28 U.S.C. § 1346, which contains the Federal Tort Claims Act ("FTCA"). While Goble does not specifically state the jurisdictional basis in the Operative Complaint, he cites to this statute in his response to the Federal Defendants' Motion to Dismiss. (Doc. 136, ¶ 13).  While the Court finds that Plaintiffs' claims against the Federal Defendants are due to be dismissed, it does so for lack of subject matter

6

jurisdiction over the Federal Defendants, and not for failure to allege jurisdiction in the Operative Complaint.[2]

While Goble is correct that, under the Federal Rules of Civil Procedure, all allegations contained in the Operative Complaint are assumed true at this stage of the proceeding, this Court cannot hear a case over which it does not have subject matter jurisdiction. It is axiomatic that federal courts are courts of limited jurisdiction. In the Magistrate Judge's R&R, she concludes that this Court does not have subject matter jurisdiction over either of the Federal Defendants due to the nature of the claims Plaintiffs bring against them. While Goble disagrees with this finding, he raises no specific objection that would lead this Court to conclude otherwise.

Goble attempts to bring this suit against the United States under the Federal Tort Claims Act. Goble appears to agree that the SEC cannot be sued under the FTCA (Doc. 165, p. 11, ¶ 57) and thus does not object to the Magistrate Judge's finding that the Court does not have subject matter jurisdiction over the SEC. (Doc. 156, p. 12). Rather, it appears Goble objects to the Magistrate Judge's finding that the United States has not waived sovereign immunity as to these claims. (*Id.* at p. 13). On this point, the Magistrate Judge engaged in an extensive analysis to which Goble raises no credible legal objection. Goble cannot sue the United States for the actions of the SEC to circumvent the fact that the SEC cannot be sued under the FTCA, as appears is his intent. (Doc. 165, ¶ 54).

---

[2] Goble again argues that this Court and the Eleventh Circuit have previously found subject matter jurisdiction in this case over the Federal Defendants and that Goble is the assignee of all claims of NACI, FIA, G&G, and the Trust. For the reasons discussed above, the Court overrules these objections.

It appears Goble also disputes whether the actions he alleges in his Operative Complaint fall within the FTCA's discretionary function exception. (*Id.* ¶ 61). As the Magistrate Judge explained in her R&R, the United States has not waived sovereign immunity for those cases "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a); (Doc. 156, p. 12). The Magistrate Judge cited persuasive case law where courts have held that "the discretionary function exception generally precludes FTCA claims against the United States arising from the allegedly negligent and improper conduct of SEC investigations and civil actions." (Doc. 156, p. 13 (citing *Molchatsky v. United States*, 713 F.3d 159 (2d Cir. 2013); *Baer v. United States*, 722 F.3d 168 (3d Cir. 2013); *Dichter-Mad Family Partners, LLP v. United States*, 709 F.3d 749 (9th Cir. 2013); *Donahue v. United States*, 870 F. Supp. 2d 97 (D.D.C. 2012); *Robert Juan Dartez, LLC v. United States*, 824 F. Supp. 2d 743 (N.D. Tex. 2011)). The Court concludes that the factual allegations contained in the Operative Complaint are insufficient to overcome the discretionary function exception to exercise subject matter jurisdiction under the FTCA. Because Plaintiffs have been afforded multiple opportunities to amend their complaint, the Court dismisses the claims against the SEC and United States with prejudice.

### C. R&R (Doc. 167) as to Defendants', Securities Investor Protection Corporation, Josephine Wang, and Christopher LaRosa, Motion to Dismiss

In this R&R, the Magistrate Judge recommends that the Court find that the litigation privilege gives each of the Defendants, Securities Investor Protection Corporation ("SIPC"), Josephine Wang ("Wang"), and Christopher LaRosa ("LaRosa") (collectively,

the "SIPC Defendants") absolute immunity from liability under Counts I through IV of the Operative Complaint. (Doc. 167, p. 13). The Magistrate Judge also recommends that the Court find that Count V against the SIPC Defendants fails to state a claim upon which relief can be granted. (*Id.*).[3]

Goble objects to the R&R, arguing that the Court has previously ruled that SIPC and its attorneys can be sued by him in a previous Order adopting an R&R in this case. (Doc. 180, ¶ 8). However, Goble misconstrues the Court's holding in that order. In the previous order, the Court examined Goble's motion for leave to file a fourth amended complaint. In his proposed Fourth Amended Complaint, Goble asserted claims for legal malpractice against the SIPC Defendants. The Court stated in the order denying Goble's motion for leave to file a fourth amended complaint that Goble could not bring a legal malpractice claim against the SIPC Defendants. (Doc. 70, p. 9). However, nowhere in the Court's order did it approve the five different causes of action Goble now brings against the SIPC Defendants in his Operative Complaint.

While somewhat unclear, it appears Goble also objects to the Magistrate Judge's conclusion that the litigation privilege should apply to the SIPC Defendants as to Counts I through IV of the Operative Complaint. (Doc. 180, ¶ 30). His basis for this argument is his contention that LaRosa and Wang were not acting as attorneys in the SEC Case and the bankruptcy proceeding. However, as the R&R addresses, Florida's litigation privilege extends to both parties and their attorneys to protect them from suits based on acts occurring during a judicial proceeding as long as the act has some relation to the judicial

---

[3] Goble again argues that he is the assignee of all claims of NACI, FIA, G&G, and the Trust. For the reasons discussed above, the Court overrules his objections.

9

proceeding. (Doc. 167, p. 12). As the SIPC Defendants point out in their response to Goble's objection and as the R&R states, SIPC was a party to this action and Wang and LaRosa appeared as counsel on behalf of SIPC. (Doc. 167, pp. 12-13; Doc. 183, p. 5). Thus, the litigation privilege extends to each of them. This acts to bar Goble's claims against them in the Operative Complaint because all of the acts by SIPC and its attorneys that Plaintiffs allege were improper were related to the judicial proceedings in this Court and in the bankruptcy court.

As to Count V, while Goble generally objects to the dismissal of this count, he does not raise a specific objection for this Court to address in response to the Magistrate Judge's finding that Plaintiffs fail to state a claim for conversion upon which relief can be granted. The Court finds that no further amendment should be allowed and the claims against the SIPC Defendants will be dismissed with prejudice.

### D. R&R (Doc. 174) as to Defendant Timothy Ward's Motion to Dismiss and Defendant Bruce Blatman's Motion to Dismiss

The Magistrate Judge recommends that the Court decline to exercise supplemental jurisdiction of the state-law claims against Blatman and Ward. (Doc. 174, p. 6). The Court agrees with this recommendation and declines to exercise supplemental jurisdiction over the claims against Blatman and Ward, because the Court is dismissing all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). Plaintiffs may pursue their state law claims against Blatman and Ward in state court, should they deem is appropriate to do so, because § 1367(d) provides a limited tolling of the statue of limitations for claims over which a federal court declines to exercise supplemental jurisdiction.

Goble claims that there is a basis for this Court to exercise federal question jurisdiction over the claims of Blatman and Ward. However, Goble is incorrect, because he has only attempted to state claims for state law causes of action against these two Defendants. As the Magistrate Judge notes, the present litigation is still in an early phase, despite being an aged case, as neither Blatman nor Ward have answered the Operative Complaint, and thus no prejudice will result to Plaintiffs in bringing their action against Blatman and Ward in state court, should they choose to do so. (Doc. 174, p. 6).

### E. CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiff Richard Goble's Reponse and Objection to the Report and Recommendation [DE 152] (Doc. 164), filed August 26, 2014 is **OVERRULED**.

2. Plaintiff Richard Goble's Response and Objection to the Report and Recommendation [DE 156] (Doc. 165), filed August 27, 2014, is **OVERRULED**.

3. Plaintiff Richard Goble's Response and Objection to the Report and Recommendation [DE 167] (Doc. 180), filed September 12, 2014, is **OVERRULED**.

4. Plaintiff Richard Goble's Response and Objection to the Report and Recommendation [DE 167] [sic][4] (Doc. 181), filed September 17, 2014, is **OVERRULED**.

5. Magistrate Judge Karla R. Spaulding's Report and Recommendation (Doc. 152), filed August 13, 2014, is **ADOPTED** and **CONFIRMED** and made a part of this Order.

---

[4] The Court understands that Goble intended to write "[DE 174]" as opposed to "[DE 167]."

11

   a. Defendants Financial Industry Technical Services, Inc., Henry Lange and John Rizzo's Motion to Dismiss with Prejudice the First Amended Complaint (Doc. 103) is **GRANTED IN PART**. The pending claims against Defendants Financial Industry Technical Services, Inc., Henry Lange and John Rizzo are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

6. Magistrate Judge Karla R. Spaulding's Report and Recommendation (Doc. 156), filed August 14, 2014, is **ADOPTED** and **CONFIRMED** and made a part of this Order.

   a. Federal Defendants' Motion to Dismiss (Doc. 134) is **GRANTED**. The claims against the United States of America and the Securities and Exchange Commission are **DISMISSED WITH PREJUDICE**.

7. Magistrate Judge Karla R. Spaulding's Report and Recommendation (Doc. 167), filed August 29, 2014, is **ADOPTED** and **CONFIRMED** and made a part of this Order.

   a. Defendants Securities Investor Protection Corporation, Josephine Wang, and Christopher LaRosa's Motion to Dismiss Plaintiffs' First Amended Complaint With Prejudice (Doc. 110) is **GRANTED**. The claims against Securities Investor Protection Corporation, Josephine Wang, and Christopher LaRosa are **DISMISSED WITH PREJUDICE**.

8. Magistrate Judge Karla R. Spaulding's Report and Recommendation (Doc. 174), filed September 3, 2014, is **ADOPTED** and **CONFIRMED** and made a part of this Order.

    a. Defendant Timothy J. Ward's Motion to Dismiss (Doc. 108) is **GRANTED IN PART**.

    b. Defendant Bruce Blatman's Motion to Dismiss and Supporting Memorandum of Law (Doc. 102) is **GRANTED IN PART**.

    c. The claims against Ward and Blatman are **DISMISSED WITHOUT PREJUDICE** with leave to file the claims against Ward and Blatman in state court within the time permitted by 28 U.S.C. § 1367(d).

9. The Clerk is **DIRECTED** to close both the lead case and member case.

**DONE AND ORDERED** in Orlando, Florida on December 12, 2014.

*[signature]*

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

U.S. Magistrate Judge Karla R. Spaulding
Counsel of Record
Unrepresented Parties